IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

M. DIANE KOKEN, in her official capacity as
Insurance Commissioner of the Commonwealth
of Pennsylvania, as Liquidator of RELIANCE
INSURANCE COMPANY (IN LIQUIDATION)
1311 Strawberry Square
Harrisburg, Pennsylvania 17120

      Plaintiff,

   -v-          No. 05 CV 223 (SLR)

GPC INTERNATIONAL, INC.
510 Broadhollow Road
Melville, NY 11747

      Defendant.

## ANSWER

Defendant GPC International, Inc. ("GPC"), by its attorneys, Bouchard, Margules & Friedlander, P.A., for its Answer to the Complaint, states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Admits the allegations in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Denies the allegations in paragraph 6, except admits that GPC is incorporated in the State of Delaware.

7. Denies the allegations in paragraph 7 and refers to the insurance policies for their complete contents.

8. Denies the allegations in paragraph 8 and refers to the insurance policies for their complete contents.

9. Denies the allegations in paragraph 9 and refers to the insurance policies for their complete contents.

10. Denies the allegations in paragraph 10 and refers to the insurance policies for their complete contents.

11. Denies the allegations in paragraph 11 and refers to the insurance policies for their complete contents.

12. Denies the allegations in paragraph 12 and refers to the insurance policies for their complete contents.

13. Denies the allegations in paragraph 13 and refers to the insurance policies for their complete contents.

14. Denies the allegations in paragraph 14 and refers to the insurance policies for their complete contents.

15. Denies the allegations in paragraph 15 and refers to the insurance policies for their complete contents.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18.

19. Restates its admissions and denials in the cross-referenced paragraphs.

20. Denies the allegations in paragraph 20.

21. Denies the allegations in paragraph 21.

22. Denies the allegations in paragraph 22.

23. Restates its admissions and denials in the cross-referenced paragraphs.

24. Denies the allegations in paragraph 24.

25. Restates its admissions and denials in the cross-referenced paragraphs.

26. Denies the allegations in paragraph 26 and refers to the insurance policies for their complete contents.

27. Denies the allegations in paragraph 27.

First Affirmative Defense

28. The Complaint fails to state a claim for relief.

Second Affirmative Defense

29. Plaintiff has suffered no damages.

Third Affirmative Defense

30. Plaintiff's claims are barred by the doctrines of laches and estoppel.

Fourth Affirmative Defense

31. The Complaint is barred in whole in part because any damages which Plaintiff may have sustained were caused by the actions or omissions of third parties over whom GPC had no control.

Fifth Affirmative Defense

32. Plaintiff's claims are barred as against GPC as such claims have been waived by the conduct of Reliance Insurance Company.

<u>Sixth Affirmative Defense</u>

33.   The Complaint is barred by the applicable statute of limitations.

<u>Seventh Affirmative Defense</u>

34.   Plaintiff's action is barred because plaintiff is seeking an advisory opinion from the court.

WHEREFORE, defendant GPC International, Inc. prays that the Court enter judgment dismissing the Complaint with prejudice, and granting such other and further relief as the Court deems just and proper.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Of Counsel:

By  /s/ John M Seaman
   Andre G. Bouchard  (#2504)

Thomas J. Fleming, Esquire
Lori Marks-Esterman, Esquire
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022

   John M. Seaman (#3868)
   222 Delaware Ave, Suite 1400
   Wilmington, DE  19801
   Telephone: (302) 573-3500
   abouchard@bmf-law.com
   jseaman@bmf-law.com

Dated:  June 24, 2005

Attorneys for Defendant GPC International, Inc.

## CERTIFICATE OF SERVICE

      I, John M. Seaman, hereby certify that on June 24, 2005, I caused to be electronically filed a true and correct copy of the foregoing *Answer* with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Sheldon Kevin Rennie, Esquire
> Fox Rothschild LLP
> 919 North Market Street, Suite 1300
> P.O. Box 2323
> Wilmington, DE 19899-2323

                /s/ John M. Seaman
                BOUCHARD MARGULES & FRIEDLANDER, P.A.
                Andre G. Bouchard (#2504) [abouchard@bmf-law.com]
                John M. Seaman (#3868) [jseaman@bmf-law.com]
                222 Delaware Avenue, Suite 1400
                Wilmington, DE 19801
                (302) 573-3500
                    *Attorneys for Defendant, Symbol Technologies, Inc.*