IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION) 1311 Strawberry Square Harrisburg, Pennsylvania 17120<br><br>      Plaintiff,<br><br>      -v-<br><br>GPC INTERNATIONAL, INC. 510 Broadhollow Road Melville, NY 11747<br><br>      Defendant. | No. 05 CV 223 (SLR) |
| GPC INTERNATIONAL, INC. 510 Broadhollow Road Melville, NY 11747<br><br>      Third-Party Plaintiff,<br><br>      -v-<br><br>ZURICH-AMERICAN INSURANCE COMPANY P.O. Box ZZ Jamaica, NY 11430<br><br>      Third-Party Defendant. | |

### THIRD-PARTY COMPLAINT

Third-Party Plaintiff GPC International, Inc. ("GPC"), by its attorneys, Bouchard, Margules & Friedlander, P.A., for its Third-Party Complaint, states as follows:

### Parties

1. Third-party plaintiff GPC International, Inc. is a Delaware corporation with its principal place of business located at 510 Broad Hollow Road, Melville New York 11747.

2. Upon information and belief, third-party defendant Zurich-American Insurance Company ("Zurich") is a New York corporation, authorized to do business in Delaware.

### Jurisdiction

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1367(a) in that the Court has original jurisdiction in this action and the claims asserted herein are so related to the claims in this action so as to form part of the same case or controversy.

### Prior Proceedings

4. On April 15, 1005, plaintiff commenced this action against Third-Party Plaintiff GPC. A copy of the Complaint is annexed as Exhibit A.

5. On June 24, 2005, GPC served its Answers to the Complaint. A copy of the Answer is annexed as Exhibit B.

6. As set forth below, Third-Party Defendant is liable to Third-Party Plaintiff in the event a relief is awarded against it based upon the claims asserted in the Complaint.

### Background

7. From 1995 through 1997, Zurich issued a series of workers' compensation and employer's liability insurance policies to GPC, policy number 8278240 (the "Zurich Policies").

8. The Zurich Policies covered the employees of GPC and its related companies in various states throughout the country, including but not limited to, New York and California.

9. Pursuant to the terms of the Zurich Policies, Zurich agreed to provide GPC with workers' compensation and employer's liability insurance in return for the promise by GPC to pay established insurance premiums.

10. GPC has paid all insurance premiums due and owing to Zurich.

Factual Allegations

11. GPC repeats and realleges each of the allegations set forth in paragraphs 1 through 10 as though fully set forth herein.

12. On or about April 19, 1996, GPC submitted claims to Zurich for injuries sustained by one of its employees, Frank Jamaica, claim numbers 2080010263 and 2080006982.

13. Upon information and belief, these claims were rejected by Zurich and referred for payment to Reliance Insurance Company ("Reliance"), the insurance company which issued policies to cover GPC's employees for 1992 through 1995.

14. Upon information and belief, Reliance paid sums to Frank Jamaica for injuries which, at least in part, are covered by the Zurich Policies.

15. Plaintiff commenced this action against GPC to recover damages for premiums allegedly owed by GPC to Reliance for sums paid by Reliance to, amongst others, Frank Jamaica.

16. If GPC becomes obligated to satisfy a judgment as a result of the allegations made in the Complaint, which allegations are herein expressly denied, then

GPC will have been damaged thereby and said damages will have been caused by and brought about by virtue of the acts and/or omissions of Zurich.

17. If GPC becomes obligated to satisfy a judgment as aforementioned, then GPC will have been damaged thereby and said damages will have been caused by and brought about by virtue of the acts and/or omissions of Zurich

18. By reason of the foregoing, GPC is entitled to indemnification or contribution, and to have judgment against Zurich, for all or part of any judgment that plaintiffs may recover.

WHEREFORE, Third-Party Plaintiff prays for judgment as follows:

    A. Dismissing the Complaint with prejudice;

    B. Alternatively, awarding judgment against Third-Party Defendant for all or part of any judgment that may be entered against them; and

    C. Awarding attorney's fees, costs and disbursements and such other and further relief as the Court deems just and proper.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Of Counsel:

Thomas J. Fleming, Esquire
Lori Marks-Esterman, Esquire
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York NY 10022

By /s/ John M. Seaman (#3868)
    Andre G. Bouchard (#2504)
    John M. Seaman (#3868)
    222 Delaware Ave, Suite 1400
    Wilmington, DE 19801
    Telephone: (302) 573-3500
    abouchard@bmf-law.com
    jseaman@bmf-law.com

Dated: July 8, 2005

*Attorneys for Defendant GPC International, Inc.*