# Exhibit

# A

JUN-23-2005  12:24       OGFRW LLP                          212 4512222    P.02/55

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

M. DIANE KOKEN, in her official capacity  :
as Insurance Commissioner of the Commonwealth :
of Pennsylvania, as Liquidator of RELIANCE  :
INSURANCE COMPANY (IN LIQUIDATION)  :
1311 Strawberry Square  :
Harrisburg, Pennsylvania 17120  :
 :
    Plaintiff,    :
 :
    v.       :    CIVIL ACTION NO. _____
 :
 :
GPC INTERNATIONAL, INC.   :
510 Broadhollow Road     :
Melville, NY 11747      :
 :
    Defendant.    :

## COMPLAINT

Plaintiff M. Diane Koken, in her official capacity as Insurance Commissioner of the

Commonwealth of Pennsylvania, as Liquidator (the "Liquidator") of Reliance Insurance

Company (in Liquidation) ("Reliance"), by and through her attorneys, Fox Rothschild LLP,

asserts the following Complaint for breach of contract and declaratory relief against defendant

GPC International, Inc. ("GPC"). The Liquidator seeks damages from GPC, including interest,

attorneys' fees and costs, as well as declaratory relief. The damages arise as a result of GPC's

refusal to pay Reliance $448,199 in additional premium due Reliance on certain insurance

policies that Reliance issued to GPC. GPC has enjoyed all of the benefits of coverage under

those policies, yet has refused without justification to pay Reliance additional premiums pursuant

to the terms of the policies. In support of this Complaint, the Liquidator avers as follows:

## THE PARTIES

1.  The Liquidator is acting in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania and brings this action pursuant to the October 3, 2001 Order of the Commonwealth Court of Pennsylvania naming her as the Liquidator of Reliance (the "Liquidation Order"). A true and correct copy of the Liquidation Order is attached as Exhibit "A" hereto and incorporated herein by reference. The Liquidator's official place of business is 1311 Strawberry Square, Harrisburg, Pennsylvania 17120.

2.  Reliance is a Pennsylvania domiciled insurance company with its principal place of business located at Three Parkway, Philadelphia, Pennsylvania 19102.

3.  Pursuant to article V, section 523(12) of Pennsylvania's Insurance Department Act of 1921, 40 P.S. § 221.23(12) and the Liquidation Order, the Liquidator is authorized to bring this action on behalf of Reliance.

4.  GPC is a Delaware corporation with its principal place of business located at 510 Broadhollow Road, Melville, New York 11747. GPC formerly was known as CPG International, Inc.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 because GPC is incorporated in and a resident of the State of Delaware.

. . .

## BACKGROUND

7.   From 1992 through 1995, Reliance issued a series of workers' compensation and employer's liability insurance policies with policy nos. VK 173391 01, VK 1733935 00, VK 1733912 02 and VK 1733912 03 in New York to GPC (collectively, the "Reliance Policies"). The Reliance Policies covered the period June 17, 1992 to June 30, 1995. Pertinent provisions of the Reliance Policies are attached collectively as Exhibit "B" hereto and incorporated herein by reference.

8.   The Reliance Policies covered employees of GPC in various states throughout the country, including New York.

9.   The Reliance Policies also contain what are commonly referred to as "retrospective premium" provisions that provide for the cost of the insurance to be rated retrospectively through a retrospective calculation and determination of GPC's *actual* premium payment amount (the "Retrospective Premium"). The Retrospective Premium amount due and owing is recalculated at annual intervals in accordance with the insured's loss experience.

10.  The Retrospective Premium provisions in the Reliance Policies provide that if the Retrospective Premiums are more than the *estimated* premiums paid by GPC during the term of the Reliance Policies, then GPC will be responsible for paying the balance to Reliance  Likewise, if the *estimated* premium payments exceed the Retrospective Premium, then Reliance will be responsible for refunding to GPC the excess amount of those payments.

## TERMS OF THE RELIANCE POLICY

11.  Pursuant to the terms of the Reliance Policies, Reliance agreed to provide GPC with workers' compensation and employer's liability insurance in return for the promise to pay *estimated* premiums.

PH1 707166v1 04/14/05

12.  The "Retrospective Premium Endorsements" to the Reliance Policies issued by

Reliance to GPC provide in pertinent part:

**D.    PREMIUM CALCULATIONS AND PAYMENTS**

1.    WE WILL CALCULATE THE RETROSPECTIVE PREMIUM USING
ALL LOSS INFORMATION WE HAVE AS OF THE DATE SIX
MONTHS AFTER THE RATING PLAN PERIOD ENDS AND
ANNUALLY THEREAFTER.  WE WILL HAVE THE CALCULATION
VERIFIED BY THE APPROPRIATE RATE SERVICE
ORGANIZATION AT YOUR REQUEST.

WE MAY MAKE A SPECIAL VALUATION OF THE
RETROSPECTIVE PREMIUM AS OF ANY DATE THAT YOU ARE
DECLARED BANKRUPT OR INSOLVENT, MAKE AN
ASSIGNMENT FOR THE BENEFIT OF CREDITORS, ARE
INVOLVED IN REORGANIZATION, RECEIVERSHIP, OR
LIQUIDATION, OR DISPOSE OF ALL YOUR INTEREST IN WORK
COVERED BY THE INSURANCE.  YOU WILL PAY THE AMOUNT
DUE US IF THE RETROSPECTIVE PREMIUM IS MORE THAN THE
TOTAL STANDARD PREMIUM AS OF THE SPECIAL VALUATION
DATE.

2.    AFTER A CALCULATION OF RETROSPECTIVE PREMIUM, YOU
AND WE MAY AGREE THAT IT IS THE FINAL CALCULATION.
NO OTHER CALCULATION WILL BE MADE UNLESS THERE IS A
CLERICAL ERROR IN THE FINAL CALCULATION.

3.    AFTER EACH CALCULATION OF RETROSPECTIVE PREMIUM,
YOU WILL PAY PROMPTLY THE AMOUNT DUE US, OR WE WILL
REFUND THE AMOUNT DUE YOU.  EACH INSURED IS
RESPONSIBLE FOR THE PAYMENT OF ALL STANDARD
PREMIUM AND RETROSPECTIVE PREMIUM CALCULATED
UNDER THIS ENDORSEMENT.

13.  Accordingly, the premiums with respect to the Reliance Policies will be subject to

further calculation of the Retrospective Premiums, which may result in further amounts due to

Reliance.

14.  Pursuant to the Retrospective Premium Endorsements to the Reliance Policies,

Reliance performed retrospective premium adjustments on the Reliance Policies at various times.

4

JUN-23-2005  12:25       OGFRW LLP                          212 4512222   P.06/55

15. Following the entry of the October 3, 2001 Liquidation Order, Reliance performed Retrospective Premium adjustments on the Reliance Policies.

16. Pursuant to the terms and conditions of the Reliance Policies, there is currently a balance of $448,199 due and owing from GPC to Reliance in unpaid Retrospective Premium adjustments

17. The Liquidator seeks to recover the past-due insurance premiums on the Reliance Policies, and also seeks declaratory relief with respect to GPC's continuing liability under the Reliance Policies.

18. GPC has refused to pay the past-due insurance premiums based on Reliance's alleged mishandling of one worker's compensation claim made by a GPC employee named Frank Jamaica. Under the law of New York governing the Reliance Policies, however, alleged negligent or bad-faith claims' handling by an insurer cannot be asserted by an insured as a set-off or affirmative defense to a claim for retrospective premiums.

## COUNT I
## BREACH OF CONTRACT

19. The Liquidator incorporates by reference the averments contained in paragraphs 1 through 18 above.

20. Reliance fully performed all of its obligations under the Reliance Policies.

21. Despite demand for payment of the Retrospective Premiums due, GPC has failed and refused to make such payment and has breached its obligation under the Reliance Policies.

22. GPC's breach of the Reliance Policies has caused the Liquidator to sustain damages to date in the amount of $448,199 plus interest, attorneys' fees and the costs incurred in connection with this action.

5

PH1 707166v1 04/14/05

WHEREFORE, the Liquidator demands judgment in her favor and against defendant

GPC International, Inc. in an amount not less than $448,199, plus interest, attorneys' fees and

costs and such other relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

23. The Liquidator incorporates by reference the averments contained in paragraphs 1

through 22 above.

24. GPC owes Reliance for the reasonable value of workers' compensation and

employer's liability insurance coverage provided to GPC.

WHEREFORE, the Liquidator demands judgment in her favor and against defendant

GPC International, Inc. in an amount not less than $448,199, plus interest, attorneys' fees and

costs and such other relief as the Court deems just and proper.

## COUNT III
## DECLARATORY JUDGMENT AS ANCILLARY RELIEF

25. The Liquidator incorporates by reference the averments contained in paragraphs 1

through 24 above.

26. This claim is brought pursuant to the provisions of the Declaratory Judgment Act, 28

U.S.C. §§ 2201 et seq. The Retrospective Premium Endorsements to the Reliance Policies

provide that the retrospective premiums due and owing under the Reliance Policies are to be

recalculated at annual intervals in accordance with the insured's loss experience. Thus, the

premiums with respect to the Reliance Policies will be subject to further calculations in the future.

27. There is presently an actual controversy within the meaning of the Declaratory

Judgment Act.

PH1 707166v1 04/14/05

WHEREFORE, the Liquidator demands judgment in her favor and against defendant

GPC International, Inc. as follows:

(a)   For an order of the Court declaring the liability of defendant GPC

      International, Inc. for future retrospective premium adjustments in

      accordance with the Reliance Policies; and

(b)   For such other and further relief as the Court deems just and proper.


                               Sheldon K. Rennie, Esquire (I.D. No. 3772)
                               FOX ROTHSCHILD LLP
                               919 N. Market Street, Suite 1300
                               P.O. Box 2323
                               Wilmington, DE 19899-2323
                               (302) 654-7444

                                      -AND-

                               Of Counsel
                               Gerald E. Arth, Esquire
                               Cheryl A. Garber, Esquire
                               FOX ROTHSCHILD LLP
                               2000 Market Street, Tenth Floor
                               Philadelphia, PA 19103-3291
                               (215) 299-2000

                               Attorneys for Plaintiff

Dated:  April 15, 2005

**A**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Diane Koken,
Insurance Commissioner of the
Commonwealth of Pennsylvania,
    Plaintiff

        v.

Reliance Insurance Company,
    Defendant

: No. 269 M.D. 2001

## ORDER OF LIQUIDATION

      AND NOW, this 3rd day of October, 2001, upon consideration of the Petition of M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, in her capacity as Rehabilitator of Reliance Insurance Company for Liquidation in accordance with Article V of the Insurance Department Act of 1921, as amended, 40 P.S. §211, et seq. and the Consent thereto, it is hereby ORDERED and DECREED that said Petition is GRANTED.

It is further **ORDERED** and **DECREED** that:

1.    The rehabilitation of Reliance Insurance Company ("Reliance" or the "Company") commenced under this Court's Order of May 29, 2001 is hereby TERMINATED.

2.    Reliance is hereby found to be and is declared **INSOLVENT**, as that term is defined in 40 P.S. §§ 221.3, and as provided in 40 P.S. §§ 221.14(1) and 221.19.

3.    Commissioner M. Diane Koken and her successors in office (the "Commissioner") are hereby **APPOINTED** Liquidator of Reliance and the Liquidator or her designees (the "Liquidator") are directed immediately to take possession of Reliance's property, business and affairs as Liquidator, and to liquidate Reliance in accordance with Article V of the Insurance Department Act of 1921, as amended (40 P.S. §§211 et seq.) (the "Act"), and to take such action as the interest of the policyholders, creditors or the public may require.

4.    The Liquidator is hereby **VESTED** with all the powers, rights, and duties authorized under the Act and other applicable law.

### ASSETS OF THE ESTATE

5.    The Commissioner, as Liquidator, is vested with title to all property, assets, contracts and rights of action ("assets") of Reliance, of whatever nature and wherever located, whether held directly or indirectly, as of the date of the filing of the Petition for Liquidation.  All assets of Reliance are hereby found to be in custodia legis of this Court; and this

Court specifically asserts, to the fullest extent of its authority, (a) in rem jurisdiction over all assets of the Company wherever they may be located and regardless of whether they are held in the name of the Company or any other name; (b) exclusive jurisdiction over all determinations of the validity and amount of claims against Reliance; and (c) exclusive jurisdiction over the determination of the distribution priority of all claims against Reliance.

6.      The filing or recording of the Order with the clerk of the Commonwealth Court or with the recorder of deeds of the county in which the principal business of Reliance is conducted, or the county in which its principal office or place of business is located, shall impart the same notice as a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds would have imparted.

7.      All banks, investment bankers, companies, other entities or other persons having in their possession assets which are, or may be, the property of Reliance, shall, unless otherwise instructed by the Liquidator, deliver the possession of the same immediately to the Liquidator, and shall not disburse, convey, transfer, pledge, assign, hypothecate, encumber or in any manner dispose of the same without the prior written consent of, or unless directed in writing by, the Liquidator.

8.      All persons and entities are enjoined from disposing of or destroying any records pertaining to any transactions between Reliance and any party.

9.      The amount recoverable by the Liquidator from any reinsurer shall not be reduced as a result of this Order of Liquidation,

3

regardless of any provision in a reinsurance contract or other agreement. Payment made directly by the reinsurer to an insured or other creditor of Reliance shall not diminish the reinsurer's obligation to Reliance, except to the extent provided by law.

10.    All agents, brokers, and other persons having sold policies of insurance issued by Reliance shall account for and pay all unearned commissions and all premiums, collected and uncollected, for the benefit of Reliance directly to the Liquidator, within 30 days of notice of this Order.  No agent, broker, reinsurance intermediary or other person shall disburse or use monies which come into their possession and are owed to, or are claimed by, Reliance for any purpose other than payment to the Liquidator.

11.    If requested by the Liquidator, all attorneys employed or retained by Reliance or performing legal services for Reliance as of the date of this Order shall, within 30 days of such request, report to the Liquidator the name, company claim number (if applicable) and status of each matter they are handling on behalf of Reliance.  Said report shall include the full caption, docket number and name and address of opposing counsel in each case and an accounting of any funds received from or on behalf of Reliance for any purpose and in any capacity.

12.    Any entity furnishing telephone, water, electric, sewage, garbage, delivery, trash removal, or utility services to Reliance shall maintain such service and create a new account for the Liquidator as of the date of this Order upon instruction by the Liquidator.

4

13. Any entity (including any affiliate of Reliance) which has custody or control of any data processing information and records (including but not limited to source documents, all types of electronically stored information, master tapes or any other recorded information) relating to Reliance, shall transfer custody and control of such records in a form readable by the Liquidator to the Liquidator as of the date of this Order, unless instructed to the contrary by the Liquidator.

14. Any entity (including any affiliate of Reliance) furnishing claims processing or data processing services to Reliance shall maintain such services and transfer any such accounts to the Liquidator as of the date of this Order, unless instructed to the contrary by the Liquidator.

15. Reliance, its affiliates, and their officers, directors, trustees, employees, consultants, agents, and attorneys, shall: surrender peacefully to the Liquidator the premises where Reliance conducts its business; deliver all keys or access codes thereto and to any safe deposit boxes; advise the Liquidator of the combinations or access codes of any safe or safekeeping devices of Reliance or any password or authorization code or access code required for access to data processing equipment; and shall deliver and surrender peacefully to the Liquidator all of the assets, books, records, files, credit cards, and other property of Reliance in their possession or control, wherever located, and otherwise advise and cooperate with the Liquidator in identifying and locating any of the foregoing.

16. Except for contracts of insurance and for reinsurance, all executory contracts to which Reliance is a party as of the date of this Order

5

may be affirmed or disavowed by the Liquidator within 90 days of the date of this Order.

## CONTINUATION AND CANCELLATION OF COVERAGE

17.    All policies and contracts of insurance, whether issued within this Commonwealth or elsewhere, in effect on the date of this Order shall continue in force only with respect to risks in effect at that time, for the lesser of the following:  (a) thirty days from the date of this Order; (b) until the normal expiration of the policy or contract providing insurance coverage; (c) until the insured has replaced the insurance coverage with equivalent insurance with another insurer or otherwise terminated the policy; or (d) until the Liquidator has effected a transfer of the policy obligation pursuant to Section 221.23(8).  All policies or contracts of insurance issued by Reliance are hereby cancelled and terminated for all purposes effective thirty days from the date of this Order.

## WORKERS COMPENSATION AND PERSONAL INJURY PROTECTION CLAIMS

18.    For a period not to exceed 90 days from entry of this Order, the Liquidator is authorized but not obligated, in her sole discretion, to make arrangements for the continued payment in full of the claims under policies of workers compensation and under policies providing personal injury protection (PIP) by making the facilities, computer systems, books, records and arrangements with third party administrators (to the extent possible) of Reliance available for the processing and payment of such

6

claims, to any affected guaranty association (or other entity that is the functional equivalent) and to states and state officials holding statutory deposits for the benefit of such workers compensation and PIP claimants, provided, however, that such guaranty associations, states or state officials shall provide or make available the funds to make the actual payment of such claims. In circumstances where a guaranty association certifies in writing to the Liquidator that it does not have the immediate ability to fund the payment of workers compensation and PIP claims that are its obligation by law, the Liquidator is authorized to advance the funds, if available, from Reliance to pay such claims on a temporary basis for a period not to exceed 90 days, provided that the guaranty association enters into a written agreement that such advances shall be treated as a distribution pursuant to 40 P.S. §221.36. The Liquidator shall have the discretion to accept such interim assurances as she deems adequate in lieu of a formal agreement.

## NOTICE AND PROCEDURES FOR FILING CLAIMS

19.    The Liquidator shall give notice by first-class mail to all persons which or who may have claims against Reliance, contingent or otherwise, as disclosed by its books and records, and advising claimants to file with the Liquidator their claims together with proper proofs thereof on or before the date (which shall be no earlier than one year from the date of the notice) the Liquidator shall specify therein. The Liquidator shall also cause a notice to be published in newspapers of general circulation where Reliance has its principal places of business, as well as in the national edition of the Wall Street Journal, (a) specifying the last day for the filing of claims; (b) advising all persons of the procedure by which all persons may

7

present their claims to the Liquidator; (c) advising all persons of the Liquidator's office wherein they may present their claim; and (d) advising all persons of their right to present their claim or claims to the Liquidator. Any and all persons, firms, or corporations having or claiming to have any accounts, debts, claims or demands against Reliance, contingent or otherwise, or claiming any right, title, or interest in any funds or property in the possession of the Liquidator are required to file with the Liquidator at the location designated in the above-described notices, on or before the date specified by the Liquidator as the last date upon which to file a claim (which shall be no earlier than one year from the date of the notice), a properly completed proof of claim or be thereafter barred as claimants against any assets in the hands of the Liquidator, unless a late filing is permitted under 40 P.S. §221.37. No person shall participate in any distribution of the assets of Reliance unless such claims are filed and presented in accordance with and within the time limit established by the Liquidator, subject to the provisions for the late filing of claims in 40 P.S. §221.37.

### EXPENSES, PAYMENTS AND LAWSUITS

20.  Without filing a petition for distribution, the Liquidator shall have the discretion to pay as costs and expenses of administration, pursuant to 40 P.S. §221.44, the actual, reasonable and necessary costs of preserving or recovering assets of Reliance and the costs of goods or services provided to and approved by Reliance (In Rehabilitation) or this Court during the period of Rehabilitation and that are unpaid as of the date of this Order.  The rights and liabilities of Reliance and of its creditors,

8

policyholders, trustees, shareholders, members, and all other persons interested in this estate shall be determined in accordance with the Act as of the date of the filing of the Petition for Liquidation.

21. Reliance, its affiliates, or their directors, officers, trustees, employees, attorneys, brokers, consultants, agents, insureds, creditors, and any other persons, wherever located, are enjoined from: (a) the transaction of further business; (b) transferring, selling, concealing, terminating, canceling, destroying, disbursing, disposing of or assigning any assets, funds or other property of any nature; (c) any interference, in any manner, with Commissioner M. Diane Koken or her successors, or any of her designees in liquidating Reliance's business and affairs; (d) any waste of Reliance's assets or property; (e) the dissipation and transfer of bank accounts and negotiable instruments; (f) the institution or further prosecution of any actions in law or equity on behalf of or against Reliance; (g) the obtaining of preferences, judgments, attachments, garnishments or liens against Reliance's assets, property and policyholders; (h) the levy of execution process against Reliance and its assets, property and policyholders; (i) the negotiation or execution of any agreement of sale or deed conveying personal or real property for nonpayment of taxes or assessments or for any other purpose; (j) withholding from the Liquidator or her designees or removing, concealing, transferring or destroying books, accounts, documents, policies or policy related documents or other records relating to Reliance's business; (k) making any assessments or indirectly collecting such assessments by setting them off against amounts otherwise payable to Reliance; (l) attempting to collect unpaid premiums, deductibles

9

or self insured retentions from Reliance's insureds; and (m) the taking of any
other action which might lessen the value of Reliance's assets or property,
prejudice the rights and interests of policyholders and creditors, or interfere
in the administration of the proceeding.

22.    Unless the Liquidator consents thereto in writing, no
action at law or equity, or arbitration or mediation, shall be brought against
Reliance or the Liquidator, whether in this Commonwealth or elsewhere, nor
shall any such existing action be maintained or further prosecuted after the
date of this Order.  All actions, including arbitrations and mediations,
currently pending against Reliance in the courts of the Commonwealth of
Pennsylvania or elsewhere are hereby stayed.  All actions, arbitrations and
mediations, against Reliance or the Liquidator shall be submitted and
considered as claims in the liquidation proceeding.

23.    All proceedings in which Reliance is obligated to defend
a party in any court of this Commonwealth are hereby stayed for ninety (90)
days from the date this Order.  The Liquidator, pursuant to 40 P.S.
§221.5(a), her designees and/or the Pennsylvania Property and Casualty
Insurance Guaranty Association may petition this Court for extensions as
needed in the exercise of their respective discretion.  With respect to suits
and other proceedings in which Reliance is obligated to defend a party,
pending outside the Commonwealth of Pennsylvania and in federal courts of
the United States, this Order constitutes the request of this Court for comity
in the imposition of a 90-day stay by such courts or tribunals, and that those
courts afford this order deference by reason of this Court's responsibility for

10

and supervisory authority over the rehabilitation of Reliance, as vested in this Court by the Pennsylvania Legislature. The Liquidator is authorized to cooperate in assisting any guaranty association in any jurisdiction to enforce any stay of any action provided for in any relevant law of another state. Any person that fails to honor a stay ordered by this Court or violates any provision of this Order, where such person has a claim against Reliance, shall have their claim subordinated to all other claims in the same class, with no payment being made with respect to such claim until all others in the same class have been paid in full, in addition to any other remedies available at law or in equity.

24.   No judgment or order against Reliance or its insureds entered after the date of filing of the Petition for Liquidation, and no judgment or order against Reliance entered at any time by default or by collusion, need be considered as evidence of liability or quantum of damages by the Liquidator.

25.   No action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in this Commonwealth or elsewhere against Reliance or the Liquidator, or their assets.

26.   All secured creditors or parties, pledges, lienholders, collateral holders or other person claiming secured, priority or preferred interests in any property or assets of Reliance are hereby enjoined from taking any steps whatsoever to transfer, sell, assign, encumber, attach,

11

dispose of, or exercise, purported rights in or against any property or assets of Reliance except as provided in 40 P.S. §221.43.

27.   All references to "Reliance" herein shall include the former subsidiaries which were previously merged into Reliance Insurance Company with approval of the Commissioner, including Reliance National Indemnity Company, Reliance National Insurance Company, United Pacific Insurance Company, Reliance Direct Company, Reliance Surety Company, Reliance Universal Insurance Company, United Pacific Insurance Company of New York and Reliance Insurance Company of Illinois.

28.   This Order shall be effective on the date of entry specified above and supercedes this Court's Order of May 29, 2001.

29.   Further, this Order supercedes any order entered by this Court prior to 12:00 noon, October 3, 2001.

The Rehabilitator, through its counsel, is hereby directed to forthwith, serve a copy of this order upon all parties listed on the master service list via fax and/or e-mail and U.S. mail, if necessary.  The Rehabilitator, through its counsel, is directed to file with the court in the Office of the Prothonotary, 9th Floor the Widener Building, 1339 Chestnut Street, Philadelphia, PA 19107, by 1:00 p.m. October 9, 2001 an affidavit, that service, as outlined above, has been effectuated.

JAMES GARDNER COLINS, Judge

12

JUN-23-2005  12:29        OGFRW LLP                    212 4512222   P.22/55

B

JUN-23-2005  12:29        OGFRW LLP                    212 4512222    P.23/55

# Reliance
Reliance Insurance Company
Philadelphia, PA

WORKERS COMPENSATION AND EMPLO  S LIABL
INSURANCE POLICY INFORMATION .AGE

NCCI CARRIER CODE #12521

PREVIOUS POLICY
VK 1733913 00

**EFFECTIVE 06/17/92

| POLICY NUMBER | POLICY PERIOD | | | AGENCY NUMBER |
|---|---|---|---|---|
| VK  1733912 01 | FROM:  06/17/92 | TO:  06/17/93 | | 0630056 |

NAME OF INSURED AND ADDRESS            AGENCY NAME AND ADDRESS

```
CPG INTERNATIONAL, INC.              JOHNSON & HIGGINS
SEE ENDORSEMENT WC 890601            125 BROAD ST
510 BROAD HOLLOW ROAD                NEW YORK, NY
MELVILLE, NY              11747                              10004
```

ENTITY OF INSURED - CORPORATION            FILING NO. SEE ENDT. 990000

FEIN NO.  330106915

OTHER WORKPLACES NOT SHOWN ABOVE:  SEE EXTENSION OF INFORMATION PAGE

ITEM 2.  THE POLICY PERIOD IS EFFECTIVE FROM 12:01 AM ON THE DATE SHOWN ABOVE
AND EXPIRES AT 12:01 AM ON THE DATE SHOWN ABOVE.

ITEM 3.  A. WORKERS' COMPENSATION INSURANCE:  PART ONE OF THE POLICY APPLIES
TO THE WORKERS' COMPENSATION LAW OF THE STATES LISTED HERE:
AZ,CA,CO,CT,GA,IL,LA,MD,MI,MN,MO,NJ,NY,TX,WI

B. EMPLOYERS' LIABILITY INSURANCE:  PART TWO OF THE POLICY APPLIES
TO WORK IN EACH STATE LISTED IN ITEM 3.A.:  THE LIMITS OF OUR
LIABILITY UNDER PART TWO ARE:
BODILY INJURY BY ACCIDENT  $  1,000,000 EACH ACCIDENT
BODILY INJURY BY DISEASE   $  1,000,000 POLICY LIMIT
BODILY INJURY BY DISEASE   $  1,000,000 EACH EMPLOYEE

C. OTHER STATES INSURANCE:  PART THREE OF THE POLICY APPLIES TO THE
STATES, IF ANY, LISTED HERE:  ALL STATES EXCEPT NV, ND, OH, WA,
WV AND WY AND STATES DESIGNATED IN ITEM 3.A. OF THE INFORMATION
PAGE.

D. THIS POLICY INCLUDES THESE ENDORSEMENTS AND SCHEDULES:
SEE EXTENSION OF INFORMATION PAGE.

ITEM 4.  THE PREMIUM FOR THIS POLICY WILL BE DETERMINED BY OUR MANUALS OF
RULES, CLASSIFICATIONS, RATES AND RATING PLANS.  ALL INFORMATION
REQUIRED BELOW IS SUBJECT TO VERIFICATION AND CHANGE BY AUDIT.

CLASSIFICATION OF OPERATIONS:  SEE EXTENSION OF INFORMATION PAGE

```
MINIMUM PREMIUM $  1,000  EXPENSE CONSTANT
                          TOTAL ESTIMATED COST        $        622,380
                          DEPOSIT PREMIUM            *$        622,380
*INCLUDES $      402.  STATE WORKER'S COMPENSATION ADMINISTRATION SURCHARGE
ADJUSTMENT OF PREMIUM SHALL BE MADE
COPYRIGHT 1987 NATIONAL COUNCIL ON COMPENSATION INSURANCE.
```

COUNTERSIGNED _____ BY _____
(DATE)                    (AUTHORIZED REPRESENTATIVE)

WC 00 00 01 A 11 88          09/29/81              PAGE 1  OF 3

JUN-23-2005  12:29        OGFRW LLP                            212 4512222    P.24/55

**Reliance**
Reliance Insurance Company
Philadelphia, PA

WORKERS COMPENSATION AND EMPLO  3 LIAB.
INSURANCE POLICY-EXTENSION OF INFO. PAGE

NCCI CARRIER CODE #12521

**EFFECTIVE 06/17/92

PREVIOUS POLICY
VK 1733912 00

| POLICY NUMBER | POLICY PERIOD | | AGENCY NUMBER |
|---|---|---|---|
| VK  1733912 01 | FROM:  06/17/92 | TO:  06/17/93 | 0630056 |

NAMED INSURED: CPG INTERNATIONAL, INC.        SEE ENDORSEMENT WC 890601

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
EXTENSION OF POLICY INFORMATION PAGE

| ST | LOC | CODE NO. | CLASSIFICATION OF OPERATIONS | EST. TOTAL REMUN. | RATE PER $100 REMUN. | EST. ANNL. PREM. |
|---|---|---|---|---|---|---|
| AZ | ALL | 4493 | FABRIC COATING OR IMPREGNATING N.O.C. | 186,694 | 6.20 | 11,575. |
| | | 8292 | WAREHOUSE - N.O.C. | 113,470 | 8.40 | 9,531. |
| | | 8742 | SALESPERSONS, COLLECTORS | 37,000 | .71 | 263. |
| | | 8810 | CLERICAL OFFICE EMPLOYEES | 367,355 | .52 | 1,910. |
| | | 9812 | EMPLOYERS LIABILITY | | 2% | 466. |
| | | 9898 | EXPERIENCE MOIFICATION | | .83 | -4,037. |
| | | | ARIZONA TOTAL | | | 19,708. |
| CA | ALL | 3076 / 1 | FURNITURE MFG. - METAL | 2,184,583 | 12.59 | 275,039. |
| | | 4250  1 | PAPER COATING OR LAMINATING | 933,348 | 8.84 | 82,508. |
| | | 8292 | WAREHOUSES-GENERAL MERCHANDISE- N.O.C. | 83,366 | 19.45 | 16,215. |
| | | 8742/ 1 | SALESPERSONS-OUTSIDE | 768,438 700,311 | 1.34 | 9,384. |
| | | 8810 / 1 | CLERICAL OFFICE EMPLOYEES-N.O.C. | 2,277,184 | .94 | 21,406. |
| | | 9898 | EXPERIENCE MODIFICATION | | .71 .76 | -113,275. |
| | | 0990 | COMPANY SURCHARGE | 103.28% | 2.0328 | 300,820. |
| | | | S.W.C.A. SURCHARGE | | .1383% | 402. 9|9 |
| | | | CALIFORNIA TOTAL | | | 592,499. |

WC 00 00 01 A 11 88              09/24/92                    PAGE 3 OF 3

JUN-23-2005   12:30          OGFRW LLP                                    212 4512222   P.25/55

 **Reliance**
Reliance Insurance Company
Philadelphia, PA

WORKERS COMPENSATION AND EMPLO S LIAB.
INSURANCE POLICY-EXTENSION OF INFO. PAGE

NCCI CARRIER CODE #12521

**EFFECTIVE 06/17/92

PREVIOUS POLICY
VK 1733912 00

| POLICY NUMBER | POLICY PERIOD | | AGENCY NUMBER |
|---|---|---|---|
| VK 1733912 01 | FROM: 06/17/92 | TO: 06/17/93 | 0630056 |

NAME INSURED: DFC INTERNATIONAL INC.         ENDORSEMENT WC 890601

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
EXTENSION OF POLICY INFORMATION PAGE

| ST | LOC | CODE NO. | CLASSIFICATION OF OPERATIONS | EST. TOTAL REMUN. | RATE PER $100 REMUN. | EST. ANNL. PREM. |
|---|---|---|---|---|---|---|
| CO | ALL | 8742 | SALESPERSONS, COLLECTORS OR MESSENGERS- OUTSIDE | 55,816 | .81 | 452. |
|  |  | 9812 | EMPLOYER'S LIABILITY |  | 3.30% | 15. |
|  |  | 9898 | EXPERIENCE MODIFICATION MERCHANDISE-N.O.C. |  | .83 | -79. |
|  |  |  | COLORADO TOTAL |  |  | 388. |
| CT | ALL | 8742 | SALESPERSONS, COLLECTORS OR MESSENGERS-OUTSIDE | 41,789 | 1.02 | 426. |
|  |  | 9812 | EMPLOYER'S LIABILITY |  | 3.30% | 14. |
|  |  | 9898 | EXPERIENCE MODIFICATION |  | .83 | -75. |
|  |  |  | INDUSTRIAL CLASSIFICATION SURCHARGE |  | 6.35% | 23. |
|  |  |  | CONNECTICUT TOTAL |  |  | 388. |
| GA | ALL | 8742 | SALESPERSONS, COLLECTORS OR MESSENGERS-OUTSIDE | 100,077 | 1.22 | 1,221. |
|  |  | 9812 | EMPLOYER'S LIABILITY |  | 3.30% | 40. |
|  |  | 9898 | EXPERIENCE MODIFICATION |  | .83 | -214. |
|  |  |  | GEORGIA TOTAL |  |  | 1,047. |
| IL | ALL | 8742 | SALESPERSONS, COLLECTORS OR MESSENGERS-OUTSIDE | 45,386 | .79 | 359. |
|  |  | 9812 | EMPLOYER'S LIABILITY |  | 3.30% | 12. |

WC 00 00 01 A 11 88          09/24/92                              PAGE 3 OF 3

**Reliance**

Reliance Insurance Company
Philadelphia, PA

WORKERS COMPENSATION AND EMPLO  S LIAB.
INSURANCE POLICY-EXTENSION OF INFO. PAGE

NCCI CARRIER CODE #12521

PREVIOUS POLICY                    **EFFECTIVE 06/17/92
VK 1733912 00

| POLICY NUMBER | POLICY PERIOD | | | AGENCY NUMBER |
|---|---|---|---|---|
| VK  1733912 01 | FROM:  06/17/92 | TO:  06/17/93 | | 0630056 |

NAMED INSURED: PPG INTERNATIONAL INC.        FED EMPLOYERS NO. 236661

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
EXTENSION OF POLICY INFORMATION PAGE

| ST | LOC | CODE NO. | CLASSIFICATION OF OPERATIONS | EST. TOTAL REMUN. | RATE PER $100 REMUN. | EST. ANNL. PREM. |
|---|---|---|---|---|---|---|
| IL | ALL | 9898 | EXPERIENCE MODIFICATION | | .83 | -63. |
| | | | ILLINOIS TOTAL | | | 308. |
| LA | ALL | 8742 | SALESPERSONS, COLLECTORS OR MESSENGERS-OUTSIDE | 55,880 | 1.54 | 861. |
| | | 9812 | EMPLOYER'S LIABILITY | | 2% | 17. |
| | | 9898 | EXPERIENCE MODIFICATION | | .83 | -149. |
| | | | LOUISIANA TOTAL | | | 729. |
| MD | ALL | 8742 | SALESPERSONS, COLLECTORS OR MESSENGERS-OUTSIDE | 19,712 | .63 | 124. |
| | | 9812 | EMPLOYER'S LIABILITY | | 3.30% | 4. |
| | | 9898 | EXPERIENCE MODIFICATION | | .83 | -22. |
| | | | MARYLAND TOTAL | | | 106. |
| MI | ALL | 4250 | PAPER COATING | 58,215 | 5.00 | 2,911. |
| | | 8292 | WAREHOUSES - N.O.C. | 24,779 | 6.56 | 1,626. |
| | | 8742 | SALESPERSONS. COLLECTORS OR MESSENGERS-OUTSIDE | 72,971 | .67 | 489. |
| | | 8810 | CLERICAL OFFICE EMPLOYEES | 18,863 | .37 | 70. |
| | | 9812 | EMPLOYER'S LIABILITY | | 2% | 102. |
| | | 9898 | EXPERIENCE MODIFICATION | | .83 | -884. |
| | | | MICHIGAN TOTAL | | | 4,314. |

WC 00 00 01 A 11 88            00/24/82                    PAGE 3 OF 3



**Reliance**
Reliance Insurance Company
Philadelphia, PA

WORKERS COMPENSATION AND EMPLO S LIAB.
INSURANCE POLICY-EXTENSION OF I..O. PAGE

NCCI CARRIER CODE #12521

PREVIOUS POLICY
VK 1733912 00

**EFFECTIVE 06/17/92

| POLICY NUMBER | POLICY PERIOD | | | AGENCY NUMBER |
|---|---|---|---|---|
| VK 1733912 01 | FROM: 06/17/92 | TO: | 06/17/93 | 0630056 |

NAMED INSURED CRE  (TIONS FUNDS, INC      SEE ENDORSEMENT NO. 80006

### WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
### EXTENSION OF POLICY INFORMATION PAGE

| ST | LOC | CODE NO. | CLASSIFICATION OF OPERATIONS | EST. TOTAL REMUN. | RATE PER $100 REMUN. | EST. ANNL. PREM. |
|---|---|---|---|---|---|---|
| MN | ALL | 8742 | SALESPERSONS, COLLECTORS OR MESSENGERS-OUTSIDE | 68,280 | 1.41 | 963. |
| | | 9812 | EMPLOYER'S LIABILITY | | 3.30% | 32. |
| | | 9898 | EXERPIENCE MODIFICATION | | .83 | -169. |
| | | | MINNESOTA TOTAL | | | 826. |
| MO | ALL | 8742 | SALESPERSONS, COLLECTORS OR MESSENGERS-OUTSIDE | 39,721 | .69 | 274. |
| | | 9812 | EMPLOYER'S LIABILITY | | 1.015 | 4. |
| | | 9898 | EXPERIENCE MODIFICATION | | .83 | -47. |
| | | | MISSOURI WORKERS' COMPENSATION PREMIUM SURCHARGE | | 3% | 7. |
| | | | MISSOURI TOTAL | | | 238. |
| NJ | ALL | 8742 | SALESPERSONS, COLLECTORS OR MESSENGERS-OUTSIDE | 66,116 | .55 | 364. |
| | | 0935 | NEW JERSEY SECOND INJURY FUND SURCHARGE | | 8.79% | 32. |
| | | | NEW JERSEY TOTAL | | | 396. |
| NY | ALL | 8809 | EXECUTIVE OFFICERS N.O.C. | "IF ANY" | | AT AUDIT |
| | | | NEW YORK TOTAL | | | AT AUDIT |

JUN-23-2005  12:31    OGFRW LLP                                          212 4512222    P.29/55
GLENDALE LRG ACCI

RETROSPECTIVE PREMIUM ENDORSEMENT
ONE YEAR PLAN

 **Reliance**
Reliance Insurance Company
Philadelphia, PA

NCCI CARRIER CODE #12521

PREVIOUS POLICY
VK 1733912 01

**EFFECTIVE 06/17/92

| POLICY NUMBER | POLICY PERIOD | | | | AGENCY NUMBER |
|---|---|---|---|---|---|
| VK 1733912 01 | FROM: | 06/17/92 | TO: | 06/17/93 | 0630056 |

NAMED INSURED: CPG INTERNATIONAL, INC.        SEE ENDORSEMENT WC 890601

THIS ENDORSEMENT IS ADDED TO PART FIVE (PREMIUM) BECAUSE YOU CHOSE TO HAVE THE
COST OF THE INSURANCE RATED RETROSPECTIVELY. THIS ENDORSEMENT EXPLAINS THE
RATING PLAN AND HOW THE RETROSPECTIVE PREMIUM WILL BE DETERMINED.

THIS ENDORSEMENT APPLIES IN THE STATES LISTED IN THE SCHEDULE. IT DETERMINES
THE RETROSPECTIVE PREMIUM FOR THE INSURANCE PROVIDED DURING THE RATING PLAN
PERIOD BY THIS POLICY AND ANY POLICY LISTED IN THE SCHEDULE. THE RATING PLAN
PERIOD IS THE ONE-YEAR PERIOD BEGINNING WITH THE EFFECTIVE DATE OF THIS
ENDORSEMENT.

THE AMOUNT OF RETROSPECTIVE PREMIUM DEPENDS ON FIVE STANDARD ELEMENTS AND TWO
ELECTIVE ELEMENTS.

A. RETROSPECTIVE PREMIUM STANDARD ELEMENTS

   THE FIVE STANDARD ELEMENTS ARE EXPLAINED HERE.

   1. STANDARD PREMIUM IS THE PREMIUM WE WOULD CHARGE DURING THE RATING PLAN
      PERIOD IF YOU HAD NOT CHOSEN RETROSPECTIVE PREMIUM RATING, BUT WITH TWO
      EXCEPTIONS. STANDARD PREMIUM DOES NOT INCLUDE THE EXPENSE CONSTANT
      CHARGE OR THE PREMIUM DISCOUNT CREDIT.

   2. BASIC PREMIUM IS LESS THAN STANDARD PREMIUM. IT IS STANDARD PREMIUM
      MULTIPLIED BY A PERCENTAGE CALLED THE BASIC PREMIUM FACTOR. THE BASIC
      PREMIUM FACTOR VARIES DEPENDING ON THE TOTAL AMOUNT OF STANDARD PREMIUM.
      THE SCHEDULE SHOWS A RANGE OF BASIC PREMIUM FACTORS FOR DIFFERING
      AMOUNTS OF ESTIMATED STANDARD PREMIUM. THE ACTUAL BASIC PREMIUM FACTOR
      WILL BE DETERMINED AFTER THE STANDARD PREMIUM IS DETERMINED. IF EARNED
      STANDARD PREMIUM IS NOT WITHIN THE RANGE OF THE ESTIMATED STANDARD
      PREMIUMS SHOWN IN THE SCHEDULE, THE BASIC PREMIUM WILL BE RECALCULATED.

   3. INCURRED LOSSES ARE ALL AMOUNTS WE PAY OR ESTIMATE WE WILL PAY FOR
      LOSSES, INTEREST ON JUDGMENTS, EXPENSES TO RECOVER AGAINST THIRD
      PARTIES, AND EMPLOYERS LIABILITY LOSS ADJUSTMENT EXPENSES.

   4. A CONVERTED LOSS IS AN INCURRED LOSS MULTIPLIED BY A PERCENTAGE CALLED
      THE LOSS CONVERSION FACTOR. THE LOSS CONVERSION FACTOR IS SHOWN IN THE
      SCHEDULE.

   5. TAXES ARE PART OF THE PREMIUM WE COLLECT. TAXES ARE DETERMINED AS A
      PERCENTAGE OF BASIC PREMIUM AND CONVERTED LOSSES. THE PERCENTAGE IS
      CALLED THE TAX MULTIPLIER. IT VARIES BY STATE AND BY FEDERAL AND NON-
      FEDERAL CLASSIFICATIONS. THE TAX MULTIPLIERS ARE SHOWN IN THE SCHEDULE.

JUN-23-2005  12:31        OGFRW LLP                                    212 4512222   P.30/55
GLENDALE LRG ACCT              COMPANY COPY                        0005038  0991 00

 **Reliance**
Reliance Insurance Company
Philadelphia, PA

RETROSPECTIVE PREMIUM ENDORS. .NT
ONE YEAR PLAN

NCCI CARRIER CODE #12521

PREVIOUS POLICY
VK 1733912 01

**\*\*EFFECTIVE 06/17/92**

| POLICY NUMBER | POLICY PERIOD | | | | AGENCY NUMBER |
|---|---|---|---|---|---|
| VK  1733912 01 | FROM: | 06/17/92 | TO: | 06/17/93 | 0630056 |

NAMED INSURED: CPG INTERNATIONAL, INC.        SEE ENDORSEMENT WC 890601

**B. RETROSPECTIVE PREMIUM ELECTIVE ELEMENTS**

TWO OTHER ELEMENTS ARE INCLUDED IN RETROSPECTIVE PREMIUM IF YOU ELECTED TO INCLUDE THEM.  THEY ARE THE EXCESS LOSS PREMIUM FOR THE LOSS LIMITATION, AND THE RETROSPECTIVE DEVELOPMENT PREMIUM.  THEY ARE EXPLAINED HERE.

1. THE ELECTION OF A LOSS LIMITATION MEANS THAT THE AMOUNT OF INCURRED LOSS TO BE INCLUDED IN THE RETROSPECTIVE PREMIUM IS LIMITED TO AN AMOUNT CALLED THE LOSS LIMITATION.  THE LOSS LIMITATION APPLIES SEPARATELY TO EACH PERSON WHO SUSTAINS BODILY INJURY BY DISEASE AND SEPARATELY TO ALL BODILY INJURY ARISING OUT OF ANY ONE ACCIDENT.

   THE CHARGE FOR THIS LOSS LIMITATION IS CALLED THE EXCESS LOSS PREMIUM. EXCESS LOSS PREMIUM IS A PERCENTAGE OF STANDARD PREMIUM MULTIPLIED BY THE LOSS CONVERSION FACTOR.  THE PERCENTAGE IS CALLED THE EXCESS LOSS PREMIUM FACTOR.  TAXES ARE ADDED TO EXCESS LOSS PREMIUM JUST AS THEY ARE FOR OTHER ELEMENTS OF RETROSPECTIVE PREMIUM.

   EXCESS LOSS PREMIUM FACTORS VARY BY STATE, BY CLASSIFICATION, AND BY THE AMOUNT OF THE LOSS LIMITATION.  IF YOU CHOSE THIS ELECTIVE ELEMENT, THE LOSS CONVERSION FACTOR, THE LOSS LIMITATION, THE EXCESS LOSS PREMIUM FACTORS, AND THE STATES WHERE THEY APPLY ARE SHOWN IN THE SCHEDULE.

2. THE RETROSPECTIVE DEVELOPMENT ELEMENT IS USED TO HELP STABILIZE PREMIUM ADJUSTMENTS.  THE PREMIUM FOR THIS ELEMENT IS CHARGED WITH THE FIRST THREE CALCULATIONS OF RETROSPECTIVE PREMIUM, AND IS CALLED THE RETRO- SPECTIVE DEVELOPMENT PREMIUM.  IT IS A PERCENTAGE OF STANDARD PREMIUM MULTIPLIED BY THE LOSS CONVERSION FACTOR.  THE PERCENTAGE OF STANDARD PREMIUM IS CALLED THE RETROSPECTIVE DEVELOPMENT FACTOR.  TAXES ARE ADDED TO RETROSPECTIVE DEVELOPMENT PREMIUM JUST AS THEY ARE FOR OTHER ELEMENTS OF RETROSPECTIVE PREMIUM.

   RETROSPECTIVE DEVELOPMENT FACTORS VARY BY STATE, BY ELECTING A LOSS LIMITATION, AND BY FIRST, SECOND, AND THIRD CALCULATIONS OF RETROSPEC- TIVE PREMIUM.  IF YOU CHOSE THIS ELECTIVE ELEMENT, THE RETROSPECTIVE DEVELOPMENT FACTORS ARE SHOWN IN THE SCHEDULE.

**C. RETROSPECTIVE PREMIUM FORMULA**

INSURANCE POLICIES LISTED IN THE SCHEDULE WILL BE COMBINED WITH THIS POLICY TO CALCULATE THE RETROSPECTIVE PREMIUM.  IF THE POLICIES PROVIDE INSURANCE FOR MORE THAN ONE INSURED, THE RETROSPECTIVE PREMIUM WILL BE DETERMINED FOR ALL INSUREDS COMBINED, NOT SEPARATELY FOR EACH INSURED.

1. RETROSPECTIVE PREMIUM IS THE SUM OF BASIC PREMIUM, CONVERTED LOSSES, AND TAXES, PLUS THE EXCESS LOSS PREMIUM AND RETROSPECTIVE DEVELOPMENT PREMIUM ELECTIVE ELEMENTS IF YOU CHOSE THEM.

 **Reliance**
Reliance Insurance Company
Philadelphia, PA

RETROSPECTIVE PREMIUM ENDORSEMENT
ONE YEAR PLAN

NCCI CARRIER CODE #12521

**EFFECTIVE 06/17/92

PREVIOUS POLICY
VK 1733912 01

| POLICY NUMBER | POLICY PERIOD | | | AGENCY NUMBER |
|---|---|---|---|---|
| VK  1733912 01 | FROM:  06/17/92 | TO:  06/17/93 | | 0630056 |

NAMED INSURED: CPG INTERNATIONAL, INC.          SEE ENDORSEMENT WC 890601

2.  THE RETROSPECTIVE PREMIUM WILL NOT BE LESS THAN THE MINIMUM NOR MORE
    THAN THE MAXIMUM RETROSPECTIVE PREMIUM.  THE MINIMUM AND MAXIMUM
    RETROSPECTIVE PREMIUMS ARE DETERMINED BY APPLYING THE MINIMUM AND
    MAXIMUM FACTORS SHOWN IN THE SCHEDULE TO THE STANDARD PREMIUM.

3.  IF THIS ENDORSEMENT APPLIES TO MORE THAN ONE POLICY OR STATE, THE
    STANDARD PREMIUM, WILL BE THE SUM OF THE STANDARD PREMIUMS FOR EACH
    POLICY AND STATE.

D.  PREMIUM CALCULATIONS AND PAYMENTS

1. .WE WILL CALCULATE THE RETROSPECTIVE PREMIUM USING ALL LOSS INFORMATION
    WE HAVE AS OF A DATE SIX MONTHS AFTER THE RATING PLAN PERIOD ENDS AND
    ANNUALLY .THEREAFTER.  WE WILL HAVE THE CALCULATION VERIFIED BY THE
    APPROPRIATE RATE SERVICE ORGANIZATON AT YOUR REQUEST.

    WE MAY MAKE A SPECIAL VALUATION OF THE RETROSPECTIVE PREMIUM AS OF ANY
    DATE THAT YOU ARE DECLARED BANKRUPT OR INSOLVENT, MAKE AN ASSIGNMENT FOR
    THE BENEFIT OF CREDITORS, ARE INVOLVED IN REORGANIZATION, RECEIVERSHIP,
    OR LIQUIDATION, OR DISPOSE OF ALL YOUR INTEREST IN WORK COVERED BY THE
    INSURANCE.  YOU.WILL PAY THE AMOUNT DUE US IF THE RETROSPECTIVE PREMIUM
    IS MORE THAN THE TOTAL STANDARD PREMIUM AS OF THE SPECIAL VALUATION
    DATE.

2.  AFTER A CALCULATION OF RETROSPECTIVE PREMIUM, YOU AND WE MAY AGREE THAT
    IT IS THE FINAL CALCULATION.  NO OTHER CALCULATION WILL BE MADE UNLESS
    THERE IS A CLERICAL ERROR IN THE FINAL CALCULATION.

3.  AFTER EACH CALCULATION OF RETROSPECTIVE PREMIUM, YOU WILL PAY PROMPTLY
    THE AMOUNT DUE US, OR WE WILL REFUND THE AMOUNT DUE YOU.  EACH INSURED
    IS RESPONSIBLE FOR THE PAYMENT OF ALL STANDARD PREMIUM AND RETROSPECTIVE
    PREMIUM CALCULATED UNDER THIS ENDORSEMENT.

E.  WORK IN OTHER STATES

    IF ANY OF THE POLICIES PROVIDE INSURANCE IN A STATE NOT LISTED IN THE TABLE
    OF STATES, AND IF YOU BEGIN WORK IN THAT STATE DURING THE RATING PLAN
    PERIOD, THIS ENDORSEMENT WILL APPLY TO THAT INSURANCE IF THIS RATING PLAN
    APPLIES IN THAT STATE ON AN INTERSTATE BASIS.  THE RETROSPECTIVE PREMIUM
    STANDARD ELEMENTS, AND THE ELECTIVE ELEMENTS YOU CHOSE, WILL BE DETERMINED
    BY OUR MANUALS FOR THAT STATE, AND ADDED TO THE SCHEDULE BY ENDORSEMENT.

F.  CANCELATION

1.  IF ANY INSURANCE SUBJECT TO THIS ENDORSEMENT IS CANCELED, THE EFFECTIVE
    DATE OF CANCELATION WILL BECOME THE END OF THE RATING PLAN PERIOD FOR

JUN-23-2005  12:32        OGFRW LLP                              212 4512222   P.32/55
GLENDALE LRG ACCT              COMPANY COPY

RETROSPECTIVE PREMIUM ENDORSEMENT
ONE YEAR PLAN

# Reliance
Reliance Insurance Company
Philadelphia, PA

NCCI CARRIER CODE #12521

PREVIOUS POLICY
VK 1733912 01

**EFFECTIVE 06/17/92

| POLICY NUMBER | POLICY PERIOD | | | AGENCY NUMBER |
|---|---|---|---|---|
| VK 1733912 01 | FROM: 06/17/92 | TO: | 06/17/93 | 0630056 |

NAMED INSURED: CPG INTERNATIONAL, INC.      SEE ENDORSEMENT WC 890601

5. THE TAX MULTIPLIERS, EXCESS LOSS PREMIUM FACTORS, AND RETROSPECTIVE
DEVELOPMENT FACTORS, AND THE STATES WHERE THEY APPLY, ARE SHOWN IN THE
TABLE OF STATES.

## TABLE OF STATES

| STATE | EXCESS LOSS PREMIUM FACTORS | | TAX MULTIPLIER | |
|---|---|---|---|---|
| | STATE (OTHER THAN "F" CLASSES) | FEDERAL ("F" CLASSES ONLY) | STATE (OTHER THAN "F" CLASSES) | FEDERAL ("F" CLASSES ONLY) |
| AZ | NA | | 1.038 | |
| CO | NA | | 1.038 | |
| CT | NA | | 1.038 | |
| GA | NA | | 1.038 | |
| IL | NA | | 1.038 | |
| LA | NA | | 1.038 | |
| MD | NA | | 1.038 | |
| MN | NA | | 1.038 | |
| MO | NA | | 1.038 | |
| TX | NA | | 1.038 | |
| WI | NA | | 1.038 | |

| STATE | RETROSPECTIVE DEVELOPMENT FACTORS | | |
|---|---|---|---|
| | 1ST | 2ND | 3RD |

THIS ENDORSEMENT CHANGES THE POLICY TO WHICH IT IS ATTACHED AND IS EFFECTIVE
ON THE DATE ISSUED UNLESS OTHERWISE STATED.

WC 00 06 03A 12 91            11/04/92                    PAGE 6 OF 5



**Reliance**

Reliance Insurance Company
Philadelphia, PA

RETROSPECTIVE PREMIUM ENDORS  ┬T --
SHORT FORM

NEW POLICY
**EFFECTIVE 06/17/92

| POLICY NUMBER | POLICY PERIOD | | AGENCY NUMBER |
|---|---|---|---|
| VQ  8472523 00 | FROM:  06/17/92 | TO:  06/17/93 | 0630056 |

NAMED INSURED: CRC INTERNATIONAL, INC.

THE PREMIUM FOR THIS POLICY WILL BE DETERMINED BY THE RETROSPECTIVE PREMIUM
ENDORSEMENT FORMING A PART OF POLICY NUMBER:
VK    1733912

IL 09 21 11 85                        09/09/92

JUN-23-2005  12:32        OGFRW LLP                           212 4512222   P.34/55

## NOTICE OF ELECTION
## OF
## RETROSPECTIVE RATING PLAN

The undersigned certifies that the named insured has elected the use of the Retrospective Rating Plan as detailed below. It is also certified that the insured understands all terms, conditions and provisions of the Plan, including the method of premium computation, payment, and penalties for cancellation.

This Plan shall apply to all policies indicated below effective:

1. Name of Insured:  CPG International, Inc.

2. Address of Insured: 510 Broad Hollow Road
                       Melville, N.Y. 11747

3. Policy Number(s)              Effective Date(s)
   VK 173 39 12 - 01            June 17, 1992
   VQ 847 25 23

4. Rating Option Selected: Plan V

5. If Rating Option V Selected:
   A. Minimum Premium Factor: BASIC x's Tax Multiplier
   B. Maximum Premium Factor: 1.00%
   C. Loss Conversion Factor: 1.09

6. Term of Plan. (Indicated A,B or C)  A - 1 Year
   A. 1 Year or 3 Year.
   B. Long Term Construction Project (Enter Details in 9)
   C. Wrap Up Construction Project (Enter Details in 9)

7. Loss Limitation (if applicable)  N/A

8. Do Retrospective Development Factors Apply? ( ) Yes (X) No

9. Indicate any special conditions which apply to the plan
   elected for this Insured: Involuntary Loads Included Within Tax
                             Multiplier.


_____          _____
Signature of Insured  C P G            Date Signed
                                       6/13/92

(Proprietor Partner, or Authorized
Officer of Corporation)

34

**Reliance**
Large Account Division

JUN-23-2005  12:33        OGFRW LLP                         212 4512222  P.35/55
GLENDALE LRO ACCT              COMPANY COPY

---

**Reliance**
Reliance Insurance Company
Philadelphia, PA

INSURED'S NAME
POLICY INFORMATION PAGE ENDORSEMENT

NCCI CARRIER CODE #12521

PREVIOUS POLICY                    **EFFECTIVE 06/17/93
NEW POLICY

| POLICY NUMBER | POLICY PERIOD | | | AGENCY NUMBER |
|---|---|---|---|---|
| VK 1733935 00 | FROM: 06/17/93 | TO: | 06/30/93 | 0630056 |

| NAME OF INSURED AND ADDRESS | AGENCY NAME AND ADDRESS |
|---|---|

CPG INTERNATIONAL, INC.                 JOHNSON & HIGGINS
SEE ENDORSEMENT WC 890601               125 BROAD ST
510 BROAD HOLLOW ROAD                   NEW YORK, NY
MELVILLE, NY              11747                              10004

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
POLICY INFORMATION PAGE ENDORSEMENT

THE INSURED'S NAME IS CHANGED TO READ:

CPG INTERNATIONAL, INC.
CHARTPAK, U.S.;
PLANHOLD CORPORATION;
CLEAR PRINT PAPER COMPANY, INC.
PICKETT INDUSTRIES

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY TO WHICH IT IS ATTACHED AND IS EFFECTIVE
ON THE DATE ISSUED UNLESS OTHERWISE STATED ABOVE.

(THE INFORMATION BELOW IS REQUIRED ONLY WHEN THIS ENDORSEMENT IS ISSUED
 SUBSEQUENT TO PREPARATION OF THE POLICY.)

PREMIUM $                              ENDORSEMENT NUMBER

COPYRIGHT 1987 NATIONAL COUNCIL ON COMPENSATION INSURANCE.

WC 89 06 01 07 87              06/24/93

JUN-23-2005  12:33        OGFRW LLP                          212 4512222   P.36/55
GLENDALE LRG ACCT              COMPANY COPY



**Reliance**
Reliance Insurance Company
Philadelphia, PA

POLICY INFORMATION PAGE ENDORSEMENT
CHANGE IN WORKPLACE OF INSURED

NCCI CARRIER CODE #12521

PREVIOUS POLICY                          **EFFECTIVE 06/17/93
NEW POLICY

| POLICY NUMBER | POLICY PERIOD | | AGENCY NUMBER |
|---|---|---|---|
| VK  1733935 00 | FROM:  06/17/93 | TO:  06/30/93 | 0630056 |

| NAME OF INSURED AND ADDRESS | AGENCY NAME AND ADDRESS |
|---|---|
| CPG INTERNATIONAL, INC.<br>SEE ENDORSEMENT WC 890601<br>510 BROAD HOLLOW ROAD<br>MELVILLE, NY          11747 | JOHNSON & HIGGINS<br>125 BROAD ST<br>NEW YORK, NY<br>                              10004 |

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
POLICY INFORMATION PAGE ENDORSEMENT

THE WORKPLACE OF THE INSURED IS CHANGED TO READ:

CLEAR PRINT
1482 67TH STREET
EMERYVILLE, CA 94608

PLANHOLD
17421 VON KARMAN
IRVINE, CA 92714

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY TO WHICH IT IS ATTACHED AND IS EFFECTIVE
ON THE DATE ISSUED UNLESS OTHERWISE STATED ABOVE.

(THE INFORMATION BELOW IS REQUIRED ONLY WHEN THIS ENDORSEMENT IS ISSUED
 SUBSEQUENT TO PREPARATION OF THE POLICY.)

PREMIUM $                              ENDORSEMENT NUMBER

COPYRIGHT 1987 NATIONAL COUNCIL ON COMPENSATION INSURANCE.

WC 89 06 08 07 87              07/04/93

JUN-23-2005  12:33    OGFRW LLP    212 4512222    P.37/55
GLENDALE LRQ ACCT    COMPANY COPY




POLICY INFORMATION PAGE ENDORSEMENT
CHANGE IN WORKPLACE OF INSURED

**Reliance**
Reliance Insurance Company
Philadelphia, PA

NCCI CARRIER CODE #12521

PREVIOUS POLICY
VK 1733912 01

**EFFECTIVE 06/30/93

| POLICY NUMBER | POLICY PERIOD | | | AGENCY NUMBER |
|---|---|---|---|---|
| VK 1733912 02 | FROM: 06/30/93 | TO: | 06/30/94 | 0630056 |

NAME OF INSURED AND ADDRESS                    AGENCY NAME AND ADDRESS

CPG INTERNATIONAL, INC.                JOHNSON & HIGGINS
SEE ENDORSEMENT WC 890601              125 BROAD ST
510 BROAD HOLLOW ROAD                  NEW YORK, NY
MELVILLE, NY              11747                        10004

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
POLICY INFORMATION PAGE ENDORSEMENT

THE WORKPLACE OF THE INSURED IS CHANGED TO READ:

CPG INTERNATIONAL, INC.
510 BROAD HOLLOW ROAD
MELVILLE, NY 11747

CHARTPAK
1155 EAST PALMDALE
TUCSON, AZ 85744

CLEAR PRINT
1482 67TH STREET
EMERYVILLE, CA 94608

PLANHOLD
17421 VON KARMAN
IRVINE, CA 92714

HARTFORD, CT

DETROIT, MI

ST. PAUL, MN

ST. LOUIS, MO

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY TO WHICH IT IS ATTACHED AND IS EFFECTIVE
ON THE DATE ISSUED UNLESS OTHERWISE STATED ABOVE.

(THE INFORMATION BELOW IS REQUIRED ONLY WHEN THIS ENDORSEMENT IS ISSUED
SUBSEQUENT TO PREPARATION OF THE POLICY.)

PREMIUM $                          ENDORSEMENT NUMBER

COPYRIGHT 1987 NATIONAL COUNCIL ON COMPENSATION INSURANCE.

WC 89 06 08 07 87          08/15/89

JUN-23-2005  12:34    OGFRW LLP                              212 4512222   P.38/55
GLENDALE LRG ACCT          ...

POLICY INFORMATION PAGE EN...SEMENT
CHANGE IN WORKPLACE OF INSURED

 **Reliance**
Reliance Insurance Company
Philadelphia, PA

NCCI CARRIER CODE #12521

PREVIOUS POLICY
VK 1733912 01                              **EFFECTIVE 06/30/93

| POLICY NO. | | | AGENCY NUMBER |
|---|---|---|---|
| VK 1733912 02 | FROM:  06/30/93 | TO:  06/30/94 | 0630056 |

| NAME OF INSURED AND ADDRESS | AGENCY NAME AND ADDRESS |
|---|---|
| CPG INTERNATIONAL, INC.<br>SEE ENDORSEMENT WC 890601<br>510 BROAD HOLLOW ROAD<br>MELVILLE, NY              11747 | JOHNSON & HIGGINS<br>125 BROAD ST<br>NEW YORK, NY<br>                        10004 |

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
POLICY INFORMATION PAGE ENDORSEMENT

THE WORKPLACE OF THE INSURED IS CHANGED TO READ:

MIAMI, FL

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY TO WHICH IT IS ATTACHED AND IS EFFECTIVE
ON THE DATE ISSUED UNLESS OTHERWISE STATED ABOVE.

(THE INFORMATION BELOW IS REQUIRED ONLY WHEN THIS ENDORSEMENT IS ISSUED
SUBSEQUENT TO PREPARATION OF THE POLICY.)

PREMIUM $                               ENDORSEMENT NUMBER

COPYRIGHT 1987 NATIONAL COUNCIL ON COMPENSATION INSURANCE.

WC 89 06 06 07 87              08/15/83

JUN-23-2005  12:34    OGFRW LLP                    212 4512222    P.39/55
GLENDALE LRG ACCT



**Reliance**
Reliance Insurance Company
Philadelphia, PA

WORKERS COMPENSATION AND EMPLOYERS LIAB.
INSURANCE POLICY INFORMATION PAGE

NCCI CARRIER CODE #12521

PREVIOUS POLICY                              **EFFECTIVE 06/30/93
VK 1733912 01

| POLICY NUMBER | POLICY PERIOD | AGENCY NUMBER |
|---|---|---|
| VK 1733912 02 | FROM: 06/30/93   TO: 06/30/94 | 0630056 |

| NAME OF INSURED AND ADDRESS | AGENCY NAME AND ADDRESS |
|---|---|
| CPG INTERNATIONAL, INC.<br>SEE ENDORSEMENT WC 890601<br>510 BROAD HOLLOW ROAD<br>MELVILLE, NY          11747 | JOHNSON & HIGGINS<br>125 BROAD ST<br>NEW YORK, NY<br>                              10004 |

ENTITY OF INSURED - CORPORATION          FILING NO. SEE ENDT. 990600

                                         FEIN NO. 330106915

OTHER WORKPLACES NOT SHOWN ABOVE: SEE EXTENSION OF INFORMATION PAGE

ITEM 2.  THE POLICY PERIOD IS EFFECTIVE FROM 12:01 AM ON THE DATE SHOWN ABOVE
         AND EXPIRES AT 12:01 AM ON THE DATE SHOWN ABOVE.

ITEM 3.  A. WORKERS' COMPENSATION INSURANCE: PART ONE OF THE POLICY APPLIES
            TO THE WORKERS' COMPENSATION LAW OF THE STATES LISTED HERE:
            AZ,CA,CT,FL,LA,MI,MN,MO,NJ,NY

         B. EMPLOYERS' LIABILITY INSURANCE: PART TWO OF THE POLICY APPLIES
            TO WORK IN EACH STATE LISTED IN ITEM 3.A.: THE LIMITS OF OUR
            LIABILITY UNDER PART TWO ARE:
                 BODILY INJURY BY ACCIDENT  $  1,000,000 EACH ACCIDENT
                 BODILY INJURY BY DISEASE   $  1,000,000 POLICY LIMIT
                 BODILY INJURY BY DISEASE   $  1,000,000 EACH EMPLOYEE

         C. OTHER STATES INSURANCE: PART THREE OF THE POLICY APPLIES TO THE
            STATES, IF ANY, LISTED HERE: ALL STATES EXCEPT NV, ND, OH, WA,
            WV AND WY AND STATES DESIGNATED IN ITEM 3.A. OF THE INFORMATION
            PAGE.

         D. THIS POLICY INCLUDES THESE ENDORSEMENTS AND SCHEDULES:
            SEE EXTENSION OF INFORMATION PAGE.

ITEM 4.  THE PREMIUM FOR THIS POLICY WILL BE DETERMINED BY OUR MANUALS OF
         RULES, CLASSIFICATIONS, RATES AND RATING PLANS.  ALL INFORMATION
         REQUIRED BELOW IS SUBJECT TO VERIFICATION AND CHANGE BY AUDIT.

         CLASSIFICATION OF OPERATIONS: SEE EXTENSION OF INFORMATION PAGE

         MINIMUM PREMIUM $ 1,000.  EXPENSE CONSTANT        $
                                   TOTAL ESTIMATED COST    $    555,334.
                                   DEPOSIT PREMIUM        *$ SEE WC890600
*INCLUDES $       346.  STATE WORKER'S COMPENSATION ADMINISTRATION SURCHARGE
 ADJUSTMENT OF PREMIUM SHALL BE MADE ANNUALLY
COPYRIGHT 1987 NATIONAL COUNCIL ON COMPENSATION INSURANCE.

         COUNTERSIGNED _____ BY _____
                          (DATE)           (AUTHORIZED REPRESENTATIVE)

WC 00 00 01 A 11 88              08/29/93                    PAGE 1 OF 3

JUN-23-2005  12:34    OGFRW LLP    212 4512222    P.40/55
GLENDALE LRG ACCT


**Reliance**

Reliance Insurance Company
Philadelphia, PA

WORKERS COMPENSATION AND EMPLOYERS LIAB.
INSURANCE -- CHANGE ENDORSEMENT

NCCI CARRIER CODE #12521

PREVIOUS POLICY                    **EFFECTIVE 06/30/93
VK 1733912 01

| POLICY NUMBER | POLICY PERIOD | | | AGENCY NUMBER |
|---|---|---|---|---|
| VK  1733912 02 | FROM:  06/30/93 | TO:  | 06/30/94 | 0630056 |

| NAME OF INSURED AND ADDRESS | AGENCY NAME AND ADDRESS |
|---|---|

CPG INTERNATIONAL, INC.              JOHNSON & HIGGINS
SEE ENDORSEMENT WC 890601            125 BROAD ST
510 BROAD HOLLOW ROAD                NEW YORK, NY
MELVILLE, NY            11747                        10004

WORKERS' COMPENSATION AND EMPLOYERS' LIABILITY INSURANCE POLICY
CHANGE ENDORSEMENT

CHANGE ENDORSEMENT NUMBER    09

FORM WC 000503 RETROSPECTIVE PREMIUM ENDORSEMENT IS REVISED TO ADD THE
FOLLOWING WORDING "NOT APPLICABLE TO CALIFORNIA"

THIS ENDORSEMENT CHANGES THE POLICY TO WHICH IT IS ATTACHED AND IS EFFECTIVE
ON THE DATE ISSUED UNLESS OTHERWISE STATED.

(THE INFORMATION BELOW IS REQUIRED ONLY WHEN THIS ENDORSEMENT IS ISSUED
 SUBSEQUENT TO PREPARATION OF THE POLICY.)

PREMIUM $    INCLUDED

COUNTERSIGNED _____ BY _____
                        (DATE)              (AUTHORIZED REPRESENTATIVE)

DEC 848 1/88

WC 99 06 00 01 82              11/10/93

JUN-23-2005  12:34        OGFRW LLP                               212 4512222   P.41/55

GLENDALE LRG ACCT              COMPANY COPY

 **Reliance**
Reliance Insurance Company
Philadelphia, PA

RETROSPECTIVE PREMIUM ENDORSEMENT
ONE YEAR PLAN

NCCI CARRIER CODE #12521

PREVIOUS POLICY
VK 1733912 01

**EFFECTIVE 06/30/93

| POLICY NUMBER | | | | AGENCY NUMBER |
|---|---|---|---|---|
| VK  1733912 02 | FROM:  06/30/93 | TO:  06/30/94 | | 0630056 |

NAMED INSURED:

THIS ENDORSEMENT IS ADDED TO PART FIVE (PREMIUM) BECAUSE YOU CHOSE TO HAVE THE
COST OF THE INSURANCE RATED RETROSPECTIVELY.  THIS ENDORSEMENT EXPLAINS THE
RATING PLAN AND HOW THE RETROSPECTIVE PREMIUM WILL BE DETERMINED.

THIS ENDORSEMENT APPLIES IN THE STATES LISTED IN THE SCHEDULE.  IT DETERMINES
THE RETROSPECTIVE PREMIUM FOR THE INSURANCE PROVIDED DURING THE RATING PLAN
PERIOD BY THIS POLICY AND ANY POLICY LISTED IN THE SCHEDULE.  THE RATING PLAN
PERIOD IS THE ONE-YEAR PERIOD BEGINNING WITH THE EFFECTIVE DATE OF THIS
ENDORSEMENT.

THE AMOUNT OF RETROSPECTIVE PREMIUM DEPENDS ON FIVE STANDARD ELEMENTS AND TWO
ELECTIVE ELEMENTS.

A. RETROSPECTIVE PREMIUM STANDARD ELEMENTS

   THE FIVE STANDARD ELEMENTS ARE EXPLAINED HERE.

   1. STANDARD PREMIUM IS THE PREMIUM WE WOULD CHARGE DURING THE RATING PLAN
      PERIOD IF YOU HAD NOT CHOSEN RETROSPECTIVE PREMIUM RATING, BUT WITH TWO
      EXCEPTIONS.  STANDARD PREMIUM DOES NOT INCLUDE THE EXPENSE CONSTANT
      CHARGE OR THE PREMIUM DISCOUNT CREDIT.

   2. BASIC PREMIUM IS LESS THAN STANDARD PREMIUM.  IT IS STANDARD PREMIUM
      MULTIPLIED BY A PERCENTAGE CALLED THE BASIC PREMIUM FACTOR.  THE BASIC
      PREMIUM FACTOR VARIES DEPENDING ON THE TOTAL AMOUNT OF STANDARD PREMIUM.
      THE SCHEDULE SHOWS A RANGE OF BASIC PREMIUM FACTORS FOR DIFFERING
      AMOUNTS OF ESTIMATED STANDARD PREMIUM.  THE ACTUAL BASIC PREMIUM FACTOR
      WILL BE DETERMINED AFTER THE STANDARD PREMIUM IS DETERMINED.  IF EARNED
      STANDARD PREMIUM IS NOT WITHIN THE RANGE OF THE ESTIMATED STANDARD
      PREMIUMS SHOWN IN THE SCHEDULE, THE BASIC PREMIUM WILL BE RECALCULATED.

   3. INCURRED LOSSES ARE ALL AMOUNTS WE PAY OR ESTIMATE WE WILL PAY FOR
      LOSSES, INTEREST ON JUDGMENTS, EXPENSES TO RECOVER AGAINST THIRD
      PARTIES, AND EMPLOYERS LIABILITY LOSS ADJUSTMENT EXPENSES.

   4. A CONVERTED LOSS IS AN INCURRED LOSS MULTIPLIED BY A PERCENTAGE CALLED
      THE LOSS CONVERSION FACTOR.  THE LOSS CONVERSION FACTOR IS SHOWN IN THE
      SCHEDULE.

   5. TAXES ARE PART OF THE PREMIUM WE COLLECT.  TAXES ARE DETERMINED AS A
      PERCENTAGE OF BASIC PREMIUM AND CONVERTED LOSSES.  THE PERCENTAGE IS
      CALLED THE TAX MULTIPLIER.  IT VARIES BY STATE AND BY FEDERAL AND NON-
      FEDERAL CLASSIFICATIONS.  THE TAX MULTIPLIERS ARE SHOWN IN THE SCHEDULE.

JUN-23-2005  12:35    OGFRW LLP                       212 4512222   P.42/55
GLENDALE LRG ACCT              COMPANY COPY                  000503B  0091 00

 **Reliance**

Reliance Insurance Company
Philadelphia, PA

RETROSPECTIVE PREMIUM ENDORSEMENT
ONE YEAR PLAN

NCCI CARRIER CODE #12521

PREVIOUS POLICY
VK 1733912 01

RREFFECTIVE 06/30/93

| POLICY NUMBER | POLICY PERIOD | | AGENCY NUMBER |
|---|---|---|---|
| VK  1733912 02 | FROM:  06/30/93 | TO:  06/30/94 | 0630056 |

NAMED INSURED: GPS INTERNATIONAL, INC.          SEE ENDORSEMENT WC 890601

**B. RETROSPECTIVE PREMIUM ELECTIVE ELEMENTS**

TWO OTHER ELEMENTS ARE INCLUDED IN RETROSPECTIVE PREMIUM IF YOU ELECTED TO
INCLUDE THEM.  THEY ARE THE EXCESS LOSS PREMIUM FOR THE LOSS LIMITATION,
AND THE RETROSPECTIVE DEVELOPMENT PREMIUM.  THEY ARE EXPLAINED HERE.

1. THE ELECTION OF A LOSS LIMITATION MEANS THAT THE AMOUNT OF INCURRED LOSS
   TO BE INCLUDED IN THE RETROSPECTIVE PREMIUM IS LIMITED TO AN AMOUNT
   CALLED THE LOSS LIMITATION.  THE LOSS LIMITATION APPLIES SEPARATELY TO
   EACH PERSON WHO SUSTAINS BODILY INJURY BY DISEASE AND SEPARATELY TO ALL
   BODILY INJURY ARISING OUT OF ANY ONE ACCIDENT.

   THE CHARGE FOR THIS LOSS LIMITATION IS CALLED THE EXCESS LOSS PREMIUM.
   EXCESS LOSS PREMIUM IS A PERCENTAGE OF STANDARD PREMIUM MULTIPLIED BY
   THE LOSS CONVERSION FACTOR.  THE PERCENTAGE IS CALLED THE EXCESS LOSS
   PREMIUM FACTOR.  TAXES ARE ADDED TO EXCESS LOSS PREMIUM JUST AS THEY ARE
   FOR OTHER ELEMENTS OF RETROSPECTIVE PREMIUM.

   EXCESS LOSS PREMIUM FACTORS VARY BY STATE, BY CLASSIFICATION, AND BY THE
   AMOUNT OF THE LOSS LIMITATION.  IF YOU CHOSE THIS ELECTIVE ELEMENT, THE
   LOSS CONVERSION FACTOR, THE LOSS LIMITATION, THE EXCESS LOSS PREMIUM
   FACTORS, AND THE STATES WHERE THEY APPLY ARE SHOWN IN THE SCHEDULE.

2. THE RETROSPECTIVE DEVELOPMENT ELEMENT IS USED TO HELP STABILIZE PREMIUM
   ADJUSTMENTS.  THE PREMIUM FOR THIS ELEMENT IS CHARGED WITH THE FIRST
   THREE CALCULATIONS OF RETROSPECTIVE PREMIUM, AND IS CALLED THE RETRO-
   SPECTIVE DEVELOPMENT PREMIUM.  IT IS A PERCENTAGE OF STANDARD PREMIUM
   MULTIPLIED BY THE LOSS CONVERSION FACTOR.  THE PERCENTAGE OF STANDARD
   PREMIUM IS CALLED THE RETROSPECTIVE DEVELOPMENT FACTOR.  TAXES ARE ADDED
   TO RETROSPECTIVE DEVELOPMENT PREMIUM JUST AS THEY ARE FOR ELEMENTS
   OF RETROSPECTIVE PREMIUM.

   RETROSPECTIVE DEVELOPMENT FACTORS VARY BY STATE, BY ELECTING A LOSS
   LIMITATION, AND BY FIRST, SECOND, AND THIRD CALCULATIONS OF RETROSPEC-
   TIVE PREMIUM.  IF YOU CHOSE THIS ELECTIVE ELEMENT, THE RETROSPECTIVE
   DEVELOPMENT FACTORS ARE SHOWN IN THE SCHEDULE.

**C. RETROSPECTIVE PREMIUM FORMULA**

INSURANCE POLICIES LISTED IN THE SCHEDULE WILL BE COMBINED WITH THIS POLICY
TO CALCULATE THE RETROSPECTIVE PREMIUM.  IF THE POLICIES PROVIDE INSURANCE
FOR MORE THAN ONE INSURED, THE RETROSPECTIVE PREMIUM WILL BE DETERMINED FOR
ALL INSUREDS COMBINED, NOT SEPARATELY FOR EACH INSURED.

1. RETROSPECTIVE PREMIUM IS THE SUM OF BASIC PREMIUM, CONVERTED LOSSES, AND
   TAXES, PLUS THE EXCESS LOSS PREMIUM AND RETROSPECTIVE DEVELOPMENT
   PREMIUM ELECTIVE ELEMENTS IF YOU CHOSE THEM.

GLENDALE LRG ACCT                    COMPANY COPY                        000509C  0001 00

**Reliance**
Reliance Insurance Company
Philadelphia, PA

RETROSPECTIVE PREMIUM ENDORSEMENT
ONE YEAR PLAN

NCCI CARRIER CODE #12521

**EFFECTIVE 06/30/93

PREVIOUS POLICY
VK 1733912 01

| | | | | AGENT NUMBER |
|---|---|---|---|---|
| VK  1733912 02 | FROM:  06/30/93 | TO:  06/30/94 | | 0630056 |

2. THE RETROSPECTIVE PREMIUM WILL NOT BE LESS THAN THE MINIMUM NOR MORE THAN THE MAXIMUM RETROSPECTIVE PREMIUM.  THE MINIMUM AND MAXIMUM RETROSPECTIVE PREMIUMS ARE DETERMINED BY APPLYING THE MINIMUM AND MAXIMUM FACTORS SHOWN IN THE SCHEDULE TO THE STANDARD PREMIUM.

3. IF THIS ENDORSEMENT APPLIES TO MORE THAN ONE POLICY OR STATE, THE STANDARD PREMIUM, WILL BE THE SUM OF THE STANDARD PREMIUMS FOR EACH POLICY AND STATE.

D. PREMIUM CALCULATIONS AND PAYMENTS

1. WE WILL CALCULATE THE RETROSPECTIVE PREMIUM USING ALL LOSS INFORMATION WE HAVE AS OF A DATE SIX MONTHS AFTER THE RATING PLAN PERIOD ENDS AND ANNUALLY THEREAFTER.  WE WILL HAVE THE CALCULATION VERIFIED BY THE APPROPRIATE RATE SERVICE ORGANZATION AT YOUR REQUEST.

   WE MAY MAKE A SPECIAL VALUATION OF THE RETROSPECTIVE PREMIUM AS OF ANY DATE THAT YOU ARE DECLARED BANKRUPT OR INSOLVENT, MAKE AN ASSIGNMENT FOR THE BENEFIT OF CREDITORS, ARE INVOLVED IN REORGANIZATION, RECEIVERSHIP, OR LIQUIDATION, OR DISPOSE OF ALL YOUR INTEREST IN WORK COVERED BY THE INSURANCE.  YOU WILL PAY THE AMOUNT DUE US IF THE RETROSPECTIVE PREMIUM IS MORE THAN THE TOTAL STANDARD PREMIUM AS OF THE SPECIAL VALUATION DATE.

2. AFTER A CALCULATION OF RETROSPECTIVE PREMIUM, YOU AND WE MAY AGREE THAT IT IS THE FINAL CALCULATION.  NO OTHER CALCULATION WILL BE MADE UNLESS THERE IS A CLERICAL ERROR IN THE FINAL CALCULATION.

3. AFTER EACH CALCULATION OF RETROSPECTIVE PREMIUM, YOU WILL PAY PROMPTLY THE AMOUNT DUE US, OR WE WILL REFUND THE AMOUNT DUE YOU.  EACH INSURED IS RESPONSIBLE FOR THE PAYMENT OF ALL STANDARD PREMIUM AND RETROSPECTIVE PREMIUM CALCULATED UNDER THIS ENDORSEMENT.

E. WORK IN OTHER STATES

   IF ANY OF THE POLICIES PROVIDE INSURANCE IN A STATE NOT LISTED IN THE TABLE OF STATES, AND IF YOU BEGIN WORK IN THAT STATE DURING THE RATING PLAN PERIOD, THIS ENDORSEMENT WILL APPLY TO THAT INSURANCE IF THIS RATING PLAN APPLIES IN THAT STATE ON AN INTERSTATE BASIS.  THE RETROSPECTIVE PREMIUM STANDARD ELEMENTS, AND THE ELECTIVE ELEMENTS YOU CHOSE, WILL BE DETERMINED BY OUR MANUALS FOR THAT STATE, AND ADDED TO THE SCHEDULE BY ENDORSEMENT.

F. CANCELATION

1. IF ANY INSURANCE SUBJECT TO THIS ENDORSEMENT IS CANCELED, THE EFFECTIVE DATE OF CANCELATION WILL BECOME THE END OF THE RATING PLAN PERIOD FOR

JUN-23-2005  12:36        OGFRW LLP                                    212 4512222    P.44/55

GLENDALE LRG ACCT                    COMPANY COPY

## Reliance
Reliance Insurance Company
Philadelphia, PA

### RETROSPECTIVE PREMIUM ENDORSEMENT
### ONE YEAR PLAN

NCCI CARRIER CODE #12521

PREVIOUS POLICY                        **EFFECTIVE 06/30/93
VK 1733912 01

| POLICY NUMBER | POLICY PERIOD | | | MCO KEY NUMBER |
|---|---|---|---|---|
| VK 1733912 02 | FROM: 06/30/93 | TO: | 06/30/94 | 0650056 |

NAMED INSURED ACRES INTERNATIONAL, INC.        STATE: MINNESOTA 99 MC 89063

ALL INSURANCE SUBJECT TO THIS ENDORSEMENT UNLESS WE AGREE WITH YOU, BY ENDORSEMENT, TO CONTINUE THE RATING PLAN PERIOD.

2. IF WE CANCEL FOR NONPAYMENT OF PREMIUM, THE MAXIMUM RETROSPECTIVE PREMIUM WILL BE BASED ON THE STANDARD PREMIUM FOR THE RATING PLAN PERIOD, INCREASED PRO RATA TO 365 DAYS.

3. IF YOU CANCEL, THE STANDARD PREMIUM FOR THE RATING PLAN PERIOD WILL BE INCREASED BY OUR SHORT RATE TABLE AND PROCEDURE. THIS SHORT RATE PREMIUM WILL BE THE MINIMUM RETROSPECTIVE PREMIUM AND WILL BE USED TO DETERMINE THE BASIC PREMIUM.

THE SHORT RATE PREMIUM WILL BE USED TO DETERMINE THE EXCESS LOSS PREMIUM AND RETROSPECTIVE DEVELOPMENT PREMIUM IF YOU CHOSE THESE ELECTIVE ELEMENTS.

THE MAXIMUM RETROSPECTIVE PREMIUM WILL BE BASED ON THE STANDARD PREMIUM FOR THE RATING PLAN PERIOD, INCREASED PRO RATA TO 365 DAYS.

4. SECTION F.3 WILL NOT APPLY IF YOU CANCEL BECAUSE:

A. ALL WORK COVERED BY THE INSURANCE IS COMPLETED;

B. ALL INTEREST IN THE BUSINESS COVERED BY THE INSURANCE IS SOLD; OR

C. YOU RETIRE FROM ALL BUSINESS COVERED BY THE INSURANCE.

### SCHEDULE

1. OTHER POLICIES SUBJECT TO THIS RETROSPECTIVE PREMIUM ENDORSEMENT:

2. LOSS LIMITATION: $ NOT APPLICABLE

3. LOSS CONVERSION FACTOR: 1.09
   MINIMUM RETROSPECTIVE PREMIUM FACTOR .276
   MAXIMUM RETROSPECTIVE PREMIUM FACTOR 1.00

4. THE BASIC PREMIUM FACTORS SHOWN HERE ARE BASED ON ESTIMATES OF STANDARD PREMIUM. IF THE ACTUAL STANDARD PREMIUM IS WITHIN THE RANGE OF ESTIMATED STANDARD PREMIUMS SHOWN HERE, THE BASIC PREMIUM FACTOR WILL BE OBTAINED BY LINEAR INTERPOLATION TO THE NEAREST ONE-TENTH OF 1%. IF THE ACTUAL STANDARD PREMIUM IS NOT WITHIN THE RANGE OF ESTIMATED STANDARD PREMIUMS, THE BASIC PREMIUM FACTOR WILL BE RECALCULATED.

| | 50% | 100% | 150% |
|---|---|---|---|
| ESTIMATED STANDARD PREMIUM: $ | 139,896. $ | 279,792. $ | 419,688. |
| BASIC PREMIUM FACTOR: | 2.3581 | 2.3581 | 2.3581 |

JUN-23-2005  12:36      OGFRW LLP      COMPANY COPY      212 4512222   P.45/55
GLENDALE LRG ACCT

**Reliance**
Reliance Insurance Company
Philadelphia, PA

RETROSPECTIVE PREMIUM ENDORSEMENT
ONE YEAR PLAN

NCCI CARRIER CODE #12521

**EFFECTIVE 06/30/93

PREVIOUS POLICY
VK 1733912 01

| POLICY NUMBER | POLICY PERIOD | | | AGENCY NUMBER |
|---|---|---|---|---|
| VK 1733912 02 | FROM: 06/30/93 | TO: | 06/30/94 | 0630056 |

NAMED INSURED CORP INTERNATIONAL INC      SEE ENDORSEMENT WC 890601

5. THE TAX MULTIPLIERS, EXCESS LOSS PREMIUM FACTORS, AND RETROSPECTIVE
   DEVELOPMENT FACTORS, AND THE STATES WHERE THEY APPLY, ARE SHOWN IN THE
   TABLE OF STATES.

TABLE OF STATES

| STATE | EXCESS LOSS PREMIUM FACTORS | | TAX MULTIPLIER | |
|---|---|---|---|---|
| | STATE (OTHER THAN "F" CLASSES) | FEDERAL ("F" CLASSES ONLY) | STATE (OTHER THAN "F" CLASSES) | FEDERAL ("F" CLASSES ONLY) |
| | N/A | | *1.038 | |
| | | | *ALL STATES | |

| STATE | RETROSPECTIVE DEVELOPMENT FACTORS | | |
|---|---|---|---|
| | 1ST | 2ND | 3RD |

THIS ENDORSEMENT CHANGES THE POLICY TO WHICH IT IS ATTACHED AND IS EFFECTIVE
ON THE DATE ISSUED UNLESS OTHERWISE STATED.

WC 00 05 03A 12 91          08/18/93          PAGE 5 OF 5

JUN-23-2005  12:37     OGFRW LLP                    212 4512222   P.46/55

## NOTICE OF ELECTION
## OF
## RETROSPECTIVE RATING PLAN

The undersigned certifies that the named insured has elected the use of
the Retrospective Rating Plan as detailed below. It is also certified
that the insured understands all terms, conditions and provisions of
the Plan, including the method of premium computation, payment, and
penalties for cancellation.

This Plan shall apply to all policies indicated below effective:

1. Name of Insured: CPG International, Inc.

2. Address of Insured: 510 Broad Hollow Road
                       Melville, N.Y. 11747

3. Policy Number(s)                    Effective Date(s)
   VX 173 39 12 - 02                   June 30, 1993
   VQ 847 25 23 - 01

4. Rating Option Selected:   Plan V

5. If Rating Option V Selected:
   A. Minimum Premium Factor: Basic x TM Multiplier
   B. Maximum Premium Factor: 1.00
   C. Loss Conversion Factor: 1.00

6. Term of Plan. (Indicated A,B or C)
   A. 1 Year or 3 Year.
   B. Long Term Construction Project (Enter Details in 9)
   C. Wrap Up Construction Project (Enter Details in 9)

7. Loss Limitation (if applicable)   N/A

8. Do Retrospective Development Factors Apply? (X) Yes ( ) No

9. Indicate any special conditions which apply to the plan
elected for this Insured:

_____          10/31/94
Signature of Insured               Date Signed

(Proprietor Partner, or Authorised
 Officer of Corporation)

35

**Reliance**
Large Account Division

## NOTICE OF ELECTION
## OF
## RETROSPECTIVE RATING PLAN

The undersigned certifies that the named insured has elected the use of the Retrospective Rating Plan as detailed below. It is also certified that the insured understands all terms, conditions and provisions of the Plan, including the method of premium computation, payment, and penalties for cancellation.

This Plan shall apply to all policies indicated below effective:

1. Name of Insured: CPG International, Inc.

2. Address of Insured: 510 Broad Hollow Road
                       Melville, N.Y.  11747

3. Policy Number(s)                    Effective Date(s)
   VK173-3912-02                       June 30, 1993
   VQ8472523

4. Rating Option Selected:   Plan V

5. If Rating Option V Selected:
   A. Minimum Premium Factor: Basic x TM Multiplier
   B. Maximum Premium Factor: 1.00
   C. Loss Conversion Factor: 1.09

6. Term of Plan. (Indicated A, B or C)
   A. 1 Year or 3 Year.
   B. Long Term Construction Project (Enter Details in 9)
   C. Wrap Up Construction Project (Enter Details in 9)

7. Loss Limitation (if applicable)   N/A

8. Do Retrospective Development Factors Apply? (X) Yes ( ) No

9. Indicate any special conditions which apply to the plan
   elected for this Insured:

_____        _____2/14/90_____
Signature of Insured                    Date Signed

(Proprietor Partner, or Authorized
Officer of Corporation)

35

**Reliance**
Large Account Division

JUN-23-2005  12:37        OGFRW LLP                                          212 4512222    P.48/55
GLENDALE LRG ACCT                    COMPANY COPY

**Reliance**
Reliance Insurance Company
Philadelphia, PA

WORKERS COMPENSATION AND EMPL___RS LIAB.
INSURANCE POLICY INFORMATION PAGE

NCCI CARRIER CODE #12521

**EFFECTIVE 06/30/94

PREVIOUS POLICY - WK 1733912 02

| POLICY | DATE | ID NUMBER |
|---|---|---|
| WO 1733912 03 | FROM: 06/30/94   TO: 06/30/95 | 0630056 |

| NAME OF INSURED AND ADDRESS | AGENT NAME AND ADDRESS |
|---|---|
| GPC INTERNATIONAL, INC.<br>SEE ENDORSEMENT WC 890601<br>510 BROAD HOLLOW ROAD<br>MELVILLE, NY           11747 | JOHNSON & HIGGINS<br>125 BROAD ST<br>NEW YORK, NY<br>                            10004 |

ENTITY OF INSURED - CORPORATION            FILING NO. SEE WC 990600

                                           FEIN NO.  330106915

OTHER WORKPLACES NOT SHOWN ABOVE:  SEE ENDORSEMENT WC 890608

ITEM 2.  THE POLICY PERIOD IS EFFECTIVE FROM 12:01 AM ON THE DATE SHOWN ABOVE
         AND EXPIRES AT 12:01 AM ON THE DATE SHOWN ABOVE.

ITEM 3.  A. WORKERS' COMPENSATION INSURANCE:  PART ONE OF THE POLICY APPLIES
            TO THE WORKERS' COMPENSATION LAW OF THE STATES LISTED HERE:
            AZ,CA,CT,FL,MI,MN,NJ,NY

         B. EMPLOYERS' LIABILITY INSURANCE:  PART TWO OF THE POLICY APPLIES
            TO WORK IN EACH STATE LISTED IN ITEM 3.A.:  THE LIMITS OF OUR
            LIABILITY UNDER PART TWO ARE:
                BODILY INJURY BY ACCIDENT   $   1,000,000 EACH ACCIDENT
                BODILY INJURY BY DISEASE    $   1,000,000 POLICY LIMIT
                BODILY INJURY BY DISEASE    $   1,000,000 EACH EMPLOYEE

         C. OTHER STATES INSURANCE:  PART THREE OF THE POLICY APPLIES TO THE
            STATES, IF ANY, LISTED HERE:  ALL STATES EXCEPT NV, ND, OH, WA,
            WV AND WY AND STATES DESIGNATED IN ITEM 3.A. OF THE INFORMATION
            PAGE.

         D. THIS POLICY INCLUDES THESE ENDORSEMENTS AND SCHEDULES:
            SEE EXTENSION OF INFORMATION PAGE.

ITEM 4.  THE PREMIUM FOR THIS POLICY WILL BE DETERMINED BY OUR MANUALS OF
         RULES, CLASSIFICATIONS, RATES AND RATING PLANS.  ALL INFORMATION
         REQUIRED BELOW IS SUBJECT TO VERIFICATION AND CHANGE BY AUDIT.

         CLASSIFICATION OF OPERATIONS:  SEE EXTENSION OF INFORMATION PAGE

         MINIMUM PREMIUM $ 1,000.  EXPENSE CONSTANT      $        160.
                                   TOTAL ESTIMATED COST  $    561,113.
                                   DEPOSIT PREMIUM       *$ SEE WC990600
     *INCLUDES $    625. STATE WORKER'S COMPENSATION ADMINISTRATION SURCHARGE
     ADJUSTMENT OF PREMIUM SHALL BE MADE ANNUALLY
     COPYRIGHT 1987 NATIONAL COUNCIL ON COMPENSATION INSURANCE.

         COUNTERSIGNED _____   BY _____
                            (DATE)          (AUTHORIZED REPRESENTATIVE)

WC 00 00 01 A 11 88              06/24/94                       PAGE 1 OF 3

JUN-23-2005  12:37     OGFRW LLP                          212 4512222   P.49/55
GLENDALE LRG ACCT        COMPANY ...



INSURED'S NAME
POLICY INFORMATION PAGE ENDORSEMENT

**Reliance**
Reliance Insurance Company
Philadelphia, PA

NCCI CARRIER CODE #12521

**EFFECTIVE 06/30/94

PREVIOUS POLICY - WK 1733912 02

| POLICY NUMBER | POLICY PERIOD | | AGENCY NUMBER |
|---|---|---|---|
| WO  1733912 03 | FROM:  06/30/94 | TO:  06/30/95 | 0630056 |

| NAME OF INSURED AND ADDRESS | AGENCY NAME AND ADDRESS |
|---|---|
| GPC INTERNATIONAL, INC.<br>SEE ENDORSEMENT WC 890601<br>510 BROAD HOLLOW ROAD<br>MELVILLE, NY            11747 | JOHNSON & HIGGINS<br>125 BROAD ST<br>NEW YORK, NY<br>                    10004 |

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
POLICY INFORMATION PAGE ENDORSEMENT

THE INSURED'S NAME IS CHANGED TO READ:

GPC INTERNATIONAL, INC.
CHARTPAK, U.S.
PLANHOLD CORPORATION
CLEAR PRINT PAPER COMPANY, INC.
PICKETT INDUSTRIES

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY TO WHICH IT IS ATTACHED AND IS EFFECTIVE
ON THE DATE ISSUED UNLESS OTHERWISE STATED ABOVE.

(THE INFORMATION BELOW IS REQUIRED ONLY WHEN THIS ENDORSEMENT IS ISSUED
SUBSEQUENT TO PREPARATION OF THE POLICY.)

PREMIUM $                              ENDORSEMENT NUMBER

COPYRIGHT 1987 NATIONAL COUNCIL ON COMPENSATION INSURANCE.

WC 89 06 01 07 87            08/16/94

JUN-23-2005  12:38        OGFRW LLP                            212 4512222    P.50/55



**Reliance**
Reliance Insurance Company
Philadelphia, PA

POLICY INFORMATION PAGE ENDORSEMENT
CHANGE IN WORKPLACE OF INSURED

NCCI CARRIER CODE #12521

**EFFECTIVE 06/30/94

PREVIOUS POLICY - VK 1733912 02

| POLICY NUMBER | EFFECTIVE PERIOD | | | AGENCY NUMBER |
|---|---|---|---|---|
| WO 1733912 03 | FROM: 06/30/94 | TO: | 06/30/95 | 0630056 |

| NAME OF INSURED AND ADDRESS | PRODUCER NAME AND ADDRESS |
|---|---|
| GPC INTERNATIONAL, INC. SEE ENDORSEMENT WC 890601 510 BROAD HOLLOW ROAD MELVILLE, NY        11747 | JOHNSON & HIGGINS 125 BROAD ST NEW YORK, NY                10004 |

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
POLICY INFORMATION PAGE ENDORSEMENT

THE WORKPLACE OF THE INSURED IS CHANGED TO READ:

GPC INTERNATIONAL, INC.
510 BROAD HOLLOW ROAD
MELVILLE, NY. 11747

CHARTPAK
1155 EAST PALMDALE
TUCSON, AZ. 85744

CLEAR PRINT
1482 67TH STREET
EMERYVILLE, CA. 94608

PLANHOLD
17421 VON KARMAN
IRVINE, CA. 92714

HARTFORD, CT.

MIAMI, FL.

DETROIT, MI.

ST. PAUL, MN.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT CHANGES THE POLICY TO WHICH IT IS ATTACHED AND IS EFFECTIVE
ON THE DATE ISSUED UNLESS OTHERWISE STATED ABOVE.

(THE INFORMATION BELOW IS REQUIRED ONLY WHEN THIS ENDORSEMENT IS ISSUED
SUBSEQUENT TO PREPARATION OF THE POLICY.)

PREMIUM $                                ENDORSEMENT NUMBER

COPYRIGHT 1987 NATIONAL COUNCIL ON COMPENSATION INSURANCE.

WC 89 06 06 07 87              08/16/94

**Reliance**
Reliance Insurance Company
Philadelphia, PA

RETROSPECTIVE PREMIUM ENDORSEMENT
ONE YEAR PLAN

NCCI CARRIER CODE #12521

**EFFECTIVE 06/30/94

PREVIOUS POLICY - VK 1733912 02

| POLICY NUMBER | POLICY PERIOD | | | AGENCY NUMBER |
|---|---|---|---|---|
| WQ  1733912 03 | FROM:  06/30/94 | TO:  06/30/95 | | 0630056 |

| NAME OF INSURED GREC INTERNATIONAL INC. | 976 LEXINGTON AVE BAY SHORE |
|---|---|

THIS ENDORSEMENT IS ADDED TO PART FIVE (PREMIUM) BECAUSE YOU CHOSE TO HAVE THE
COST OF THE INSURANCE RATED RETROSPECTIVELY. THIS ENDORSEMENT EXPLAINS THE
RATING PLAN AND HOW THE RETROSPECTIVE PREMIUM WILL BE DETERMINED.

THIS ENDORSEMENT APPLIES IN THE STATES LISTED IN THE SCHEDULE. IT DETERMINES
THE RETROSPECTIVE PREMIUM FOR THE INSURANCE PROVIDED DURING THE RATING PLAN
PERIOD BY THIS POLICY AND ANY POLICY LISTED IN THE SCHEDULE. THE RATING PLAN
PERIOD IS THE ONE-YEAR PERIOD BEGINNING WITH THE EFFECTIVE DATE OF THIS
ENDORSEMENT.

THE AMOUNT OF RETROSPECTIVE PREMIUM DEPENDS ON FIVE STANDARD ELEMENTS AND TWO
ELECTIVE ELEMENTS.

A. RETROSPECTIVE PREMIUM STANDARD ELEMENTS

   THE FIVE STANDARD ELEMENTS ARE EXPLAINED HERE.

   1. STANDARD PREMIUM IS THE PREMIUM WE WOULD CHARGE DURING THE RATING PLAN
      PERIOD IF YOU HAD NOT CHOSEN RETROSPECTIVE PREMIUM RATING, BUT WITH TWO
      EXCEPTIONS. STANDARD PREMIUM DOES NOT INCLUDE THE EXPENSE CONSTANT
      CHARGE OR THE PREMIUM DISCOUNT CREDIT.

   2. BASIC PREMIUM IS LESS THAN STANDARD PREMIUM. IT IS STANDARD PREMIUM
      MULTIPLIED BY A PERCENTAGE CALLED THE BASIC PREMIUM FACTOR. THE BASIC
      PREMIUM FACTOR VARIES DEPENDING ON THE TOTAL AMOUNT OF STANDARD PREMIUM.
      THE SCHEDULE SHOWS A RANGE OF BASIC PREMIUM FACTORS FOR DIFFERING
      AMOUNTS OF ESTIMATED STANDARD PREMIUM. THE ACTUAL BASIC PREMIUM FACTOR
      WILL BE DETERMINED AFTER THE STANDARD PREMIUM IS DETERMINED. IF EARNED
      STANDARD PREMIUM IS NOT WITHIN THE RANGE OF THE ESTIMATED STANDARD
      PREMIUMS SHOWN IN THE SCHEDULE, THE BASIC PREMIUM WILL BE RECALCULATED.

   3. INCURRED LOSSES ARE ALL AMOUNTS WE PAY OR ESTIMATE WE WILL PAY FOR
      LOSSES, INTEREST ON JUDGMENTS, EXPENSES TO RECOVER AGAINST THIRD
      PARTIES, AND EMPLOYERS LIABILITY LOSS ADJUSTMENT EXPENSES.

   4. A CONVERTED LOSS IS AN INCURRED LOSS MULTIPLIED BY A PERCENTAGE CALLED
      THE LOSS CONVERSION FACTOR. THE LOSS CONVERSION FACTOR IS SHOWN IN THE
      SCHEDULE.

   5. TAXES ARE PART OF THE PREMIUM WE COLLECT. TAXES ARE DETERMINED AS A
      PERCENTAGE OF BASIC PREMIUM AND CONVERTED LOSSES. THE PERCENTAGE IS
      CALLED THE TAX MULTIPLIER. IT VARIES BY STATE AND BY FEDERAL AND NON-
      FEDERAL CLASSIFICATIONS. THE TAX MULTIPLIERS ARE SHOWN IN THE SCHEDULE.

WC 00 05 03A 12 91                     08/16/84                        PAGE 1  OF 5

JUN-23-2005 12:39    OGFRW LLP    212 4512222  P.52/55
GLENDALE LRG ACCT         COMPANY CO..

 **Reliance**
Reliance Insurance Company
Philadelphia, PA

RETROSPECTIVE PREMIUM ENDO...EMENT
ONE YEAR PLAN

NCCI CARRIER CODE #12521

**EFFECTIVE 06/30/94

PREVIOUS POLICY - VK 1733912 02

| POLICY NUMBER | | | | AGENCY NUMBER |
|---|---|---|---|---|
| WO 1733912 03 | FROM: | 06/30/94 | TO:  06/30/95 | 0630056 |

NAMED INSURED: SEE INTRODUCTION PAGE    SEE ENDORSEMENT WC 00000

## B. RETROSPECTIVE PREMIUM ELECTIVE ELEMENTS

TWO OTHER ELEMENTS ARE INCLUDED IN RETROSPECTIVE PREMIUM IF YOU ELECTED TO
INCLUDE THEM.  THEY ARE THE EXCESS LOSS PREMIUM FOR THE LOSS LIMITATION,
AND THE RETROSPECTIVE DEVELOPMENT PREMIUM.  THEY ARE EXPLAINED HERE.

1. THE ELECTION OF A LOSS LIMITATION MEANS THAT THE AMOUNT OF INCURRED LOSS
   TO BE INCLUDED IN THE RETROSPECTIVE PREMIUM IS LIMITED TO AN AMOUNT
   CALLED THE LOSS LIMITATION.  THE LOSS LIMITATION APPLIES SEPARATELY TO
   EACH PERSON WHO SUSTAINS BODILY INJURY BY DISEASE AND SEPARATELY TO ALL
   BODILY INJURY ARISING OUT OF ANY ONE ACCIDENT.

   THE CHARGE FOR THIS LOSS LIMITATION IS CALLED THE EXCESS LOSS PREMIUM.
   EXCESS LOSS PREMIUM IS A PERCENTAGE OF STANDARD PREMIUM MULTIPLIED BY
   THE LOSS CONVERSION FACTOR.  THE PERCENTAGE IS CALLED THE EXCESS LOSS
   PREMIUM FACTOR.  TAXES ARE ADDED TO EXCESS LOSS PREMIUM JUST AS THEY ARE
   FOR OTHER ELEMENTS OF RETROSPECTIVE PREMIUM.

   EXCESS LOSS PREMIUM FACTORS VARY BY STATE, BY CLASSIFICATION, AND BY THE
   AMOUNT OF THE LOSS LIMITATION.  IF YOU CHOSE THIS ELECTIVE ELEMENT, THE
   LOSS CONVERSION FACTOR, THE LOSS LIMITATION, THE EXCESS LOSS PREMIUM
   FACTORS, AND THE STATES WHERE THEY APPLY ARE SHOWN IN THE SCHEDULE.

2. THE RETROSPECTIVE DEVELOPMENT ELEMENT IS USED TO HELP STABILIZE PREMIUM
   ADJUSTMENTS.  THE PREMIUM FOR THIS ELEMENT IS CHARGED WITH THE FIRST
   THREE CALCULATIONS OF RETROSPECTIVE PREMIUM, AND IS CALLED THE RETRO-
   SPECTIVE DEVELOPMENT PREMIUM.  IT IS A PERCENTAGE OF STANDARD PREMIUM
   MULTIPLIED BY THE LOSS CONVERSION FACTOR.  THE PERCENTAGE OF STANDARD
   PREMIUM IS CALLED THE RETROSPECTIVE DEVELOPMENT FACTOR.  TAXES ARE ADDED
   TO RETROSPECTIVE DEVELOPMENT PREMIUM JUST AS THEY ARE FOR OTHER ELEMENTS
   OF RETROSPECTIVE PREMIUM.

   RETROSPECTIVE DEVELOPMENT FACTORS VARY BY STATE, BY ELECTING A LOSS
   LIMITATION, AND BY FIRST, SECOND, AND THIRD CALCULATIONS OF RETROSPEC-
   TIVE PREMIUM.  IF YOU CHOSE THIS ELECTIVE ELEMENT, THE RETROSPECTIVE
   DEVELOPMENT FACTORS ARE SHOWN IN THE SCHEDULE.

## C. RETROSPECTIVE PREMIUM FORMULA

INSURANCE POLICIES LISTED IN THE SCHEDULE WILL BE COMBINED WITH THIS POLICY
TO CALCULATE THE RETROSPECTIVE PREMIUM.  IF THE POLICIES PROVIDE INSURANCE
FOR MORE THAN ONE INSURED, THE RETROSPECTIVE PREMIUM WILL BE DETERMINED FOR
ALL INSUREDS COMBINED, NOT SEPARATELY FOR EACH INSURED.

1. RETROSPECTIVE PREMIUM IS THE SUM OF BASIC PREMIUM, CONVERTED LOSSES, AND
   TAXES, PLUS THE EXCESS LOSS PREMIUM AND RETROSPECTIVE DEVELOPMENT
   PREMIUM ELECTIVE ELEMENTS IF YOU CHOSE THEM.

WC 00 05 03A 12 91         08/16/94         PAGE 2 OF 6

# Reliance

Reliance Insurance Company
Philadelphia, PA

**RETROSPECTIVE PREMIUM ENDORSEMENT
ONE YEAR PLAN**

**NCCI CARRIER CODE #12521**

**\*\*EFFECTIVE 06/30/94**

**PREVIOUS POLICY - VK 1733912 02**

| POLICY NUMBER | POLICY PERIOD | | | | AGENCY NUMBER |
|---|---|---|---|---|---|
| WO 1733912 03 | FROM: | 06/30/94 | TO: | 06/30/95 | 0630056 |

NAME OF INSURED: ...

2. THE RETROSPECTIVE PREMIUM WILL NOT BE LESS THAN THE MINIMUM NOR MORE THAN THE MAXIMUM RETROSPECTIVE PREMIUM. THE MINIMUM AND MAXIMUM RETROSPECTIVE PREMIUMS ARE DETERMINED BY APPLYING THE MINIMUM AND MAXIMUM FACTORS SHOWN IN THE SCHEDULE TO THE STANDARD PREMIUM.

3. IF THIS ENDORSEMENT APPLIES TO MORE THAN ONE POLICY OR STATE, THE STANDARD PREMIUM, WILL BE THE SUM OF THE STANDARD PREMIUMS FOR EACH POLICY AND STATE.

D. PREMIUM CALCULATIONS AND PAYMENTS

1. WE WILL CALCULATE THE RETROSPECTIVE PREMIUM USING ALL LOSS INFORMATION WE HAVE AS OF A DATE SIX MONTHS AFTER THE RATING PLAN PERIOD ENDS AND ANNUALLY THEREAFTER. WE WILL HAVE THE CALCULATION VERIFIED BY THE APPROPRIATE RATE SERVICE ORGANZATION AT YOUR REQUEST.

   WE MAY MAKE A SPECIAL VALUATION OF THE RETROSPECTIVE PREMIUM AS OF ANY DATE THAT YOU ARE DECLARED BANKRUPT OR INSOLVENT, MAKE AN ASSIGNMENT FOR THE BENEFIT OF CREDITORS, ARE INVOLVED IN REORGANIZATION, RECEIVERSHIP, OR LIQUIDATION, OR DISPOSE OF ALL YOUR INTEREST IN WORK COVERED BY THE INSURANCE. YOU WILL PAY THE AMOUNT DUE US IF THE RETROSPECTIVE PREMIUM IS MORE THAN THE TOTAL STANDARD PREMIUM AS OF THE SPECIAL VALUATION DATE.

2. AFTER A CALCULATION OF RETROSPECTIVE PREMIUM, YOU AND WE MAY AGREE THAT IT IS THE FINAL CALCULATION. NO OTHER CALCULATION WILL BE MADE UNLESS THERE IS A CLERICAL ERROR IN THE FINAL CALCULATION.

3. AFTER EACH CALCULATION OF RETROSPECTIVE PREMIUM, YOU WILL PAY PROMPTLY THE AMOUNT DUE US, OR WE WILL REFUND THE AMOUNT DUE YOU. EACH INSURED IS RESPONSIBLE FOR THE PAYMENT OF ALL STANDARD PREMIUM AND RETROSPECTIVE PREMIUM CALCULATED UNDER THIS ENDORSEMENT.

E. WORK IN OTHER STATES

   IF ANY OF THE POLICIES PROVIDE INSURANCE IN A STATE NOT LISTED IN THE TABLE OF STATES, AND IF YOU BEGIN WORK IN THAT STATE DURING THE RATING PLAN PERIOD, THIS ENDORSEMENT WILL APPLY TO THAT INSURANCE IF THIS RATING PLAN APPLIES IN THAT STATE ON AN INTERSTATE BASIS. THE RETROSPECTIVE PREMIUM STANDARD ELEMENTS, AND THE ELECTIVE ELEMENTS YOU CHOSE, WILL BE DETERMINED BY OUR MANUALS FOR THAT STATE, AND ADDED TO THE SCHEDULE BY ENDORSEMENT.

F. CANCELATION

1. IF ANY INSURANCE SUBJECT TO THIS ENDORSEMENT IS CANCELED, THE EFFECTIVE DATE OF CANCELATION WILL BECOME THE END OF THE RATING PLAN PERIOD FOR

JUN-23-2005  12:40      OGFRW LLP                                    212 4512222    P.54/55

## Reliance
Reliance Insurance Company
Philadelphia, PA

**RETROSPECTIVE PREMIUM ENDORSEMENT**
**ONE YEAR PLAN**

**NCCI CARRIER CODE #12521**

**\*\*EFFECTIVE 06/30/94**

PREVIOUS POLICY - VK 1733912 02

| | POLICY NUMBER |
|---|---|
| WO  1733912 03 | FROM:  06/30/94 | TO:  06/30/95 | 0630056 |

NAME OF INSURED

ALL INSURANCE SUBJECT TO THIS ENDORSEMENT UNLESS WE AGREE WITH YOU, BY
ENDORSEMENT, TO CONTINUE THE RATING PLAN PERIOD.

2. IF WE CANCEL FOR NONPAYMENT OF PREMIUM, THE MAXIMUM RETROSPECTIVE
   PREMIUM WILL BE BASED ON THE STANDARD PREMIUM FOR THE RATING PLAN
   PERIOD, INCREASED PRO RATA TO 365 DAYS.

3. IF YOU CANCEL, THE STANDARD PREMIUM FOR THE RATING PLAN PERIOD WILL BE
   INCREASED BY OUR SHORT RATE TABLE AND PROCEDURE.  THIS SHORT RATE
   PREMIUM WILL BE THE MINIMUM RETROSPECTIVE PREMIUM AND WILL BE USED TO
   DETERMINE THE BASIC PREMIUM.

   THE SHORT RATE PREMIUM WILL BE USED TO DETERMINE THE EXCESS LOSS PREMIUM
   AND RETROSPECTIVE DEVELOPMENT PREMIUM IF YOU CHOSE THESE ELECTIVE
   ELEMENTS.

   THE MAXIMUM RETROSPECTIVE PREMIUM WILL BE BASED ON THE STANDARD PREMIUM
   FOR THE RATING PLAN PERIOD, INCREASED PRO RATA TO 365 DAYS.

4. SECTION F.3 WILL NOT APPLY IF YOU CANCEL BECAUSE:

   A. ALL WORK COVERED BY THE INSURANCE IS COMPLETED;

   B. ALL INTEREST IN THE BUSINESS COVERED BY THE INSURANCE IS SOLD; OR

   C. YOU RETIRE FROM ALL BUSINESS COVERED BY THE INSURANCE.

SCHEDULE

1. OTHER POLICIES SUBJECT TO THIS RETROSPECTIVE PREMIUM ENDORSEMENT:


2. LOSS LIMITATION: $ NOT APPLICABLE

3. LOSS CONVERSION FACTOR: 1.09
   MINIMUM RETROSPECTIVE PREMIUM FACTOR \*\*2.0679
   MAXIMUM RETROSPECTIVE PREMIUM FACTOR \*\*8.5687

4. THE BASIC PREMIUM FACTORS SHOWN HERE ARE BASED ON ESTIMATES OF STANDARD
   PREMIUM.  IF THE ACTUAL STANDARD PREMIUM IS WITHIN THE RANGE OF ESTIMATED
   STANDARD PREMIUMS SHOWN HERE, THE BASIC PREMIUM FACTOR WILL BE OBTAINED
   BY LINEAR INTERPOLATION TO THE NEAREST ONE-TENTH OF 1%.  IF THE ACTUAL
   STANDARD PREMIUM IS NOT WITHIN THE RANGE OF ESTIMATED STANDARD PREMIUMS,
   THE BASIC PREMIUM FACTOR WILL BE RECALCULATED.

| | 50% | 100% | 150% |
|---|---|---|---|
| ESTIMATED STANDARD PREMIUM:$ | 26,709. $ | 53,417. $ | 80,126. |
| BASIC PREMIUM FACTOR: | 1.9960 | 1.9960 | 1.9960 |

WC 00 05 08A 12 91            08/16/94                        PAGE 4  OF 6

JUN-23-2005  12:40      OGFRW LLP      --                          212 4512222   P.55/55
GLENDALE LRW ACCT

 **Reliance**
Reliance Insurance Company
Philadelphia, PA

RETROSPECTIVE PREMIUM ENDO    MENT
ONE YEAR PLAN

NCCI CARRIER CODE #12521

**EFFECTIVE 06/30/94

PREVIOUS POLICY - VK 1733912 02

| POLICY NUMBER | POLICY PERIOD | | ACCOUNT NUMBER |
|---|---|---|---|
| WO  1733912 03 | FROM:  06/30/94 | TO:  06/30/95 | 0630056 |

NAME INSURED AND ADDRESS                           311 ANNULOIDE CO. INC 05000?

5. THE TAX MULTIPLIERS, EXCESS LOSS PREMIUM FACTORS, AND RETROSPECTIVE
   DEVELOPMENT FACTORS, AND THE STATES WHERE THEY APPLY, ARE SHOWN IN THE
   TABLE OF STATES.

### TABLE OF STATES

| STATE | EXCESS LOSS PREMIUM FACTORS | | TAX MULTIPLIER | |
|---|---|---|---|---|
| | STATE (OTHER THAN "F" CLASSES) | FEDERAL ("F" CLASSES ONLY) | STATE (OTHER THAN "F" CLASSES) | FEDERAL ("F" CLASSES ONLY) |
| * | N/A | | *1.036 | |
| | | *ALL STATES | | |
| | **BASED ON RATE PER $100 OF PAYROLL | | | |
| | NOT APPLICABLE | TO CA & NJ | | |

| | RETROSPECTIVE DEVELOPMENT FACTORS | | |
|---|---|---|---|
| STATE | 1ST | 2ND | 3RD |
| | | | |

THIS ENDORSEMENT CHANGES THE POLICY TO WHICH IT IS ATTACHED AND IS EFFECTIVE
ON THE DATE ISSUED UNLESS OTHERWISE STATED.

WC 00 05 001 10 01           08/16/94           PAGE 5 OF 5
                                                TOTAL P.55

# Exhibit

# B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

M. DIANE KOKEN, in her official capacity as
Insurance Commissioner of the Commonwealth
of Pennsylvania, as Liquidator of RELIANCE
INSURANCE COMPANY (IN LIQUIDATION)
1311 Strawberry Square
Harrisburg, Pennsylvania 17120

               Plaintiff,

            -v-                          No. 05 CV 223 (SLR)

GPC INTERNATIONAL, INC.
510 Broadhollow Road
Melville, NY 11747

               Defendant.

## ANSWER

Defendant GPC International, Inc. ("GPC"), by its attorneys, Bouchard, Margules & Friedlander, P.A., for its Answer to the Complaint, states as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.      Admits the allegations in paragraph 4.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.    Denies the allegations in paragraph 6, except admits that GPC is incorporated in the State of Delaware.

7.    Denies the allegations in paragraph 7 and refers to the insurance policies for their complete contents.

8.    Denies the allegations in paragraph 8 and refers to the insurance policies for their complete contents.

9.    Denies the allegations in paragraph 9 and refers to the insurance policies for their complete contents.

10.    Denies the allegations in paragraph 10 and refers to the insurance policies for their complete contents.

11.    Denies the allegations in paragraph 11 and refers to the insurance policies for their complete contents.

12.    Denies the allegations in paragraph 12 and refers to the insurance policies for their complete contents.

13.    Denies the allegations in paragraph 13 and refers to the insurance policies for their complete contents.

14.    Denies the allegations in paragraph 14 and refers to the insurance policies for their complete contents.

15.    Denies the allegations in paragraph 15 and refers to the insurance policies for their complete contents.

16.    Denies the allegations in paragraph 16.

17.    Denies the allegations in paragraph 17.

18.    Denies the allegations in paragraph 18.

19.    Restates its admissions and denials in the cross-referenced paragraphs.

20.    Denies the allegations in paragraph 20.

21.    Denies the allegations in paragraph 21.

22.    Denies the allegations in paragraph 22.

23.    Restates its admissions and denials in the cross-referenced paragraphs.

24.    Denies the allegations in paragraph 24.

25.    Restates its admissions and denials in the cross-referenced paragraphs.

26.    Denies the allegations in paragraph 26 and refers to the insurance policies for their complete contents.

27.    Denies the allegations in paragraph 27.

<u>First Affirmative Defense</u>

28.    The Complaint fails to state a claim for relief.

<u>Second Affirmative Defense</u>

29.    Plaintiff has suffered no damages.

<u>Third Affirmative Defense</u>

30.    Plaintiff's claims are barred by the doctrines of laches and estoppel.

<u>Fourth Affirmative Defense</u>

31.    The Complaint is barred in whole in part because any damages which Plaintiff may have sustained were caused by the actions or omissions of third parties over whom GPC had no control.

<u>Fifth Affirmative Defense</u>

32.    Plaintiff's claims are barred as against GPC as such claims have been waived by the conduct of Reliance Insurance Company.

-3-

Sixth Affirmative Defense

33.     The Complaint is barred by the applicable statute of limitations.

Seventh Affirmative Defense

34.     Plaintiff's action is barred because plaintiff is seeking an advisory opinion

from the court.

WHEREFORE, defendant GPC International, Inc. prays that the Court enter

judgment dismissing the Complaint with prejudice, and granting such other and further

relief as the Court deems just and proper.


                                                BOUCHARD MARGULES & FRIEDLANDER, P.A.

Of Counsel:
                                                By___/s/ John M Seaman_____

Thomas J. Fleming, Esquire                          Andre G. Bouchard  (#2504)
Lori Marks-Esterman, Esquire                        John M. Seaman (#3868)
OLSHAN GRUNDMAN FROME                               222 Delaware Ave, Suite 1400
ROSENZWEIG & WOLOSKY LLP                            Wilmington, DE  19801
Park Avenue Tower                                   Telephone: (302) 573-3500
65 East 55th Street                                 abouchard@bmf-law.com
New York, NY 10022                                  jseaman@bmf-law.com

Dated:  June 24, 2005                           Attorneys for Defendant GPC International, Inc.

-4-

## CERTIFICATE OF SERVICE

I, John M. Seaman, hereby certify that on June 24, 2005, I caused to be electronically filed a true and correct copy of the foregoing *Answer* with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Sheldon Kevin Rennie, Esquire
> Fox Rothschild LLP
> 919 North Market Street, Suite 1300
> P.O. Box 2323
> Wilmington, DE 19899-2323

> /s/ John M. Seaman
> BOUCHARD MARGULES & FRIEDLANDER, P.A.
> Andre G. Bouchard (#2504) [abouchard@bmf-law.com]
> John M. Seaman (#3868) [jseaman@bmf-law.com]
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801
> (302) 573-3500
> *Attorneys for Defendant, Symbol Technologies, Inc.*