## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

M. DIANE KOKEN, in her official capacity as
Insurance Commissioner of the Commonwealth
of Pennsylvania, as Liquidator of RELIANCE
INSURANCE COMPANY (IN LIQUIDATION)
1311 Strawberry Square
Harrisburg, Pennsylvania 17120

                Plaintiff,

        -v-

GPC INTERNATIONAL, INC.

                Defendant.

No. 05 CV 223 (SLR)

GPC INTERNATIONAL, INC.

            Third-Party Plaintiff

        -v-

ZURICH-AMERICAN INSURANCE
COMPANY

            Third-Party Defendant.

## GPC INTERNATIONAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF
## ITS MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

Of Counsel:

Herbert C. Ross, Esquire
Lori Marks-Esterman, Esquire
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022

Dated: April 13, 2006

Andre G. Bouchard  (#2504)
John M. Seaman (#3868)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Ave, Suite 1400
Wilmington, DE  19801
Telephone: (302) 573-3500
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Defendant and Third party Plaintiff*
*GPC International, Inc.*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................iii

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF FACTS ...................................................................................................2

    The Parties and Relevant Factual Background ...........................................................3

    GPC'S Defense of Claims Mishandling .....................................................................6

ARGUMENT.......................................................................................................................9

    I.  A Motion for Leave to File an Amended Pleading Should be Freely
        Granted..............................................................................................................7

    II.  GPC's Motion for Leave to File an Amended Complaint Should be
        Granted............................................................................................................10

        A.  California Law Governs the Claims and Defenses in this
            Action...............................................................................................11

        B.  California Law Permits GPC to Assert, as a Defense,
            Reliance's Breach of the Covenant of Good Faith and
            Fair Dealing in Mishandling the Underlying Worker's
            Compensation Claims .....................................................................13

        C.  New York Law Permits an Insured to Assert a Defense of
            Claims Mishandling in an Action for Nonpayment of
            Retrospective Premiums .................................................................14

CONCLUSION...................................................................................................................17

## TABLE OF AUTHORITIES

**CASES**                                                                                     **PAGE**

*Agere Systems Guardian Corp. v. Proxim, Inc.*,
190 F. Supp. 2d 726 (D. Del. 2002) ................................................................................... 9

*Alvin v. Suzuki*,
227 F.3d 107 (3d Cir. 2000) ............................................................................................... 9

*Commissioners of the State Ins. Fund v. Photocircuits Corp.*,
20 A.D.3d 173, 798 N.Y.S.2d 367 (1st Dep't 2005) ........................................................ 14

*Communale v. Traders and Gen. Ins. Co.*,
50 Cal.2d 654, 328 P.2d 198 (1958) ................................................................................ 13

*Foman v. Davis*,
371 U.S. 178 (1962) ........................................................................................................... 9

*Gruenberg v. Aetna Ins. Co.*,
9 Cal.3d 566 (Sup. Ct. Cal. 1973) .................................................................................... 13

*Klaxon Co. v. Stentor Mfg. Co.*,
313 U.S. 487 (1941) ......................................................................................................... 12

*Lance Camper Man. Corp. v. Republic Indemnity Co. of America*,
90 Cal.App.4th 1151 (Ct. App. 2d Dis. 2001). ................................................................ 13

*Liggett Group v. Affiliated FM Ins. Co.*,
788 A.2d 134 (Del. Super. Ct.2001) ................................................................................ 12

*MacGregor Yacht Corp. v. State Cop. Ins. Fund*,
63 Cal.App.4th 448 (Ct App. 2d Dis. 1998) .................................................................... 13

*In re Mariner Health Group*,
300 B.R. 610 (D. Del. 2003) ............................................................................................ 12

*Transportation Ins. Co. v. Star Industries, Inc.*,
2005 WL 1801671 (E.D.N.Y. July 28, 2005). ................................................................ 15

*Travelers Indem. Co. v. Lake*,
594 A.2d 38 (Del. 1991) .................................................................................................. 12

*Trueposition, Inc. & KSI, Inc. v. Allen Telecom, Inc.*,
2002 U.S. Dist. LEXIS 12848 (D. Del. July 16, 2002) ................................................... 11

*U.S. for B&R, Inc. v. Donald Lane Const.*,
19 F. Supp. 2d 217 (D. Del. 1998)........................................................................................ 9

*Whiteside v. New Castle Mut. Ins. Co.*,
595 F.Supp. 1096 (D. Del. 1984),..................................................................................... 12

## RULES

Fed. R. Civ. P. 15(a) . ..................................................................................................5, 17

## OTHER

Restatement (Second) of Conflict of Laws § 188(2) . .........................................................12

Defendant/Third-Party Plaintiff, GPC International, Inc. ("GPC"), submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 15(a), for leave to file an Amended Answer adding only two affirmative defenses which plaintiff asserts GPC has not asserted in its answer. In fact, plaintiff expressly raised these defenses in its complaint and, in its discovery demands, sought and received discovery on these defenses.

### PRELIMINARY STATEMENT

GPC seeks to amend its Answer to add two affirmative defenses to plaintiff's claims for (i) retrospective premiums allegedly owed under worker's compensation insurance policies issued by Reliance Insurance Company (said company and Reliance Insurance Company (in Liquidation) hereinafter referred to as "Reliance") and (ii) a declaration that GPC shall owe such premiums when billed by plaintiff in the future. These affirmative defenses are based on the assertion that Reliance, and later the California Insurance Guaranty Association ("CIGA"), which took over the handling the workers' compensation claims, mishandled these underlying claims that comprise the basis of plaintiff's suit for retrospective premiums. Specifically, the proposed affirmative defenses allege that plaintiff's claims are barred because (1) plaintiff, as the liquidator of Reliance, Reliance, and CIGA (whose handling of the claims is attributable to plaintiff and Reliance) breached the covenant of good faith and fair dealing in processing and handling the worker's compensations claims which are the bases for the claims asserted by plaintiff in this action, and (2) plaintiff, Reliance, and CIGA failed to act in an objectively reasonable manner in processing and handling the worker's compensations claims which are the bases for the claims asserted by plaintiff in this action.

1

GPC's motion should be granted because plaintiff has long been aware of GPC's position that plaintiff, Reliance, and CIGA mishandled the underlying claims that comprise the basis of plaintiff's action. Indeed, plaintiff expressly alleges in its Complaint that the defense of claims mishandling cannot bar recovery here by plaintiff, an allegation which GPC denied in its Answer. Thus, claims mishandling has been at issue in this action from the very start, and there is no prejudice or surprise to plaintiff in amending GPC's Answer. Indeed, in both plaintiff's requests for admissions and interrogatories, plaintiff asked questions expressly directed to the defense of claims mishandling. Further, plaintiff demanded in its request for production of documents all documents concerning the two worker's compensation claimants in issue, a request which clearly was addressed to the defense of claims mishandling.

Furthermore, the affirmative defenses that GPC seeks to add to its Answer are well-supported by the state laws of both California and New York, the only two states whose laws could be applied to the claims in this action.

Accordingly, GPC respectfully submits that this Court should grant this motion and permit GPC to serve and file its proposed Amended Answer.

## STATEMENT OF FACTS

The following summaries of the nature and status of this action and the relevant facts are derived from the declarations of Michael Berman, controller of GPC, dated April 13, 2006 ("Berman Decl."), and the declaration of one of GPC's counsel, John M. Seaman, dated April 13, 2006 ("Seaman Decl.").

2

**The Parties and Relevant Factual Background**

GPC is a Delaware corporation owning subsidiaries engaged in the business of manufacturing products that support the graphic design industry. Plan Hold Corp., a Delaware corporation, is a wholly-owned subsidiary of GPC. In or about December 1993, the assets, except for certain excluded assets, of Plan Hold Corp., a California corporation and a wholly-owned subsidiary of CPG International, Inc. ("CPG"), a California corporation, were transferred to Plan Hold Corp., the Delaware corporation.

Clearprint Paper Company, Inc., a Delaware corporation, is a wholly-owned subsidiary of GPC. In or about December 1993, the assets, except for certain excluded assets, of Clearprint Paper Company, Inc., a California corporation and a wholly-owned subsidiary of CPG, were transferred to Clearprint Paper Company, Inc., the Delaware corporation.

From June 17, 1992 through June 30, 1995, Reliance issued to CPG, and later to GPC, worker's compensation and employer's liability insurance policies which covered employees of CPG, and then GPC, and their respective subsidiaries, in various states, including California (the "Reliance Policies"). *See* Berman Decl. at ¶9.

Among the subsidiaries covered by the Reliance Policies were Clearprint Paper Company, Inc., initially the California corporation and subsequently the Delaware corporation, and Plan Hold Corp., initially the California corporation and subsequently the Delaware corporation.

Each of the Reliance Policies required payment of an initial premium at the outset of a policy's year term and provided that, at the conclusion of that year and each ensuing year (until a maximum was reached or any open claims for that policy year are closed),

3

there would be an annual calculation of what is referred to as "retrospective premiums," readjustments of the premium for the policy year based on actual and projected payments for claims made for that policy year. *See* Berman Decl. at ¶10. Thus, over the course of time, assuming the insurer properly calculates the readjustments and properly handles the claims, under a retrospective premium policy, the premium is adjusted so that more or less is owed to the insurer for the policy.

Plaintiff M. Diane Koken is the Insurance Commissioner of the Commonwealth of Pennsylvania. Pursuant to an order dated October 31, 2001 of the Commonwealth Court of Pennsylvania, plaintiff became the liquidator of Reliance. In or about the same time, CIGA took over from Reliance the defense of the workers' compensation claims submitted to Reliance in California, including the underlying claims at issue in this action.

Third-party defendant Zurich-American Insurance Company ("Zurich") is a New York corporation, authorized to do business in Delaware. From June 30, 1995 through 1997, Zurich issued a series of workers' compensation and employer's liability insurance policies to GPC (the "Zurich Policies"), which covered the employees of GPC and its subsidiaries. Unlike the Reliance Policies, the Zurich Policies each provided for payment of a premium, based on estimated payroll, at commencement of the policy, which was to be adjusted only once at the end of that policy year based on actual payroll. *See* Berman Decl. at ¶11.

In 1996, GPC submitted claims to Zurich for injury allegedly sustained by Jose (a/k/a Frank) Jamaica, then employed by Plan Hold Corp. (the Delaware corporation), in

4

April 1996 while a Zurich workers' compensation policy was in effect. These claims were rejected by Zurich and referred for payment to Reliance. *See* Berman Decl. at ¶12.

## Nature and Stage of the Proceedings

Plaintiff commenced this action against GPC by filing the Summons and Complaint in April 2005 for recovery of retrospective worker's compensation policy premiums allegedly owed by GPC to Reliance in connection with the claims of (i) Frank Jamaica allegedly arising from injuries that were purportedly incurred in January 1995 and April 1996, and (ii) Darrell Marshall allegedly arising from a purported injury that was allegedly incurred by him in 1993. Mr. Jamaica worked in the assembly department of Plan Hold Corp., the California corporation, and subsequently Plan Hold Corp., the Delaware corporation, which were based in Irvine, California, and Mr. Marshall worked as a paper processor for Clearprint Paper Company, Inc., the California corporation, and subsequently Clearprint Paper Company, Inc., the Delaware corporation, which were based in Emeryville, California.

GPC served its Answer on June 24, 2005, and on July 7, 2005, served a third-party complaint on Zurich. The parties exchanged initial disclosures in August 2005.

In October 2005, plaintiff served a First Request for Production of Documents to GPC (Ex. A to the Seaman Decl.), First Set of Interrogatories to GPC (Ex. B to the Seaman Decl.), and First Requests for Admissions to GPC (Ex. C to the Seaman Decl.). The foregoing discovery requests have all been responded to.

5

In December 2005, GPC served a First Request for Production of Documents on plaintiff. GPC served a First Set of Interrogatories addressed to plaintiff on March 31, 2006.

By amended scheduling order, dated February 17, 2006, all factual discovery is to be completed by May 15, 2006, and all discovery of experts is to be completed by June 14, 2006. *See* Stipulation and Order Amending Scheduling Order, Ex. D to Seaman Decl. Trial is set to start on September 5, 2006. *Id.*

On March 17, 2006, all parties submitted their mediation statements to Magistrate Judge Thynge, and on March 27, 2006, all parties participated in a Mediation before Magistrate Judge Thynge. The parties were unable to resolve this matter.

## GPC's Defense of Claims Mishandling

Plaintiff asserted in its Complaint that "GPC has refused to pay the past-due premiums based on Reliance's alleged mishandling of one worker's compensation claim . . . . Under the law of New York, alleged negligent or bad-faith claims' handling by an insurer cannot be asserted by an insured as a set-off or affirmative defense to a claim for retrospective premiums." *See* Complaint, D.I. 1 at ¶18. GPC denied plaintiff's allegation that claims mishandling cannot not form the basis of an affirmative defense in paragraph 18 of its Answer, and asserted as affirmative defenses that plaintiff's claims are barred by laches and estoppel, the actions or omission of third parties, and that plaintiff's claims have been waived by the conduct of Reliance. *See* Answer, D.I. 5 at ¶¶18, 30-32.

Plaintiff also sought and obtained from GPC discovery relating to GPC's defense of claims mishandling. In Interrogatory No. 14 interposed by plaintiff to GPC, plaintiff

6

asked, "Do you contend that Reliance mishandled any claims under the Reliance Policies? Unless your answer is an unequivocal 'No', state the basis for your contention." *See* Plaintiff's First Set of Interrogatories Directed to Defendant GPC International, Inc., Ex. B to Seaman Decl. GPC responded to this Interrogatory in the affirmative, and set forth the bases then known to it for its contention that Reliance mishandled the Jamaica and Marshall claims. *See* GPC's Answers and Objections to Plaintiff's First Set of Interrogatories Directed to Defendant GPC International, Inc., Ex. E to the Seaman Decl., at p. 11.

In addition, Request Nos. 10 and 11 in plaintiff's request for admissions asked GPC to admit that "Reliance did not improperly handle the claim of Frank Jamaica under the Reliance Policies" and that "Reliance did not improperly handle the claim of Darrell Marshall under the Reliance Policies." *See* Plaintiff's First Requests for Admissions Directed to Defendant GPC International, Inc., Ex. C to Seaman Decl. Furthermore, request nos. 12 and 13 in plaintiff's first request for production of documents sought documents relating to GPC's claims mishandling defense by asking for "[a]ll documents relating to" Jamaica and Marshall, "including, but not limited to, personnel files and worker's compensation files." *See* Plaintiff's First Request for the Production of Documents Directed to Defendant GPC International, Inc., Ex. A to Seaman Decl. Pursuant to those requests, GPC produced the non-privileged contents of its files on Jamaica and Marshall's workers' compensation claims.

Despite the foregoing, on February 16, 2006, in the course of discussions between counsel, plaintiff's counsel asserted, for the first time, that claims mishandling was not a defense raised in the Answer. *See* Seaman Decl. at ¶7. Upon hearing this, GPC emailed

7

plaintiff's counsel, reminding plaintiff that plaintiff itself had first raised the issue of claims mishandling in its pleading, and asked counsel to clarify whether plaintiff will assert that mishandling of claims and lack of good faith and proper performance of the insurer's obligations to handle claims are not at issue in this action, and if so, whether plaintiff will consent to an amendment of GPC's Answer to make explicitly clear to plaintiff that GPC is asserting these defenses. *See* February 17, 2006 email from GPC's counsel, Ex. F to Seaman Decl. Counsel for plaintiff responded by stating that it is plaintiff's position that claims mishandling is not a valid defense to payment of retrospective premiums, but that GPC's counsel is "free to exercise whatever rights GPC is entitled to under the Federal Rules of Civil Procedure." *See* February 20, 2006, email from plaintiff's counsel, Ex. G to Seaman Decl.

By email dated March 3, 2006, counsel for GPC sent a follow-up email to plaintiff's counsel, and attached a proposed amended answer adding only the two claims mishandling defenses. In the email, GPC's counsel requested that plaintiff consent to service and filing of the Amended Answer. *See* March 3, 2006 email from GPC's counsel, Ex. H to Seaman Decl. Counsel for plaintiff responded by stating that it is plaintiff's position that alleged improper claims handling is not a valid defense to non-payment of retrospective premiums, and that plaintiff would not, therefore, consent to GPC's proposed amended answer. *See* March 6, 2006 email from plaintiff's counsel, Ex. I to Seaman Decl.

8

As noted above, the parties were unable to resolve this matter at the mediation

held before Magistrate Judge Thynge on March 27, 2006. Accordingly, this motion is

served now to ensure that, despite plaintiff's raising the issue of claims mishandling in its

complaint, and seeking and receiving discovery on it, plaintiff cannot maintain that

claims mishandling is not a defense raised in this action. A copy of GPC's proposed

Amended Answer is annexed to the Seaman Decl. as Ex. J, and the red-line comparison

between GPC's original answer and the proposed amended answer is annexed as Ex. K.

## ARGUMENT

## I.    A Motion for Leave to File an Amended Pleading Should Be Freely Granted.

Federal Rule of Civil Procedure 15(a) permits a party upon motion to amend its

pleading. It is well-settled that a motion for leave to amend a pleading should be "freely

granted when justice so requires." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *see

also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Agere Systems Guardian Corp. v.

Proxim, Inc.*, 190 F. Supp. 2d 726, 732 (D. Del. 2002); *U.S. for B&R, Inc. v. Donald

Lane Const.*, 19 F. Supp. 2d 217, 221 (D. Del. 1998). Indeed, a motion for leave to amend

a pleading must be granted absent "any apparent or declared reason" such as undue delay,

bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the nonmovant, or futility of the amendment. *Id.*; *Alvin*, 227 F.3d at 121. In

the present case, as set forth below, there is no justifiable reason that would support the

denial of GPC's motion for leave to amend its Answer.

## II.    GPC's Motion for Leave to File an Amended Complaint Should Be Granted.

GPC brings this motion to add two affirmative defenses to make explicitly clear that it asserts as a defense to plaintiff's claims that plaintiff, Reliance, and CIGA mishandled the underlying worker's compensation claims which are the bases of the claims asserted by plaintiff in this action.

There is no undue delay or prejudice to plaintiff in granting leave to amend. Plaintiff has long known that GPC asserts that Reliance mishandled the underlying claims that comprise the basis of its suit for retrospective premiums.  Indeed, as set forth above, plaintiff expressly stated so in its Complaint, wherein it asserted "GPC has refused to pay the past-due premiums based on Reliance's alleged mishandling of one worker's compensation claim . . . . Under the law of New York, alleged negligent or bad-faith claims' handling by an insurer cannot be asserted by an insured as a set-off or affirmative defense to a claim for retrospective premiums."  Complaint, D.I. 1 at ¶18.  GPC denied this allegation, and asserted as affirmative defenses that plaintiff's claims are barred by laches and estoppel, the actions or omission of third parties, and that plaintiff's claims have been waived by the conduct of Reliance. *See* Answer, D.I. 5, at ¶¶18, 30-32.

Further, as set forth above, plaintiff sought and obtained discovery related to GPC's claims mishandling defense.  Specifically, plaintiff interposed an interrogatory to GPC asking whether GPC contends that Reliance mishandled any claims under the Reliance Policies, and if so, what the basis is for such contentions.  *See* Plaintiff's First Interrogatories to GPC, Ex. B to Seaman Decl. at No. 14.   GPC responded to this Interrogatory in the affirmative and set forth the bases then known for its contention that Reliance mishandled the Jamaica and Marshall claims. *See* Ex. E to the Seaman Decl., at

10

p. 11. In addition, GPC produced the non-privileged contents of its files on Jamaica and Marshall's workers' compensation claims, which documents relate to its claims mishandling defenses.

Thus, having raised the claim mishandling defense in its own pleading, and having sought and received the requested discovery on it, plaintiff cannot contend, let alone demonstrate, that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence." *Trueposition, Inc. & KSI, Inc. v. Allen Telecom, Inc.,* 2002 U.S. Dist. LEXIS 12848, \*6 (D. Del. July 16, 2002) (Ex. A hereto), *citing Bechtel v. Robinson*, 886 F.2d 644, 652 (3d. Cir. 1989).

As set forth above, after learning for the first time that it was plaintiff's contention that claims mishandling was not "at issue" in this action, GPC requested that plaintiff consent to GPC's service and filing of an amended answer. Plaintiff, however, refused to consent, asserting that it is plaintiff's position that alleged improper claims handling is not a valid defense to payment of retrospective premiums. *See* Ex. I to Seaman Decl. Based on its refusal to consent to amendment of GPC's Answer, GPC anticipates that plaintiff will oppose this instant motion by contending that GPC should be not be permitted to amend its Answer because to do so would be "futile". Any such argument by plaintiff is mistaken.

## A.    California Law Governs the Claims and Defenses in this Action.

Plaintiff makes the bald assertion in paragraph 18 of its Complaint that New York law governs the claims and defenses in this action. However, as set forth below, California law governs the parties' dispute, and California law clearly provides that an

11

insured may assert a claim for breach of the covenant of good faith and fair dealing by reason of the insurer's mishandling of worker's compensation claims.

A Federal District Court sitting in diversity action must apply the choice of law rules of the state in which it sits to determine which state's law governs the controversy before it. *See Klaxon Co. v. Stentor Mfg. Co.*, 313 U.S. 487, 496 (1941). Delaware courts apply the modern "most significant relationship test," as articulated in the Restatement Second Conflicts of Laws, to determine which state law governs the claims in an action. *See Travelers Indem. Co. v. Lake*, 594 A.2d 38 (Del. 1991); *Liggett Group v. Affiliated FM Ins. Co.*, 788 A.2d 134, 137 (Del. Super. Ct. 2001).

In a contract dispute, the factors the court must consider are "(1) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Whiteside v. New Castle Mut. Ins. Co.*, 595 F. Supp. 1096, 1098 (D. Del. 1984), *quoting* Restatement (Second) of Conflict of Laws § 188(2).

At issue in the instant dispute are Reliance and GPC's respective rights and obligations under the Reliance Policies. Delaware courts have held that where there is a dispute between an insured and insurer over performance under the insurance policy, "the crucial factor . . . is the location of the insured property." *Whiteside*, 595 F. Supp. at 1098, *citing* Restatement (Second) of Conflict of Laws § 188, comment e, at 581; *see also In re Mariner Health Group*, 300 B.R. 610, 613 (D. Del. 2003) ("questions regarding the rights and validity of insurance contracts are determined by the local law of

12

the state which the parties understood was the principal location of the insured risk during
the term of the policy.")

Here, the location of the insured risk at issue in this action was California. The
employees whose worker's compensations claims comprise the basis for plaintiff's claim
for retrospective premiums worked for subsidiaries of GPC and, earlier, CPG in
California, *see* Berman Decl. at ¶¶4-8, and submitted claims for worker's compensation
to California's Worker's Compensation Board.

### B. California Law Permits GPC to Assert, as a Defense, Reliance's Breach of the Covenant of Good Faith and Fair Dealing in Mishandling the Underlying Worker's Compensation Claims

California law explicitly recognizes that the covenant of good faith and fair
dealing implied in every contract "is applicable to policies of insurance." *Communale v.
Traders and Gen. Ins. Co.*, 50 Cal.2d 654, 328 P.2d 198 (1958); *see also Gruenberg v.
Aetna Ins. Co.*, 9 Cal.3d 566 (Sup. Ct. Cal. 1973). Moreover, under California law, it is
an "undisputed premise that an insurer's pattern of failing to . . . defend [claims]
diligently . . . may constitute breach of the express and implied contractual terms in a
worker's compensation insurance policy." *Lance Camper Man. Corp. v. Republic
Indemnity Co. of America*, 90 Cal.App.4th 1151, 1155 (Ct App. 2d Dis. 2001).

Thus, under Californian law, because the insurer's mishandling of the underlying
claims constitutes a breach of both its express contractual obligations and the implied
covenant of good faith and fair dealing, *e.g., MacGregor Yacht Corp. v. State Cop. Ins.
Fund*, 63 Cal.App.4th 448, 455-56 (Ct App. 2d Dis. 1998) (insurer's failure to investigate,
defend and settle claims reasonably supported insured's claim for breach of contract and

13

breach of the implied covenants of good faith and fair dealing), the breaching insurer
(here, Reliance through its liquidator) cannot recover alleged unpaid premiums that are
premised on the claims that were mishandled.

Accordingly, GPC's proposed affirmative defenses are fully cognizable under
California law, and GPC's motion to amend should be granted.

### C. New York Law Permits an Insured to Assert a Defense of Claims Mishandling in an Action for Nonpayment of Retrospective Premiums

Plaintiff has asserted that New York should apply to govern the claims and
defenses at issue in this action. As noted above, GPC believes that California law
governs. However, even if New York law is applied, GPC's defense that Reliance,
plaintiff, and/or CIGA, acting for them, mishandled the underlying worker's
compensation claims is a recognized defense in New York to a claim for retrospective
premiums.

The Appellate Division of New York recently recognized an insured's defense to
a claim for retrospective premiums under a worker's compensation insurance policy
based on the insurer's mishandling of the underlying claims at issue in the action. *See
Commissioners of the State Ins. Fund v. Photocircuits Corp.*, 20 A.D.3d 173, 798
N.Y.S.2d 367 (1st Dep't 2005). In *Photocircuits*, the plaintiff insurer brought an action to
recover from the insured retrospective premiums owed under a worker's compensation
policy. The insured asserted as a defense to the claimed premiums that the insurer had
mishandled the underlying claims at issue in the action.

The insurer moved for summary judgment on its claims, arguing that the insured's
claims mishandling defense was invalid under New York law. The court rejected the

14

insurer's claim, noting that a worker's compensation insurance policy is a contract, which imparts on each of the contracting parties the duty to perform its contractual obligations in "an objectively reasonable manner." *Photocircuits*, 20 A.D.3d 181, 798 N.Y.S.2d 372. The insured therein submitted evidence that the insurer had mishandled the underlying worker's compensation claims by making payments to an imposter, and that it failed to limit the insured's liability for claims for pre-existing injuries. Based on these allegations, the court held that there were questions of fact "as to whether the [insurer] met its basic obligation to perform its duties to [the insured] under the Policy in a reasonable manner." *Id.*, 20 A.D.3d at 182, 798 N.Y.S.2d at 374.

In rendering its decision, the court noted that if there were no incentive for insurers to control the insured's exposure to claims, because of the mechanics of retrospective insurance plans, "the result would simply be: if the [insurer] pays more, it just passes it on the insured as retrospective premiums." *Id.*, 20 A.D.3d at 182, 798 N.Y.S.2d at 374. The court further stated that insurers are charged with the important role of protecting against "runaway and fraudulent claims," and that it is the insurer's duty to properly investigate worker's compensation claims so that worker's compensation boards can "sort out the real claims from the inflated and false ones." *Id.*

The Appellate Division's holding in *Photocircuits* was confirmed one month later by the United States District Court for the Eastern District of New York in *Transportation Ins. Co. v. Star Industries, Inc.*, 2005 WL 1801671 (E.D.N.Y. July 28, 2005) (Ex. B hereto). There, plaintiff insurance company asserted that the insured's defense of claims mishandling could not be asserted as a defense for nonpayment of premiums. The District Court rejected this assertion, holding that the insured asserted a

15

breach of the insurer's *express* contractual obligations to properly manage the worker's compensation claims, and that, therefore, the New York cases rejecting defenses of breach of an implied covenant of good faith and fair dealing were wholly inapplicable. *See Transportation*, 2005 WL 1801671 at * 6.

Here, in pertinent part, as in *Photocircuits* and *Transportation*, GPC defends against plaintiff's claim for nonpayment of retrospective premiums by reason of the failure of Reliance, and those whose acts are attributable to it, to properly perform Reliance's contractual obligations in processing and handling the worker's compensations claims which are the bases for the claims asserted by plaintiff in this action. The evidence discovered thus far reveals that Reliance, plaintiff, and CIGA failed to comply with Reliance's most basic contractual obligation to properly manage the worker's compensation claims. Reliance, plaintiff, and CIGA, *inter alia*: (a) failed to investigate, and avoid or reduce payments made to Mr. Jamaica for expenses arising out of, injuries apparently sustained by him in a non-related automobile accident, (b) failed to refer to Zurich, for payment, expenses for purported injuries arising out of an alleged work-related injury to Mr. Jamaica's shoulder in April 1996, during a period of time when Zurich provided worker's compensation coverage to GPC, (c) failed to investigate the fact that Jamaica did not in 1995 report or claim an injury to his shoulder, but only in 1997 made such claim, and (d) failed to take any steps to mitigate the payments to Mr. Jamaica when he failed to appear for appointments for many months. The evidence currently available further reveals that Reliance, plaintiff, and CIGA failed to keep GPC apprised of the handling of Mr. Jamaica and Mr. Marshall's claims and the steep escalations of costs attributed to those claims from and after 2001.

16

Thus, the evidence discovered thus far reveals that Reliance failed to meet its basic contractual obligation to perform its duties to GPC under the Reliance Policies in an objectively reasonable manner. GPC's proposed affirmative defenses are, therefore, supported by New York law as well as California law, and GPC's motion for leave to amend should be granted.

## CONCLUSION

For the foregoing reasons, GPC's motion pursuant to Fed. R. Civ. P. 15 for leave to file its Amended Answer should be granted.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Of Counsel:

By /s/ John M Seaman

Herbert C. Ross, Esquire
Lori Marks-Esterman, Esquire
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022

    Andre G. Bouchard  (#2504)
    John M. Seaman (#3868)
    222 Delaware Ave, Suite 1400
    Wilmington, DE  19801
    Telephone: (302) 573-3500
    abouchard@bmf-law.com
    jseaman@bmf-law.com

Dated:  April 13, 2006

Attorneys for Defendant GPC International, Inc.

17