## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

M. DIANE KOKEN, in her official capacity as
Insurance Commissioner of the Commonwealth
of Pennsylvania, as Liquidator of RELIANCE
INSURANCE COMPANY (IN LIQUIDATION)
1311 Strawberry Square
Harrisburg, Pennsylvania 17120

                     Plaintiff,

            -v-                                    No. 05 CV 223 (SLR)

GPC INTERNATIONAL, INC.

                     Defendant.

GPC INTERNATIONAL, INC.

                     Third-Party Plaintiff

            -v-

ZURICH-AMERICAN INSURANCE
COMPANY

                     Third-Party Defendant.

## DECLARATION OF JOHN M. SEAMAN IN SUPPORT OF GPC
## INTERNATIONAL, INC.'S MOTION
## FOR LEAVE TO FILE AN AMENDED ANSWER

I, John M. Seaman, declare as follows:

1.      I am an attorney with Bouchard, Margules & Friedlander, P.A., counsel of

record in this action for defendant/third-party plaintiff GPC International, Inc. ("GPC").

I am a member of the Bar of the State of Delaware. I have personal knowledge of the

matters stated in this declaration and would testify truthfully to them if called upon to do

so.

2.      Annexed hereto as Exhibit A is a true and correct copy of Plaintiff's First Request for the Production of Documents Directed to Defendant GPC International, Inc.

3.      Annexed hereto as Exhibit B is a true and correct copy of Plaintiff's First Set of Interrogatories Directed to Defendant GPC International, Inc.

4.      Annexed hereto as Exhibit C is a true and correct copy of Plaintiff's First Requests for Admissions Directed to Defendant GPC International, Inc.

5.      Annexed hereto as Exhibit D is a true and correct copy of the Stipulation and Order Amending Scheduling Order, dated February 17, 2006.

6.      Annexed hereto as Exhibit E is a true and correct copy of GPC's Answers and Objections to Plaintiff's First Set of Interrogatories Directed to Defendant GPC International, Inc.

7.      On February 16, 2006, counsel for all parties participated in a conference call. During that call, counsel for plaintiff asserted that claims mishandling is not "at issue" in this action, and that claims mishandling had not been asserted as a defense by GPC. Counsel for GPC denied that assertion.

8.      Annexed hereto as Exhibit F is a true and correct copy of  an email, dated February 17, 2006, from Lori Marks-Esterman, Esq., an attorney for GPC, to counsel for plaintiff with copies to other counsel. In that email, Ms. Marks-Esterman pointed out to plaintiff's counsel that it placed claims handling in issue by an allegation in the complaint that claims mishandling could not form a defense to a claim (as here) for non-payment of retrospective premiums. In the email, Ms. Marks-Esterman asked plaintiff's counsel to clarify whether plaintiff will assert that mishandling of claims and lack of good faith and proper performance of the insurer's obligations for handling claims are not at issue in this action, and if so, whether plaintiff will consent to an amendment of GPC's Answer to make explicitly clear to plaintiff that GPC is asserting these defenses.

9.      Annexed hereto as Exhibit G is a true and correct copy of  an email, dated February 20, 2006, from Gerald Arth, Esq., lead counsel for plaintiff, to Ms. Marks-

Esterman. Mr. Arth asserted that it is plaintiff's position that claims mishandling "is not a valid defense to payment of retrospective premiums", but that GPC's counsel is "free to exercise whatever rights GPC is entitled to under the Federal Rules of Civil Procedure."

10.    Annexed hereto as Exhibit H is a true and correct copy of an email, dated March 3, 2006, from Lori Marks-Esterman to Mr. Arth and his associate, Cheryl Garber, Esq., with copies to other counsel including counsel for Zurich. Ms. Marks-Esterman requested that plaintiff consent to service and filing of the Amended Answer, a copy of which was attached.

11.    Annexed hereto as Exhibit I is a true and correct copy of an email, dated March 6, 2006, from Gerald Arth to Ms. Marks-Esterman in which Mr. Arth stated "improper claims handling is not the Liquidator's action to collect retrospective premium", and that plaintiff would not consent to GPC's proposed amended answer.

12.    On March 17, 2006, all parties submitted their mediation statements to Magistrate Judge Thynge, and, on March 27, 2006, all parties participated in a Mediation before Magistrate Judge Thynge.  The parties were unable to resolve this matter.

13.    Annexed hereto to as Exhibit J is GPC's proposed Amended Answer.

14.    Annexed hereto as Exhibit K is a red-line comparison of GPC's original Answer and its proposed Amended Answer.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on April 13, 2006.

_____
John M. Seaman

_____
Jay G. McMillan, III, Esquire
Notarial Officer