# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| M. DIANE KOKEN, in her official capacity | : | |
| as Insurance Commissioner of the Commonwealth | : | |
| of Pennsylvania, as Liquidator of RELIANCE | : | CIVIL ACTION |
| INSURANCE COMPANY (IN LIQUIDATION) | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 05-223 |
| GPC INTERNATIONAL, INC. | : | |
| | : | |
| Defendant. | : | |

| | |
|---|---|
| GPC INTERNATIONAL, INC. | : |
| | : |
| Third-Party Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ZURICH-AMERICAN INSURANCE COMPANY | : |
| | : |
| Third-Party Defendant. | : |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## DIRECTED TO DEFENDANT GPC INTERNATIONAL, INC.

To:    Lori Marks-Esterman, Esquire
       Olshan Grundman Frome Rosenzweig & Wolosky LLP
       Park Avenue Tower
       65 East 55th Street
       New York, NY 10022
       *Attorneys for Defendant/Third-Party Plaintiff*
       *GPC International, Inc.*

Pursuant to Fed.R.C.P. 34, plaintiff M. Diane Koken, in her official capacity as Insurance

Commissioner of the Commonwealth of Pennsylvania, as Liquidator of Reliance Insurance

Company (in Liquidation), by her attorneys, Fox Rothschild LLP, hereby requests that defendant

DTI 146038v2 10/07/05

GPC International, Inc. ("GPC"), produce the following documents for inspection and copying at the offices of Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 1300, 13th Floor, Wilmington, DE 19801-2323, within 30 days of service.

## DEFINITIONS

Plaintiff hereby incorporates by reference herein the Definitions set forth in plaintiff's first set of interrogatories directed to GPC.

## GENERAL PROVISIONS AND INSTRUCTIONS

In response to these requests, you shall produce any and all such documents available to you, not merely documents in your own personal possession, but also within the possession of any attorney or other agent who has acted on your behalf.

If you, or any agent, attorney, investigator, servant, employee, or other representative of GPC, does not have any documents responsive to a particular request, so state in the response to that request.   If you, or any agent, attorney, investigator, servant, employee, or other representative of GPC, are aware of a responsive document but cannot produce it, specify the reason for the inability to produce the document requested.

All requests for production of documents contained herein are continuing requests. If, subsequent to answering any request, you, or any agent, attorney, investigator, servant, employee, or other representative of GPC, obtain or become aware of any further documents responsive to such request, you are required to supplement your earlier responses to each request.

Whenever a request for documents is framed in the conjunctive, it also shall be taken in the disjunctive and vice versa. Whenever a request for documents is framed in the singular, it also shall be taken in the plural, and vice versa. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

2

All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner to preserve and identify the file from which such documents were taken. Documents that are stored electronically shall be produced by providing counsel access to the computer or other electronic storage facility wherein the document is stored.

For each document that is responsive to any request herein that you withhold under a claim of privilege, you shall produce a privilege log, within which log the following information shall be provided:

        i)     the place, date (or approximate date), and manner of recording or otherwise preparing or creating the document;

        ii)    the name and title of sender, and the name and title of all recipients of the document (including carbon and blind copies);

        iii)   a summary of the contents of the document;

## DOCUMENTS TO BE PRODUCED

1.    All documents GPC referred to in preparing responses to plaintiff's first set of interrogatories and first requests for admissions directed to GPC.

ANSWER:

2.    All documents which may or will be used by you as an exhibit at trial or any other evidentiary hearing in this matter.

ANSWER:

3.    All documents which you have provided to or received from any expert or lay witness who may or will be called to testify on behalf of GPC at trial or any other evidentiary hearing in this matter.

ANSWER:

DTI 146038v2 10/07/05

4.    All documents pertaining to the matters alleged in plaintiff's Complaint, GPC's Answer or GPC's Third-Party Complaint against Zurich-American Insurance Company ("Zurich").

ANSWER:

5.    A copy of each and every version and/or draft of all reports prepared by each expert retained by you in anticipation of trial.

ANSWER:

6.    The entire contents of any investigation file or files and any other documentary material in GPC's possession relating to the allegations of plaintiff's Complaint, GPC's Answer or GPC's Third-Party Complaint against Zurich.

ANSWER:

7.    All documents relating to any and all individuals you have contacted as potential witnesses in connection with this action.

ANSWER:

5

8.     All documents referring to or reflecting communications between GPC and Reliance or between GPC and Zurich relating to the Reliance Policies or this action.

ANSWER:

9.     All documents relating to GPC's affirmative defenses to plaintiff's Complaint.

ANSWER:

10.     All documents relating to GPC's allegation in paragraph 14 of its Third-Party Complaint against Zurich that "Upon information and belief, Reliance paid sums to Frank Jamaica for injuries which, at least in part, are covered by the Zurich Policies."

ANSWER:

11.     All documents identified or requested to be identified by GPC in response to plaintiff's first set of interrogatories or first requests for admissions directed to GPC.

ANSWER:

12.    All documents relating to Frank Jamaica including, but not limited to, personnel files and worker's compensation files.

ANSWER:

13.    All documents relating to Darrell Marshall including, but not limited to, personnel files and worker's compensation files.

ANSWER:

14.    All documents identified by GPC in its initial disclosures.

ANSWER:

15.    All documents relating to any communications between GPC and Zurich regarding Frank Jamaica or Darrell Marshall.

ANSWER:

/s/ Sheldon K. Rennie (#3772)
Sheldon K. Rennie
FOX ROTHSCHILD LLP
Citizens Bank Center
919 North Market Street
Suite 1300, 13th Floor
Wilmington, DE  19801-2323
(302) 654-7444

and

Gerald E. Arth
Cheryl A. Garber
FOX ROTHSCHILD LLP
2000 Market Street – 10th Floor
Philadelphia, PA  19103
(215) 299-2000
*Attorneys for plaintiff*
*M. Diane Koken, in her official capacity*
*as Insurance Commissioner of the*
*Commonwealth of Pennsylvania,*
*as Liquidator of Reliance Insurance*
*Company (In Liquidation)*

Dated:  October 7, 2005

8

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of plaintiff's First Request for

Production of Documents Directed to Defendant, GPC International, Inc., was served *via* First

Class Mail, postage prepaid upon the following:

>Lori Marks-Esterman, Esquire
>Olshan Grundman Frome Rosenzweig & Wolosky LLP
>Park Avenue Tower
>65 East 55th Street
>New York, NY 10022
>*Attorneys for Defendant/Third-Party Plaintiff*
>*GPC International, Inc.*
>
>Andre Bouchard, Esquire
>John M. Seaman, Esquire
>Bouchard Margules & Friedlander, P.A.
>222 Delaware Avenue
>Suite 1400
>Wilmington, DE 19801
>*Attorneys for Defendant/Third-Party Plaintiff*
>*GPC International, Inc.*
>
>Sean J. Bellew, Esquire
>Cozen O'Conner
>1201 North Market Street
>Suite 1400
>Wilmington, DE 19801
>*Attorneys for Third-Party Defendant*
>*Zurich-American Insurance Company*
>
>By: /s/ Sheldon K. Rennie (#3772)
>    Sheldon K. Rennie

Dated:  October 7, 2005

9

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| M. DIANE KOKEN, in her official capacity | : | |
| as Insurance Commissioner of the Commonwealth | : | |
| of Pennsylvania, as Liquidator of RELIANCE | : | CIVIL ACTION |
| INSURANCE COMPANY (IN LIQUIDATION) | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 05-223 |
| GPC INTERNATIONAL, INC. | : | |
| | : | |
| Defendant. | : | |

| | |
|---|---|
| GPC INTERNATIONAL, INC. | : |
| | : |
| Third-Party Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ZURICH-AMERICAN INSURANCE COMPANY | : |
| | : |
| Third-Party Defendant. | : |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## DIRECTED TO DEFENDANT GPC INTERNATIONAL, INC.

To:   Lori Marks-Esterman, Esquire
      Olshan Grundman Frome Rosenzweig & Wolosky LLP
      Park Avenue Tower
      65 East 55th Street
      New York, NY 10022
      *Attorneys for Defendant/Third-Party Plaintiff*
      *GPC International, Inc.*

Pursuant to Fed.R.C.P. 33, plaintiff M. Diane Koken, in her official capacity as Insurance

Commissioner of the Commonwealth of Pennsylvania, as Liquidator of Reliance Insurance

Company (in Liquidation), by her attorneys, Fox Rothschild LLP, requests that defendant GPC International, Inc. ("GPC"), respond to the following interrogatories within 30 days of their service. These requests are continuing in nature and GPC shall promptly supply by way of supplemental answers any additional information which should become known to it after these interrogatories are answered.

## DEFINITIONS

A.      "Plaintiff" means M. Diane Koken, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of Reliance Insurance Company (in Liquidation), and the predecessors and successors, subsidiaries, affiliates and past and present officers, directors, partners, employees, attorneys, agents or representatives of same, and any and all persons acting or purporting to act on behalf of Reliance Insurance Company ("Reliance") for any purpose whatsoever.

B.      "Defendant" or "you" means GPC International, Inc., its predecessors and successors, and its subsidiaries, affiliates and past and present officers, directors, partners, employees, attorneys, agents or representatives of same, and any and all persons acting or purporting to act on behalf of same for any purposes whatsoever.

C.      "Date" means the day of the month, the month, and the year. If only the approximate date is known or available, please state the approximate date, indicating that it is approximate only.

D.      "Address" means the street number, street name, city, state or province, country (if other than the United States of America), and, if available, zip code or other mailing code for the place of the designated person's residence or, if a business, the place its business is principally conducted.

E.      "Identify," when referring to a person or persons, means to state the current name, address, and telephone number of the person or persons about whom the information is sought. When referring to individuals, please state the name of the individual's present or last known

2

employer, his or her officer title, if any, his or her job description, and the nature and dates of affiliation with any party to this litigation.

F.     "Identify," when used with respect to an act (including an alleged omission), communication, occurrence, statement, or conduct (herein collectively called "act") means to:

(1)     Describe the substance of events constituting such act and state the date when such act occurred;

(2)     Identify each and every person participating in such act;

(3)     Identify all other persons (if any) present when such act occurred;

(4)     State whether any minutes, notes, memoranda, or other documents of such act were made;

(5)     State whether such record now exists; and

(6)     Identify the person or persons currently having possession, custody, or control of each such record.

G.     "Identify," when referring to a document, means to provide, with respect to each such document, the following information:

(1)     Its date;

(2)     Its title, if it has one, and all identifying numbers, if any;

(3)     All other identifying or categorizing designations, and a brief description of it (such as letter, memorandum, manuscript, notes, etc.);

(4)     Its subject matter;

(5)     The name, title, and address of each person that wrote, signed, initialed, dictated, or otherwise participated in the creation of the document;

(6)     The name, title, and address of each addressee, and of each other person receiving a copy of it;

(7)     Its present location and the name and address of its present custodian;

3

(8) If the document is not original, the name and address of the custodian of the original; and

(9) Any other designation necessary to identify sufficiently the document so that a copy of it may be ordered or obtained from its custodian.

If any such document was, but is no longer, in your possession, custody or control, or in existence, state the date and manner of its disposition.

H. "Identify," when referring to a corporate entity or entities, means to state the full corporate name and the date and place of incorporation, if known, and its present address and telephone number.

I. "Document" is used in its customary broad sense and includes, without limitation, the following items, whether printed, recorded, filmed, electronically stored, or reproduced by any other electronic or mechanical process, or written or produced by hand, and whether an original, master, or copy, namely: worksheets; agreements; books; catalogues; magazines; periodicals; records including without limitation financial, accounting, and bookkeeping records including without limitation journals, ledgers, returns including without limitation sales and income tax returns, logs and financial statements; letters; e-mails; accounts; notes; licenses; patents; applications; assignments; options; statements; checks; brochures; summaries; forecasts; appraisals; surveys; estimates; diaries; desk calendars; reports; logs; manuals; blueprints; tracings; deposit slips; vouchers; communications, including inter-company communications; correspondence; cablegrams; radiograms; telegrams, graphs; directives; studies; bulletins; forms; telexes; memoranda, including inter-company memoranda; tabulations; analyses; minutes; bills of lading; questionnaires; summaries; notes and records of telephone conversations, meetings, and conferences; notes and records of personal conversations or interviews; ledgers; invoices; contracts; notices; drafts of any documents; business records; charts; plans; specifications; schedules; computer printouts; computer tapes; microfilm; microfiches; photographs; slides; negatives; motion pictures; video recordings; tape or other voice recordings and transcriptions

4

thereof; computer disks, data compilations from which information can be obtained, or translated, if necessary, through detection devices into reasonably usable form; and any other information contained on paper, in writing or in any other form in the actual or constructive possession, custody, or control of defendant or any of its agents, servants, employees, representatives, or attorneys.

J.    "Person" means any individual, partnership, joint venture, firm, association, proprietorship, corporation, or business, or any governmental or legal entity or combination thereof.

K.    "Communication" means any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written, oral, electronic, and mechanical communications.

L.    "Any" means "all" and vice versa.

M.    "Refer or relate to" (or any form thereof) means constituting, reflecting, representing, supporting, contradicting, referring to, relating to, stating, explaining, setting forth, describing, analyzing, noting, summarizing, disclosing, embodying, containing, mentioning, showing, studying, recording, discussing, evaluating, concerning, or relevant to. As indicated, the term necessarily includes information that is in opposition to as well as in support of the positions and claims that the plaintiff is making in this action.

N.    "Reflect" (or any form of the word) means embody, contain, record, note, refer to, describe, be relevant to, state, or mention.

O.    "State the basis" means to describe fully all of the facts and/or legal theories that you believe support your position or contention, not merely ultimate facts or conclusions of law, and particularized as to time, place, and manner.

5

P.      "Support" (or any form of the word) means upon which an allegation of fact is based or upon which reliance is placed in making such allegation of fact.

Q.      "Meeting" or "discussion" means any or all communication between or among two or more persons, whether face-to-face, by telephone, or otherwise.

R.      The "Reliance Policies" means the series of workers' compensation and employer's liability insurance policies with policy nos. VK 1733912 01, VK 1733935 00, VK 1733912 02 and VK 1733912 03, which were issued by Reliance to GPC and covered the time period from June 17, 1992 to June 30, 1995.

## GENERAL PROVISIONS AND INSTRUCTIONS

A.      Whenever an interrogatory or request for documents or information is framed in the conjunctive, it also shall be taken in the disjunctive and vice versa.

B.      Whenever an interrogatory or request for documents or information is framed in the singular, it also shall be taken in the plural, and vice versa.

C.      The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

D.      All documents produced in connection with these interrogatory answers shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of these interrogatories, documents produced shall be segregated further and identified as indicated in said paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner to preserve and identify the file from which such documents were taken.

E.      For each document that is responsive to these interrogatories that is sought

6

to be withheld under a claim of privilege, the following information shall be provided:

i)      the place, date (or approximate date), and manner of recording or otherwise preparing the document;

ii)     the name and title of sender, and the name and title of recipient of the document;

iii)    a summary of the contents of the document;

iv)     the identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

v)      the identity of each person to whom the contents of the document heretofore have been communicated by copy, exhibition, sketch, reading, or substantial summarization, the date(s) of said communication, and the employer and title of said person at the time of said communication;

vi)     a statement of the basis on which privilege is claimed; and

vii)    the identity of the person or persons supplying your attorney with the information requested in subsections (i) and (vi) above.

F.      All documents produced in response to these interrogatories shall include originals and shall be produced *in toto* notwithstanding the fact that portions thereof may contain information not requested , shall include interim as well as final editions of a document, and shall include all editions or copies of a document that are not identical to (whether due to handwritten notations, or revisions, or otherwise) the original or other produced copy of the document.

G.      These interrogatories shall be deemed to be continuing and any

7

information secured subsequent to the filing of answers hereto, which would have been included in the answers to these interrogatories had it been known or available, shall be supplied by supplemental answers.

H.    In answering the interrogatories below, GPC shall furnish not only such information as is available to the particular individual(s) answering the interrogatories, but also such information as is known to each officer, employee, representative, or agent, including their attorneys, investigators, and experts.

I.    In the event that any information is sought to be withheld under a claim of privilege, provide the information requested in Paragraph II(E) above for all documents related to or reflecting the information for which a claim of privilege is asserted.

J.    Whenever in answer to these interrogatories reference is made to a conversation or oral statement, give the date and place thereof, the identity of the persons involved in the conversation or oral statement, the identity of any persons present, and the substance of the conversations or oral statement.

K.    If the information called for by an interrogatory is in whole or in part contained in documents, the information may be supplied by attaching copies of the relevant documents to your answers to the interrogatories to the extent that the documents contain the information requested, as long as same is noted in narrative form in the answer to the interrogatory.

L.    Whenever an interrogatory requests information for which there is more than one answer, each answer to the interrogatory is to be set forth in detail.

8

## **INTERROGATORIES**

1.    Identify all persons (including but not limited to present or former employees of GPC or any predecessor in interest) who have knowledge of any relevant facts relating to the allegations or denials contained in plaintiff's Complaint, GPC's Answer or GPC's Third-Party Complaint against Zurich-American Insurance Company ("Zurich"), setting forth a summary of each such person's knowledge.

ANSWER:

9

2.    Identify any statements, admissions, or declarations against interest which have been made by any person or person's agent(s), servant(s), and/or employee(s) relevant to the subject matter of this lawsuit.

ANSWER:

10

3.    Identify each communication you have had concerning the subject matter of the Complaint, GPC's Answer and GPC's Third-Party Complaint against Zurich with any person.

ANSWER:

11

4.    Identify any documents containing any information related to this action which have been destroyed by you or by any other person.

ANSWER:

12

5.    Identify any written or oral statement, communication, or report made by a party to this litigation or by any person not a party to this litigation, relating to the facts of this litigation, or any of the allegations or defenses contained in the pleadings filed in this litigation.

ANSWER:

13

.

      6.    State the basis for GPC's First Affirmative Defense.

ANSWER:

14

7.    State the basis for GPC's Second Affirmative Defense.

ANSWER:

15

8.    State the basis for GPC's Third Affirmative Defense.

ANSWER:

16

9.    State the basis for GPC's Fourth Affirmative Defense.

ANSWER:

17

10.  State the basis for GPC's Fifth Affirmative Defense.

ANSWER:

18

11.   State the basis for GPC's Sixth Affirmative Defense.

ANSWER:

19

12. State the basis for GPC's Seventh Affirmative Defense.

ANSWER:

20

13.    State the basis for GPC's allegation in paragraph 14 of GPC'S Third-Party Complaint against Zurich that "Upon information and belief, Reliance paid sums to Frank Jamaica for injuries which, at least in part, are covered by the Zurich Polices."

ANSWER:

21

14.   Do you contend that Reliance mishandled any claims under the Reliance

Policies? Unless your answer is an unequivocal "No", state the basis for your contention.

ANSWER:

/s/ Sheldon K. Rennie (#3772)
Sheldon K. Rennie
FOX ROTHSCHILD LLP
Citizens Bank Center
919 North Market Street
Suite 1300, 13th Floor
Wilmington, DE 19801-2323
(302) 654-7444

and

Gerald E. Arth
Cheryl A. Garber
FOX ROTHSCHILD LLP
2000 Market Street – 10th Floor
Philadelphia, PA 19103
(215) 299-2000

*Attorneys for plaintiff,*
*M. Diane Koken, in her official capacity*
*as Insurance Commissioner of the*
*Commonwealth of Pennsylvania,*
*as Liquidator of Reliance Insurance*
*Company (In Liquidation)*

Dated: October 7, 2005

22

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of plaintiff's First Set of

Interrogatories Directed to Defendant GPC International, Inc., was served *via* First Class Mail,

postage prepaid upon the following:

> Lori Marks-Esterman, Esquire
> Olshan Grundman Frome Rosenzweig & Wolosky LLP
> Park Avenue Tower
> 65 East 55th Street
> New York, NY 10022
> *Attorneys for Defendant/Third-Party Plaintiff*
> *GPC International, Inc.*

> Andre Bouchard, Esquire
> John M. Seaman, Esquire
> Bouchard Margules & Friedlander, P.A.
> 222 Delaware Avenue
> Suite 1400
> Wilmington, DE 19801
> *Attorneys for Defendant/Third-Party Plaintiff*
> *GPC International, Inc.*

> Sean J. Bellew, Esquire
> Cozen O'Conner
> 1201 North Market Street
> Suite 1400
> Wilmington, DE 19801
> *Attorneys for Third-Party Defendant*
> *Zurich-American Insurance Company*

> By: /s/ Sheldon K. Rennie (#3772)
> Sheldon K. Rennie

Dated: October 7, 2005

23

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

M. DIANE KOKEN, in her official capacity    :
as Insurance Commissioner of the Commonwealth   :
of Pennsylvania, as Liquidator of RELIANCE    :    CIVIL ACTION
INSURANCE COMPANY (IN LIQUIDATION)    :
   :
   :
           Plaintiff,    :
   :
         v.    :
   :    NO. 05-223
GPC INTERNATIONAL, INC.    :
   :
           Defendant.    :

---

GPC INTERNATIONAL, INC.    :
   :
         Third-Party Plaintiff,    :
   :
         v.    :
   :
ZURICH-AMERICAN INSURANCE COMPANY   :
   :
         Third-Party Defendant.    :

---

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
## DIRECTED TO DEFENDANT GPC INTERNATIONAL, INC.

To:    Lori Marks-Esterman, Esquire
       Olshan Grundman Frome Rosenzweig & Wolosky LLP
       Park Avenue Tower
       65 East 55th Street
       New York, NY 10022
       *Attorneys for Defendant/Third-Party Plaintiff*
       *GPC International, Inc.*

       Pursuant to Fed.R.C.P. 36, plaintiff M. Diane Koken, in her official capacity as Insurance

Commissioner of the Commonwealth of Pennsylvania, as Liquidator of Reliance Insurance

Company (in Liquidation), by her attorneys, Fox Rothschild LLP, propounds these Requests for

Admission upon defendant GPC International, Inc. ("GPC"), to be answered within 30 days of service hereof.

## DEFINITIONS

A.      "Plaintiff" means M. Diane Koken, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of Reliance Insurance Company (in Liquidation), and the predecessors and successors, subsidiaries, affiliates and past and present officers, directors, partners, employees, attorneys, agents or representatives of same, and any and all persons acting or purporting to act on behalf of Reliance Insurance Company ("Reliance") for any purpose whatsoever.

B.      "Defendant" or "you" means GPC International, Inc., its predecessors and successors, and its subsidiaries, affiliates and past and present officers, directors, partners, employees, attorneys, agents or representatives of same, and any and all persons acting or purporting to act on behalf of same for any purposes whatsoever.

C.      "Date" means the day of the month, the month, and the year. If only the approximate date is known or available, please state the approximate date, indicating that it is approximate only.

D.      "Address" means the street number, street name, city, state or province, country (if other than the United States of America), and, if available, zip code or other mailing code for the place of the designated person's residence or, if a business, the place its business is principally conducted.

E.      "Identify," when referring to a person or persons, means to state the current name, address, and telephone number of the person or persons about whom the information is sought. When referring to individuals, please state the name of the individual's present or last known employer, his or her officer title, if any, his or her job description, and the nature and dates of affiliation with any party to this litigation.

F.      "Identify," when used with respect to an act (including an alleged omission), communication, occurrence, statement, or conduct (herein collectively called "act") means to:

2

(1)     Describe the substance of events constituting such act and state the date when such act occurred;

(2)     Identify each and every person participating in such act;

(3)     Identify all other persons (if any) present when such act occurred;

(4)     State whether any minutes, notes, memoranda, or other documents of such act were made;

(5)     State whether such record now exists; and

(6)     Identify the person or persons currently having possession, custody, or control of each such record.

G.      "Identify," when referring to a document, means to provide, with respect to each such document, the following information:

(1)     Its date;

(2)     Its title, if it has one, and all identifying numbers, if any;

(3)     All other identifying or categorizing designations, and a brief description of it (such as letter, memorandum, manuscript, notes, etc.);

(4)     Its subject matter;

(5)     The name, title, and address of each person that wrote, signed, initialed, dictated, or otherwise participated in the creation of the document;

(6)     The name, title, and address of each addressee, and of each other person receiving a copy of it;

(7)     Its present location and the name and address of its present custodian;

(8)     If the document is not original, the name and address of the custodian of the original; and

(9)     Any other designation necessary to identify sufficiently the document so that a copy of it may be ordered or obtained from its custodian.

If any such document was, but is no longer, in your possession, custody or control, or in existence, state the date and manner of its disposition.

H.      "Identify," when referring to a corporate entity or entities, means to state the full corporate name and the date and place of incorporation, if known, and its present address and telephone number.

I.      "Document" is used in its customary broad sense and includes, without limitation, the following items, whether printed, recorded, filmed, electronically stored, or reproduced by any other electronic or mechanical process, or written or produced by hand, and whether an original, master, or copy, namely:  worksheets; agreements; books; catalogues; magazines; periodicals; records including without limitation financial, accounting, and bookkeeping records including without limitation journals, ledgers, returns including without limitation sales and income tax returns, logs and financial statements; letters; e-mails; accounts; notes; licenses; patents; applications; assignments; options; statements; checks; brochures; summaries; forecasts; appraisals; surveys; estimates; diaries; desk calendars; reports; logs; manuals; blueprints; tracings; deposit slips; vouchers; communications, including inter-company communications; correspondence; cablegrams; radiograms; telegrams, graphs; directives; studies; bulletins; forms; telexes; memoranda, including inter-company memoranda; tabulations; analyses; minutes; bills of lading; questionnaires; summaries; notes and records of telephone conversations, meetings, and conferences; notes and records of personal conversations or interviews; ledgers; invoices; contracts; notices; drafts of any documents; business records; charts; plans; specifications; schedules; computer printouts; computer tapes; microfilm; microfiches; photographs; slides; negatives; motion pictures; video recordings; tape or other voice recordings and transcriptions thereof; computer disks, data compilations from which information can be obtained, or translated, if necessary, through detection devices into reasonably usable form; and any other information contained on paper, in writing or in any other form in the actual or constructive possession, custody, or control of defendant or any of its agents, servants, employees, representatives, or attorneys.

4

J.      "Person" means any individual, partnership, joint venture, firm, association, proprietorship, corporation, or business, or any governmental or legal entity or combination thereof.

K.      "Communication" means any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written, oral, electronic, and mechanical communications.

L.      "Any" means "all" and vice versa.

M.      "Refer or relate to" (or any form thereof) means constituting, reflecting, representing, supporting, contradicting, referring to, relating to, stating, explaining, setting forth, describing, analyzing, noting, summarizing, disclosing, embodying, containing, mentioning, showing, studying, recording, discussing, evaluating, concerning, or relevant to. As indicated, the term necessarily includes information that is in opposition to as well as in support of the positions and claims that the plaintiff is making in this action.

N.      "Reflect" (or any form of the word) means embody, contain, record, note, refer to, describe, be relevant to, state, or mention.

O.      "State the basis" means to describe fully all of the facts and/or legal theories that you believe support your position or contention, not merely ultimate facts or conclusions of law, and particularized as to time, place, and manner.

P.      "Support" (or any form of the word) means upon which an allegation of fact is based or upon which reliance is placed in making such allegation of fact.

Q.      "Meeting" or "discussion" means any or all communication between or among two or more persons, whether face-to-face, by telephone, or otherwise.

R.      The "Reliance Policies" means the series of workers' compensation and employer's liability insurance policies with policy nos. VK 1733912 01, VK 1733935 00, VK 1733912 02 and VK 1733912 03, which were issued by Reliance to GPC and covered the time period from June 17, 1992 to June 30, 1995.

## GENERAL INSTRUCTIONS

A.      You must furnish all responsive information available to you including information in the possession of your attorneys or other representatives or otherwise subject to your possession or control.

B.      If you claim that an answer, in whole or in part, to any request for admission or part thereof is privileged or otherwise protected from discovery, you must identify such information by subject matter and state with particularity the nature and basis of your claim of privilege or other reason that the information is protected from discovery.

C.      Whenever a date, amount, or other computation or figure is requested, the exact date, amount, or other computation or figure should be given on the best estimate thereof; and the answer shall state that the date, amount, or other computation or figure is an estimate or approximation.

D.      These requests for admissions are continuing, and any information secured subsequent to the filing of your answer which would have been includable, if the answers had been known or available, are to be supplied by supplemental answer.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** GPC received invoices and/or bills totaling $448,199 from plaintiff for retrospective premium adjustments for the workers' compensation and employer's liability insurance policies nos. VK 1733912 01, VK 1733935 00, VK 1733912 02 and VK 1733912 03.

ANSWER:

**REQUEST FOR ADMISSION NO. 2:** GPC has not paid retrospective premiums to plaintiff on insurance policy no. VK 1733912 01.

ANSWER:

**REQUEST FOR ADMISSION NO. 3:** GPC has not paid retrospective premiums to plaintiff on insurance policy no. VK 1733935 00.

ANSWER:

**REQUEST FOR ADMISSION NO. 4:** GPC has not paid retrospective premiums to plaintiff on insurance policy no. VK 1733912 02.

ANSWER:

**REQUEST FOR ADMISSION NO. 5:**   GPC has not paid retrospective premiums to plaintiff on insurance policy no. VK 1733912 03.

ANSWER:

**REQUEST FOR ADMISSION NO. 6:**     The retrospective premium calculations of plaintiff for insurance policy no. VK 133912 01 are correct.

ANSWER:

**REQUEST FOR ADMISSION NO. 7:**    The retrospective premium calculations of plaintiff

for insurance policy no. VK 1733935 00 are correct.

ANSWER:

**REQUEST FOR ADMISSION NO. 8:**    The retrospective premium calculations of plaintiff

for insurance policy no. VK 1733912 02 are correct.

ANSWER:

**REQUEST FOR ADMISSION NO. 9:**    The retrospective premium calculations of plaintiff

for insurance policy no. VK 1733912 03 are correct.

ANSWER:

**REQUEST FOR ADMISSION NO. 10:**    Reliance did not improperly handle the claim of

Frank Jamaica under the Reliance Policies.

ANSWER:

**REQUEST FOR ADMISSION NO. 11:**    Reliance did not improperly handle the claim of

Darrell Marshall under the Reliance Policies.

ANSWER:

**REQUEST FOR ADMISSION NO. 12:**    Exhibit "B" to the Complaint contains a genuine

copy of the pertinent provisions of the workers' compensation and employer's liability insurance

policy no. VK 1733912 01 which was issued by Reliance to defendant.

ANSWER:

**REQUEST FOR ADMISSION NO. 13:**    Exhibit "B" to the Complaint contains a genuine copy of the pertinent provisions of the workers' compensation and employer's liability insurance policy no. VK 1733935 00 which was issued by Reliance to defendant.

ANSWER:

**REQUEST FOR ADMISSION NO. 14:**    Exhibit "B" to the Complaint contains a genuine copy of the pertinent provisions of the workers' compensation and employer's liability insurance policy no. VK 1733912 02 which was issued by Reliance to defendant.

ANSWER:

**REQUEST FOR ADMISSION NO. 15:**    Exhibit "B" to the Complaint contains a genuine copy of the pertinent provisions of the workers' compensation and employer's liability insurance policy no. VK 1733912 03 which was issued by Reliance to defendant.

ANSWER:

**REQUEST FOR ADMISSION NO. 16:** Policy VK 1733912 01 contains the following

language in the Retrospective Premium Endorsement:

### D.   PREMIUM CALCULATIONS AND PAYMENTS

1.   WE WILL CALCULATE THE RETROSPECTIVE
PREMIUM USING ALL LOSS INFORMATION WE HAVE AS
OF THE DATE SIX MONTHS AFTER THE RATING PLAN
PERIOD ENDS AND ANNUALLY THEREAFTER. WE WILL
HAVE THE CALCULATION VERIFIED BY THE
APPROPRIATE RATE SERVICE ORGANIZATION AT YOUR
REQUEST.

WE MAY MAKE A SPECIAL VALUATION OF THE
RETROSPECTIVE PREMIUM AS OF ANY DATE THAT YOU
ARE DECLARED BANKRUPT OR INSOLVENT, MAKE AN
ASSIGNMENT FOR THE BENEFIT OF CREDITORS, ARE
INVOLVED IN REORGANIZATION, RECEIVERSHIP, OR
LIQUIDATION, OR DISPOSE OF ALL YOUR INTEREST IN
WORK COVERED BY THE INSURANCE. YOU WILL PAY
THE AMOUNT DUE US IF THE RETROSPECTIVE PREMIUM
IS MORE THAN THE TOTAL STANDARD PREMIUM AS OF
THE SPECIAL VALUATION DATE.

2.   AFTER A CALCULATION OF RETROSPECTIVE
PREMIUM, YOU AND WE MAY AGREE THAT IT IS THE
FINAL CALCULATION. NO OTHER CALCULATION WILL
BE MADE UNLESS THERE IS A CLERICAL ERROR IN THE
FINAL CALCULATION.

3.   AFTER EACH CALCULATION OF RETROSPECTIVE
PREMIUM, YOU WILL PAY PROMPTLY THE AMOUNT
DUE US, OR WE WILL REFUND THE AMOUNT DUE YOU.
EACH INSURED IS RESPONSIBLE FOR THE PAYMENT OF
ALL STANDARD PREMIUM AND RETROSPECTIVE
PREMIUM CALCULATED UNDER THIS ENDORSEMENT.

ANSWER:

**REQUEST FOR ADMISSION NO. 17:** Policy VK 1733935 00 contains the following

language in the Retrospective Premium Endorsement:

### D.    PREMIUM CALCULATIONS AND PAYMENTS

1.    WE WILL CALCULATE THE RETROSPECTIVE
PREMIUM USING ALL LOSS INFORMATION WE HAVE AS
OF THE DATE SIX MONTHS AFTER THE RATING PLAN
PERIOD ENDS AND ANNUALLY THEREAFTER. WE WILL
HAVE THE CALCULATION VERIFIED BY THE
APPROPRIATE RATE SERVICE ORGANIZATION AT YOUR
REQUEST.

WE MAY MAKE A SPECIAL VALUATION OF THE
RETROSPECTIVE PREMIUM AS OF ANY DATE THAT YOU
ARE DECLARED BANKRUPT OR INSOLVENT, MAKE AN
ASSIGNMENT FOR THE BENEFIT OF CREDITORS, ARE
INVOLVED IN REORGANIZATION, RECEIVERSHIP, OR
LIQUIDATION, OR DISPOSE OF ALL YOUR INTEREST IN
WORK COVERED BY THE INSURANCE. YOU WILL PAY
THE AMOUNT DUE US IF THE RETROSPECTIVE PREMIUM
IS MORE THAN THE TOTAL STANDARD PREMIUM AS OF
THE SPECIAL VALUATION DATE.

2.    AFTER A CALCULATION OF RETROSPECTIVE
PREMIUM, YOU AND WE MAY AGREE THAT IT IS THE
FINAL CALCULATION. NO OTHER CALCULATION WILL
BE MADE UNLESS THERE IS A CLERICAL ERROR IN THE
FINAL CALCULATION.

3.    AFTER EACH CALCULATION OF RETROSPECTIVE
PREMIUM, YOU WILL PAY PROMPTLY THE AMOUNT
DUE US, OR WE WILL REFUND THE AMOUNT DUE YOU.
EACH INSURED IS RESPONSIBLE FOR THE PAYMENT OF
ALL STANDARD PREMIUM AND RETROSPECTIVE
PREMIUM CALCULATED UNDER THIS ENDORSEMENT.

ANSWER:

**REQUEST FOR ADMISSION NO. 18:** Policy VK 1733912 02 contains the following

language in the Retrospective Premium Endorsement:

### D.    PREMIUM CALCULATIONS AND PAYMENTS

1.    WE WILL CALCULATE THE RETROSPECTIVE
PREMIUM USING ALL LOSS INFORMATION WE HAVE AS
OF THE DATE SIX MONTHS AFTER THE RATING PLAN
PERIOD ENDS AND ANNUALLY THEREAFTER. WE WILL
HAVE THE CALCULATION VERIFIED BY THE
APPROPRIATE RATE SERVICE ORGANIZATION AT YOUR
REQUEST.

WE MAY MAKE A SPECIAL VALUATION OF THE
RETROSPECTIVE PREMIUM AS OF ANY DATE THAT YOU
ARE DECLARED BANKRUPT OR INSOLVENT, MAKE AN
ASSIGNMENT FOR THE BENEFIT OF CREDITORS, ARE
INVOLVED IN REORGANIZATION, RECEIVERSHIP, OR
LIQUIDATION, OR DISPOSE OF ALL YOUR INTEREST IN
WORK COVERED BY THE INSURANCE. YOU WILL PAY
THE AMOUNT DUE US IF THE RETROSPECTIVE PREMIUM
IS MORE THAN THE TOTAL STANDARD PREMIUM AS OF
THE SPECIAL VALUATION DATE.

2.    AFTER A CALCULATION OF RETROSPECTIVE
PREMIUM, YOU AND WE MAY AGREE THAT IT IS THE
FINAL CALCULATION. NO OTHER CALCULATION WILL
BE MADE UNLESS THERE IS A CLERICAL ERROR IN THE
FINAL CALCULATION.

3.    AFTER EACH CALCULATION OF RETROSPECTIVE
PREMIUM, YOU WILL PAY PROMPTLY THE AMOUNT
DUE US, OR WE WILL REFUND THE AMOUNT DUE YOU.
EACH INSURED IS RESPONSIBLE FOR THE PAYMENT OF
ALL STANDARD PREMIUM AND RETROSPECTIVE
PREMIUM CALCULATED UNDER THIS ENDORSEMENT.

ANSWER:

**REQUEST FOR ADMISSION NO. 19:** Policy VK 1733912 03 contains the following

language in the Retrospective Premium Endorsement:

### D.    PREMIUM CALCULATIONS AND PAYMENTS

1.    WE WILL CALCULATE THE RETROSPECTIVE
PREMIUM USING ALL LOSS INFORMATION WE HAVE AS
OF THE DATE SIX MONTHS AFTER THE RATING PLAN
PERIOD ENDS AND ANNUALLY THEREAFTER. WE WILL
HAVE THE CALCULATION VERIFIED BY THE
APPROPRIATE RATE SERVICE ORGANIZATION AT YOUR
REQUEST.

WE MAY MAKE A SPECIAL VALUATION OF THE
RETROSPECTIVE PREMIUM AS OF ANY DATE THAT YOU
ARE DECLARED BANKRUPT OR INSOLVENT, MAKE AN
ASSIGNMENT FOR THE BENEFIT OF CREDITORS, ARE
INVOLVED IN REORGANIZATION, RECEIVERSHIP, OR
LIQUIDATION, OR DISPOSE OF ALL YOUR INTEREST IN
WORK COVERED BY THE INSURANCE. YOU WILL PAY
THE AMOUNT DUE US IF THE RETROSPECTIVE PREMIUM
IS MORE THAN THE TOTAL STANDARD PREMIUM AS OF
THE SPECIAL VALUATION DATE.

2.    AFTER A CALCULATION OF RETROSPECTIVE
PREMIUM, YOU AND WE MAY AGREE THAT IT IS THE
FINAL CALCULATION. NO OTHER CALCULATION WILL
BE MADE UNLESS THERE IS A CLERICAL ERROR IN THE
FINAL CALCULATION.

3.    AFTER EACH CALCULATION OF RETROSPECTIVE
PREMIUM, YOU WILL PAY PROMPTLY THE AMOUNT
DUE US, OR WE WILL REFUND THE AMOUNT DUE YOU.
EACH INSURED IS RESPONSIBLE FOR THE PAYMENT OF
ALL STANDARD PREMIUM AND RETROSPECTIVE
PREMIUM CALCULATED UNDER THIS ENDORSEMENT.

ANSWER:

**REQUEST FOR ADMISSION NO. 20:** On or about June 17, 1992 plaintiff and GPC entered into the workers' compensation and employer's liability insurance policy VK 1733912 01 which covered the time period from June 17, 1992 to June 17, 1993.

ANSWER:

**REQUEST FOR ADMISSION NO. 21:** On or about June 17, 1993 plaintiff and GPC entered into the workers' compensation and employer's liability insurance policy VK 1733935 00 which covered the time period from June 17, 1993 to June 30, 1993.

ANSWER:

**REQUEST FOR ADMISSION NO. 22:** On or about June 30, 1993 plaintiff and GPC entered into the workers' compensation and employer's liability insurance policy VK 1733912 02 which covered the time period from June 30, 1993 to June 30, 1994.

ANSWER:

16

**REQUEST FOR ADMISSION NO. 23:** On or about June 30, 1994 plaintiff and GPC entered

into the workers' compensation and employer's liability insurance policy VK 1733912 03 which

covered the time period from June 30, 1994 to June 30, 1995.

ANSWER:

> /s/ Sheldon K. Rennie (#3772)
> Sheldon K. Rennie
> FOX ROTHSCHILD LLP
> Citizens Bank Center
> 919 North Market Street
> Suite 1300, 13th Floor
> Wilmington, DE 19801-2323
> (302) 654-7444
>
> and
>
> Gerald E. Arth
> Cheryl A. Garber
> FOX ROTHSCHILD LLP
> 2000 Market Street – 10th Floor
> Philadelphia, PA 19103
> (215) 299-2000
> *Attorneys for plaintiff,*
> *M. Diane Koken, in her official capacity*
> *as Insurance Commissioner of the*
> *Commonwealth of Pennsylvania,*
> *as Liquidator of Reliance Insurance*
> *Company (In Liquidation)*

Dated: October 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of plaintiff's First Requests for

Admissions Directed to Defendant GPC International, Inc., was served *via* First Class Mail,

postage prepaid upon the following:

> Lori Marks-Esterman, Esquire
> Olshan Grundman Frome Rosenzweig & Wolosky LLP
> Park Avenue Tower
> 65 East 55th Street
> New York, NY 10022
> *Attorneys for Defendant/Third-Party Plaintiff*
> *GPC International, Inc.*

> Andre Bouchard, Esquire
> John M. Seaman, Esquire
> Bouchard Margules & Friedlander, P.A.
> 222 Delaware Avenue
> Suite 1400
> Wilmington, DE 19801
> *Attorneys for Defendant/Third-Party Plaintiff*
> *GPC International, Inc.*

> Sean J. Bellew, Esquire
> Cozen O'Conner
> 1201 North Market Street
> Suite 1400
> Wilmington, DE 19801
> *Attorneys for Third-Party Defendant*
> *Zurich-American Insurance Company*

> By: /s/ Sheldon K. Rennie (#3772)
>      Sheldon K. Rennie

Dated: October 7, 2005

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION) | : : : : | |
| Plaintiff, | : : | |
| v. | : : | |
| GPC INTERNATIONAL, INC. | : | C.A. No. 05-223 (SLR) |
| Defendant. | : : : | |
| | : | |
| GPC INTERNATIONAL, INC. | : : | |
| Third-Party Plaintiff, | : : : | |
| v. | : : | |
| ZURICH-AMERICAN INSURANCE COMPANY | : : : | |
| Third-Party Defendant. | : | |

**STIPULATION AND ORDER AMENDING SCHEDULING ORDER**

WHEREAS, in the interest having mediation before United States Magistrate Judge Mary Pat Thynge, pursuant to Order dated September 27, 2005, prior to the completion of discovery in the above-entitled action in an attempt to save the parties expenses attendant to additional discovery and without seeking to adjourn any dates set forth in the Scheduling Order entered on August 16, 2005 in this action (the "Scheduling Order"), except as set forth below;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned

attorneys for the parties hereto, that, subject to the approval of the Court,  the dates set forth in

the Scheduling Order for the matters identified below are extended to the following dates:

1.      All fact discovery shall be commenced in time to be completed by **May 15,**

   **2006** (as adjourned from the original date of March 16, 2006 in paragraph 2(b)

   of the Scheduling Order).

2.      All expert discovery shall be commenced in time to be completed by **June 14,**

   **2006** (as adjourned from original date of April 14, 2006 in paragraph 2(b) of

   the Scheduling Order).

3.      Reports from retained experts under Rule 26(a)(2) on issues for which any

   party has the burden of proof due by **May 1, 2006** (as adjourned from original

   date of March 1, 2006 in paragraph 2(g) of the Scheduling Order).

4.       Rebuttal expert reports due by **May 20, 2006** (as adjourned from original date

   of March 1, 2006 in paragraph 2(g) of the Scheduling Order).

Dated: February 17, 2006

FOX ROTHSCHILD LLP

BOUCHARD MARGULES &
FRIEDLANDER P.A.

By /s/ Sheldon K. Rennie
Sheldon Kevin Rennie (#3772)
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
Telephone: (302) 622-4202
srennie@foxrothschild.com

By /s/ John M. Seaman
Andre G. Bouchard (#2504)
John M. Seaman (#3868)
222 Delaware Ave, Suite 1400
Wilmington, DE  19801
Telephone: (302) 573-3500
abouchard@bmf-law.com
jseaman@bmf-law.com

- and –

Gerald Arth, Esquire
FOX ROTHSCHILD LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291
Telephone: (215) 299-2000

*Attorneys for Plaintiff*
*M. Diane Koken*

COZEN O'CONNOR

By /s/ Sean J. Bellew
Sean J. Bellew (#4072)
David A. Felice (#4090)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 259-2000
sbellew@cozen.com
dfelice@cozen.com

*Attorneys for Third-Party Defendant*
*Zurich American Insurance Company*

- and -

Herbert C. Ross, Jr.
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York, New York 1002
Telephone: (212) 451-2300

*Attorneys for Defendant and Third-Party*
*Plaintiff GPC International, Inc.*

IT IS SO ORDERED this _____ day of _____, 2006.

_____
Chief Judge Sue L. Robinson

3

## Other Documents

1:05-cv-00223-SLR Koken v. GPC International Inc.

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Seaman, John entered on 2/17/2006 at 5:55 PM EST and filed on 2/17/2006

**Case Name:**      Koken v. GPC International Inc.
**Case Number:**    1:05-cv-223
**Filer:**          GPC International Inc.
**Document Number:** 34

### Docket Text:
STIPULATION Amending Scheduling Order Pending Mediation re [15] Scheduling Order,, by GPC International Inc., GPC International Inc.. (Seaman, John)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=2/17/2006] [FileNumber=171645-0]
[4413e3b55c60d7e898b11b9ac3074b098e8ee95b7a1c7371aa8115f087838e272ce0
1dd1eaae158bfb460d14e0701647897416ea8135f442b6718857e3478ae5]]

### 1:05-cv-223 Notice will be electronically mailed to:

Gerald Arth    garth@foxrothschild.com,

Sean J. Bellew    sbellew@cozen.com,

David A. Felice    dfelice@cozen.com

Cheryl A. Garber    cgarber@foxrothschild.com,

Sheldon Kevin Rennie    srennie@foxrothschild.com,

John M. Seaman    jseaman@bmf-law.com, jfielder@bmf-law.com

### 1:05-cv-223 Notice will be delivered by other means to: