# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| M. DIANE KOKEN, in her official capacity as | : | |
| Insurance Commissioner of the Commonwealth of | : | |
| Pennsylvania, as Liquidator of RELIANCE | : | |
| INSURANCE COMPANY (IN LIQUIDATION) | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GPC INTERNATIONAL, INC. | : | No. 05 CV 223 (SLR) |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| GPC INTERNATIONAL, INC. | : | |
| | : | |
| Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ZURICH-AMERICAN INSURANCE COMPANY | : | |
| | : | |
| Third-Party Defendant. | : | |

**DEFENDANT'S ANSWERS AND OBJECTIONS TO
"PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT
GPC INTERNATIONAL, INC."**

Defendant GPC International, Inc. ("GPC") answers and objects to "Defendant's First Set of

Interrogatories Directed to Defendant GPC International, Inc." (the" Interrogatories") as follows:

## GENERAL OBJECTIONS

GPC asserts the following General Objections to the Interrogatories (such objections

hereinafter referred to as the "General Objections"):

A.    The following answers and objections are made without in any way waiving or

intending to waive:

(i)    Any and all objections based on, or questions as to, competency,
relevancy, materiality, privilege and admissibility as evidence of the responses herein, their
subject matter, or any answer given in response to any of the Interrogatories, for any purpose, in
this action or any other proceeding.

(ii)    The right to object to the use of any answer to any of the Interrogatories or
response herein, its subject matter, or any information given in response to any of the
Interrogatories in this action or any other proceeding.

(iii)    The right to object on any ground at any time to a demand for responses to
any document request, interrogatories, request for admission, or other discovery procedure
involving or relating to the subject matters of the Interrogatories; and

(iv)    The right at any time to revise, correct, add to or clarify any of the
responses herein or any of the answers given to any of the Interrogatories.

B.    GPC objects to the Interrogatories to the extent that they seek the production of

any documents protected from disclosure by reason of the attorney-client privilege, the

attorney's work product doctrine, or any other doctrine or privilege protecting documents from

disclosure (all such documents hereinafter referred to as "Privileged Documents"), and

Privileged Documents will not be produced by GPC. Counsel for GPC is furnishing as Exhibit

A to Plaintiff's Response to "Plaintiff's First Request for the Production of Documents" a list of

documents being withheld from production on the basis of a claim of attorney-client privilege or

attorney's work product. GPC objects to including in such list and does not include therein

Privileged Documents generated after the date this action was commenced and generated in

connection with the defense of GPC in this action or GPC's third-party claims against Zurich-

American Insurance Company in this action as overly intrusive and beyond the scope of the

intention of Rule 26 (b)(5), Fed.R.Civ.P.

C.    GPC objects to paragraph O in the Definitions in the Interrogatories as overly

broad and unduly burdensome and also to the extent that it purports to require GPC to "describe

2

fully all ... legal theories" as requesting matter not properly the subject of an interrogatory and matter that constitutes opinion or legal theories of counsel for GPC, barred from discovery by Rule 26 (b)(3), Fed.R.Civ.P.

D.      GPC reserves the right to revise, correct, add to or clarify any of the responses herein or any of the answers given to any of the Interrogatories.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1.      Identify all persons (including but not limited to present or former employees of GPC or any predecessor in interest) who have knowledge of any relevant facts relating to the allegations or denials contained in plaintiffs Complaint, GPC's Answer or GPC's Third-Party Complaint against Zurich-American Insurance Company ("Zurich"), setting forth a summary of each such person's knowledge.

ANSWER AND OBJECTIONS TO INTERROGATORY NO. 1: GPC objects to this Interrogatory No. 1 as overly broad and unduly burdensome to the extent that the interrogatory asks for a summary of each identified individual's knowledge. GPC also objects to this interrogatory because it requests that the answering party, GPC, make legal judgments for the inquirer, Plaintiff, about what are "relevant facts relating to the allegations ...contained in" the Complaint, a pleading alleged by Plaintiff, and asks GPC, in effect, to furnish to Plaintiff legal judgments about relevant facts concerning the Answer or Third-Party Complaint. Plaintiff is not entitled to discovery of the "mental impressions, conclusions, opinions, or legal theories of [GPC's attorneys] concerning the litigation." Rule 26 (b)(3), Fed.R.Civ.P.

3

Subject to, and without waiving the foregoing objections and the General Objections,

GPC answers as follows:

1.    Don W. Fleischauer
      Chief Financial Officer
      GPC International, Inc.
      510 Broad Hollow Road
      Suite 205
      Melville, NY  11747
      Tel:  (631) 752-9600

2.    Michael Berman
      Corporate Controller
      GPC International, Inc.
      510 Broad Hollow Road
      Suite 205
      Melville, NY  11747
      Tel:  (631) 752-9600

3.    Larry Eastman
      Former Vice President of Operations
      Plan Hold Corp.
      Whereabouts unknown

4.    Kathleen Leach,
      Former Assistant to Larry Eastman
      Whereabouts unknown

5.    Darryl Weyant
      Vice President of Operations
      Clearprint Paper Company
      C/o GPC International, Inc.
      510 Broad Hollow Road
      Suite 205
      Melville, NY  11747
      Tel:  (631) 752-9600

6.    Carol A. Son (Insurance Broker)
      Marsh USA Inc.
      1000 Ridgeway Loop Road
      Memphis, TN  38120
      Tel:  (901) 684-3694

2.    Identify any statements, admissions, or declarations against interest which have been made by any person or person's agent(s), servant(s), and/or employee(s) relevant to the subject matter of this lawsuit.

OBJECTIONS TO INTERROGATORY NO. 2: GPC objects to this Interrogatory No. 2 as overly broad in that it fails to furnish any specific subject matter. GPC also objects to this interrogatory because it requests that the answering party, GPC, make legal judgments for the inquirer, Plaintiff, about whether there have been any and, if so, what are "any admissions, or declarations against interest which have been made by any person or person's agent(s), servant(s), and/or employee(s) relevant to the subject matter of this lawsuit." Plaintiff is not entitled to discovery of the "mental impressions, conclusions, opinions, or legal theories of [GPC's attorneys] concerning the litigation." Rule 26 (b)(3), Fed.R.Civ.P.

3.    Identify each communication you have had concerning the subject matter of the Complaint, GPC's Answer and GPC's Third-Party Complaint against Zurich with any person.

ANSWER AND OBJECTIONS TO INTERROGATORY NO. 3: GPC objects to this Interrogatory No. 3 as overly broad and unduly burdensome, and as requesting Privileged Matter. Subject to, and without waiving, the foregoing objections and the General Objections, GPC answers as follows: GPC refers Plaintiff to the copies of non-privileged correspondence that it will produce pursuant to its in response to "Plaintiff's First Request for the Production of Documents Directed to Defendant GPC International, Inc." ("Plaintiff's Requests").

5

4.    Identify any documents containing any information related to this action which have been destroyed by you or by any other person.

ANSWER AND OBJECTIONS TO INTERROGATORY NO. 4: GPC objects to this Interrogatory No. 4 as overly broad in that is fails to specify a reasonably defined subject matter. Subject to, and without waiving the foregoing objections and the General Objections, GPC answers as follows: GPC is unaware of any such destroyed documents.

5.    Identify any written or oral statement, communication, or report made by a party to this litigation or by any person not a party to this litigation, relating to the facts of this litigation, or any of the allegations or defenses contained in the pleadings filed in this litigation.

ANSWER AND OBJECTIONS TO INTERROGATORY NO. 5: GPC objects to this Interrogatory No. 5 as overly broad as lacking any specificity in the subject matter of the interrogatory and unduly burdensome, as and as, along with Request No. 11 in "Plaintiff's Request", requesting the production of Privileged Documents. No such documents will be produced. Subject to, and without waiving the foregoing objections and the General Objections, GPC answers as follows: GPC refers Plaintiff to the copies of non-privileged correspondence that it will produce pursuant to its in response to "Plaintiff's Requests".

6.    State the basis for GPC's First Affirmative Defense.

OBJECTIONS TO INTERROGATORY NO. 6:    GPC objects to this Interrogatory No. 6 because it requests outline of a legal argument which is not a proper subject of an interrogatory. Plaintiff is not entitled to discovery of the "mental impressions, conclusions,

6

opinions, or legal theories of [GPC's attorneys] concerning the litigation." Rule 26 (b)(3), Fed.R.Civ.P.

    7.    State the basis for GPC's Second Affirmative Defense.

    ANSWER TO INTERROGATORY NO. 7: Based on the information currently available to GPC, it answers as follows. Plaintiff has suffered no damages because, as alleged by Plaintiff, the California Insurance Guaranty Association ("CIGA"), rather than Plaintiff or Reliance Insurance Company ("Reliance"), apparently made most of the total of alleged workers' compensation payments to Darrell Marshall and Frank Jamaica, whose claims are the subject of the purported retrospective premiums sought by Plaintiff in this action, since Reliance became subject to the Order of Liquidation dated October 3, 2001 ("Liquidation Order") in the matter entitled M. Diane Koken, etc. v. Reliance Insurance Company (Commonwealth Court of Pennsylvania, No. 269 M.D. 2001). Additionally, neither Reliance nor CIGA should have made various workers' compensation payments or parts of workers' compensation payments to Frank Jamaica because Reliance and CIGA should have referred certain of the purported injuries claimed by Mr. Jamaica, and any compensable expenses arising therefrom, to Zurich-American Insurance Company ("Zurich") for investigation and payment, if any, under one or more workers' compensation and employers' liability policies issued by Zurich to GPC. Mr. Jamaica clamed that he suffered work-related injury arising out of an alleged accident in or about April 1996 which was during the policy period of a workers' compensation policy issued by Zurich. Additionally, it appears that Reliance and the CIGA made workers' compensation payments to Frank Jamaica for alleged injuries and related expenses that arose out of a non-compensable accident, i.e, a car accident which did not involve Mr. Jamaica's employment with GPC or any of its subsidiaries.

7

8.    State the basis for GPC's Third Affirmative Defense.

ANSWER TO INTERROGATORY NO. 8: Based on the information currently available to GPC, it answers as follows. Before the Liquidation Order, and in or about March 2000, Reliance advised GPC's then insurance broker, Sedgwick of Tennessee, Inc., that GPC owed retrospective premiums of approximately $24,000. Based on such advice, GPC reasonably believed that ultimately there would be no retrospective premiums due to Reliance or at least no retrospective premiums in excess of the approximate $24,000 when the claims were settled because the purportedly owed premium of about $24,000 included reserves on those claims. Reliance made no further contacts with GPC about retrospective premiums for an unreasonably lengthy period of time, i.e., until in or about March 2002, two years after its aforesaid communication to GPC's broker in March 2000. During the interim period of time, neither Reliance nor CIGA gave any information to GPC about what was happening with the Marshall and Jamaica claims, and GPC reasonably assumed that the claims had been settled in such a fashion that no retrospective premiums were owed. In March 2002, Reliance advised that approximately $144,000 was owed in retrospective premiums, although Reliance was no longer handling the claims of Marshall and Jamaica. Two years later, in 2004, Reliance dramatically escalated the amount allegedly due, asserting that GPC owed approximately $404,764 in retrospective premiums. GPC was prejudiced by such conduct by Reliance and its liquidator, including the significant delays described above in providing information to GPC and in advising what alleged retrospective premiums were owed, because GPC was deprived of information about how much the alleged premiums were dramatically rising and how the Marshall and Jamaica claims were being handled during critical times during which the apparent costs associated with the claims escalated radically. If GPC had been supplied with such information,

it could have monitored the handling of those claims by Reliance and thereafter CIGA in order to

minimize any financial exposure to GPC. Furthermore, in agreeing to the retrospective premium

plan with Reliance in connection with the workers' compensation policies issued by Reliance for

the periods from June 17, 1991 to June 30, 1995, GPC relied to its detriment on the competent

claims handling and monitoring abilities which Reliance represented it had and which it failed to

exercise.

      9.      State the basis for GPC's Fourth Affirmative Defense.

      <u>ANSWER TO INTERROGATORY NO. 9</u>:  Based on the information currently

available to GPC, it answers as follows. CIGA handled the Marshall and Jamaica claims

following the entry of the Liquidation Order in October 2001. During the period of its handling

of those claims, CIGA failed to settle these claims expeditiously and overpaid on the claims,

including making payments (i) for the non-compensable, alleged injuries to Jamaica, described in

the answer herein to Interrogatory No. 7 and (ii) on injuries that should have been paid by Zurich

as described in the answer herein to Interrogatory No. 7. Additionally, as described in the answer

herein to  Interrogatory No. 7, Zurich failed to make payments for expenses arising from

purported injuries to Jamaica, which were subject to one or more workers' compensation policies

issued by Zurich to GPC.

      10.     State the basis for GPC's Fifth Affirmative Defense.

      <u>ANSWER TO INTERROGATORY NO. 10</u>: Based on the information currently

available to GPC, it answers as follows. In answer to this Interrogatory No. 10, GPC incorporates

its above answers to Interrogatory Nos. 7 and 8 as though fully set forth herein.

9

11.     State the basis for GPC's Sixth Affirmative Defense.

OBJECTIONS TO INTERROGATORY NO. 11: GPC objects to this

Interrogatory No. 11 because it requests outline of a legal argument which is not a proper subject
of an interrogatory. Plaintiff is not entitled to discovery of the "mental impressions, conclusions,
opinions, or legal theories of [GPC's attorneys] concerning the litigation." Rule 26 (b)(3),
Fed.R.Civ.P.

12.     State the basis for GPC's Seventh Affirmative Defense.

ANSWER TO INTERROGATORY NO.12: Based on the information currently available to
GPC, it answers as follows. The third claim in Plaintiff's complaint in this action seeks a
declaratory judgment with respect to purported retrospective premiums in the future. There is no
reason to believe that any future payments will be made to either claimant, Mr. Marshall or Mr.
Jamaica. Accordingly, there is no controversy at issue as to any purported larger, future
retrospective premiums, and the declaratory judgment claim is thereby improper.

13.     State the basis for GPC's allegation in paragraph 14 of GPC' s Third-Party
Complaint against Zurich that "Upon information and belief, Reliance paid sums to Frank
Jamaica for injuries which, at least in part, are covered by the Zurich Polices."

ANSWER TO INTERROGATORY NO. 13: Based on the information currently
available to GPC, it answers as follows. Documentation shows that Frank Jamaica claimed that
he suffered an injury in 1996 during work at a then subsidiary of GPC. It appears that Reliance
and subsequently CIGA  paid for expenses arising out of such alleged injury. Such alleged
injury purportedly occurred during a time period for which Zurich provided to GPC and its then
subsidiaries workers' compensation coverage.

10

14.     Do you contend that Reliance mishandled any claims under the Reliance Policies?
Unless your answer is an unequivocal "No", state the basis for your contention.

ANSWER TO INTERROGATORY NO. 14: Yes. Based on the information

currently available to GPC, the bases of the contention that Reliance mishandled claims are that
Reliance and subsequently CIGA (a) failed to reduce or avoid payments to Jamaica for expenses
arising out of the injuries apparently suffered by him in a non-work related automobile accident,
(b) failed to refer to Zurich, for payment, but instead paid themselves expenses arising out of an
alleged work-related injury to Jamaica in April 1996 which was during a period of time when
Zurich provided workers' compensation coverage to GPC and its then subsidiaries, (c) failed to
argue that the claimed injury to Jamaica's shoulder was never part of Jamaica's initial complaint
about the accident and injury that he allegedly suffered in January 1995, and that it was only
later, during the period of time when Zurich provided workers' compensation coverage to GPC
and its then subsidiaries, that Jamaica inexplicably complained about the shoulder injury, and (d)
Reliance and subsequently CIGA failed to keep GPC apprised of the handling of the Jamaica and
Marshall claims.

As to objections,

Dated: December 7, 2005             BOUCHARD MARGULES & FRIEDLANDER, P.A.

                                    By____/s/ John M. Seaman_____
                                    Andre G. Bouchard (#2504)
                                    John M. Seaman (#3868)
                                    222 Delaware Ave, Suite 1400
                                    Wilmington, DE  19801
                                    Telephone: (302) 573-3500
                                    abouchard@bmf-law.com
                                    jseaman@bmf-law.com

                                    *Attorneys for Defendant and Third-Party Plaintiff*
                                    *GPC International, Inc.*

11

## VERIFICATION

STATE OF NEW YORK    )
                             )   ss:
COUNTY OF SUFFOLK   )

      DON W. FLEISCHAUER, being duly sworn, deposes and says:

      I am the Chief Financial Officer of GPC International, Inc., the Defendant in this action. I have read the answers in the foregoing "Defendant's Answers and Objections to 'Plaintiff's First Set of Interrogatories Directed to Defendant GPC International, Inc.'", and said answers are true to my own knowledge or believed by me to be true based on information and documents from various sources at GPC International, Inc.

                                                      DON W. FLEISCHAUER

Sworn to before me this
7th day of December, 2005

Rita E. Blank
Notary Public

RITA E. BLANK
Notary Public, State of New York
No. 01BL6123698
Qualified in Suffolk County
Commission Expires March 14, 2009

481419-1

# EXHIBIT F

## John Seaman

| From: | Lori Marks-Esterman [LMarksesterman@olshanlaw.com] |
|---|---|
| Sent: | Friday, February 17, 2006 5:41 PM |
| To: | cgarber@foxrothschild.com; GArth@foxrothschild.com |
| Cc: | John Seaman; Bellew, Sean; Rennie, Sheldon K.; Herbert C Ross |
| Subject: | Koken v. GPC v. Zurich |

Jerry and Cheryl,

You indicated during the telephone conference yesterday that it is plaintiff's position
that claims handling is not "at issue" in this action, and you then asked counsel for GPC
to identify where in the pleadings claims handling has been raised and/or asserted as a
defense.

I direct your attention to paragraph 18 of the Complaint, which asserts, "Under the law of
New York governing the Reliance Policies . .
. alleged negligent or bad-faith claims' handling by an insurer cannot be asserted by an
insured as a set-off or affirmative defense to a claim for retrospective premiums."
Plaintiff, thus, directly raised the issue
of claims handling in its Complaint.   GPC denied this allegation in
paragraph 18 of its Answer.

I further direct your attention to paragraph 20 of the Complaint, which alleges that
"Reliance fully performed all of its obligations under the Reliance Policies."  Any such
full performance by Reliance necessarily includes its legal obligations regarding
processing and handling claims.
 GPC denied this allegation in paragraph 20 of its Answer.

Finally, I direct your attention to GPC's Third, Fourth and Fifth Affirmative Defenses,
which assert, respectively, that plaintiff's claims are barred by laches and estoppel, the
actions or omission of third parties, and that plaintiff's claims have been waived by the
conduct of Reliance.

Please advise us promptly if (a) plaintiff will assert that mishandling of claims and lack
of good faith and proper  performance of the insurer's obligations for handling claims are
not at issue in this action, and (b) if so, whether plaintiff will consent to an amendment
of GPC's Answer to make explicitly clear to plaintiff that GPC is asserting these
defenses.

Thank you.


Lori Marks-Esterman, Esq.
Olshan Grundman Frome Rosenzweig & Wolosky LLP Park Avenue Tower
65 East 55th Street
New York, New York 10022
(T) 212-451-2257
(F) 212-451-2222
lmarksesterman@olshanlaw.com


To ensure compliance with requirements imposed by the IRS, we inform you that unless
specifically indicated otherwise, any tax advice contained in this communication
(including any attachment to this communication, other than an attachment which is a
formal tax opinion) was not intended or written to be used, and cannot be used, for the
purpose of (i) avoiding tax-related penalties under the Internal Revenue Code, or (ii)
promoting, marketing, or recommending to another party any tax-related matter addressed
herein.

This electronic transmission by the law firm of Olshan Grundman Frome Rosenzweig & Wolosky
LLP contains information that may be confidential or proprietary, or protected by the

1

attorney-client privilege or work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents hereof is strictly prohibited. If you have received this transmission in error, please notify <<<<GWAVAsig>>>>

# EXHIBIT G

## John Seaman

| From: | Arth, Gerald [GArth@foxrothschild.com] |
|---|---|
| Sent: | Monday, February 20, 2006 10:32 AM |
| To: | Lori Marks-Esterman |
| Cc: | Garber, Cheryl; John Seaman; Bellew, Sean; Rennie, Sheldon K.; Herbert C Ross |
| Subject: | RE: Koken v. GPC v. Zurich |

Lori:

You are well aware of the Liquidator's position that alleged improper claims handling is not a valid defense to payment of retrospective premiums. Nevertheless, you are free to exercise whatever rights GPC is entitled to under the Federal Rules of Civil Procedure.

Jerry

-----Original Message-----
From: Lori Marks-Esterman [mailto:LMarksesterman@olshanlaw.com]
Sent: Friday, February 17, 2006 5:41 PM
To: Garber, Cheryl; Arth, Gerald
Cc: jseaman@bmf-law.com; Bellew, Sean; Rennie, Sheldon K.; Herbert C Ross
Subject: Koken v. GPC v. Zurich

Jerry and Cheryl,

You indicated during the telephone conference yesterday that it is plaintiff's position that claims handling is not "at issue" in this action, and you then asked for GPC to identify where in the pleadings claims handling has been raised and/or asserted as a defense.

I direct your attention to paragraph 18 of the Complaint, which asserts, "Under the law of New York governing the Reliance Policies . .
. alleged negligent or bad-faith claims' handling by an insurer cannot be asserted by an insured as a set-off or affirmative defense to a claim for retrospective premiums." Plaintiff, thus, directly raised the issue
of claims handling in its Complaint.    GPC denied this allegation in paragraph 18 of its Answer.

I further direct your attention to paragraph 20 of the Complaint, which alleges that "Reliance fully performed all of its obligations under the Reliance Policies." Any such full performance by Reliance necessarily includes its legal obligations regarding processing and handling claims.
 GPC denied this allegation in paragraph 20 of its Answer.

Finally, I direct your attention to GPC's Third, Fourth and Fifth Affirmative Defenses, which assert, respectively, that plaintiff's claims are barred by laches and estoppel, the actions or omission of third parties, and that plaintiff's claims have been waived by the conduct of Reliance.

Please advise us promptly if (a) plaintiff will assert that mishandling of claims and lack of good faith and proper  performance of the insurer's obligations for handling claims are not at issue in this action, and (b) if so, whether plaintiff will consent to an amendment of GPC's Answer to make explicitly clear to plaintiff that GPC is asserting these defenses.

Thank you.

Lori Marks-Esterman, Esq.
Olshan Grundman Frome Rosenzweig & Wolosky LLP Park Avenue Tower
65 East 55th Street
New York, New York 10022
(T) 212-451-2257

1

(F) 212-451-2222
lmarksesterman@olshanlaw.com

---

To ensure compliance with requirements imposed by the IRS, we inform you that unless
specifically indicated otherwise, any tax advice contained in this communication
(including any attachment to this communication, other than an attachment which is a
formal tax opinion) was not intended or written to be used, and cannot be used, for the
purpose of (i) avoiding tax-related penalties under the Internal Revenue Code, or (ii)
promoting, marketing, or recommending to another party any tax-related matter addressed
herein.

This electronic transmission by the law firm of Olshan Grundman Frome Rosenzweig & Wolosky
LLP contains information that may be confidential or proprietary, or protected by the
attorney-client privilege or work product doctrine. If you are not the intended recipient,
be aware that any disclosure, copying, distribution or use of the contents hereof is
strictly prohibited. If you have received this transmission in error, please notify
<<<<GWAVAsig>>>>


ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be used or
relied upon by you or any other person, for the purpose of (i) avoiding penalties under
the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party
any tax advice addressed herein.
---------------------------------------------
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of
the Individual (s) named above. If you are not the intended recipient of this e-mail, or
the employee or agent responsible for delivering this to the intended recipient, you are
hereby notified that any dissemination or copying of this e-mail is strictly prohibited.
If you have received this e-mail in error, please immediately notify us by telephone at
(215)-299-2167 or notify us by e-mail at helpdesk@foxrothschild.com.  Also, please mail a
hardcopy of the e-mail to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA
19103-3291 via the U.S. Postal Service.  We will reimburse you for all expenses incurred.

Thank you.

# EXHIBIT H

## John Seaman

**From:**      Lori Marks-Esterman [LMarksesterman@olshanlaw.com]
**Sent:**      Friday, March 03, 2006 4:46 PM
**To:**        cgarber@foxrothschild.com; GArth@foxrothschild.com
**Cc:**        John Seaman; sbellew@cozen.com; Herbert C Ross
**Subject:**   Koken/GPC



GPC - Amended
Answer.pdf (46 K...
                    Gerry,

On February 17th, I requested that you advise me whether plaintiff will assert that
mishandling of claims and lack of good faith and proper performance of the insurer's
obligations for handling claims are not at issue in this action, and if so, whether
plaintiff will consent to an amendment of GPC's Answer to make explicitly clear to
plaintiff that GPC is asserting these defenses.

You responded by stating that it is the Liquidator's position that alleged improper claims
handling is not a valid defense to payment of retrospective premiums, and that GPC is
"free to exercise whatever rights GPC is entitled to under the Federal Rules of Civil
Procedure."

Your response answers neither of my questions.  Specifically, in merely reiterating the
Liquidator's position, you have failed to answer whether plaintiff will assert that the
defenses outlined above are not at issue in the action.  You have also failed to answer
whether plaintiff will consent to amendment of GPC's Answer.

As outlined in my February 17th email, we believe that claims mishandling has been
sufficiently set forth in the pleadings.  However, having not received an answer to either
of the questions in my email, I am attaching a proposed Amended Answer which adds two
affirmative defenses to make abundently clear to plaintiff that GPC is asserting these
defenses.

Please let me know as soon as possible whether plaintiff will stipulate to the service and
filing of GPC's Amended Answer.  I remind you that plaintiff directly raised the issue of
claims handling in its Complaint, and thus there is no surprise or prejudice to plaintiff
in seeking to amend GPC's Answer.

-Lori


Lori Marks-Esterman, Esq.
Olshan Grundman Frome Rosenzweig & Wolosky LLP Park Avenue Tower
65 East 55th Street
New York, New York 10022
(T) 212-451-2257
(F) 212-451-2222
lmarksesterman@olshanlaw.com


To ensure compliance with requirements imposed by the IRS, we inform you that unless
specifically indicated otherwise, any tax advice contained in this communication
(including any attachment to this communication, other than an attachment which is a
formal tax opinion) was not intended or written to be used, and cannot be used, for the
purpose of (i) avoiding tax-related penalties under the Internal Revenue Code, or (ii)
promoting, marketing, or recommending to another party any tax-related matter addressed
herein.

This electronic transmission by the law firm of Olshan Grundman Frome Rosenzweig & Wolosky LLP contains information that may be confidential or proprietary, or protected by the attorney-client privilege or work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents hereof is strictly prohibited. If you have received this transmission in error, please notify <<<<GWAVAsig>>>>

# EXHIBIT I

## John Seaman

| | |
|---|---|
| **From:** | Arth, Gerald [GArth@foxrothschild.com] |
| **Sent:** | Monday, March 06, 2006 11:43 AM |
| **To:** | Lori Marks-Esterman |
| **Cc:** | John Seaman; sbellew@cozen.com; Herbert C Ross; Garber, Cheryl; Rennie, Sheldon K. |
| **Subject:** | RE: Koken/GPC |

| | |
|---|---|
| **TimeMattersID:** | M310D979778B6737 |
| **TM Contact:** | Arth, Gerald |
| **TM Matter No:** | 00607 |
| **TM Matter Reference:** | GPC |


Lori:

Improper claims handling is not a valid defense to the Liquidator's action to collect
retrospective premium.  Accordingly, we cannot consent to GPC's proposed amended answer.

Jerry

-----Original Message-----
From: Lori Marks-Esterman [mailto:LMarksesterman@olshanlaw.com]
Sent: Friday, March 03, 2006 4:46 PM
To: Garber, Cheryl; Arth, Gerald
Cc: jseaman@bmf-law.com; sbellew@cozen.com; Herbert C Ross
Subject: Koken/GPC

Gerry,

On February 17th, I requested that you advise me whether plaintiff will assert that
mishandling of claims and lack of good faith and proper performance of the insurer's
obligations for handling claims are not at issue in this action, and if so, whether
plaintiff will consent to an amendment of GPC's Answer to make explicitly clear to
plaintiff that GPC is asserting these defenses.

You responded by stating that it is the Liquidator's position that alleged improper claims
handling is not a valid defense to payment of retrospective premiums, and that GPC is
"free to exercise whatever rights GPC is entitled to under the Federal Rules of Civil
Procedure."

Your response answers neither of my questions.  Specifically, in merely reiterating the
Liquidator's position, you have failed to answer whether plaintiff will assert that the
defenses outlined above are not at issue in the action.  You have also failed to answer
whether plaintiff will consent to amendment of GPC's Answer.

As outlined in my February 17th email, we believe that claims mishandling has been
sufficiently set forth in the pleadings.  However, having not received an answer to either
of the questions in my email, I am attaching a proposed Amended Answer which adds two
affirmative defenses to make abundently clear to plaintiff that GPC is asserting these
defenses.

Please let me know as soon as possible whether plaintiff will stipulate to the service and
filing of GPC's Amended Answer.  I remind you that plaintiff directly raised the issue of
claims handling in its Complaint, and thus there is no surprise or prejudice to plaintiff
in seeking to amend GPC's Answer.

-Lori


Lori Marks-Esterman, Esq.
Olshan Grundman Frome Rosenzweig & Wolosky LLP Park Avenue Tower
65 East 55th Street
New York, New York 10022

(T) 212-451-2257
(F) 212-451-2222
lmarksesterman@olshanlaw.com

To ensure compliance with requirements imposed by the IRS, we inform you that unless specifically indicated otherwise, any tax advice contained in this communication (including any attachment to this communication, other than an attachment which is a formal tax opinion) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another party any tax-related matter addressed herein.

This electronic transmission by the law firm of Olshan Grundman Frome Rosenzweig & Wolosky LLP contains information that may be confidential or proprietary, or protected by the attorney-client privilege or work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents hereof is strictly prohibited. If you have received this transmission in error, please notify <<<<GWAVAsig>>>>

ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein.
------------------------------------------------
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Individual (s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (215)-299-2167 or notify us by e-mail at helpdesk@foxrothschild.com.  Also, please mail a hardcopy of the e-mail to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA 19103-3291 via the U.S. Postal Service.  We will reimburse you for all expenses incurred.

Thank you.