# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

M. DIANE KOKEN, in her official capacity as
Insurance Commissioner of the Commonwealth
of Pennsylvania, as Liquidator of RELIANCE
INSURANCE COMPANY (IN LIQUIDATION)
1311 Strawberry Square
Harrisburg, Pennsylvania 17120

     Plaintiff,

   -v-

GPC INTERNATIONAL, INC.

     Defendant.

No. 05 CV 223 (SLR)

GPC INTERNATIONAL, INC.

     Third-Party Plaintiff

   -v-

ZURICH-AMERICAN INSURANCE
COMPANY

     Third-Party Defendant.

## AMENDED ANSWER

  Defendant GPC International, Inc. ("GPC"), by its attorneys, Bouchard, Margules & Friedlander, P.A., for its Amended Answer to the Complaint, states as follows:

  1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Admits the allegations in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Denies the allegations in paragraph 6, except admits that GPC is incorporated in the State of Delaware.

7. Denies the allegations in paragraph 7 and refers to the insurance policies for their complete contents.

8. Denies the allegations in paragraph 8 and refers to the insurance policies for their complete contents.

9. Denies the allegations in paragraph 9 and refers to the insurance policies for their complete contents.

10. Denies the allegations in paragraph 10 and refers to the insurance policies for their complete contents.

11. Denies the allegations in paragraph 11 and refers to the insurance policies for their complete contents.

12. Denies the allegations in paragraph 12 and refers to the insurance policies for their complete contents.

13. Denies the allegations in paragraph 13 and refers to the insurance policies for their complete contents.

14. Denies the allegations in paragraph 14 and refers to the insurance policies for their complete contents.

15. Denies the allegations in paragraph 15 and refers to the insurance policies for their complete contents.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18.

19. Restates its admissions and denials in the cross-referenced paragraphs.

20. Denies the allegations in paragraph 20.

21. Denies the allegations in paragraph 21.

22. Denies the allegations in paragraph 22.

23. Restates its admissions and denials in the cross-referenced paragraphs.

24. Denies the allegations in paragraph 24.

25. Restates its admissions and denials in the cross-referenced paragraphs.

26. Denies the allegations in paragraph 26 and refers to the insurance policies for their complete contents.

27. Denies the allegations in paragraph 27.

### First Affirmative Defense

28. The Complaint fails to state a claim for relief.

### Second Affirmative Defense

29. Plaintiff has suffered no damages.

### Third Affirmative Defense

30. Plaintiff's claims are barred by the doctrines of laches and estoppel.

### Fourth Affirmative Defense

31. The Complaint is barred in whole in part because any damages which Plaintiff may have sustained were caused by the actions or omissions of third parties over whom GPC had no control.

### Fifth Affirmative Defense

32. Plaintiff's claims are barred as against GPC as such claims have been waived by the conduct of Reliance Insurance Company.

### Sixth Affirmative Defense

33. The Complaint is barred by the applicable statute of limitations.

### Seventh Affirmative Defense

34. Plaintiff's action is barred because plaintiff is seeking an advisory opinion from the court.

### Eighth Affirmative Defense

35. Plaintiff's action is barred because plaintiff, Reliance, and the California Insurance Guaranty Association (whose processing and handling of the claims is attributable to plaintiff and Reliance) breached the covenant of good faith and fair dealing in processing and handling the worker's compensations claims which are the bases for the claims asserted by plaintiff in this action.

### Ninth Affirmative Defense

36. Plaintiff's action is barred because plaintiff, Reliance, and the California Insurance Guaranty Association (whose processing and handling of the claims is attributable to plaintiff and Reliance) failed to act in an objectively reasonable manner in

processing and handling the worker's compensations claims which are the bases for the claims asserted by plaintiff in this action.

WHEREFORE, defendant GPC International, Inc. prays that the Court enter judgment dismissing the Complaint with prejudice, and granting such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | BOUCHARD MARGULES & FRIEDLANDER, P.A. |
| Of Counsel: |  |
|  | By  /s/ John M Seaman |
| Herbert C. Ross, Esquire | Andre G. Bouchard  (#2504) |
| Lori Marks-Esterman, Esquire | John M. Seaman (#3868) |
| OLSHAN GRUNDMAN FROME | 222 Delaware Ave, Suite 1400 |
| ROSENZWEIG & WOLOSKY LLP | Wilmington, DE  19801 |
| Park Avenue Tower | Telephone: (302) 573-3500 |
| 65 East 55th Street | abouchard@bmf-law.com |
| New York, NY 10022 | jseaman@bmf-law.com |
|  |  |
| Dated:  April 13, 2006 | Attorneys for Defendant GPC International, Inc. |

# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION) 1311 Strawberry Square Harrisburg, Pennsylvania 17120<br><br>Plaintiff,<br><br>-v-<br><br>GPC INTERNATIONAL, INC.<br><br>Defendant.<br><br>_____<br><br>GPC INTERNATIONAL, INC.<br><br>Third-Party Plaintiff<br><br>-v-<br><br>ZURICH-AMERICAN INSURANCE COMPANY<br><br>Third-Party Defendant. | No. 05 CV 223 (SLR) |

## AMENDED ANSWER

Defendant GPC International, Inc. ("GPC"), by its attorneys, Bouchard, Margules & Friedlander, P.A., for its Amended Answer to the Complaint, states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.  Admits the allegations in paragraph 4.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.  Denies the allegations in paragraph 6, except admits that GPC is incorporated in the State of Delaware.

7.  Denies the allegations in paragraph 7 and refers to the insurance policies for their complete contents.

8.  Denies the allegations in paragraph 8 and refers to the insurance policies for their complete contents.

9.  Denies the allegations in paragraph 9 and refers to the insurance policies for their complete contents.

10. Denies the allegations in paragraph 10 and refers to the insurance policies for their complete contents.

11. Denies the allegations in paragraph 11 and refers to the insurance policies for their complete contents.

12. Denies the allegations in paragraph 12 and refers to the insurance policies for their complete contents.

13. Denies the allegations in paragraph 13 and refers to the insurance policies for their complete contents.

Deleted: -
Deleted: ¶

14. Denies the allegations in paragraph 14 and refers to the insurance policies for their complete contents.

15. Denies the allegations in paragraph 15 and refers to the insurance policies for their complete contents.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18.

19. Restates its admissions and denials in the cross-referenced paragraphs.

20. Denies the allegations in paragraph 20.

21. Denies the allegations in paragraph 21.

22. Denies the allegations in paragraph 22.

23. Restates its admissions and denials in the cross-referenced paragraphs.

24. Denies the allegations in paragraph 24.

25. Restates its admissions and denials in the cross-referenced paragraphs.

26. Denies the allegations in paragraph 26 and refers to the insurance policies for their complete contents.

27. Denies the allegations in paragraph 27.

First Affirmative Defense

28. The Complaint fails to state a claim for relief.

Second Affirmative Defense

29. Plaintiff has suffered no damages.

Third Affirmative Defense

30. Plaintiff's claims are barred by the doctrines of laches and estoppel.

Deleted: -
Deleted: -¶

-3-

### Fourth Affirmative Defense

31. The Complaint is barred in whole in part because any damages which Plaintiff may have sustained were caused by the actions or omissions of third parties over whom GPC had no control.

### Fifth Affirmative Defense

32. Plaintiff's claims are barred as against GPC as such claims have been waived by the conduct of Reliance Insurance Company.

### Sixth Affirmative Defense

33. The Complaint is barred by the applicable statute of limitations.

### Seventh Affirmative Defense

34. Plaintiff's action is barred because plaintiff is seeking an advisory opinion from the court.

### Eighth Affirmative Defense

35. Plaintiff's action is barred because plaintiff, Reliance, and the California Insurance Guaranty Association (whose processing and handling of the claims is attributable to plaintiff and Reliance) breached the covenant of good faith and fair dealing in processing and handling the worker's compensations claims which are the bases for the claims asserted by plaintiff in this action.

### Ninth Affirmative Defense

36. Plaintiff's action is barred because plaintiff, Reliance, and the California Insurance Guaranty Association (whose processing and handling of the claims is attributable to plaintiff and Reliance) failed to act in an objectively reasonable manner in

Deleted: -
Deleted: ¶

processing and handling the worker's compensations claims which are the bases for the claims asserted by plaintiff in this action.

WHEREFORE, defendant GPC International, Inc. prays that the Court enter judgment dismissing the Complaint with prejudice, and granting such other and further relief as the Court deems just and proper.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Of Counsel:

By /s/ John M Seaman

| | |
|---|---|
| Herbert C. Ross, Esquire | Andre G. Bouchard (#2504) [Deleted: Thomas J. Fleming] |
| Lori Marks-Esterman, Esquire | John M. Seaman (#3868) |
| OLSHAN GRUNDMAN FROME | 222 Delaware Ave, Suite 1400 |
| ROSENZWEIG & WOLOSKY LLP | Wilmington, DE 19801 |
| Park Avenue Tower | Telephone: (302) 573-3500 |
| 65 East 55th Street | abouchard@bmf-law.com |
| New York, NY 10022 | jseaman@bmf-law.com |

Dated: April 13, 2006    Attorneys for Defendant GPC International, Inc.   [Deleted: June 24, 2005]

-5-

[Deleted: -]
[Deleted: ¶]