IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

M. DIANE KOKEN, in her official capacity as
Insurance Commissioner of the Commonwealth
of Pennsylvania, as Liquidator of RELIANCE
INSURANCE COMPANY (IN LIQUIDATION)
1311 Strawberry Square
Harrisburg, Pennsylvania 17120

           Plaintiff,

    -v-

GPC INTERNATIONAL, INC.

           Defendant.

GPC INTERNATIONAL, INC.

           Third-Party Plaintiff

    -v-

ZURICH-AMERICAN INSURANCE
COMPANY

           Third-Party Defendant.

No. 05 CV 223 (SLR)

## DECLARATION OF MICHAEL BERMAN

MICHAEL BERMAN, hereby declares pursuant to 28 U.S.C. § 1746:

    1.    I am the controller of GPC International, Inc., defendant/third-party plaintiff in the above-captioned action, and, except where otherwise stated, I am fully familiar with the facts and circumstances set forth herein. I make this declaration solely to support factual statements

495363-3

made in the memorandum of law submitted in support of GPC's motion for permission to file and serve an Amended Answer in this action.

### Factual Background

2.  GPC is a Delaware corporation whose subsidiaries are engaged in the business of manufacturing products that support the graphic design industry.

3.  Plan Hold Corp., a Delaware corporation, is a wholly-owned subsidiary of GPC. In or about December 1993, the assets, except for certain excluded assets, of Plan Hold Corp., a California corporation and a wholly-owned subsidiary of CPG International, Inc. ("CPG"), a California corporation, were transferred to Plan Hold Corp., the Delaware corporation.

4.  Plan Hold Corp., the California corporation and, subsequently, Plan Hold Corp., the Delaware corporation, were formerly based in Irvine, California.

5.  Jose (a/k/a "Frank") Jamaica formerly worked in the assembly department of Plan Hold Corp., the California corporation, and subsequently Plan Hold Corp., the Delaware corporation.

6.  Clearprint Paper Company, Inc. ("Clearprint"), a Delaware corporation, is a wholly-owned subsidiary of GPC. In or about December 1993, the assets, except for certain excluded assets, of Clearprint Paper Company, Inc., a California corporation and a wholly-owned subsidiary of CPG, were transferred to Clearprint Paper Company, Inc., the Delaware corporation.

7.  Clearprint Paper Company, Inc., the California corporation, and, subsequently, Clearprint Paper Company, Inc., the Delaware corporation were formerly based in Emeryville, California.

8. Darrell Marshall was formerly employed as a paper processor by Clearprint Paper Company, Inc., the California corporation, and subsequently by Clearprint Paper Company, Inc., the Delaware corporation.

### GPC's Worker's Compensation Policies

9. From June 17, 1992 through June 30, 1995, Reliance issued to CPG, and later to GPC, workers' compensation and employer's liability insurance policies which covered employees of CPG, and then GPC, and their respective subsidiaries, in various states, including California (the "Reliance Policies").

10. Each of the Reliance Policies required payment of an initial premium at the outset of a policy's year term and provided that, at the conclusion of that year and ensuing years (until a maximum was reached or any open claims for that policy year are closed), there would be an annual calculation of what is referred to as "retrospective premiums," readjustments of the premium for the policy year based on actual and projected payments for claims made for that policy year.

11. From June 30, 1995 through 1997, Zurich-American Insurance Company ("Zurich") issued a series of workers' compensation and employer's liability insurance policies to GPC (the "Zurich Policies"), which covered the employees of GPC and its subsidiaries. Unlike the Reliance Policies, the Zurich Policies each provided for payment of a premium, based on estimated payroll, at commencement of the policy, which was to be adjusted only once at the end of that policy year based on actual payroll.

12. In 1996, GPC submitted claims to Zurich for injury allegedly sustained by Frank Jamaica in April 1996 while a Zurich workers' compensation policy was in effect. These claims were rejected by Zurich and referred for handling and payment to Reliance. GPC maintains and

has maintained that plaintiff, Reliance, and California Insurance Guaranty Association have mishandled worker's compensation claims filed by Frank Jamaica and Darrell Marshall, which claims appear to form all of or virtually all of the bases for the amounts of the alleged retrospective premiums sought by plaintiff in this action. Those claims allegedly arise out of one or more purported events that were alleged to have occurred in 1993 in the case of Mr. Marshall and in 1995 and 1996 in the case of Mr. Jamaica.

 I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on April 13, 2006.

                 /s/ Michael Berman
                 Michael Berman