IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION)<br><br>Plaintiff,<br><br>v.<br><br>GPC INTERNATIONAL, INC.<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br><br>NO. 05-CV-223 (SLR) |
| GPC INTERNATIONAL, INC.<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ZURICH-AMERICAN INSURANCE COMPANY<br><br>Third-Party Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Sheldon K. Rennie
FOX ROTHSCHILD LLP
Citizens Bank Center
919 North Market Street
Suite 1300, 13th Floor
Wilmington, DE 19801-2323
(302) 654-7444

Gerald E. Arth
Cheryl A. Garber
FOX ROTHSCHILD LLP
2000 Market Street – 10th Floor
Philadelphia, PA 19103
(215) 299-2000
*Attorneys for plaintiff
M. Diane Koken, in her official capacity
as Insurance Commissioner of the
Commonwealth of Pennsylvania,
as Liquidator of Reliance Insurance
Company (In Liquidation)*

Dated: May 1, 2006

DT1 160104v3 05/01/06

# TABLE OF CONTENTS

TABLE OF CITATIONS……………………………………………....... ii-iv

I.    NATURE AND STAGE OF THE PROCEEDINGS ………………….. 1

II.    SUMMARY OF ARGUMENT…………………………………………. 2

III.    STATEMENT OF FACTS……………………………………………… 3

IV.    ARGUMENT……………………………………………………………. 5

    A.    GPC's Motion Should Be Denied as Futile,
Untimely and Prejudicial…………………………………………. 5

    B.    Amendment of GPC's Answer Would be Futile…………….. 7

        1.    Choice of Law Analysis – New York Law Applies …. 7

        2.    GPC's Proposed Amendment Is Futile as New
York Does Not Allow Insureds to Assert Negligent
or Bad Faith Claims Handling as a Defense to an
Action for Payment of Premiums on
Retrospectively-Rated Insurance Policies……………. 10

    C.    GPC's Proposed Amendment is Untimely………………….. 13

    D.    GPC's Proposed Amendment Would Prejudice Plaintiff …… 14

V.    CONCLUSION………………………………………………………….. 14

# TABLE OF CITATIONS

**Cases** **Page**

A.P.S., Inc. v. Standard Motor Prods., Inc.,
    295 B.R. 442 (Bankr.D. Del. 2003).................................. 7-8

Candelora v. Clouser,
    621 F. Supp. 335 (D. Del. 1985)........................................ 7

Commissioners of the State Ins. Fund v. J.D.G.S. Corp.,
    676 N.Y.S.2d 575 (N.Y. App. Div. 1998)........................... 10, 12

Commissioners of the State Ins. Fund v. Photocircuits Corp.,
    798 N.Y.S.2d 367 (N.Y. App. Div. 2005)........................... 12

Consolidated Water Power & Paper v. Spartan Aircraft Co.,
    185 F.2d 947 (3d. Cir. 1950)............................................ 7

Cowell v. Palmer Township,
    263 F.3d 286 (3d. Cir. 2001)............................................ 5-6

Cureton v. Nat'l Collegiate Athletic Assoc.,
    252 F.3d 267 (3d Cir. 2001)............................................. 6

Essick v. Barksdale,
    882 F. Supp. 365 (D. Del 1995)........................................ 7,8

Falkenberg Capital Corp. v. Dakota Cellular, Inc.,
    925 F. Supp. 231 (D. Del. 1996)....................................... 8

Hartford Acc. and Indem. Co. v. Coastal Dry Dock and Repair Corp.,
    468 N.Y.S.2d 876 (N.Y. App. Div. 1983), aff'd,
    479 N.Y.S.2d 10 (N.Y. 1984)............................................ 10-11

Hill v. City of Scranton,
    411 F.3d 118 (3d. Cir. 2005)............................................ 5

Ins. Co. of Greater N.Y. v. Glen Haven Residential Health Care Facility,
    676 N.Y.2d 176 (N.Y. App. Div. 1998)............................... 10, 12

DT1 160104v3 05/01/06

Lewis v. Foster,
   No. Civ. A. 04-1350-GMS, 2006 WL 288245
   (D. Del. Feb. 7, 2006).................................................................... 6

Liberty Mut. Ins. Co. v. Precision Valve Corp.,
   402 F. Supp.2d 481 (S.D.N.Y. 2005)............................................... 10

Liberty Mut. Ins. Co. v. Thalle Constr. Co., Inc.,
   116 F. Supp.2d 495 (S.D.N.Y. 2000)............................................... 10

Ligget Group v. Affiliated FM Ins. Co.,
   788 A.2d 134 (Del. Super. Ct. 2001)............................................... 7

Lorenz v. CSX Corp.,
1 F.3d 1406, 1414 (3d Cir. 1993)............................................................ 6

McIntosh v. Arabian Am. Oil Co.,
   633 F. Supp. 942 (D. Del. 1986)...................................................... 8

In re Mariner Health Group,
   300 B.R. 610 (D. Del. 2003)............................................................ 9

Naghiu v. Inter-Continental Hotel Groups, Inc.,
   165 F.R.D. 413 (D. Del. 1996)........................................................ 8

Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington,
   646 F. Supp. 118 (D. Del. 1986)...................................................... 6

Transportation Ins. Co. v. Star Indus., Inc.,
   No. CV 01-1341(ARL), 2005 WL 1801671
   (E.D.N.Y. July 28, 2005)................................................................ 12-13

Travelers Indem. Co. v. Lake,
   549 A.2d 38 (Del. 1991).................................................................. 7

In re Vision Metal, Inc. v. SMS Demag, Inc.,
   311 B.R. 692, 701 (Bankr. D. Del. 2004)......................................... 6

Whiteside v. New Castle Mut. Ins. Co.,
   595 F. Supp. 1096 (D. Del. 1984).................................................... 8

iv

**Court Rules, Statutes and Miscellaneous**

Fed. R. Civ. P. 15(a)............................................................................. 5-6

77 P.S. § 1061(4)................................................................................. 11

Restatement (Second) of Conflict of Laws § 188................................ 7-8, 10

# INTRODUCTION

Plaintiff M. Diane Koken, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator (the "Liquidator") of Reliance Insurance Company (in Liquidation) ("Reliance"), by and through her attorneys, Fox Rothschild LLP, hereby submits this memorandum of law in opposition to defendant GPC International, Inc.'s ("GPC") Motion for Leave to File an Amended Answer. For the reasons that follow, GPC's Motion should be denied.

## I.  NATURE AND STAGE OF THE PROCEEDINGS

Reliance filed this action against GPC on April 15, 2005 for breach of contract and for declaratory relief. Reliance seeks to recover damages from GPC based on GPC's refusal to pay Reliance $505,096 in additional premium due Reliance under the retrospectively-rated workers' compensation and employer's liability insurance policies which GPC voluntarily elected. GPC has enjoyed all of the benefits of coverage and has received return premium from Reliance under the retrospectively-rated policies. Yet, when the consequence of GPC's own choice to have its insurance policies be retrospectively rated resulted in premiums owed to Reliance, GPC refused and continues to refuse to pay Reliance the past-due insurance premiums.

On June 24, 2005 – over ten months ago - GPC filed an Answer and New Matter in which it asserted seven affirmative defenses, none of which relate to the handling of the workers' compensation claims of two of GPC's former employees, Frank Jamaica ("Jamaica") and Darrell Marshall ("Marshall"), under the policies at issue. GPC also filed a third-party Complaint against Zurich-American Insurance Company ("Zurich") on July 8, 2005 in which GPC alleges that a portion of the medical and indemnity payments made on the Jamaica claim should have been paid by Zurich.

The parties have exchanged initial disclosures and written discovery. Under the February 22, 2006 Scheduling Order, the deadline for fact discovery – already extended once - is May 15, 2006, and expert discovery is to be completed by June 14, 2006. Trial is scheduled for September 5, 2006. On March 27, 2006 the parties participated in a mediation conference before Magistrate Judge Thynge, which has not yet concluded.

## II.  SUMMARY OF ARGUMENT

GPC's Motion should be denied as futile, untimely and prejudicial to plaintiff. First, the law of New York - applicable to this action - does not recognize the affirmative defense of claims handling in an action for collection of retrospective premiums and, thus, GPC's proposed amendment would be futile. Second, GPC's Motion is untimely in that discovery is near completion and the proposed amendment is not based on newly discovered facts or evidence, but rather is based on an alleged defense known to GPC at the time it filed its original Answer ten months ago. Lastly, GPC asserts for the first time in its motion proposed defenses based on claims handling by the California Insurance Guaranty Association ("CIGA"), an unrelated non-party. To require Reliance to be faced with a new defense at the eleventh hour would be highly prejudicial.

III. **STATEMENT OF FACTS**[1]

The Liquidator is acting pursuant to the October 3, 2001 Order of the Commonwealth Court of Pennsylvania, which named her the statutory Liquidator of Reliance Insurance Company in Liquidation ("Reliance"). It is undisputed that from 1992 through 1995, Reliance issued a series of workers' compensation and employer's liability insurance policies with policy numbers VK 1733912 01, VK 1733935 00, VK 1733912 02 and VK 1733912 03 (collectively, the "Reliance Policies") through a broker in New York to GPC's corporate headquarters in New York. The Reliance Policies covered the time period June 17, 1992 to June 30, 1995 and provided coverage for employees of GPC in New York and various other states throughout the country. Pursuant to the terms of the Reliance Policies, Reliance agreed to provide GPC with workers' compensation and employer's liability insurance in return for the promise to pay premiums.

GPC voluntarily chose to have the premium due on each of the Reliance Policies be calculated by use of a Retrospective Rating Plan. That election by GPC required that a Retrospective Premium Endorsement be added to each policy. See Brace Declaration, Exhibit "B." The Retrospective Premium Endorsement provisions provide for the cost of the insurance to be rated retrospectively through a retrospective calculation and determination of GPC's *actual* premium payment amount based on its incurred losses (paid losses plus reserves) on claims arising during the Policy term (the "Retrospective Premium"). By choosing to have the cost of its workers' compensation insurance rated retrospectively, GPC paid significantly less in estimated premium at the inception of each of the Reliance Policies and also agreed to share in the risk associated with losses that might develop under the Policies. The Retrospective Premium amount due and owing is recalculated at annual intervals in accordance with GPC's

---

[1] This Statement of Facts is based on the Declaration of Edward Brace attached as Exhibit "A" hereto.

DT1 160104v3 05/01/06                     3

loss experience. The Retrospective Premium provisions in the Reliance Policies provide that if the Retrospective Premiums are more than the *estimated* premiums paid by GPC during the term of each of the Reliance Policies, then GPC is responsible for paying the balance to Reliance.

Pursuant to the Retrospective Premium Endorsements to the Reliance Policies, Reliance performed Retrospective Premium calculations on the Reliance Policies at various times prior to and following the entry of the October 3, 2001 Liquidation Order. There is currently a principal balance of $505,096 due and owing from GPC to Reliance in unpaid Retrospective Premium adjustments. Although it failed to raise the issue ten months ago in its original Answer, GPC now seeks to justify its refusal to pay the past-due insurance premiums based in part on alleged mishandling of the Jamiaca and Marshall worker's compensation claims by Reliance and a non-party, CIGA.

Upon expiration of a 90 day transition period following the Liquidation Order, however, Reliance ceased to handle or administer claims against its insureds; instead, responsibility for handling those claims shifted to various state guaranty associations throughout the United States. The claims filed for Jamaica and Marshall were transferred to CIGA, which assumed complete responsibility for them. Reliance exercises no control over CIGA. CIGA is an entity created by California law to cover claims under an insolvent insurer's policies. CIGA is funded by assessments of all admitted workers' compensation carriers in California. CIGA is completely independent from Reliance, which does not control, direct or supervise the handling of claims by CIGA under the Reliance Policies.

As a creditor of Reliance, CIGA may file a proof of claim in the Reliance liquidation for reimbursement of the funds it expends in handling claims. Reliance will reimburse CIGA only

to the extent that sufficient assets exist in the estate, and there is no certainty that CIGA will be repaid all it expends. Consequently, CIGA, like every other state guaranty association, has every incentive to control amounts paid on claims and to reach reasonable settlements.

## IV.   ARGUMENT

This Court should deny GPC's Motion. Allowing GPC's proposed additional affirmative defenses relating to claims handling would be futile as New York law – which governs this breach of contract case - does not recognize alleged improper claims handling as a defense to an action for collection of retrospective premiums. Moreover, GPC's Motion is untimely, and the proposed amendment would be prejudicial to Reliance. Despite raising arguments about alleged improper claims handling long before this lawsuit was even filed, GPC has not moved to assert a claims handling defense until the discovery period is at its end. Not only that, but for the first time in the instant motion, GPC attempts to assert that claims handling of CIGA – a non-party – also is a defense to Reliance's claim for payment. Permitting GPC to interpose a defense based on CIGA's alleged improper claims handling would be extremely prejudicial to Reliance, as Reliance has no control over CIGA and fact discovery is nearly over.

### A.   GPC's Motion Should Be Denied as Futile, Untimely and Prejudicial

Although the right to amend a pleading, including an answer, shall be "freely given when justice so requires," Fed. R. Civ. P. 15(a), a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile; or (3) the amendment would prejudice the other party. See, e.g., Hill v. City of Scranton, 411 F.3d 118, 134 (3d. Cir. 2005) (finding district court properly denied leave to amend as futile). Leave to amend need not be granted when the amendment would clearly be futile. See Cowell v. Palmer Township, 263 F.3d

286, 296 (3d. Cir. 2001) (finding district court did not abuse its discretion in denying plaintiffs leave to amend complaint as any amendment would have been futile). An amendment would be futile under Rule 15(a) if, accepting all the well pleaded facts as true, the amended complaint fails to state a claim upon which relief may be granted or the amended answer would fail to state a colorable defense. See Lewis v. Foster, No. Civ. A. 04-1350-GMS, 2006 WL 288245, at *10 (D. Del. Feb. 7, 2006) (citing Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington, 646 F. Supp. 118, 120 (D. Del. 1986)) (denying motions to amend as futile). Futility of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue. In re Vision Metals, Inc. v. SMS Demag, Inc., 311 B.R. 692, 701 (Bankr. D. Del. 2004).

A party is guilty of undue delay and, therefore, its motion for leave to amend is untimely when there has been an inordinate delay, the movant offers no satisfactory explanation and the amendment would prejudice the defendants. Vision Metals, 311 B.R. at 701 (finding a delay of 14 months in filing motion to amend unwarranted where proposed amendment not based on any newly discovered facts); see also Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (affirming denial of motion for leave to amend due to unreasonable delay where request was based on same facts available to plaintiff before filing her original and amended complaints).

Leave to amend also should be denied when allowing the amendment will unfairly prejudice the other party. Cureton v. Nat'l Collegiate Athletic Assoc., 252 F.3d 267, 274-75 (3d Cir. 2001) (affirming denial of leave to amend based on resultant prejudice to opposing party if required to engage in burdensome new discovery and significant new trial preparation). Prejudice to the non-moving party is the touchstone for the denial of the amendment. Lorenz, 1 F.3d at 1414.

Here, futility, untimeliness and unfair prejudice all justify denying GPC's attempt to amend its answer. Because the additional affirmative defenses proposed by GPC are contrary to applicable New York law, amendment would be futile. GPC's motion is extremely untimely – GPC knew of its own claim of alleged improper handling of the Jamaica and Marshall claims long before this lawsuit even began, but has waited until discovery is nearly over before seeking leave to amend. Furthermore, GPC's proposed amendment would unfairly prejudice Reliance. GPC's Motion represents the *first* time that GPC has attempted to assert claims handling by CIGA as a bar to recovery by Reliance. Any one of the reasons would be sufficient to justify denial of GPC's Motion; taken together, they compel denial.

**B.   Amendment of GPC's Answer Would Be Futile**

   **1.   Choice of Law Analysis – New York Law Applies**

In a diversity case, a federal court sitting in Delaware must apply the substantive rules of Delaware, including its choice of law rules. See, e.g., Essick v. Barksdale, 882 F. Supp. 365, 369 (D. Del. 1995); Candelora v. Clouser, 621 F. Supp. 335, 341 (D. Del. 1985); A.P.S., Inc. v. Standard Motor Prod, Inc., 295 B.R. 442, 453 (Bankr. D. Del. 2003); Consolidated Water Power & Paper v. Spartan Aircraft Co., 185 F.2d 947, 949 (3d. Cir. 1950). Accordingly, to determine which state's law governs the controversy here, this Court must apply Delaware choice-of-law rules. In contract actions, Delaware courts apply the "most significant relationship" test under the Restatement (Second) of Conflict of Laws § 188 to determine which law applies to the dispute, assuming the laws of the probable jurisdictions conflict.[2] Essick, 882 F. Supp. at 369;

---

[2] The cases cited by GPC for this basic principle are inapposite. In Ligget Group v. Affiliated FM Ins. Co., 788 A.2d 134 (Del. Super. Ct. 2001), the court conducted a choice of law analysis in an insurance coverage complex tort case. Similarly, Travelers Indem. Co. v. Lake, 549 A.2d 38 (Del. 1991) was a tort case in which the Court overruled the *lex loci delicti* choice of law analysis in favor of the most significant relationship analysis.

Falkenberg Capital Corp. v. Dakota Cellular, Inc., 925 F. Supp. 231, 235 (D. Del. 1996); A.P.S., Inc., 295 B.R. at 453.

Under the "most significant relationship" test, the following five factors are to be evaluated and considered in accordance with their relative important to the particular issue when choosing which state's law to apply based on which state has the most significant relationship to the transaction and the parties:

(a)   the place of the contracting;

(b)   the place of contract negotiation;

(c)   the place of performance;

(d)   the location of the subject matter of the contract; and

(e)   the domicile, residence, nationality, place of incorporation and place of business of the parties.

See, e.g., Restatement (Second) of Conflict of Laws § 188; Essick, 882 F. Supp. at 369; Falkenberg, 925 F. Supp. at 235; Naghiu v. Inter-Continental Hotel Groups, Inc., 165 F.R.D. 413, 420 (D. Del. 1996); McIntosh v. Arabian Am. Oil Co., 633 F. Supp. 942, 945 (D. Del. 1986).

In arguing that California law should apply to its contract dispute with Reliance, GPC misleadingly omits a critical portion of a sentence from Whiteside v. New Castle Mut. Ins. Co., 595 F. Supp. 1096 (D. Del. 1984). The complete sentence is as follows: "Although the information presented concerning factors (a), (b), (c), and (e) is equivocal,…the crucial factor *in a property insurance dispute* is the location of the insured property in this case, the plaintiff's house in Pennsylvania." Id. (emphasis added). That omitted language sharply restricts the significance the location of the insured's property. By contrast, the Reliance Policies are not

homeowners' insurance policies, but multi-state workers' compensation policies, and thus the analogy has no merit. Likewise, GPC's reliance on In re Mariner Health Group, 300 B.R. 610 (D. Del. 2003) is wholly misplaced. The Mariner court relied on Section 193 of the Restatement (Second) of Conflicts of Law, which applies only to contracts for fire, surety or casualty insurance. Again, this is not the coverage provided under the Reliance Policies and thus, the Mariner decision is of no moment.[3]

Indeed, if GPC's peculiar choice-of-law analysis were extended to its conclusion, the laws of *all* of the states throughout the country covered by the multistate Reliance Policies are potentially implicated for the various workers' compensation claims under them, a result with no legal or practical basis. If the five factors in the most significant relationship test are examined, the only sound conclusion is that New York law governs the Reliance Policies. As the declaration pages of each of the Reliance Policies demonstrate, GPC is a New York based insured and the broker was Johnson & Higgins of New York. Thus, the Reliance Policies were issued through a broker in New York, to an insured located in New York, and covered employees of GPC in New York as well as various states throughout the country. See Brace Declaration, ¶ 5. The mere fortuitous fact that the two claimants (Marshall and Jamaica) whose claims comprise the bulk of the amount of the retrospective premium owed by GPC at this time were both employed in California does not warrant a different conclusion. Had there been four claimants in four different states, GPC would ask this Court to apply four different state's laws to this breach of contract (not coverage) case. Examination of the five factors demonstrates that New York, not California or any other state, has the most significant relationship to the Reliance

---

[3] Moreover, even if Mariner did apply, the Court there found that the information presented concerning factors (a), (b), (c), and (e) [under the Restatement (Second) of Conflicts of Law] was equivocal, and that is not true here.

Policies. Thus, New York law applies to the Reliance Policies, including the issue of whether claims handling may be asserted as a defense to a collection action for retrospective premiums.

### 2. GPC's Proposed Amendment Is Futile as New York Does Not Allow Insureds to Assert Negligent or Bad Faith Claims Handling as a Defense to an Action for Payment of Premiums on Retrospectively-Rated Insurance Policies

It is well-established New York law that an insured may not assert bad faith or negligence as a defense to an action by an insurer seeking payment of premiums on a retrospectively-rated policy. Liberty Mut. Ins. Co. v. Precision Valve Corp., 402 F. Supp.2d 481 (S.D.N.Y. 2005); Liberty Mut. Ins. Co. v. Thalle Constr. Co., Inc., 116 F. Supp.2d 495, 502 (S.D.N.Y. 2000); Ins. Co. of Greater N.Y. v. Glen Haven Residential Health Care Facility, 676 N.Y.2d 176 (N.Y. App. Div. 1998); Commissioners of State Ins. Fund v. J.D.G.S. Corp., 676 N.Y.S.2d 575 (N.Y. App. Div. 1998). First, New York courts reject the notion that there is an "inherent" conflict of interest under retrospectively-rated insurance policies:

> The conflict of interest that is involved when an insurer is presented with a settlement opportunity within policy limits, which is the basis of the "bad faith" doctrine, does not arise with respect to increased retrospective premiums. In the latter case, the insurer often pays more money than the insured. Thus, it is in the insurer's best interest to conduct any investigation and settlement in good faith.

Thalle Constr. Co., Inc., 116 F. Supp.2d at 502.

Second, since there is no conflict of interest, and the insurance policy (as here) gives the insurer the right to negotiate and settle claims as it deems appropriate, the insurer's exercise of its business judgment is not subject to second-guessing by the insured. Id.; see also Hartford Acc. and Indem. Co. v. Coastal Dry Dock and Repair Corp., 468 N.Y.S.2d 876, 879 (N.Y. App. Div. 1983), aff'd, 479 N.Y.S.2d 10 (N.Y. 1984).

Third, an insured who accepts the benefits of coverage without objection is estopped from raising such defenses when the insurer seeks payment of premiums:

> The insured is bound by the terms of the compensation policy which he accepted and under which he filed claims for workermen's [sic] compensation in favor of employees during the year when he had the policy in his possession and raised no objection to its terms and provisions until after the demand was made for the balance due on the premium.

Hartford Acc. and Indem. Co., 468 N.Y.S.2d at 879 (quoting 5 Couch on Insurance 2d § 30:46 at 560).

Thus, under New York law, GPC is barred from asserting improper claims handling as a defense to Reliance's claims for retrospective premiums. There was no inherent conflict of interest on the part of Reliance with respect to the Reliance Policies. Moreover, Reliance only handled claims until October 3, 2001, when it was placed into liquidation by the Commonwealth Court of Pennsylvania. Post liquidation, the handling of claims was transferred to various state insurance guaranty associations, including CIGA, which undertook the handling of the Jamaica and Marshall claims. Reliance exercises no control over the actions, operations or personnel of CIGA. CIGA is an entity created by state statute and funded by assessments of all admitted workers' compensation carriers in California to respond to covered claims under an insolvent insurer's policies.

After taking over the Jamaica and Marshall claims, CIGA had every incentive to control the amounts paid on those claims, and to reach reasonable settlements. If CIGA spends exorbitant amounts on claims, that only serves to increase the amount of its losses. CIGA may only file a proof of claim for reimbursement against the estate of Reliance, 77 P.S. § 1061(4), which may lead to it recovering all or some of the funds it expends. There is no certainty,

however, that CIGA will recover from the Reliance estate the full amount it expends. In addition, it is undisputed that Reliance (and subsequently CIGA) had the right to negotiate and settle claims under the terms of the Reliance Policies. Moreover, GPC accepted the benefit of the Reliance Policies without complaint, and is now estopped from raising claims handling as a defense at this eleventh hour.

GPC's reliance on Commissioners of the State Ins. Fund v. Photocircuits Corp., 798 N.Y.S.2d 367 (N.Y. App. Div. 2005) is misplaced. The case at bar is readily distinguishable from Photocircuits, which evolved from "extreme facts." Id. at 374. In Photocircuits, the court found that the New York State Insurance Fund abandoned all claims handling responsibility in the underlying workers' compensation cases by failing to apply for benefits, appear at hearings, timely file appeals and by paying benefits to a known imposter. Id. In short, the Fund did not handle the claims improperly; it did not handle them at all. Moreover, the Photocircuits court expressly recognized that its decision did not relax the general rule that negligent claims handling is not a defense to a collection action for retrospective premiums, as follows:

> The facts here are extreme, and our ruling reversing the grant of summary judgment in favor of the Fund should not be considered as relaxing the rule articulated in Glen Haven and J.D.G.S.

Id.

As the Photocircuits court also stated:

> These cases [Glen Haven and J.D.G.S.] hold that New York does not recognize breach of the implied obligation of good faith and fair dealing as a defense to a claim that the insurer's deficient investigation or mismanagement of a claim file resulted in an increased retrospective premium.

Id.

Nor is GPC's cause helped by the inapposite decision in Transportation Ins. Co. v. Star Indus., Inc., No. CV 01-1341 (ARL), 2005 WL 1801671 (E.D.N.Y. July 28, 2005). In that case,

the Magistrate Judge, after acknowledging that New York courts have routinely rejected an allegation of breach of an insurer's implied covenant of good faith and fair dealing as a defense for nonpayment of premiums, denied a summary judgment motion by finding that a factual issue existed as to whether an insurer breached its *express obligations* under the policies at issue. Id. at *4. Here, GPC is not alleging (and cannot allege) that Reliance breached express obligations under the Reliance Policies. To the contrary, GPC's proposed amended answer seeks to assert (1) that Reliance and CIGA have breached the implied covenant of good faith and fair dealing in processing and handling the workers' compensation claims underlying the retrospective premiums owed by GPC and (2) that Reliance and CIGA failed to act in an objectively reasonable manner in processing and handling those claims. These alleged defenses are based on implied duties of the very nature which New York courts have routinely rejected, and the Transportation Ins. Co. case actually undercuts GPC's argument.

### C. GPC's Proposed Amendment Is Untimely

GPC's proposed amendment also is untimely. GPC filed its original Answer ten months ago. Its proposed amendment is not based on newly discovery facts or evidence, but rather is based on an alleged defense GPC knew about prior to filing its Answer,[4] yet which it failed to plead. Moreover, GPC offers no satisfactory explanation for its failure to plead the defense of claims handling. Therefore, GPC's proposed amendment should be denied.

---

[4] Indeed, it can be argued that GPC has known about this potential alleged defense for ten *years*, commencing at the time it submitted claims to Zurich for Jamaica in 1996 and those claims were rejected by Zurich and referred for payment to Reliance. See GPC's Memorandum of Law pp. 4-5.

### D. GPC's Proposed Amendment Would Prejudice Plaintiff[5]

Part and parcel of GPC's failure to *timely* file is the prejudice to Reliance if GPC's amendment is permitted. GPC's Motion is the first time GPC has claimed that the actions of CIGA, an unrelated non-party, are an alleged defense to Reliance's claim for unpaid retrospective premiums.[6] GPC failed to append to its Motion the original proposed Amended Answer it tendered to plaintiff's counsel on March 3, 2006. Notably, that version of the Amended Answer materially differs from the version upon which GPC's Motion is now based, in that the motion version includes – for the first time – allegations that CIGA failed to properly handle claims. Given the posture of the case – the discovery deadline is in two weeks - Reliance would be unduly prejudiced by now permitting defenses based upon CIGA's handling of claims, particularly when CIGA is not a party to this action.

### V. CONCLUSION

For the foregoing reasons, the Liquidator respectfully submits that GPC's proposed amended pleading is futile, untimely and unfairly prejudicial. Accordingly, GPC's Motion for Leave to File an Amended Answer should be denied.

---

[5] This section is based on facts derived from the Declaration of Gerald E. Arth, Esquire which is attached as Exhibit "B" hereto.
[6] Indeed, to date GPC has not sought any discovery from CIGA, the entity which has been handling claims under the Reliance Polices for the past five years.

Respectfully submitted,

/s/ Sheldon K. Rennie (#3772)
Sheldon K. Rennie
FOX ROTHSCHILD LLP
Citizens Bank Center
919 North Market Street
Suite 1300, 13th Floor
Wilmington, DE 19801-2323
(302) 654-7444

and

Gerald E. Arth
Cheryl A. Garber
FOX ROTHSCHILD LLP
2000 Market Street – 10th Floor
Philadelphia, PA 19103
(215) 299-2000
*Attorneys for plaintiff*
*M. Diane Koken, in her official capacity*
*as Insurance Commissioner of the*
*Commonwealth of Pennsylvania,*
*as Liquidator of Reliance Insurance*
*Company (In Liquidation)*

Dated: May 1, 2006