## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION) | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. 05-CV-223 (SLR) |
| GPC INTERNATIONAL, INC. | |
| Defendant. | |
| GPC INTERNATIONAL, INC. | |
| Third-Party Plaintiff, | |
| v. | |
| ZURICH-AMERICAN INSURANCE COMPANY | |
| Third-Party Defendant. | |

## DECLARATION OF GERALD E. ARTH, ESQUIRE

Gerald E. Arth, Esquire hereby declares:

1. I am a partner at Fox Rothschild LLP, counsel for plaintiff in this matter. I have been admitted pro hac vice in this matter by Order of the Court dated April 27, 2005.

2. On or about March 3, 2006, Lori Marks-Esterman, Esquire, an attorney for defendant GPC International, Inc. ("GPC"), sent me an email requesting that plaintiff consent to the filing of an amended answer to allow GPC to assert alleged improper claims handling by Reliance Insurance Company (in Liquidation) ("Reliance") as an affirmative defense to plaintiff's claims for retrospective premiums. A true and correct copy of Ms. Marks-Esterman's

March 3, 2006 email, including the proposed amended answer, is attached as Exhibit "A" hereto. By return email dated March 6, 2006, I advised Ms. Marks-Esterman that plaintiff would not consent to the proposed amendment because improper claims handling was not a valid defense.

3. More than seven weeks later, on April 13, 2006, GPC filed its Motion for Leave to File an Amended Answer ("GPC's Motion"), which is pending before the Court. GPC's proposed amended answer is attached as Exhibit "J" to GPC's Motion.

4. Tellingly, GPC's Motion does not include the proposed amended answer sent to me by Ms. Marks-Esterman with her March 3 email.

5. The proposed amended answer sent by Ms. Marks-Esterman on March 3 and the one appended to GPC's Motion as Exhibit "J" are materially different. In particular, the Eighth and Ninth Affirmative Defenses, which are the only proposed substantive changes, differ in the two versions. In the one accompanying the March 3 email, GPC seeks to assert defenses based on alleged improper claims handling only by Reliance. By contrast, the version appended to GPC's Motion seeks to assert defenses based not only on alleged improper claims handling by Reliance, but also "the California Insurance Guaranty Association ["CIGA"], whose processing and handling of the claims is attributable to plaintiff and Reliance."

6. CIGA is an insurance guaranty association created by California law and funded by assessments against workers' compensation carriers admitted in California. Its purpose is to cover claims under policies of insolvent insurers such as Reliance. The Liquidator of Reliance has no control over the actions, operations or personnel of CIGA.

7. GPC's Motion is the first time plaintiff learned that GPC is claiming that the actions of CIGA, an unrelated third party, are an alleged defense to plaintiff's claim for unpaid retrospective premiums.

2

8. GPC has offered no explanation as to why the proposed amended answer it asked plaintiff to consent to on March 3 and the proposed amend answer attached to GPC's Motion are materially different.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2006.

                                              Gerald E. Arth, Esquire