**EXHIBIT "A"**

## Arth, Gerald

| | |
|---|---|
| **From:** | Lori Marks-Esterman [LMarksesterman@olshanlaw.com] |
| **Sent:** | Friday, March 03, 2006 4:46 PM |
| **To:** | Garber, Cheryl; Arth, Gerald |
| **Cc:** | jseaman@bmf-law.com; sbellew@cozen.com; Herbert C Ross |
| **Subject:** | Koken/GPC |



GPC - Amended
Answer.pdf (46 K...

Gerry,

On February 17th, I requested that you advise me whether plaintiff will assert that mishandling of claims and lack of good faith and proper performance of the insurer's obligations for handling claims are not at issue in this action, and if so, whether plaintiff will consent to an amendment of GPC's Answer to make explicitly clear to plaintiff that GPC is asserting these defenses.

You responded by stating that it is the Liquidator's position that alleged improper claims handling is not a valid defense to payment of retrospective premiums, and that GPC is "free to exercise whatever rights GPC is entitled to under the Federal Rules of Civil Procedure."

Your response answers neither of my questions. Specifically, in merely reiterating the Liquidator's position, you have failed to answer whether plaintiff will assert that the defenses outlined above are not at issue in the action. You have also failed to answer whether plaintiff will consent to amendment of GPC's Answer.

As outlined in my February 17th email, we believe that claims mishandling has been sufficiently set forth in the pleadings. However, having not received an answer to either of the questions in my email, I am attaching a proposed Amended Answer which adds two affirmative defenses to make abundently clear to plaintiff that GPC is asserting these defenses.

Please let me know as soon as possible whether plaintiff will stipulate to the service and filing of GPC's Amended Answer. I remind you that plaintiff directly raised the issue of claims handling in its Complaint, and thus there is no surprise or prejudice to plaintiff in seeking to amend GPC's Answer.

-Lori


Lori Marks-Esterman, Esq.
Olshan Grundman Frome Rosenzweig & Wolosky LLP Park Avenue Tower
65 East 55th Street
New York, New York 10022
(T) 212-451-2257
(F) 212-451-2222
lmarksesterman@olshanlaw.com

To ensure compliance with requirements imposed by the IRS, we inform you that unless specifically indicated otherwise, any tax advice contained in this communication (including any attachment to this communication, other than an attachment which is a formal tax opinion) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another party any tax-related matter addressed herein.

This electronic transmission by the law firm of Olshan Grundman Frome Rosenzweig & Wolosky LLP contains information that may be confidential or proprietary, or protected by the attorney-client privilege or work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents hereof is strictly prohibited. If you have received this transmission in error, please notify <<<<GWAVAsig>>>>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

M. DIANE KOKEN, in her official capacity as
Insurance Commissioner of the Commonwealth
of Pennsylvania, as Liquidator of RELIANCE
INSURANCE COMPANY (IN LIQUIDATION)
1311 Strawberry Square
Harrisburg, Pennsylvania 17120

        Plaintiff,

        -v-                  No. 05 CV 223 (SLR)

GPC INTERNATIONAL, INC.

        Defendant.

---

GPC INTERNATIONAL, INC.

        Third-Party Plaintiff

        -v-

ZURICH-AMERICAN INSURANCE
COMPANY

        Third-Party Defendant.

---

## AMENDED ANSWER

Defendant GPC International, Inc. ("GPC"), by its attorneys, Bouchard, Margules
& Friedlander, P.A., for its Amended Answer to the Complaint, states as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth
of the allegations in paragraph 1.

491328-1

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.    Admits the allegations in paragraph 4.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.    Denies the allegations in paragraph 6, except admits that GPC is incorporated in the State of Delaware.

7.    Denies the allegations in paragraph 7 and refers to the insurance policies for their complete contents.

8.    Denies the allegations in paragraph 8 and refers to the insurance policies for their complete contents.

9.    Denies the allegations in paragraph 9 and refers to the insurance policies for their complete contents.

10.    Denies the allegations in paragraph 10 and refers to the insurance policies for their complete contents.

11.    Denies the allegations in paragraph 11 and refers to the insurance policies for their complete contents.

12.    Denies the allegations in paragraph 12 and refers to the insurance policies for their complete contents.

13.    Denies the allegations in paragraph 13 and refers to the insurance policies for their complete contents.

-2-

14. Denies the allegations in paragraph 14 and refers to the insurance policies for their complete contents.

15. Denies the allegations in paragraph 15 and refers to the insurance policies for their complete contents.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18.

19. Restates its admissions and denials in the cross-referenced paragraphs.

20. Denies the allegations in paragraph 20.

21. Denies the allegations in paragraph 21.

22. Denies the allegations in paragraph 22.

23. Restates its admissions and denials in the cross-referenced paragraphs.

24. Denies the allegations in paragraph 24.

25. Restates its admissions and denials in the cross-referenced paragraphs.

26. Denies the allegations in paragraph 26 and refers to the insurance policies for their complete contents.

27. Denies the allegations in paragraph 27.

First Affirmative Defense

28. The Complaint fails to state a claim for relief.

Second Affirmative Defense

29. Plaintiff has suffered no damages.

Third Affirmative Defense

30. Plaintiff's claims are barred by the doctrines of laches and estoppel.

-3-

491328-1

<u>Fourth Affirmative Defense</u>

31.    The Complaint is barred in whole in part because any damages which Plaintiff may have sustained were caused by the actions or omissions of third parties over whom GPC had no control.

<u>Fifth Affirmative Defense</u>

32.    Plaintiff's claims are barred as against GPC as such claims have been waived by the conduct of Reliance Insurance Company.

<u>Sixth Affirmative Defense</u>

33.    The Complaint is barred by the applicable statute of limitations.

<u>Seventh Affirmative Defense</u>

34.    Plaintiff's action is barred because plaintiff is seeking an advisory opinion from the court.

<u>Eighth Affirmative Defense</u>

35.    Plaintiff's action is barred because plaintiff and/or Reliance breached the covenant of good faith and fair dealing in processing and handling the worker's compensations claims which are the bases for the claims asserted by plaintiff in this action.

<u>Ninth Affirmative Defense</u>

36.    Plaintiff's action is barred because plaintiff and/or Reliance failed to act in an objectively reasonable manner in processing and handling the worker's compensations claims which are the bases for the claims asserted by plaintiff in this action.

-4-

491328-1

WHEREFORE, defendant GPC International, Inc. prays that the Court enter judgment dismissing the Complaint with prejudice, and granting such other and further relief as the Court deems just and proper.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Of Counsel:

By_____

Herbert C. Ross, Esquire
Lori Marks-Esterman, Esquire
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York NY 10022

Andre G. Bouchard  (#2504)
John M. Seaman (#3868)
222 Delaware Ave, Suite 1400
Wilmington, DE  19801
Telephone: (302) 573-3500
abouchard@bmf-law.com
jseaman@bmf-law.com

Dated: March __, 2005

Attorneys for Defendant GPC International, Inc.

-5-