IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION) 1311 Strawberry Square Harrisburg, Pennsylvania 17120<br><br>　　　　　　　　Plaintiff,<br><br>　　　　-v-<br><br>GPC INTERNATIONAL, INC.<br><br>　　　　　　　　Defendant.<br><br>―――――――――――――<br><br>GPC INTERNATIONAL, INC.<br><br>　　　　　Third-Party Plaintiff<br><br>　　　　-v-<br><br>ZURICH-AMERICAN INSURANCE COMPANY<br><br>　　　　　Third-Party Defendant. | No. 05 CV 223 (SLR) |

**DEFENDANT AND THIRD-PARTY PLAINTIFF'S NOTICE OF DEPOSITION
OF RELIANCE INSURANCE COMPANY PURSUANT TO
<u>RULE 30(b)(6), FED. R. CIV. P.</u>**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules

of Civil Procedure, Defendant and Third-Party Plaintiff GPC International, Inc. ("GPC")

will take the deposition of Plaintiff by Reliance Insurance Company ("Reliance") on May 12, 2006, at 9:30 a.m., before a person authorized by law to administer oaths. The deposition will take place at the offices of Bouchard, Margules & Friedlander, P.A., 222 Delaware Avenue, Suite 1400, Wilmington, Delaware, 19801, and will be recorded stenographically. You are invited to attend and cross-examine.

In accordance with Rule 30(b)(6), Plaintiff as Liquidator of Reliance is advised of her duty to designate one or more of Reliance's officers, directors, or other persons who consent to testify on its behalf, to testify on the following subjects:

1. Each claim submitted to Reliance with respect to any accident or injury incurred or alleged to have been incurred by Frank Jamaica ("Jamaica Accident"), arising, or alleged to arise, out of his employment by Plan Hold Corporation ("Plan Hold"), including, but not limited to, any worker's compensation claim.

2. Each claim submitted to Reliance with respect to any accident or injury incurred or alleged to have been incurred by Darrell Marshall ("Marshall Accident"), arising, or alleged to arise, out of his employment by Clearprint Paper Company ("Clearprint"), including, but not limited to, any worker's compensation claim.

3. The contents of each file maintained by Reliance, concerning each claim submitted to Reliance with respect to any Jamaica Accident, including, but not limited to, any worker's compensation claim.

4. The contents of each file maintained by Reliance, concerning each claim submitted to Reliance with respect to any Marshall Accident, including, but not limited to, any worker's compensation claim.

5. The communications between (i) Reliance and (ii) Plaintiff, GPC, Zurich-American Insurance Company ("Zurich"), any insurance broker, Jamaica, or California Insurance Guaranty Association ("CIGA"), concerning each claim submitted to Reliance with respect to any Jamaica Accident, including, but not limited to, any worker's compensation claim.

6. CIGA's handling of any worker's compensation claims submitted by Jamaica or Marshall.

7. The communications between (i) Reliance and (ii) Plaintiff, GPC, Zurich, any insurance broker, Marshall, or CIGA, concerning each claim submitted to Reliance with respect to any Marshall Accident, including, but not limited to, any worker's compensation claim.

8. The treatments or therapy given to, or surgery performed on, Jamaica during the period January 1, 1995 to the Present in connection with injuries allegedly sustained by Jamaica as an employee of Plan Hold.

9. The treatments or therapy given to, or surgery performed on, Marshall during the period January 1, 1993 to the Present in connection with injuries allegedly sustained by Jamaica as an employee of Clearprint.

10. Each doctor's evaluation, examination, or diagnosis of any actual or claimed injury suffered or incurred by Jamaica during the period January 1, 1995 to the present.

11. Each doctor's evaluation, examination, or diagnosis of any actual or claimed injury suffered or incurred by Marshall during the period January 1, 1993 to the present.

12. Each automobile accident in which Jamaica was involved during the period from January 1, 1995 to the Present, including, but not limited to, any and all injuries suffered or allegedly suffered by Jamaica as a result of such accident.

13. The medical expenses incurred by Jamaica, Reliance, CIGA, or GPC, arising out of any actual or claimed injury suffered or incurred by Jamaica during the period January 1, 1995 to the Present, including, but not limited to, the expenses for the treatments given to, surgeries performed on, and medical examination of Jamaica.

14. The medical expenses incurred by Marshall, Reliance, CIGA, or GPC, arising out of any actual or claimed injury suffered or incurred by Marshall during the period January 1, 1993 to the Present, including, but not limited to, the expenses for the treatments given to, surgeries performed on, and medical examination of Marshall.

15. The payments made or agreed to be made by Reliance or CIGA to Jamaica in connection with any workers' compensation claim made by or on behalf of Jamaica, arising out of his employment by Plan Hold.

16. The payments made or agreed to be made by Reliance or CIGA to Marshall in connection with any workers' compensation claim made by or on behalf of Marshall, arising out of his employment by Clearprint.

17. Each investigation undertaken by Reliance of each worker's compensation claim filed by Jamaica for each Jamaica Accident in 1995 and/or in 1996.

18. Each investigation undertaken by Reliance of each worker's compensation claim filed by Marshall for each Marshall Accident in 1993.

19. Each retrospective premium adjustment prepared by or for Reliance for each workers' compensation policy issued by Reliance to CPG International, Inc. ("CPG") or GPC, covering any time period during the period from January 1, 1990, through January 1, 1996.

20. Each invoice transmitted by Reliance to CPG or GPC for retrospective premium adjustments for each workers' compensation policy issued by Reliance to CPG or GPC, covering any time period during the period from January 1, 1990 through January 1, 1996.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Of Counsel:

Herbert C. Ross, Esquire
Lori Marks-Esterman, Esquire
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022
Telephone: (212) 451-2300

Dated: May 2, 2006

By /s/ John M Seaman
Andre G. Bouchard  (#2504)
John M. Seaman (#3868)
222 Delaware Ave, Suite 1400
Wilmington, DE  19801
Telephone: (302) 573-3500
abouchard@bmf-law.com
jseaman@bmf-law.com

Attorneys for Defendant and Third-Party Plaintiff GPC International, Inc.