# Exhibit

# A

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
CENTRAL                    DISTRICT OF         CALIFORNIA

M. DIANE KOKEN, in her official capacity as Insurance Commissioner
of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE
INSURANCE COMPANY (IN LIQUIDATION), etc.,
                                              Plaintiff,     **SUBPOENA IN A CIVIL CASE**
v.

GPC INTERNATIONAL, INC.
                                                            Case Number:[1]  05 CV 223 (SLR)
                                              Defendant.    United States District Court
                                                            for the District of Delaware

TO:    CALIFORNIA INSURANCE GUARANTEE ASSOCIATION

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Russ August & Kabat | DATE AND TIME |
|---|---|
| 12424 Wilshire Boulevard, 12th Floor  Los Angeles, CA 90025 | May 15, 2006, 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents and other objects described in Schedule A hereto.

| PLACE  Russ August & Kabat | DATE AND TIME |
|---|---|
| 12424 Wilshire Boulevard, 12th Floor  Los Angeles, CA 90025 | May 15, 2006, 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).    See the subject matters set forth in
Schedule B hereto and made a part hereof.

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Herbert C. Ross*  Attorney for Defendant | DATE  May 3, 2006 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER    Herbert C. Ross, Jr.

Olshan Grundman Frome Rosenzweig & Wolosky, LLP, 65 East 55th Street, New York, New York 10022
(212) 451-2255

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A
## TO SUBPOENA ADDRESSED TO CALIFORNIA INSURANCE GUARANTEE ASSOCIATION

Pursuant to Fed. R. Civ. P. 45, Defendant, GPC International, Inc. ("GPC"), requests that California Insurance Guarantee Association ("CIGA") produce for GPC's inspection and copying, and for use at the deposition of CIGA, at the offices of Russ August & Kabat, 12424 Wilshire Boulevard, 12th Floor, Los Angeles, CA 90025, on May 15, 2006 at 9:00 a.m., the following documents and other things.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to this Schedule A (hereinafter, the "Schedule"):

A.    For purposes of this Schedule, the term "documents" is defined to be synonymous in meaning and equal in scope to the usage of that term in Fed.R.Civ.P. 45 and includes, but is not limited to, any handwritten, typed or printed matter and any matter electronically or magnetically transcribed or stored. A draft or non-identical copy is a separate document within the meaning of this term.

B.    For purposes of this Schedule, the term "Action" means the action entitled Diane Koken, etc. v. GPC International, Inc. (United States District Court, District of Delaware, Civil Action No. 05-CV-223 (SLR)) and the third-party action therein entitled GPC International, Inc. v. Zurich-American Insurance Company.

C.    For purposes of this Schedule, the term "CIGA" means the California Insurance Guarantee Association, and its officers, directors, employees, predecessors, successors, agents, third-party administrators, and attorneys, and any of the foregoing.

D.    For purposes of this Schedule, the term "GPC" means and shall refer to the Defendant in the Action, GPC International, Inc., and its officers, directors, employees, predecessors, successors, subsidiaries, affiliates, agents, and attorneys, and any of the foregoing.

E.    For purposes of this Schedule, the term "CPG" means and shall refer to CPG International, Inc., and its officers, directors, employees, predecessors, successors, direct and indirect parents, subsidiaries, affiliates, agents, and attorneys, and any of the foregoing.

F.    For purposes of this Schedule, the term "Plan Hold" means and shall refer to Plan Hold Corporation, and its officers, directors, employees, predecessors, successors, direct and indirect parents, subsidiaries, affiliates, agents, and attorneys, and any of the foregoing.

G.    For purposes of this Request, the term "Clearprint" means and shall refer to Clearprint Paper Company, Inc., and its officers, directors, employees, predecessors, successors, direct and indirect parents, subsidiaries, affiliates, agents, and attorneys, and any of the foregoing.

H.    For purposes of this Schedule, the term "Reliance" means and shall refer to, individually and collectively, (i) the Plaintiff in the Action, (ii) Reliance Insurance Company, and (iii) Reliance Insurance Company (in liquidation), and their respective officers, directors, employees, predecessors, successors, direct and indirect parents, subsidiaries, affiliates, agents, third-party administrators, and attorneys, and any of the foregoing.

2

497624-1

I.    For purposes of this Schedule, the term "Zurich" means the Third-Party Defendant in the Action, Zurich-American Insurance Company, and its officers, directors, employees, predecessors, successors, direct and indirect parents, subsidiaries, affiliates, agents, and attorneys, and any of the foregoing.

J.    For purposes of this Schedule, the term "Jamaica" means Jose Frank Jamaica (also known as Frank Jamaica) and his agents and attorneys, and any of the foregoing.

K.    For purposes of this Schedule, the term "Jamaica Injury" means each accident or injury incurred or alleged to have been incurred by Jamaica, arising, or alleged to arise, out of his employment by Plan Hold.

L.    For purposes of this Schedule, the term "Marshall" means Darrell Marshall and his agents and attorneys, and any of the foregoing.

M.    For purposes of this Schedule, the term "Marshall Injury" means each accident or injury incurred or alleged to have been incurred by Marshall, arising, or alleged to arise, out of his employment by Clearprint.

N.    For purposes of this Schedule, the term "person" is defined as any natural person or any business, legal or governmental entity or association.

O.    The following rules of construction apply to this :

    (i)    The terms "all" and "each" shall each be construed as all and each; and;

3

497624-1

(ii)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery demand all responses that might otherwise be construed to be outside of its scope.

P.    In the event any document or any of a part of a document is withheld from production on the basis of any claim of privilege, CIGA is to identify in writing as to each such document or part of a document:

    (i)    the nature of the privilege that is being claimed (if the privilege is asserted in connection with a claim or defense governed by state law, CIGA is also to identify the state's privilege rule being invoked);

    (ii)    the type of document;

    (iii)    the general subject matter of the document or part being withheld;

    (iv)    the date of the document;

    (v)    the author of the document;

    (vi)    the addressee(s) and recipient(s) of the document; and

    (vii)    where not apparent, the relationship of the author and addressee(s) to each other.

Q.    For purposes of this Schedule, the term "concerning" means relating to, referring to, describing, evidencing or constituting.

4

R.    CIGA is to produce all documents responsive to the categories set forth below, which are in CIGA's custody, possession or control, including, but not limited to, all responsive documents in the custody, possession, or control of CIGA's attorneys and each third-party administrator of CIGA.

## DOCUMENTS REQUESTED

1.    All documents concerning CIGA's handling of each workers' compensation claim filed by or on behalf of Jamaica for any Jamaica Injury.

2.    All documents concerning CIGA's handling of each workers' compensation claim filed by or on behalf of Marshall for any Marshall Injury.

3.    All documents concerning Reliance's handling of each workers' compensation claim filed by or on behalf of Jamaica for any Jamaica Injury.

4.    All documents concerning Reliance's handling of each workers' compensation claim filed by or on behalf of Marshall for any Marshall Injury.

5.    All documents concerning any treatments or therapy given to, or surgery performed on, Jamaica during the period January 1, 1995 to the present for any Jamaica Injury.

6.    All documents concerning any doctor's evaluation, examination, or diagnosis of any Jamaica Injury during the period January 1, 1995 to the present.

7.    All documents concerning each automobile accident in which Jamaica was involved during the period from January 1, 1995 to the present, including, but not limited to, all

5

documents concerning any and all injuries suffered or allegedly suffered by Jamaica as a result of such accident.

8.      All documents concerning the medical expenses incurred by Jamaica, Reliance, CIGA, or GPC during the period January 1, 1995 to the present, arising out of any Jamaica Injury, including, but not limited to, the expenses for the treatments given to, surgeries performed on, and medical examination of Jamaica.

9.      All documents concerning each payment made or agreed to be made by Reliance or CIGA to Jamaica or anyone other person in connection with any workers' compensation claim made by or on behalf of Jamaica, arising out of his employment by Plan Hold.

10.     All documents concerning each actual or prospective settlement of any workers' compensation claim of Jamaica for any Jamaica Injury.

11.     The transcript of each deposition given by Jamaica concerning each worker's compensation claim for any Jamaica Injury.

12.     All documents filed or issued in each administrative proceeding or appeal therefrom, concerning each worker's compensation claim filed by or on behalf of Jamaica for any Jamaica Injury.

13.     All documents concerning any treatments or therapy given to, or surgery performed on, Marshall, during the period January 1, 1993 to the present, in connection with any Marshall Injury.

14.    All documents concerning any doctor's evaluation, examination, or diagnosis of any Marshall Injury.

15.    All documents concerning the medical expenses incurred by Marshall, Reliance, CIGA, CPG, or GPC during the period January 1, 1991 to the present, arising out of any Marshall Injury, including, but not limited to, the expenses for the treatments given to, surgeries performed on, and medical examination of Marshall.

16.    All documents concerning each payment made or agreed to be made by Reliance, GPC, or CIGA to Marshall or any other person in connection with any workers' compensation claim made by or on behalf of Marshall for any Marshall Injury.

17.    All documents concerning each actual or prospective settlement of each workers' compensation claim of Marshall for any Marshall Injury.

18.    The transcript of each deposition given by Marshall concerning each worker's compensation claim for any Marshall Injury.

19.    All documents filed or issued in each administrative proceeding or appeal therefrom, concerning each worker's compensation claim filed by or on behalf of Marshall for any Marshall Injury.

20.    All documents concerning each communication between Reliance and CIGA concerning each workers' compensation claim filed by or on behalf of Jamaica for any Jamaica Injury.

7

497624-1

21.    All documents concerning each communication between Reliance and CIGA concerning each workers' compensation claim filed by or on behalf of Marshall for any Marshall Injury.

22.    The contents of all files furnished by Reliance to CIGA, concerning any worker's compensation claim filed by Jamaica for any Jamaica Injury.

23.    The contents of all files furnished by Reliance to CIGA, concerning any worker's compensation claim filed by Marshall for any Marshall Injury.

24.    All documents concerning each communication between Reliance or CIGA, and Zurich, concerning each workers' compensation claim filed by Jamaica for any Jamaica injury.

25.    All documents concerning each communication between (a) CIGA and (b) GPC, CPG, or any insurance broker or agency, concerning each workers' compensation claim filed by or on behalf of Jamaica for any Jamaica Injury.

26.    All documents concerning each communication between (a) CIGA and (b) GPC, CPG, or any insurance broker or agency, concerning each workers' compensation claim filed by or on behalf of Marshall for any Marshall Injury.

27.    Each claim made by CIGA to Reliance, arising out of any worker's compensation claim made by Jamaica and/or Marshall.

28.    All documents concerning each proceeding, petition, or application brought by CIGA against Zurich or Zurich-American Insurance Group, seeking a monetary contribution by Zurich or Zurich-American Insurance Group to CIGA for payments or expenditures made or

8

incurred  by CIGA for any worker's compensation claim made by Jamaica for any Jamaica

Injury.

29.    All manuals, and documents concerning guidelines or standards for the handling

of worker's compensation claims by or on behalf CIGA.

9

**SCHEDULE B**
**TO SUBPOENA ADDRESSED TO CALIFORNIA INSURANCE GUARANTEE**
**ASSOCIATION**

In accordance with Rules 30 (b)(6) and 45, Fed.R.Civ.P., California Insurance

Guarantee Association is advised of its duty to designate one or more of its officers,

directors, or other persons who consent to testify on its behalf, to testify on the following

subjects (as used below the term "CIGA" means, collectively and individually,

California Insurance Guarantee Association and its third-party administrators and

attorneys):

1.    Each worker's compensation claim submitted to, or handled by CIGA

with respect to any accident or injury incurred or alleged to have been incurred by Jose

Frank Jamaica ("Jamaica Injury"), also known as "Frank Jamaica", arising, or alleged to

arise, out of his employment by Plan Hold Corporation ("Plan Hold").

2.    Each worker's compensation claim submitted to, or handled by CIGA

with respect to any accident or injury incurred or alleged to have been incurred by Darrell

Marshall ("Marshall Accident"), arising, or alleged to arise, out of his employment by

Clearprint Paper Company, Inc. ("Clearprint").

3.    The contents of each file maintained by Reliance Insurance Company

("Reliance") and/or CIGA , concerning each worker's compensation claim submitted to,

or handled by CIGA with respect to any Jamaica Accident.

4.    The contents of each file maintained by CIGA and/or Reliance,

concerning each worker's compensation claim submitted to, or handled by CIGA with

respect to any Marshall Accident.

497633-1

5.    The communications between (i) CIGA and (ii) Plaintiff, Reliance, GPC International, Inc. ("GPC"), Zurich-American Insurance Company or Zurich-American Insurance Group (individually and collectively, "Zurich"), or Jose Frank Jamaica ("Jamaica"), concerning each worker's compensation claim submitted to, or handled by CIGA with respect to any Jamaica Accident.

6.    The communications between (i) CIGA and (ii) Plaintiff, Reliance. GPC, Zurich, or Darrell Marshall ("Marshall"), concerning each worker's compensation claim submitted to, or handled by CIGA with respect to any Marshall Accident.

7.    The treatments or therapy given to, or surgery performed on, Jamaica during the period January 1, 1995 to the present in connection with any Jamaica Injury.

8.    The treatments or therapy given to, or surgery performed on, Marshall during the period January 1, 1993 to the present in connection with any Marshall Injury.

9.    Each doctor's evaluation, examination, or diagnosis of any Jamaica Injury during the period January 1, 1995 to the present.

10.    Each doctor's evaluation, examination, or diagnosis of any Marshall Injury during the period January 1, 1993 to the present.

11.    Each automobile accident in which Jamaica was involved during the period from January 1, 1995 to the present, including, but not limited to, any and all injuries suffered or allegedly suffered by Jamaica as a result of such accident.

497633-1

12.     The medical expenses incurred by Jamaica, Reliance, CIGA, or GPC, arising out of any Jamaica Injury during the period January 1, 1995 to the Present, including, but not limited to, the expenses for the treatments given to, surgeries performed on, and medical examination of Jamaica.

13.     The medical expenses incurred by Marshall, Reliance, CIGA, or GPC, arising out of any Marshall Injury, during the period January 1, 1993 to the present, including, but not limited to, the expenses for the treatments given to, surgeries performed on, and medical examination of Marshall.

14.     The payments made or agreed to be made by Reliance or CIGA to Jamaica in connection with any workers' compensation claim made by or on behalf of Jamaica for any Jamaica Injury.

15.     The payments made or agreed to be made by Reliance or CIGA to Marshall in connection with any workers' compensation claim made by or on behalf of Marshall for any Jamaica Injury.

16.     Each investigation undertaken by Reliance and/or CIGA of each worker's compensation claim filed by Jamaica for each Jamaica Injury in 1995 and/or in 1996.

17.     Each investigation undertaken by Reliance and/or CIGA of each worker's compensation claim filed by Marshall for each Marshall Injury in 1993.

18.     Each claim made by CIGA to Plaintiff or Reliance, concerning any payments made or agreed to be made by CIGA to Jamaica or anyone else in connection

497633-1

with any workers' compensation claim made by or on behalf of Jamaica for any Jamaica Injury.

19.     Each claim made by CIGA to Plaintiff or Reliance, concerning any payments made or agreed to be made by CIGA to Marshall or anyone else in connection with any workers' compensation claim made by or on behalf of Marshall for any Marshall Injury.

20.     Each proceeding, petition, or application brought by CIGA against Zurich, seeking a monetary contribution by Zurich to CIGA for payments or expenditures made or incurred by CIGA for any worker's compensation claim made by Jamaica for any Jamaica Injury.

21.     All rulings, decisions, and orders made by the State of California's Worker's Compensation Board or Worker's Compensation Appeals Board in connection with any worker's compensation claim made by Jamaica for any Jamaica Injury.

22.     All rulings, decisions, and orders made by the State of California's Worker's Compensation Board or Worker's Compensation Appeals Board in connection with any worker's compensation claim made by Marshall for any Marshall Injury.

23.     The settlements of any worker's compensation claim(s) by Jamaica for any Jamaica Injury.

24.     The settlements of any worker's compensation claim(s) by Marshall for any Marhsall Injury.

497633-1

25.    All manuals, and guidelines or standards for the handling of worker's compensation claims submitted to, or handle by CIGA.