## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION) 1311 Strawberry Square Harrisburg, Pennsylvania 17120<br><br>Plaintiff,<br><br>-v- .<br><br>GPC INTERNATIONAL, INC.<br><br>Defendant.<br>――――――――――――――――――――<br>GPC INTERNATIONAL, INC.<br><br>Third-Party Plaintiff<br><br>-v-<br><br>ZURICH-AMERICAN INSURANCE COMPANY<br><br>Third-Party Defendant. | No. 05 CV 223 (SLR) |

## GPC INTERNATIONAL, INC.'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF ITS MOTION
## FOR LEAVE TO FILE AN AMENDED ANSWER

Of Counsel:

Herbert C. Ross, Esquire
Lori Marks-Esterman, Esquire
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York NY 10022

Andre G. Bouchard (#2504)
John M. Seaman (#3868)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Ave, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Defendant and Third-Party Plaintiff*
*GPC International, Inc.*

Dated: May 8, 2006

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ................................................................................................................2

  I.  GPC's Proposed Affirmative Defenses Are Not Futile...............................................2

      A.  Choice of Law Analysis ....................................................................................3

      B.  California Law...................................................................................................5

      C.  New York Law...................................................................................................5

  II.  Plaintiff Has Failed to Demonstrate Either Excessive Delay or Undue Prejudice ....7

CONCLUSION.............................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page**

Agere Sys. Guardian Corp. v. Proxim, Inc.,
190 F.Supp.2d 726 (D.Del. 2002)........................................................................................ 4

Arthur v. Maersk, Inc.,
434 F.3d 196 (3d Cir. 2006).............................................................................................. 8

Bechtel v. Robinson,
886 F.2d 644 (3d. Cir. 1989).............................................................................................. 9

Commissioners of the State Ins. Fund v. Photocircuits Corp.,
20 A.D.3d 173 (1st Dep't 2005) ........................................................................................ 7

Cowell v. Palmer Township,
263 F.3d 286 (3d Cir. 2001).............................................................................................. 4

Cureton v. Nat'l Collegiate Athletic Ass'n,
252 F.3d 267 (3d Cir. 2001).............................................................................................. 8

Dole v. Arco Chem. Co.,
921 F.2d 484 (3d Cir. 1990).............................................................................................. 9

In re Mariner Health Group,
300 B.R. 610 (D.Del. 2003)............................................................................................... 5

Liberty Mut. Ins. Co. v. Precision Valve Corp.,
402 F.Supp.2d 481 (S.D.N.Y. 2005)................................................................................. 7

Liberty Mut. Ins. Co. v. Thalle Constr. Co., Inc.,
116 F.Supp.2d 495 (S.D.N.Y. 2000)................................................................................. 7

Monahan v. City of Wilmington,
No. Civ.A. 00-505 (JJF) 2004 WL 758342 (D.Del. 2004) .................................................. 3

Mylan Pharm., Inc. v. Kremers Urban Dev.,
No. Civ.A. 02-1628 (GMS) 2003 WL 22711586 (D.Del. 2003)......................................... 3

Satellite Fin. Planning Corp. v. First Nat'l Bank,
646 F.Supp. 118 (D.Del. 1986).......................................................................................... 3

Trueposition, Inc. & KSI, Inc. v. Allen Telecom, Inc.,
No. Civ.A. 01-823 (GMS) 2002 WL 1558531 (D. Del. July 16, 2002) ............................ 9

United States v. Donald Lane Con.,
19 F.Supp.2d 217 (D.Del. 1998) ........................................................................................ 9

Whiteside v. New Castle Mut. Ins. Co.,
595 F.Supp. 1096 (D. Del. 1984) ....................................................................................... 5

Defendant/Third-Party Plaintiff, GPC International, Inc. ("GPC"), submits this reply memorandum in further support of its motion, pursuant to Fed. R. Civ. P. 15(a), for leave to file an Amended Answer adding only two affirmative defenses which plaintiff asserts GPC has not alleged in its Answer.

## PRELIMINARY STATEMENT

In opposition to GPC's motion, plaintiff does not dispute that it expressly raised in its complaint the affirmative defenses which GPC seeks by this motion to add to its Answer. Plaintiff also does not dispute that it sought and received discovery on these defenses. Indeed, plaintiff concedes that it has known that GPC has asserted these defenses to plaintiff's claims since "long before this lawsuit was even filed." *See* Plaintiff's Memorandum of Law in Opposition to GPC's Motion for Leave to File an Amended Answer ("Plaintiff's Mem.") at p. 5.

Despite its concession that claims mishandling has been at issue in this action from the very start, plaintiff argues that GPC's motion to amend should be denied as futile, arguing that New York law governs the claims in this action and that New York law does not support the affirmative defenses GPC seeks to explicitly add. However, to defeat this motion based on "futility," plaintiff must demonstrate that GPC's proposed amendment has no possibility of succeeding on the merits. Plaintiff has not a carried that burden.

Contrary to its contentions, California law should govern the instant dispute, and California law unequivocally recognizes that an insurer's mishandling of the underlying worker's compensation claims constitutes a breach of both the insurer's express contractual obligations and the implied covenant of good faith and fair dealing. Further, even if New York law governs, it recognizes that claims mishandling is a defense where

1

the insurer failed to perform its contractual obligations in an objectively reasonable manner. Thus, under either states' laws, the proposed affirmative defenses are not "futile".

Plaintiff's further contention that GPC's motion should be denied as "untimely" and prejudicial to plaintiff is also meritless. Timeliness is not a defense to a motion to amend absent undue prejudice, which plaintiff has failed to demonstrate. Plaintiff concedes that it has known about these defenses since well before the filing of its Complaint. Plaintiff has sought and received discovery on these defenses. Plaintiff's feigned surprise as to the reference to CIGA in the defenses is also without merit, as plaintiff has long known that CIGA took over claims handling after Reliance became subject to a liquidation order and GPC in answers to plaintiff's interrogatories on claims mishandling, made explicit reference to CIGA's mishandling as being attributable to plaintiff and Reliance.

Accordingly, GPC respectfully submits that this Court should grant this motion and permit GPC to serve and file its proposed Amended Answer.

## ARGUMENT

### I.    GPC's Proposed Affirmative Defenses Are Not Futile

A proposed amendment to a pleading is deemed futile only if "it could not withstand a motion to dismiss." *Monahan v. City of Wilmington*, No. Civ.A. 00-505 (JJF) 2004 WL 758342, *2 (D. Del. 2004), *citing Satellite Fin. Planning Corp. v. First Nat'l Bank*, 646 F. Supp. 118, 120 (D. Del. 1986); *Mylan Pharm., Inc. v. Kremers Urban Dev.*, No. Civ.A. 02-1628 (GMS) 2003 WL 22711586, *2 (D. Del. 2003) ("an amendment would be futile for purposes of Rule 15(a) if, accepting all the well pleaded facts as true, the amended [pleading] fails to state a claim upon which relief may be granted.")

2

Moreover, this Court has made clear, that where the non-movant challenges a proposed amendment based on futility, "only where it is clear to the court at this time that a claim has no possibility of succeeding on the merits, will the court disallow it by denying leave to amend." *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F.Supp.2d 726, 736 (D. Del. 2002), *citing Cowell v. Palmer Township*, 263 F.3d 286, 296 (3d Cir. 2001).

Applying the deferential standard set forth above, GPC's motion to amend should only be denied as futile if this Court finds that there is *no* possibility that the affirmative defenses will succeed. Plaintiff has failed to establish this.

## A. Choice of Law Analysis

To support its claim that New York law should govern this action, GPC purports to rely on the Declaration of Edward Brace, which states, "[i]n reviewing the Reliance Policies, it *appears* that they were issued by Reliance through a broker in New York, to GPC's corporate headquarters in New York." Declaration of Edward Brace at ¶ 5 (emphasis supplied). Thus, the *sole* factual support for plaintiff's argument that New York law should apply is the review by one of its executives of the declaration pages of the Reliance Policies.

The Brace Declaration, consisting of nothing more than a review of one page of the insurance policies, does not come close to establishing which state's law should be applied to the instant dispute involving Reliance and GPC's respective rights and obligations under the Reliance Policies. Not surprisingly, plaintiff fails to cite any case supporting its theory that the corporate office of one party to the contract, and the purported location of the agent who aided in procuring that contract, is sufficient to establish which state has the most significant relationship.

3

As set forth in GPC's moving papers, this Court held, in *Whiteside v. New Castle Mut. Ins. Co.*, 595 F. Supp. 1096, 1098 (D. Del. 1984), that in a dispute between an insured and insurer over performance under the insurance policy, the crucial factor is the location of the insured property. Plaintiff challenges GPC's reliance on *Whiteside*, arguing that the holding should be limited to cases involving homeowner's insurance policies. There is nothing in the court's decision which supports any such limitation. Similarly, plaintiff attempts to distinguish *In re Mariner Health Group*, 300 B.R. 610, 613 (D. Del. 2003), wherein this Court held that the rights and validity of insurance contracts are determined by the local law of the state which the parties understood was the principal location of the insured risk. Plaintiff argues that that holding is limited to contracts for fire, surety or casualty insurance. *See* Plaintiff's Mem. at p. 9. Once again, however, plaintiff fails to cite to anything in this decision which supports limiting the holding to those types of insurance policies. Moreover, plaintiff cites *no* caselaw limiting the holdings in those cases to those types of insurance policies, and *no* caselaw to support the application of New York law in this case.

Indeed, applying the law of the location of the insured risk at issue (here, California) makes sense. Plaintiff is the Insurance Commissioner of the Commonwealth of Pennsylvania, bringing this action on behalf of Reliance, which is a Pennsylvania company, against GPC which is a Delaware company. CPG, the company with whom Reliance originally contracted with to provide insurance coverage, is a California corporation. *See* Berman Decl at ¶ 3. The *only* contact with New York shown by plaintiff is the location of GPC's offices and the reference to a New York agent listed in the Reliance Policies.

4

California, on the other hand, in addition to being the state where CPG, the company with whom Reliance originally contracted with to provide insurance coverage, was located, is also the location where Mr. Jamaica and Mr. Marshall worked, and is the location where their respective worker's compensation claims were processed. *See* Berman Decl. at ¶¶ 4-8. Moreover, it was CIGA, the California Insurance Guarantee Association, which took over handling the Jamaica and Marshall claims on behalf of Reliance after Reliance became subject to liquidation. Additionally, plaintiff seeks to recover from GPC monies allegedly paid by CIGA, a California agency, to the underlying claimants in California. Thus, it is clear that California has the most significant relationship to the dispute.[1]

## B.    California Law

Reliance does not challenge, and thus concedes, that under Californian law, an insurer's mishandling of the underlying claims constitutes a breach of both its express contractual obligations and the implied covenant of good faith and fair dealing, and that GPC's proposed affirmative defenses are thus fully cognizable under California law. *See* GPC's Moving Mem. at pp. 13-14.

## C.    New York Law

Plaintiff contends that GPC's proposed amendment should be denied as futile because New York law does not permit an insured to assert bad faith or negligence as a defense to an action for retrospective premiums. *See* Plaintiff's Mem. at p.10. GPC, however, not only asserts as its proposed eighth Affirmative Defense that plaintiff mishandled the underlying claims negligently or in bad faith, but also, in the event that

---

[1]    In any event, plaintiff has failed to establish that there is "no possibility" that California law should govern, as required to demonstrate futility. *See Agere Sys.*, 190 F.Supp.2d at 736.

New York is determined to govern, GPC seeks to defend plaintiff's claims herein by arguing, in its proposed ninth Affirmative Defense, that Reliance, plaintiff, and/or CIGA, acting for them, failed to comply with their contractual obligations to perform their duties to GPC under the Reliance Policies in an objectively reasonable manner. *See* GPC's proposed Amended Answer, Ex. 13 to Seaman Decl. at ¶ 36.

Thus, unlike the situations in *Liberty Mut. Ins. Co. v. Thalle Constr. Co., Inc.*, 116 F. Supp.2d 495 (S.D.N.Y. 2000) and *Liberty Mut. Ins. Co. v. Precision Valve Corp.*, 402 F. Supp.2d 481 (S.D.N.Y. 2005) (cited by plaintiff) where the insured challenged that the insurer breached the implied covenants of good faith and fair dealing in settling the underlying worker's compensation claims for an excessive amount, GPC alleges here that Reliance, and those whose acts are attributable to it, failed to perform properly Reliance's contractual obligations in processing and handling those worker's compensations claims, which are the bases for plaintiff's claims, in an objectively reasonable manner, a defense recognized under New York law..

As set forth in GPC's moving papers, the evidence discovered thus far reveals that Reliance, plaintiff, and CIGA failed to comply with Reliance's most basic contractual obligations to properly manage the underlying worker's compensation claims. This is exactly what GPC's proposed Ninth Affirmative Defense asserts,[2] and this defense is *expressly* permitted under New York law, as the New York State Appellate Division held less than a year ago in *Commissioners of the State Ins. Fund v. Photocircuits Corp.*, 20

---

[2]    GPC's proposed Ninth Affirmative Defense reads: "Plaintiff's action is barred because plaintiff, Reliance, and the California Insurance Guaranty Association (whose processing and handling of the claims is attributable to plaintiff and Reliance) failed to act in an objectively reasonable manner in processing and handling the worker's compensations claims which are the bases for the claims asserted by plaintiff in this action."

6

A.D.3d 173, 798 N.Y.S.2d 367 (1st Dep't 2005). The court in *Photocircuits* recognized that included in every worker's compensation insurance policy is the insurer's duty to perform its contractual obligations to manage the underlying worker's compensation claims in "an objectively reasonable manner." *Photocircuits*, 20 A.D.3d 181, 798 N.Y.S.2d 372.

Thus, contrary to plaintiff's assertion, GPC's proposed Ninth Affirmative Defense does not contend that Reliance, plaintiff, and/or CIGA violated Reliance's implied duties to GPC. This defense, rather, alleges that, in grossly mismanaging the underlying claims, these entities failed to comply with Reliance's most basic contractual obligation under the Reliance Policies, in an objectively reasonable manner, which is unequivocally recognized in New York as a defense to a claim for retrospective premiums, and certainly well-established enough to satisfy the minimal threshold applied in a motion to amend.

## II.    Plaintiff Has Failed to Demonstrate Either Excessive Delay or Undue Prejudice

Plaintiff's arguments that GPC's motion should be denied because it is untimely and will cause plaintiff undue prejudice are also without merit.

In a single paragraph in her memorandum of law, plaintiff contends that GPC's motion should be denied as "untimely." *See* Plaintiff's Mem. at p. 13. It is well established, however, "delay alone is insufficient to justify denial of leave to amend." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).[3]  Rather, "the question of delay

---

[3]    Moreover, in *Arthur*, the Third Circuit expressly recognized, that while there is no presumptive period in which a motion for leave to amend is deemed untimely, "only one appellate court uncovered in [its] research has approved of denial of leave to amend based on a delay of less than one year." *Arthur*, 434 F.3d at 204 (granting motion to amend after eleven month delay, finding that such a delay is "not so excessive as to be presumptively unreasonable.") Here, GPC served its original Answer on June 24, 2005, and filed the instant motion to amend on April 13, 2006, approximately ten months later.

7

requires that we focus on the movant's reasons for not amending sooner." *Id.*, *quoting*

*Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

Furthermore, "delay, without evidence of prejudice to the defendant or burden on the

court, [is] insufficient grounds for denying motion to amend." *United States v. Donald*

*Lane Con.*, 19 F. Supp.2d 217, 222 (D. Del. 1998) (citation omitted).

As set forth in GPC's moving papers, GPC was not aware of plaintiff's contention

that the affirmative defenses GPC seeks to interpose explicitly in its proposed Amended

Answer were not sufficiently pleaded in the original answer until February 16, 2006,

when plaintiff's counsel asserted, for the first time, that claims mishandling was not a

defense raised in the Answer. *See* Seaman Decl. at ¶ 7. Plaintiff does not deny that this.

Plaintiff's claim of undue prejudice is similarly unavailing. To defeat a motion to

amend based on a claim of prejudice, the non-movant must demonstrate that it will be

"unfairly disadvantaged or deprived of the opportunity to present facts or evidence."

*Trueposition, Inc. & KSI, Inc. v. Allen Telecom, Inc.,* No. Civ.A. 01-823 (GMS) 2002

WL 1558531, *2 (D. Del. July 16, 2002), *citing Bechtel v. Robinson*, 886 F.2d 644, 652

(3d. Cir. 1989); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) ("[i]n order to

make the required showing of prejudice, regardless of the stage of proceedings, [non-

movant] was required to demonstrate that its ability to present its case would be seriously

impaired were amendment allowed.")

Plaintiff concedes that she has long known about GPC's defense of claims

mishandling, but contends that she will be prejudiced because this is the first time GPC

has alleged a defense based on the conduct of CIGA, a third party. *See* Plaintiff's Mem.

at p. 14. *Significantly, plaintiff nowhere denies that the claims mishandling by plaintiff*

*and Reliance have been in issue in the action since the start.* Plaintiff's feigned surprise

8

as to the reference to CIGA's mishandling is without merit, and lacks credibility, as the parties have long known that (a) CIGA took over the claims handling for Reliance, and (b) plaintiff's claims for retrospective premiums in this action encompass monies paid purportedly out by CIGA on the underlying worker's compensation claims.[4]

In fact, the parties' respective discovery requests and responses, dating back to December 2005, specifically included and encompassed CIGA. Thus, plaintiff's First Request for Production of Documents and First Set of Interrogatories to GPC include within the definition of plaintiff "any and all persons acting or purporting to act on behalf of Reliance" (*See* Ex. 2 to Seaman Decl. at p. 2), which necessarily includes CIGA. Further, in response to plaintiff's Interrogatory No. 14, which asked, "Do you contend that Reliance mishandled any claims under the Reliance Policies? Unless your answer is an unequivocal 'No', state the basis for your contention," GPC responded in the affirmative, stating that "Reliance *and subsequently CIGA*" mishandled the underlying claims. *See* Ex. 6 to Seaman Decl. (emphasis added). And, in GPC's First Request for Production of Documents, GPC made numerous requests for documents relating to CIGA. Thus, it is incredible for plaintiff to claim "surprise" by GPC's assertion that plaintiff's claims mishandling includes the actions and/or inactions of CIGA "(whose processing and handling of the claims is attributable to plaintiff and Reliance,)" *See* GPC's proposed Eighth and Ninth Affirmative Defenses.

Finally, Reliance complains that it will not have sufficient time to address that part of the affirmative defenses alleging that CIGA mishandled the underlying worker's

---

[4]    Indeed, plaintiff's attempt to disclaim responsibility for the conduct of CIGA in handling the Jamaica and Marshall claims and allegations of surprise at the inclusion of CIGA in GPC's proposed affirmative defenses, contradicts its claim for credit in this action for any funds paid out by CIGA to the worker's compensations claimants.

compensation claims because of the impending deadline for fact discovery. *See* Plaintiff's

Mem. at p. 14. That is the sole "prejudice" claimed by plaintiff, and this assertion is

baseless. First, plaintiff has known since at least GPC's answers to interrogatories in

December 2005 that GPC is asserting these mishandling defenses and includes CIGA's

conduct therein. Second, GPC filed this motion on April 13, 2006, *one month* before

May 15, 2006, the current deadline on fact discovery. Third, on April 28, 2006, GPC

filed a motion to extend the discovery schedule (including extending the deadline for fact

discovery to June 15, 2006), which motion was made after *plaintiff declined* to stipulate

to an adjournment of the close of fact discovery.

## CONCLUSION

For the foregoing reasons, GPC's motion pursuant to Fed. R. Civ. P. 15 for leave

to file its Amended Answer should be granted.


BOUCHARD MARGULES & FRIEDLANDER, P.A.

Of Counsel:

By /s/ John M. Seaman

Herbert C. Ross, Esquire                    Andre G. Bouchard (#2504)
Lori Marks-Esterman, Esquire                John M. Seaman (#3868)
OLSHAN GRUNDMAN FROME                       222 Delaware Ave, Suite 1400
ROSENZWEIG & WOLOSKY LLP                     Wilmington, DE 19801
Park Avenue Tower                           Telephone: (302) 573-3500
65 East 55th Street                         abouchard@bmf-law.com
New York NY 10022                           jseaman@bmf-law.com

Dated: May 8, 2006                          *Attorneys for Defendant and Third-Party Plaintiff*
                                            *GPC International, Inc.*

10