IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION) : : : : : : : : Plaintiff, : : v. : : GPC INTERNATIONAL, INC. : : Defendant. : | CIVIL ACTION<br><br>NO. 05-CV-223 (SLR) |

| | |
|---|---|
| GPC INTERNATIONAL, INC. : : Third-Party Plaintiff, : : v. : : ZURICH-AMERICAN INSURANCE COMPANY : : Third-Party Defendant. : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR ADJOURNMENT OF
DISCOVERY SCHEDULE AND AMENDMENT OF SCHEDULING ORDER**

Plaintiff M. Diane Koken, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator (the "Liquidator") of Reliance Insurance Company (in Liquidation) ("Reliance"), by and through her attorneys, Fox Rothschild LLP, hereby submits this memorandum of law in opposition to defendant GPC International, Inc.'s ("GPC's") Motion for Adjournment of Discovery Schedule and Amendment of Scheduling Order. For the reasons that follow, GPC's Motion should be denied.

1. Reliance filed this action against GPC on April 15, 2005 for breach of contract and for declaratory relief. Reliance seeks to recover damages from GPC based on GPC's refusal to pay Reliance $505,096 in additional premium due Reliance under the retrospectively-rated workers' compensation and employer's liability insurance policies which GPC voluntarily elected. GPC has refused to pay Reliance the past-due insurance premiums.

2. On June 24, 2005 GPC filed an Answer and New Matter in which it asserted seven affirmative defenses, none of which relate to the handling of the workers' compensation claims of two of GPC's former employees, Frank Jamaica ("Jamaica") and Darrell Marshall ("Marshall"), under the policies at issue. GPC also filed a third-party Complaint against Zurich-American Insurance Company ("Zurich") on July 8, 2005 in which GPC alleges that a portion of the medical and indemnity payments made on the Jamaica claim should have been paid by Zurich.

3. The parties have exchanged initial disclosures and written discovery. Under the February 22, 2006 Scheduling Order, the deadline for fact discovery – already extended once - is May 15, 2006, and expert discovery is to be completed by June 14, 2006. Trial is scheduled for September 5, 2006. On March 27, 2006 the parties participated in a mediation conference before Magistrate Judge Thynge, which has not yet concluded.

4. On April 13, 2006, GPC filed a Motion for Leave to File an Amended Answer to assert defenses related to the handling of the Jamaica and Marshall claims. On May 1, 2006, Reliance filed its opposition to GPC's motion for leave to amend, asserting that GPC's motion was futile, untimely and prejudicial. GPC now seeks to adjourn the discovery schedule and amend the scheduling order, presumably so it can pursue discovery on the new defenses it seeks to assert.

1

5.  Requests to adjourn discovery and amend scheduling orders are within the sound discretion of this Court. See Nat'l Steel Car, Ltd. v. The Greenbrier Cos., Inc., No. Civ. 02-1427-SLR, 2004 WL 502229, at * 1 (D. Del. Mar. 4, 2004) ("[W]hether or not parties should be held to pretrial orders is a matter for the discretion of district judges.") (attached hereto as Exhibit "A"); see also Estate of Smith v. Marasco, 318 F.3d 497, 522 (3d. Cir. 2003) (holding that district court's decision whether to grant leave to extend discovery is discretionary); Fed. R. Civ. P.16(b). GPC's motion to extend the discovery deadline should be denied because GPC fails to provide *any* reason – let alone a legitimate reason – to amend the scheduling order.

6.  GPC fails to set forth the nature of the additional discovery that supposedly justifies a further extension of the discovery deadline, and fails to provide any credible explanation as to why it failed to seek such discovery during the applicable discovery period, which already has been extended once. Moreover, extending the discovery deadline will penalize Reliance by perpetuating this simple commercial collection matter and reward GPC's lack of diligence.

7.  If the basis for the instant motion is GPC's Motion for Leave to File an Amended Answer, it should be denied for the reasons set forth in Reliance's opposition to that motion, that is, futility, untimeliness and prejudice. No new facts or circumstances permit GPC the extension it seeks. Long before Reliance even filed its lawsuit, GPC knew the Marshall and Jamaica claims were the primary factors in the retrospective premiums owed to Reliance and that the California Insurance Guaranty Association ("CIGA") has been handling those claims for the past five years since Reliance was placed into liquidation.

8. Despite having this knowledge, however, GPC did virtually nothing by way of discovery and only recently sought to subpoena CIGA for records and a deposition.[1] GPC should not be rewarded for ten months of dilatory conduct in failing to seek certain discovery. Accordingly, this Court should exercise its discretion to deny GPC's motion.

9. For the foregoing reasons, the Liquidator respectfully submits that GPC's Motion for Adjournment of Discovery Schedule and Amendment of Scheduling Order should be denied for GPC's failure to provide any legitimate basis for the requested extension.

Respectfully submitted,

/s/ Sheldon K. Rennie (#3772)
Sheldon K. Rennie, Esquire
FOX ROTHSCHILD LLP
Citizens Bank Center
919 North Market Street
Suite 1300, 13th Floor
Wilmington, DE 19801-2323
(302) 654-7444

and

Gerald E. Arth
Cheryl A. Garber
FOX ROTHSCHILD LLP
2000 Market Street – 10th Floor
Philadelphia, PA 19103
(215) 299-2000
*Attorneys for plaintiff
M. Diane Koken, in her official capacity
as Insurance Commissioner of the
Commonwealth of Pennsylvania,
as Liquidator of Reliance Insurance
Company (In Liquidation)*

Dated: May 15, 2006

---

[1] Despite GPC's lack of diligence with respect to CIGA, the parties have agreed to hold CIGA's deposition beyond the current applicable discovery deadline.

3