# EXHIBIT "A"

Westlaw.

Not Reported in F.Supp.2d                                                                                                                Page 1

Not Reported in F.Supp.2d, 2004 WL 502229 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
NATIONAL STEEL CAR, LTD., Plaintiff,
v.
THE GREENBRIER COMPANIES, INC. and
Greenbrier Leasing Corp., Defendants.
No. Civ. 02-1427-SLR.

March 4, 2004.

Richard K. Herrmann, Blank Rome LLP, Wilmington, DE, for plaintiff/counter-defendant.
Robert W. Whetzel, Richards, Layton & Finger, Wilmington, DE, for defendant/counter-claimant.

MEMORANDUM ORDER

ROBINSON, J.
*1 At Wilmington, this 4th day of March, 2004, having reviewed the motion of defendant Greenbrier Leasing Corp. ("Greenbrier Leasing") to dismiss for failure to state a claim upon which relief can be granted (D.I.45), and the memoranda submitted therewith;

IT IS ORDERED that the motion (D.I.45) is denied without prejudice to renew for the reasons that follow:

1. Plaintiff filed the present action for patent infringement on August 22, 2002 against defendant Greenbrier Companies, Inc. ("Greenbrier Co."). On July 30, 2003, pursuant to Fed.R.Civ.P. 16, the court entered a scheduling order which, *inter alia,* precludes the filing of summary judgment motions before the close of discovery. (D.I.24) On September 12, 2003, consistent with the scheduling order, plaintiff motioned for leave to file an amended complaint. (D.I.27) On November 3, 2003, the court granted plaintiff's motion to file an amended complaint, and Greenbrier Leasing was joined as a defendant pursuant to the amended complaint. (D.I.37)

2. On November 18, 2003, Greenbrier Leasing filed this motion to dismiss for failure to state a claim upon which relief can be granted. In its motion, Greenbrier Leasing refers to matters outside the pleadings and requests that the motion be treated as one for summary judgment. Fed.R.Civ.P. 12(b).

3. Greenbrier Leasing contends that it is not bound by the court's scheduling order as it was not a party at the time of the order. (D.I. 50 at 2 n. 2) Greenbrier Leasing cites no authority for its contention that the scheduling order is inapplicable. Fed.R.Civ.P. 16(e) states that "[t]his order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice." *See De Laval Turbine, Inc. v. West India Industries, Inc.,* 502 F.2d 259, 263 (3d Cir.1974)("[W]hether or not parties should be held to pretrial orders is a matter for the discretion of district judges."). Greenbrier Leasing has not motioned the court to modify the scheduling order and it has not suggested that manifest injustice will result by adhering to the scheduling order. Consequently, Greenbrier Leasing's motion is untimely and will be denied without prejudice to renew at a time consistent with the court's scheduling order.

D.Del.,2004.
National Steel Car, Ltd. v. Greenbrier Companies, Inc.
Not Reported in F.Supp.2d, 2004 WL 502229 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:02CV01427 (Docket) (Aug. 22, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.