## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

M. DIANE KOKEN, in her official capacity as
Insurance Commissioner of the Commonwealth
of Pennsylvania, as Liquidator of RELIANCE
INSURANCE COMPANY (IN LIQUIDATION)
1311 Strawberry Square
Harrisburg, Pennsylvania 17120

                    Plaintiff,

          -v-                                        No. 05 CV 223 (SLR)

GPC INTERNATIONAL, INC.

                    Defendant.

_____

GPC INTERNATIONAL, INC.

                    Third-Party Plaintiff

          -v-

ZURICH-AMERICAN INSURANCE
COMPANY

                    Third-Party Defendant.

## DEFENDANT AND THIRD-PARTY PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR ADJOURNMENT OF DISCOVERY SCHEDULE AND AMENDMENT OF SCHEDULING ORDER

Defendant and Third-Party Plaintiff GPC International, Inc. ("GPC") submits this reply

to Plaintiff's opposition to GPC's motion for a Second Amended Scheduling Order (D.I. 52)

extending thereby the current deadlines on service of experts' reports, completion of fact discovery, and completion of expert discovery.

First, Plaintiff does not dispute, and thereby concedes, that the adjourned dates sought by GPC's motion (D.I. 43) would not interfere with the trial date of September 5, 2006, set by the Court in its original Scheduling Order in this action.

Second, in asserting that GPC offered no justification for the adjournment, Plaintiff ignored the fact that the parties agreed prior to submission of the stipulated first amended scheduling order to the Court in early February 2006 to hold the taking of depositions and service of any additional discovery demands in abeyance pending completion of the mediation conference on March 27, 2006.  Having held depositions in abeyance prior to the mediation conference which did not lead to a settlement of the case, GPC requires this extension to complete depositions.  Since the mediation conference, GPC has served a set of interrogatories on Plaintiff, served GPC's motion for leave to serve an amended answer, and served a set of interrogatories on Third-Party Defendant.  Additionally, shortly after service of this motion, GPC served notices to take the Rule 30(b)(6) depositions of Plaintiff and Third-Part Defendant, and served a deposition and document subpoena on non-party California Insurance Guarantee Association ("CIGA").  Each of those parties and CIGA requested adjournments of their depositions from prior to the close of discovery until later dates.

Third, Plaintiff fails to acknowledge that the parties have already agreed to defer, to dates *following* the currently scheduled end of factual discovery, May 15, 2006, each of the noticed depositions, i.e., GPC's Rule 30(b)(6), deposition of Plaintiff, Plaintiff's depositions of two officers of GPC, and GPC's Rule 30(b)(6) deposition of Third-Party Defendant Zurich American Insurance Company ("Zurich") as well as GPC's Rule 30(b)(6) deposition of non-party CIGA

2

pursuant to subpoena. Thus, Plaintiff has already informally agreed to extend discovery for the key depositions of fact witnesses. Having agreed to defer these depositions, Plaintiff will suffer no prejudice if the Court grants this motion.

In any event, Plaintiff will not be prejudiced by grant of GPC's motion for leave to amend its answer (D.I. 37) to make it perfectly clear that claims mishandling is a defense of GPC in this action or by extending the discovery deadline to permit completion of discovery on that defense. In fact, as shown by GPC on its motion to amend, (i) Plaintiff raised the issue of claims mishandling in its complaint in the very beginning for this action; (ii) Plaintiff propounded interrogatories specifically asking GPC for the bases for the claims mishandling defense and demanded that GPC produce documents relating to that defense; and (iii) GPC furnished answers to those interrogatories and documents responsive to those document demands. Thus, Plaintiff has acted consistently as if the defense has been in the case all along. Accordingly, there is no prejudice to Plaintiff in GPC using any part of an adjourned discovery schedule to procure additional discovery on that defense.

Furthermore, Plaintiff is wrong when she asserts, at page 3 of her opposition, that "GPC did virtually nothing by way of discovery ...." Not only did GPC respond to three discovery demands served by Plaintiff, but GPC also served requests for documents and a set of interrogatories on each of Plaintiff and Zurich, and, shortly after service of this motion, also served notices of depositions on Plaintiff and Zurich as well as a subpoena on CIGA.

Additionally, it should be noted that Plaintiff has made no specific objection to deferring the submission of initial expert reports to June 20, 2006, submission of rebuttal expert reports to

3

July 10, 2006, and the close of expert discovery to July 31, 2006 as requested by GPC's present motion.

Finally we point out that Third Party Defendant Zurich has not opposed this motion.

Based on the foregoing and the arguments that were set forth in GPC's April 28, 2006 motion for adjournment of the discovery schedule, we respectfully submit that the Court should grant the motion and sign and enter the proposed second amended scheduling order submitted earlier by GPC (attached to D.I. 43) so that the deadlines are as follows:

1.     All fact discovery shall be commenced in time to be completed by **June 15, 2006** (as adjourned from the date of May 15, 2006 (originally March 16, 2006)).

2.     All expert discovery shall be commenced in time to be completed by **July 31, 2006** (as adjourned from June 14, 2006 (originally April 14, 2006)).

3.     Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by **June 20, 2006** (as adjourned from May 1, 2006 (originally March 1, 2006)).

4.     Rebuttal expert reports due by **July 10, 2006** (as adjourned from May 20, 2006 (originally March 1, 2006)).

The only other dates in the initial or first amended Scheduling Order between the above, requested dates and the scheduled trial date of September 5, 2006 are not disturbed by the requested adjourned schedule; i.e., any motion *in limine* to be filed on or before August 8, any response thereto to be filed on or before August 15, and the pretrial conference on August 22.

4

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Of Counsel:

Herbert C. Ross, Esquire
Lori Marks-Esterman, Esquire
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York NY 10022

By /s/ John M. Seaman

Andre G. Bouchard (#2504)
John M. Seaman (#3868)
222 Delaware Ave, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
abouchard@bmf-law.com
jseaman@bmf-law.com

Dated: May 22, 2006

*Attorneys for Defendant and Third-Party Plaintiff
GPC International, Inc.*

5