IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION) 1311 Strawberry Square Harrisburg, Pennsylvania 17120<br><br>Plaintiff,<br><br>-v-<br><br>GPC INTERNATIONAL, INC.<br><br>Defendant.<br><br>———————————————<br><br>GPC INTERNATIONAL, INC.<br><br>Third-Party Plaintiff,<br><br>-v-<br><br>ZURICH-AMERICAN INSURANCE COMPANY<br><br>Third-Party Defendant. | No. 05 CV 223 (SLR) |

**DEFENDANT AND THIRD-PARTY PLAINTIFF'S
MOTION FOR ADJOURNMENT OF DISCOVERY SCHEDULE AND TRIAL
AND AMENDMENT OF SCHEDULING ORDER**

Defendant and Third-Party Plaintiff GPC International, Inc. ("GPC") herby moves this Court, pursuant to Rules 6(b) and 16(b), Fed. R. Civ. P., for a Second Amended Scheduling Order, extending thereby the current deadlines on service of experts' reports, completion of fact

discovery, and completion of expert discovery, and adjourning the date for commencement of trial. This motion supercedes GPC's motion for adjournment of the discovery schedule and amendment of scheduling order, dated April 28, 2006. (D.I. 43)

**Activities Since the Amended Scheduling Order of February 2006**

One prior extension of the discovery dates relevant to this motion was granted pursuant to stipulation of the parties in February 2006. (D.I. 33) Since entry of that order, the parties have submitted on March 17, 2006 mediation statements to United States Magistrate Judge Thynge, and participated in a mediation session before Magistrate Judge Thynge on March 27, 2006, and GPC has served:

(a) a set of interrogatories on Plaintiff on March 31, 2006 (D.I. 36),

(b) a motion for leave to serve an amended answer on April 13, 2006 (D.I. 37 – 40),

(c) a set of interrogatories on Third-Party Defendant on April 14, 2006 (D.I. 41),

(d) a motion for motion for adjournment of the discovery schedule and amendment of scheduling order, dated April 28, 2006 (D.I. 43),

(e) notices to take the depositions of Plaintiff and Zurich pursuant to Rule 30(b)(6), Fed. R. Civ. P., on May 2, 2006, scheduling them for May 11 and May 12, respectively (before the close of discovery set for May 15, 2006 under the Amended Scheduling Order in this action) (D.I. 46 – 47),

(f) a subpoena for deposition and documents on California Insurance Guarantee Association ("CIGA") on May 4, 2006 for production and deposition on May 15, 2006 (D.I. 48) and

(g) negotiated a confidentiality agreement between GPC and CIGA, which CIGA required for production of documents to GPC pursuant to the subpoena.

After GPC served all of its notices of deposition and subponea, Plaintiff served on May 8, 2006 notices to take the depositions of Don Fleischauer and Michael Berman of GPC, for May 15, 2006 also. (D.I. 49)

All of the aforementioned depositions have been adjourned by agreement of counsel such that they may be taken after the current close of discovery date.

### The Requested Second Amended Scheduling Order

Subject to the Court's availability and schedule, the dates to which GPC seeks adjournment by the requested Second Amended Scheduling Order and the current deadlines for discovery are as follows (the dates in bold are the dates to which GPC seeks adjournment by this motion):

1. All fact discovery shall be commenced in time to be completed by **August 15, 2006** (as adjourned from May 15, 2006 (originally March 16, 2006)).

2. All expert discovery shall be commenced in time to be completed by **October 31, 2006** (as adjourned from June 14, 2006 (originally April 14, 2006)).

3. Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by **September 8, 2006** (as adjourned from May 1, 2006 (originally March 1, 2006)).

4. Rebuttal expert reports due by **October 6, 2006** (as adjourned from May 20, 2006 (originally March 1, 2006)).

5. Any motion *in limine* to be filed on or before **November 7, 2006** (as adjourned from the originally scheduled date of August 8, 2006), any response thereto to be filed on or before **November 14, 2006** (as adjourned from the originally scheduled date of August 15, 2006), and the pretrial conference on **November 21, 2006** (as adjourned from the originally scheduled date of August 22, 2006).

3

6.      Trial to commence on **December 4, 2006** (or such other time as is convenient to the Court in early December) (as adjourned from the originally scheduled date of September 5, 2006).

The longer adjournment for the submission of initial expert reports as reflected above is requested to permit completion of fact discovery so that any expert preparing an initial expert report shall have all facts in front of him or her.

### The Positions of Counsel for the Other Parties

By email on Monday, June 12, 2006, Counsel for GPC sought consent of the attorneys for Plaintiff and the attorneys for Third-Party Defendant to the adjournment of the deadlines in the Amended Scheduling Order as set forth above. As of the time of filing this motion, however, attorneys for Plaintiff and Third-Party Defendant have not responded. Counsel for Plaintiff opposed GPC's earlier request to adjourn the discovery schedule. (D.I. 43)

### Reasons for the Requested Second Amended Schedule

GPC submits that good cause exists for amending the current scheduling order pursuant to Fed. R. Civ. P. 16(b) as follows. Plaintiff appears in her capacity as liquidator of Reliance Insurance Company ("Reliance") in this action. She seeks in this action approximately one half million dollars in retrospective workers' compensation premium adjustments from GPC. These adjustments are based almost entirely, if not entirely, on worker's compensation claims made by two individuals, Frank Jamaica and Daryl Marshall. Initially, the claims were handled by Reliance but after an order of liquidation of Reliance was issued, CIGA has handled these claims.

4

GPC has moved for leave to serve and file its Amended Answer in order to make explicit its affirmative defenses of claims mishandling. Plaintiff, however, has refused to produce a Rule 30(b)(6) witness knowledgeable about Reliance's and subsequently CIGA's handling of the worker's compensation claims of Messrs. Jamaica and Marshall on the grounds that GPC's motion to amend has yet to be decided, and that claims mishandling is supposedly not an issue in this action unless and until the Court grants the motion to amend.

Plaintiff takes this unreasonable position despite the fact that (a) Plaintiff herself raised claims handling/mishandling in her complaint in this action, and (b) Plaintiff sought and received discovery from GPC on its defense of claims mishandling in interrogatories and document discovery in this action. In any event, it appears that discovery cannot be completed without a decision on GPC's motion for leave to file and serve its amended answer, or an order by the Court directing that Plaintiff produce a deposition witness knowledgeable on the handling of the claims of the aforesaid claimants, Jamaica and Marshall.

As shown above, GPC has been diligent in pursuing discovery. Furthermore, the parties agreed prior to submission of the stipulated first amended scheduling order to the Court in early February 2006 to hold in abeyance any depositions and service of any additional discovery demands pending completion of the mediation conference on March 27, 2006. Having held depositions in abeyance prior to the mediation conference, GPC requires this extension to complete depositions and allow sufficient time for expert reports based upon that fact discovery. Finally, Plaintiff and Third Party Defendant will not suffer any prejudice by extending the discovery deadline (or by permitting GPC to amend its answer), as there will be sufficient time in the schedule for Plaintiff and Third Party Defendant to respond to discovery regarding GPC's defense of claims mishandling.

We respectfully submit that, in the interest of fairness, particularly given that (a) discovery cannot be completed without GPC's deposition of a Rule 30(b)(6) witness from Reliance with knowledge of the claims handling/mishandling, (b) Plaintiff has impeded the completion of discovery by refusing to stipulate to amendment of GPC's answer, and requiring GPC to make a motion for leave to amend, (c) Plaintiff has refused to produce a 30(b)(6) witness knowledgeable about Reliance's and subsequently CIGA's handling of the claims of Messrs. Marshall and Jamaica, (d) the parties put on hold depositions during February and March 2006 to permit the mediation to occur and hopefully avoid further expense, and (e) the numerous activities undertaken in this action by the attorneys for GPC after the mediation as set forth above, this motion should be granted for cause shown.

A proposed Second Amended Scheduling Order reflecting the adjourned dates requested by this motion is submitted herewith for the Court's signature.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Of Counsel:

Herbert C. Ross, Esquire
Lori Marks-Esterman, Esquire
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York NY 10022

Dated: June 13, 2006

By /s/ John M. Seaman
   Andre G. Bouchard (#2504)
   John M. Seaman (#3868)
   222 Delaware Ave, Suite 1400
   Wilmington, DE 19801
   Telephone: (302) 573-3500
   abouchard@bmf-law.com
   jseaman@bmf-law.com

*Attorneys for Defendant and Third-Party Plaintiff GPC International, Inc.*