IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION) : : : : : : : Plaintiff, : : v. : : : GPC INTERNATIONAL, INC. : : Defendant. : | CIVIL ACTION<br><br>NO. 05-CV-223 (SLR) |

GPC INTERNATIONAL, INC. :
:
Third-Party Plaintiff, :
:
v. :
:
ZURICH-AMERICAN INSURANCE COMPANY :
:
Third-Party Defendant. :

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT/THIRD-PARTY PLAINTIFF'S MOTION
FOR ADJOURNMENT OF DISCOVERY SCHEDULE
AND TRIAL AND AMENDMENT OF SCHEDULING ORDER**

Plaintiff M. Diane Koken, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator (the "Liquidator") of Reliance Insurance Company (in Liquidation) ("Reliance"), by and through her attorneys, Fox Rothschild LLP, hereby submits this response in opposition to defendant/third-party plaintiff, GPC International, Inc.'s ("GPC's") Motion for Adjournment of Discovery Schedule and Trial and Amendment of Scheduling Order. For the reasons that follow, GPC's Motion should be denied.

1.      Reliance filed this action against GPC on April 15, 2005 for breach of contract and for declaratory relief. Reliance seeks to recover damages from GPC based on GPC's refusal to pay Reliance $505,096 in additional premium due Reliance under the retrospectively-rated workers' compensation and employer's liability insurance policies which GPC voluntarily elected. GPC has refused to pay Reliance the past-due insurance premiums.

2.      On June 24, 2005 GPC filed an Answer and New Matter in which it asserted seven affirmative defenses, none of which relate to the handling of the workers' compensation claims of two of GPC's former employees, Frank Jamaica ("Jamaica") and Darrell Marshall ("Marshall"), under the policies at issue. GPC also filed a third-party Complaint against Zurich-American Insurance Company ("Zurich") on July 8, 2005 in which GPC alleges that a portion of the medical and indemnity payments made on the Jamaica claim should have been paid by Zurich.

3.      The parties have exchanged initial disclosures and written discovery. Under the February 22, 2006 Scheduling Order, the deadline for fact discovery – already extended once – was May 15, 2006, and expert discovery was to be completed by June 14, 2006. Trial is scheduled for September 5, 2006. On March 27, 2006, the parties participated in a mediation conference before Magistrate Judge Thynge[1].

4.      On April 13, 2006, GPC filed a Motion for Leave to File an Amended Answer to assert defenses related to the handling of the Jamaica and Marshall claims. On May 1, 2006, Reliance filed its opposition to GPC's motion for leave to amend, asserting that GPC's motion

---

[1] Contrary to GPC's assertion, over three months ago the parties agreed to postpone depositions prior to the mediation on March 27, 2006. However the parties did not agree to revise the scheduling order, and GPC has done nothing in the three months since the mediation conference to actually schedule depositions.

1

was futile, untimely and prejudicial. On April 28, 2006, GPC filed a Motion for Adjournment of Discovery Schedule and Amendment of Scheduling Order presumably so it could pursue discovery on the new defenses it seeks to assert. On May 15, 2006, Reliance filed its opposition to GPC's Motion for Adjournment of Discovery Schedule, asserting that there were no new facts or circumstances to permit GPC the extension it sought and that GPC should not be rewarded for ten months of dilatory conduct in failing to seek certain discovery. GPC now seeks to supersede its April 28, 2006 Motion and further adjourn the discovery schedule and trial and amend the scheduling order.

5. Requests to adjourn discovery and amend scheduling orders are within the sound discretion of this Court. See Nat'l Steel Car, Ltd. v. The Greenbrier Cos., Inc., No. Civ. 02-1427-SLR, 2004 WL 502229, at * 1 (D. Del. Mar. 4, 2004) ("[W]hether or not parties should be held to pretrial orders is a matter for the discretion of district judges.") (attached hereto as Exhibit "A"); see also Estate of Smith v. Marasco, 318 F.3d 497, 522 (3d. Cir. 2003) (holding that district court's decision whether to grant leave to extend discovery is discretionary); Fed. R. Civ. P.16(b). GPC's motion to extend the discovery deadline should be denied because GPC fails to provide a legitimate reason to amend the scheduling order.

6. Because the basis for the instant motion is GPC's Motion for Leave to File an Amended Answer, it should be denied for the reasons set forth in Reliance's opposition to that motion, that is, futility, untimeliness and prejudice. Contrary to GPC's insinuation, Reliance refused to stipulate to GPC's amendment of its Answer not to impede GPC's discovery, but rather, because GPC's proposed amendment seeks to assert the affirmative defense of improper claims handling, which is not a valid defense in an action for collection of retrospective premiums. Likewise, Reliance objected to producing a Rule 30(b)(6) designee on the issue of

claims handling for the same reason (although Reliance agreed to produce a Rule 30(b)(6) designee on premium accounting issues).[2] Notably, GPC has not taken any steps to conduct any depositions, whether of Reliance, third-party defendant Zurich-American Insurance Company or any third-party witness. GPC literally has sat on its hands while the fact and expert discovery periods have lapsed.

7. Moreover, no new facts or circumstances permit GPC the extension it seeks. Long before Reliance even filed its lawsuit, GPC knew the Marshall and Jamaica claims were the primary factors in the retrospective premiums owed to Reliance and that the California Insurance Guaranty Association ("CIGA") has been handling those claims for the past five years since Reliance was placed into liquidation.

8. Despite having this knowledge, however, GPC did virtually nothing by way of discovery and only recently sought to subpoena CIGA for records and a deposition. GPC fails to provide any credible explanation as to why it failed to seek such discovery during the applicable discovery period, which already has been extended once. Moreover, extending the discovery deadline will penalize Reliance by perpetuating this simple commercial collection matter and reward GPC's lack of diligence.

9. Because GPC seeks to be rewarded for its dilatory conduct in failing to seek certain discovery for the past ten months, this Court should exercise its discretion to deny GPC's motion.

10. For the foregoing reasons, the Liquidator respectfully submits that GPC's Motion for Adjournment of Discovery Schedule and Trial and Amendment of Scheduling Order should be denied for GPC's failure to provide any legitimate basis for the requested extension.

---

[2] GPC never filed a motion to compel or otherwise contested Reliance's objection to producing a witness on claims handling issues.

                                  Respectfully submitted,

                                  */s/ Sheldon K. Rennie (#3772)*
                                  Sheldon K. Rennie, Esquire
                                  FOX ROTHSCHILD LLP
                                  Citizens Bank Center
                                  919 North Market Street
                                  Suite 1300, 13th Floor
                                  Wilmington, DE  19801-2323
                                  (302) 654-7444

                                  and

                                  Gerald E. Arth
                                  Cheryl A. Garber
                                  FOX ROTHSCHILD LLP
                                  2000 Market Street – 10th Floor
                                  Philadelphia, PA  19103
                                  (215) 299-2000
                                  *Attorneys for plaintiff*
                                  *M. Diane Koken, in her official capacity*
                                  *as Insurance Commissioner of the*
                                  *Commonwealth of Pennsylvania,*
                                  *as Liquidator of Reliance Insurance*
Dated: June 27, 2006                  *Company (In Liquidation)*