IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION) 1311 Strawberry Square Harrisburg, Pennsylvania 17120<br><br>                Plaintiff,<br><br>       -v-<br><br>GPC INTERNATIONAL, INC.<br><br>                Defendant.<br><br>―――――――――――――――<br><br>GPC INTERNATIONAL, INC.<br><br>            Third-Party Plaintiff<br><br>       -v-<br><br>ZURICH-AMERICAN INSURANCE COMPANY<br><br>            Third-Party Defendant. | No. 05 CV 223 (SLR) |

**REPLY OF DEFENDANT AND THIRD-PARTY PLAINTIFF IN SUPPORT OF
MOTION FOR ADJOURNMENT OF DISCOVERY SCHEDULE AND TRIAL
AND AMENDMENT OF SCHEDULING ORDER**

Defendant and Third-Party Plaintiff GPC International, Inc. ("GPC") submits this reply to Plaintiff's opposition to GPC's motion, pursuant to Rules 6(b) and 16(b), Fed. R. Civ. P., for a

Second Amended Scheduling Order, extending deadlines on completion of fact and expert discovery, and service of experts' reports, and adjourning the date for commencement of trial.

Plaintiff's opposition arguments are meritless, seeking only to deprive GPC of relevant discovery and avoid a trial conducted on the merits.

### A. The Court Decides the Legal Viability of GPC's Claims Mishandling Defenses, Which GPC Has Shown Are Legally Viable.

Plaintiff asserts that the remaining discovery GPC's seeks is limited to GPC's claims mishandling defenses, and that those defenses are not viable. First, the Court, rather than Plaintiff, decides whether the defenses are legally viable. Second, GPC demonstrated on its motion to amend its answer making those defenses explicit, that claims mishandling is a defense to retrospective workers compensation premiums under the law of both New York (whose law Plaintiff asserts applies) and California (whose law GPC asserts applies). *E.g., Commissioners of the State Ins. Fund v. Photocircuits Corp.*, 20 A.D.3d 173, 798 N.Y.S.2d 367 (1st Dep't 2005); *MacGregor Yacht Corp. v. State Corp. Ins. Fund*, 63 Cal.App.4th 448, 455-56 (Ct App. 2d Dis. 1998).

Additionally, contrary to Plaintiff's assertion, the claims mishandling defenses are not untimely. Plaintiff herself raised the claims mishandling defense in her complaint in May 2005, and sought and, in December 2005, received interrogatory and documentary discovery from GPC on the defenses of claims mishandling.

### B. GPC Provides Ample Reasons for the Adjourned Schedule.

Contrary to Plaintiff's arguments, GPC provided ample reasons for the adjourned schedule sought by this motion and, rather than having done "virtually nothing by way of discovery" (Pl. Opp. at 3) (D.I. 57), GPC has done a great deal in discovery. In support of its motion, GPC rightly stated that it required additional time because (a) pending the mediation, the

parties agreed in early February 2006 not to serve further discovery demands or take depositions, (b) Plaintiff impeded this litigation by, among other things, (i) arguing that the claims mishandling defenses are not in the case, thereby compelling GPC to move to amend its answer to make those defenses explicit, and (ii) refusing to produce a witness on claims mishandling despite service on Plaintiff of a Rule 30(b)(6) notice seeking testimony on that subject, (c) discovery cannot be completed without GPC's deposition of a Rule 30(b)(6) witness from Reliance with knowledge of the claims handling/mishandling, (d) the Court has not yet decided the motion to amend GPC's answer to make the claims mishandling defenses explicit, and (e) the numerous activities undertaken in this action by the attorneys for GPC after the mediation. Since serving this motion, yet an additional reason for the adjourned schedule requested by this motion has arisen. Prior to producing subpoenaed documents to GPC on June 14, 2006, non-party California Insurance Guarantee Association ("CIGA") redacted various medical information from many of the documents it produced, which by reason of § 3762 of California's Labor Code, should not have been withheld. GPC will seek restoration of what could be highly relevant redacted material.

Plaintiff has impeded this lawsuit by refusing to grant common courtesies. Plaintiff has admitted as much in the June 13, 2006 email from its lead counsel, Gerald Arth, refusing to stipulate to the schedule sought by this motion. Annexed hereto as Exhibit 1 is a copy of that email to Herbert Ross, counsel for GPC, in which Mr. Arth states:

> Ordinarily, and as a simple matter of professional courtesy, I would not hesitate to agree to an extension. In this instance, however, an extension of the case deadlines would do nothing but prejudice my client's interests while permitting GPC to pursue discovery to support untenable defenses.

Plaintiff's patently false accusation that GPC has done "virtually nothing by way of discovery" is easily rebutted by the following history:

1. GPC served written responses to Plaintiff's interrogatories (including answering two interrogatories explicitly asking about GPC's claims mishandling defenses), requests for admissions, and request for production of documents (seeking, among others, documents relating to the claims mishandling defenses) on December 7, 2005. (D.I. 25)

2. GPC produced over 1400 pages of documents to Plaintiff later in December.

3. GPC served a request for production of documents on Plaintiff on December 28, 2005 (D.I. 27), and served a request for production of documents on Zurich on January 10, 2006. (D.I. 28)

4. GPC served a supplement to its responses to Plaintiff's interrogatories by letter dated January 17, 2006.

5. GPC drafted and sent to Plaintiff's counsel on January 19, 2006, February 15, 2006, and March 9, 2006 proposed and revised stipulated protective orders to protect confidential documents. At the end of this time consuming process, Plaintiff simply refused to entertain the concept of a stipulated protective order of the type generally agreed to in commercial litigations, requesting instead an impractical document–by–document negotiation and agreement as to whether a particular document should be treated as confidential.

6. From early February 2006 through the mediation hearing on March 27, 2006, the parties agreed to defer service of any further discovery demands or depositions in an effort to hopefully resolve the case at mediation. The mediation did not succeed.

Since the mediation conference:

7. GPC served on March 31, 2006 a set of interrogatories on Plaintiff. (D.I. 36)

8. GPC served on April 13, 2006, its motion for leave to serve an amended answer to make clear to Plaintiff what it already knew, i.e., that claims mishandling is a defense of GPC. (D.I. 37 - 39) GPC served its reply to Plaintiff's opposition to the motion on May 8, 2006. (D.I. 50)

9. GPC served a set of interrogatories on Third-Party Defendant on April 13, 2006. (D.I. 41)

10. GPC served notices to take the Rule 30(b)(6) depositions of Plaintiff and Third-Part Defendant on May 2, 2006. (D.I. 46 – 47)

11. GPC served in California on May 4, 2006, a deposition and document subpoena on non-party CIGA (which took over handling of the relevant workers' compensation claims upon entry of the order of liquidation of Reliance in 2001). (D.I. 48)

12. Plaintiff, Third-Party-Defendant, and CIGA requested adjournments of their depositions from prior to the close of discovery until later dates. Subsequently, counsel for Plaintiff advised that it refuses to produce a witness on the key issue of claims mishandling.

13. CIGA demanded a confidentiality agreement before producing any of its documents to GPC, and thus we negotiated such an agreement.

14. On June 14, 2006, CIGA produced documents to GPC in California, where GPC reviewed them on that date.

15. On June 22, 2006, the California Workers' Compensation Appeals Board produced to GPC in California documents relating to the underlying worker's compensation claims of Mr. Jamaica, one of the two workers' compensation claimants whose claims allegedly caused the retrospective premium adjustments at issue in this case. GPC reviewed the documents there.

16. GPC adjourned the depositions of Plaintiff, Third-Party Defendant, and CIGA at their request. GPC has not yet re-scheduled the depositions of the Third-Party Defendant and CIGA so that GPC could review first the CIGA documents on the two worker's compensation claimants, the files of the California Workers' Compensation Appeals Board on Mr. Jamaica's claims, and next week to review the remaining documents of the California Workers' Compensation Appeals Board, i.e., the files relating to the other workers' compensation claimant whose claims allegedly caused the retrospective premium adjustments at issue in this case, Darrell Marshall.

Clearly GPC has conducted a great deal of discovery.

Finally, Plaintiff argues against GPC's motion based on the fact that GPC has yet to move for an order compelling Plaintiff to produce a witness on claims mishandling. The argument is bizarre, as it would reward Plaintiff for her misconduct in refusing to comply with a valid Rule 30(b)(6) notice of deposition.

## C. Plaintiff Has Shown No Prejudice.

Plaintiff does not dispute that the parties have already agreed to defer, to dates following the currently scheduled end of factual discovery, each of the noticed depositions, i.e., GPC's Rule 30(b)(6), Fed. R. Civ. P., deposition of Plaintiff, Plaintiff's depositions of two officers of GPC, and GPC's Rule 30(b)(6) deposition of Third-Party Defendant Zurich American Insurance Company ("Zurich") as well as GPC's Rule 30(b)(6) deposition of non-party CIGA. Thus, Plaintiff has already informally agreed to extend discovery for key depositions of fact witnesses. Having agreed to defer these depositions, Plaintiff will suffer no prejudice if the Court grants this motion.

In any event, Plaintiff has shown no prejudice by grant of GPC's present motion. As shown by GPC on its motion to amend, (i) Plaintiff raised the issue of claims mishandling in its

6

complaint in the very beginning for this action; (ii) Plaintiff propounded interrogatories specifically asking GPC for the bases for the claims mishandling defense and demanded that GPC produce documents relating to that defense; and (iii) GPC furnished answers to those interrogatories and documents responsive to those document demands. Thus, Plaintiff has acted consistently as if the defense has been in the case all along. Accordingly, there is no prejudice to Plaintiff in GPC using any part of an adjourned discovery schedule to procure additional discovery on that defense.

Finally we point out that Third Party Defendant Zurich has not opposed this motion.

### D. Conclusion.

Based on the foregoing and the arguments set forth in GPC's June 12, 2006 motion for the proposed second amended scheduling order, we respectfully request that the Court grant the motion and sign and enter the proposed second amended scheduling order submitted on June 12 by GPC so that the deadlines are as follows:

1. All fact discovery shall be commenced in time to be completed by **August 15, 2006** (as adjourned from May 15, 2006 (originally March 16, 2006)).

2. All expert discovery shall be commenced in time to be completed by **October 31, 2006** (as adjourned from June 14, 2006 (originally April 14, 2006)).

3. Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by **September 8, 2006** (as adjourned from May 1, 2006 (originally March 1, 2006)).

4. Rebuttal expert reports due by **October 6, 2006** (as adjourned from May 20, 2006 (originally March 1, 2006)).

5. Any motion in limine to be filed on or before **November 7, 2006** (as adjourned from the originally scheduled date of August 8, 2006), any response thereto to be filed on or before November 14, 2006 (as adjourned from the originally scheduled date of August 15, 2006), and the pretrial conference on November 21, 2006 (as adjourned from the originally scheduled date of August 22, 2006).

6. Trial to commence on **December 4, 2006** (or such other time as is convenient to the Court in early December) (as adjourned from the originally scheduled date of September 5, 2006).

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Of Counsel:

By /s/ John M. Seaman

Herbert C. Ross, Esquire
Lori Marks-Esterman, Esquire
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York NY 10022

Andre G. Bouchard (#2504)
John M. Seaman (#3868)
222 Delaware Ave, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
abouchard@bmf-law.com
jseaman@bmf-law.com

Dated: June 30, 2006

Attorneys for Defendant and Third-Party Plaintiff
GPC International, Inc.