# BOUCHARD MARGULES & FRIEDLANDER

A PROFESSIONAL CORPORATION
SUITE 1400
222 DELAWARE AVENUE
WILMINGTON, DELAWARE 19801
(302) 573-3500
FAX (302) 573-3501

ANDRE G. BOUCHARD
JOEL FRIEDLANDER
DAVID J. MARGULES

JOHN M. SEAMAN
DOMINICK T. GATTUSO
JAMES G. MCMILLAN, III

July 27, 2006

**By CM/ECF and Hand Delivery**

The Honorable Sue L. Robinson
Chief Judge
United States District Court
    District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE 19801

      Re:    *Koken v. GPC International, Inc.*
              D. Del., C.A. No. 05-223 (SLR)

Dear Judge Robinson:

      We are co-counsel for Defendant and Third-Party Plaintiff GPC International, Inc. ("GPC") in the above-entitled action. We write to request a telephone conference with Your Honor and all counsel pursuant to paragraph 2 of Your Honor's August 16, 2005 Scheduling Order in this action (D.I. 15), which provides, in pertinent part, that the Court would "make itself available …to resolve, through a telephone conference, … disputes related to entry of a protective order," and to discuss with Your Honor other outstanding matters including GPC's Motion for Leave to File an Amended Answer (D.I. 37, 38 & 50), and GPC's Motion for Adjournment of Discovery Schedule and Trial and Amendment of Scheduling Order (D.I. 56 & 58).

Nature of This Action

      In brief, in this action, Plaintiff, the Commissioner of Insurance of Pennsylvania, as the liquidator for Reliance Insurance Company, seeks what she alleges to be retrospective insurance premiums purportedly owed by GPC on certain worker's compensation policies issued by Reliance. GPC denies Plaintiff's claims, asserts various affirmative defenses, and filed a third-party complaint against Zurich-American Insurance Group ("Zurich") which issued worker's compensation policies to GPC for certain periods. The alleged retrospective premiums are based on the worker's compensation claims of two individuals, Frank Jamaica and Darrell Marshall. Reliance initially handled those worker's compensation claims. After Reliance was placed into liquidation in 2001, the California Insurance Guarantee Association ("CIGA") assumed handling

The Honorable Sue L. Robinson
July 27, 2006
Page 2

of those claims. GPC maintains, inter alia, that the claims were seriously mishandled and, as a result, the respective premiums based on them are erroneous and cannot be owed by GPC to Plaintiff.

### The Instant Confidentiality/Protective Order Dispute

Pursuant to subpoena, CIGA produced to GPC files relating to the claims of Mr. Jamaica and Mr. Marshall. As a condition to that production, CIGA insisted that GPC sign an agreement protecting what CIGA maintains is the confidentiality of the documents. Counsel for GPC and counsel for CIGA negotiated such an agreement which GPC signed and provided to counsel for CIGA before production was made. Pursuant that agreement, GPC is free to use any of the CIGA documents in this action so long as either (a) a protective order is entered in this action protecting confidentiality, (b) the CIGA documents sought to be used in this action are in the public files for the worker's compensation claims of Mr. Jamaica or Mr. Marshall, or (c) the CIGA documents were in the possession of the parties before CIGA's production to GPC.

So that any of the documents produced by CIGA can be used in this action, we circulated by email and attachment thereto to all counsel on July 14, 2006 a proposed stipulated protective order protecting confidentiality. (Ex. A)

Counsel for non-party CIGA accepted the proposed order except for the provisions that CIGA consent to the jurisdiction of this Court and sign the protective order. (Ex. B) Not having heard from counsel for Plaintiff or Zurich, Herbert Ross, co-counsel for GPC, sent an email on July 21 to counsel for Plaintiff and Zurich asking for a response to the proposed order and attached the email from CIGA's counsel setting forth its two objections to the proposal. (Ex. C) By emails dated July 23, 2006, counsel for Zurich responded that he had no objection to the proposed protective order unless counsel for Plaintiff did. (Ex. D) Counsel for Plaintiff responded that his client would not agree to the protective order without explaining the basis for his refusal. (Ex. E)

The proposed stipulated protective order is a typical one. Without such an order, GPC will be prevented from using documents in this action which were produced by CIGA and which are not in the public files for the worker's compensation claims of Mr. Jamaica or Mr. Marshall or were not already in the possession of the parties before their production to GPC by CIGA.

Accordingly, we respectfully request a teleconference with Your Honor at the Court's earliest convenience so that the Court can resolve this dispute. At such teleconference, we will ask the Court to sign the proposed protective order enclosed herewith which conforms with the proposal sent to other counsel by email attachment on July 14 except for deletion of the provision whereby CIGA consents to the jurisdiction of the Court, a few clarification changes in paragraphs 7 and 14, and deletion of references to, and spaces for signatures confirming, the consent of the parties and CIGA. (Ex. F). A redlined version reflecting these changes is attached at Exhibit G. This order will protect those CIGA documents which are confidential and also

The Honorable Sue L. Robinson
July 27, 2006
Page 3

protect the documents produced by the parties and marked confidential pursuant to Local Civil Rule 26.2.[1]

We understand that Mr. Arth, principal attorney for Plaintiff, is on vacation until July 31, 2006. Accordingly, we ask that Your Honor schedule a teleconference on this matter for the earliest time convenient to Your Honor after July 31.

                         Respectfully,

                         John M. Seaman (#3868)

cc: Sheldon K. Rennie, Esq., counsel for Plaintiff (by CM/ECF and hand delivery)
    Gerald E. Arth, Esq., counsel for Plaintiff (by CM/ECF and FedEx)
    Sean J. Bellew, Esq., counsel Third-Party Defendant (by CM/ECF and hand delivery)
    Conrad V. Sison, Esq., counsel for Non-Party CIGA (by FedEx)
    Herbert C. Ross, Jr., Esq., counsel for Defendant (by FedEx)

---

[1] Counsel for GPC presented three drafts of a stipulated confidentiality protective order to counsel for Plaintiff for their agreement earlier in this action, and counsel for Plaintiff rejected each of them. In rejecting the third version, Plaintiff's counsel stated that they would only agree to keep specific documents confidential on a document-by-document negotiated basis. Such an approach is unworkable. As a consequence of Plaintiff's refusal to enter into a workable confidentiality protective order, GPC produced a number of documents to Plaintiff designated as confidential under Local Civil Rule 26.2.