# EXHIBIT G

Case 1:05-cv-00223-SLR    Document 60-5    Filed 07/27/2006    Page 1 of 16

**EXHIBIT G**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION)<br><br>Plaintiff,<br><br>v.<br><br>GPC INTERNATIONAL, INC.<br><br>Defendant.<br><br><br>GPC INTERNATIONAL, INC.<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ZURICH-AMERICAN INSURANCE COMPANY<br><br>Third-Party Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  C.A. No. 05-223 (SLR)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PROTECTIVE ORDER**

Each of the parties in the above-entitled action asserts or may assert that its possesses information which it deems is confidential personal information, Defendant and Third-Party Plaintiff ("Defendant") in the above-captioned matter asserts that it possesses information in the personnel files for Jose Frank Jamaica (also known as Frank Jamaica) and Darrell Marshall, and the files for worker's compensation claims made by Mr. Jamaica and Mr. Marshall in issue in this action, which it deems is confidential personal information, and non-

485458-5
508653-1

party California Insurance Guarantee Association ("CIGA") asserts that it possesses information in its files for worker's compensation claims made by Mr. Jamaica and Mr. Marshall in issue in this action, which it deems is confidential personal information, and the parties to the above-entitled action and CIGA wish . In order to ensure that such asserted confidential personal information shall not be used by another party for any purpose other than this action, and shall not be made public by another party, or be otherwise disseminated by another party, beyond the extent necessary for purposes of this action., Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ordered that the following procedures shall be adopted for the protection of such information:

### Definitions

1.  For purposes of this Order, Confidential Information means any information and material (including, without limitation, a document, tangible thing, transcript of oral testimony, answer to interrogatory, or recorded statement of counsel and the content of such document, thing, transcript, answer, or statement), designated by the party to this action producing or disclosing the information or material in this action (the "Disclosing Party"), or produced or disclosed by CIGA and designated by it, as CONFIDENTIAL because the Producing Party or CIGA believes in good faith that the information or material contains confidential personal information regarding an individual who is not a party to this action.

2.  By way of example, and not limitation, Confidential Information may constitute or be included in documents, transcripts, answers to interrogatories, briefs, summaries, notes, and motions which comprise, embody or summarize matter which the Producing Party or CIGA considers Confidential Information as defined herein.

3.      By way of example and without any limitation, the term "documents" shall include but not be limited to correspondence, memoranda, notes, or other printed, handwritten, or electronically stored matter, interoffice and/or intracorporate communications, minutes, e-mails, letters, statements, drafts, charts, books of accounts, work sheets, notes of conversations, desk diaries, appointment books, recordings, photographs, motion pictures, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, notes, disclosures, data, reports, work assignments, instructions and other writings.

### Designation of Confidential Information

4.      Whenever a document or thing produced by a Disclosing Party or CIGA in the future involves a disclosure of information which the Disclosing Party or CIGA, as the case may be, deems to be Confidential Information, and the Disclosing Party or CIGA wishes that the documents or thing be deemed Confidential Information subject to this Protective Order, the Disclosing Party or CIGA, as the case may be, shall designate confidentiality by marking the document or thing CONFIDENTIAL, at the time it is turned over to the receiving party. Any copy made of, or any abstract, summary or memorandum embodying information from, any such document or thing designated CONFIDENTIAL pursuant to this Order shall bear on its face the legend CONFIDENTIAL. If it is not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked. Any document which has heretofore been produced in this action by a Producing Party with the designation CONFIDENTIAL and any documents heretofore produced by CIGA in connection with this action shall be treated as Confidential Information subject to this Protective Order.

5.      Whenever a deposition in this action, taken on behalf of any party hereto, involves a disclosure of documents or other materials designated as CONFIDENTIAL, or a

question propounded therein asks for an answer that a party to this action or CIGA (in the case of a deposition of CIGA) reasonably believes will involve the disclosure of its Confidential Information, the following procedure shall be implemented:

    a.    At the request of the party or CIGA, as the case may be, made on the record of the deposition, the transcript of said deposition shall be marked and deemed as CONFIDENTIAL, and treated as such under the terms of this order.

    b.    Alternatively, the party or CIGA, as the case may be, may designate the transcript of such deposition as CONFIDENTIAL and the transcript shall be treated as such hereunder so long as such designation is made in writing to counsel for all other parties within one week of the party's or CIGA's receipt of the transcript. Prior to expiration of such week, the transcript shall be treated as if designated CONFIDENTIAL.

6.    In the event that any document, other thing, or page from any transcript designated CONFIDENTIAL under this order is included with or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the clerk of the court, such documents and related materials shall be filed with the clerk of the court in a sealed envelope prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
DATED _____, 2006
CIV. No. 05-223 (SLR)
THIS ENVELOPE IS NOT TO BE OPENED NOR THE
CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED,
EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES**

For any document that is required to be filed electronically by the Court during the pendency of this action and for which the Court requires that a public, redacted copy be filed, the following procedures shall apply in addition to the procedures stated above:

(a)   On or before the second business day after the document is filed under seal, the party filing the document under seal shall provide a proposed public, redacted version of the filing to all other parties in the action.

(b)   On or before the fourth business day after the document is filed under seal, each other party to the action shall identify any additional information in the filing which such other party or parties believe should continue to be sealed for good cause. If no additional information is identified by the end of the fourth business day after the document is filed under seal, the other parties shall be deemed to agree that there is no additional information in the filing which should continue to be sealed.

(c)   On the fifth business day after the document is filed under seal, the party filing the document under seal shall file a public, redacted version of the filing that incorporates all parties' confidential designations, if any, concerning the filing.

### Use of Confidential Information

7.   All documents and other materials produced by a Disclosing Party or CIGA pursuant to pretrial discovery in this action and all deposition transcripts, which are designated as CONFIDENTIAL under the terms of this order, shall be maintained in confidence according to the terms of this order by the receiving party or receiving parties and used solely by them in

5

485458-5
508653-1

the preparation, prosecution or trial of this action. ~~Subject to the provisions of paragraphs 14-17, nothing~~Nothing herein shall prevent (a) disclosure to anyone of any item of Confidential Information by the Disclosing Party or CIGA (in the case of documents or information produced by CIGA in this action) or (b) disclosure of any item of Confidential Information to any of the following:

    a.    any employee of a party or any former employee of a party who was involved with the matters the item is directed to at the time of the events to which the item is directed, or

    b.    any non-party entity or individual who authored or received the item prior to its production in this litigation, or

    c.    counsel of record for Plaintiff, Defendant, and Third-Party Defendant in this case, including their respective support personnel, other counsel for any of the parties, and any counsel for CIGA, or

    d.    any outside independent individual or business employed by counsel of record or a party for assistance to its counsel of record in the preparation, prosecution or trial of this action, subject to the terms of paragraphs 8 and 9, below; or

    e.    the Court, including the United States District Judge to which the action is assigned and the United States Magistrate Judge assigned for mediation of this action, and the Court's officers and employees, or

    f.    in-house counsel of Plaintiff, Defendant, or Third-Party Defendant in this case, and the support personnel directly involved in assisting that counsel in this case; or

    g.    no more than three, designated current employees of each of Plaintiff, Defendant, and Third-Party Defendant in this case, who are directly involved in assisting counsel in the preparation of this action, subject to paragraph 9, below.

8.    Before any disclosure of Confidential Information of the Disclosing Party or CIGA is made to an outside independent individual or business employed by another party or counsel for another party hereto for assistance in the preparation, prosecution or trial of this action, such individual or business shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form appended hereto as Exhibit "A", acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them, and such statement shall be kept by the counsel for such other party for reference should such be necessary. For a business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such consultant to whom Confidential Information is disclosed of the obligations imposed by this order.

9.    Before any disclosure of Confidential Information of the Disclosing Party is made, under paragraph 8(g) of this order, to an employee of any other party to this action, any such person shall execute a confidentiality agreement in the form attached as Exhibit "B" and such statement shall be kept by counsel for reference should such be necessary. Notwithstanding anything herein to the contrary, the disclosure of documents produced by CIGA prior to the date of this Order to employees of Defendant and an expert retained by or on behalf of Defendant is not a violation of this Order.

### Information Designated Improperly

10.    A party's receipt of documents, transcripts, or other materials designated as CONFIDENTIAL hereunder by another party or CIGA shall not be construed as agreement by

7

485458-5
508653-1

the receiving party that any such documents, transcripts, or other materials are, in fact, proprietary or otherwise confidential or that they contain proprietary or otherwise confidential information, and shall not operate as a waiver of any party's right to challenge any such designation as provided herein.

11. The parties and CIGA shall act in good faith in making designations under this order. In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents as Confidential Information, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order or raise the issue in a discovery status conference. The information shall be treated as Confidential Information until the issue is resolved.

12. No party shall be obligated to challenge the propriety or correctness of any designation and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation shall rest on the designating party or CIGA (in the case of documents or information produced by it).

13. If a Disclosing Party or CIGA inadvertently discloses to a receiving party any document or other thing, or any information therein, that Disclosing Party or CIGA deems as Confidential Information without designating the document or other thing as CONFIDENTIAL under this order, the Disclosing Party or CIGA, as the case may be, shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document or other thing as CONFIDENTIAL under this order. To the extent such document or other thing may have been disclosed to persons other than authorized persons described in this order, the receiving party shall make every reasonable

8

effort to retrieve the document or other thing promptly from such persons and to limit any further disclosure to unauthorized persons.

### Other

14. Promptly upon completion of the litigation, the receiving parties shall return to the Disclosing Party or CIGA, as the case may be, or destroy all documents and other things designated as Confidential Information by the Disclosing Party or CIGA, along with all copies thereof, <u>in the possession, custody or control of the receiving parties</u> and shall destroy all extracts, excerpts and summaries of data (of and from such documents or other things<u>) in the possession, custody or control of the receiving parties</u>.

15. All documents, transcripts, and other things designated as CONFIDENTIAL by the Disclosing Party or CIGA hereunder shall be used by the receiving parties solely for the prosecution or defense of the claims in this litigation or any appeal therefrom and shall not be used by that person for any other litigation, proceeding, business, commercial, competitive, personal, or other purpose.

16. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude the Disclosing Party or CIGA from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

17. Each of the parties named above~~,~~ <u>and</u> their counsel of record~~, and CIGA undertake to~~ <u>shall</u> abide by and be bound by ~~its~~<u>the</u> provisions <u>of this Order</u> and ~~to~~<u>shall</u> use due care to see that its provisions are known and adhered to by those under its supervision or control.

18. ~~This Order supercedes the Confidentiality Agreement between Defendant and CIGA, which agreement shall be of no further force and effect upon signature by the Court of this Order.~~

19. ~~CIGA submits to the jurisdiction of this Court for purposes of this Order and its enforcement.~~

Dated: July __, 2006

~~FOR PLAINTIFF M. DIANE KOKEN, IN HER OFFICIAL CAPACITY AS INSURANCE COMMISSIONER OF THE COMMONWEALTH OF PENNSYLVANIA, AS LIQUIDATOR OF RELIANCE INSURANCE COMPANY (IN LIQUIDATION)~~

~~By:_____~~
~~SHELDON RENNIE, ESQUIRE (#3772)~~
~~Fox Rothschild, LLP~~
~~919 North Market Street, Suite 1300~~
~~Wilmington, DE 19899-2323~~
~~Telephone: (302) 622-4202~~

~~-and-~~

~~GERALD ARTH, ESQUIRE~~
~~Fox Rothschild LLP~~
~~2000 Market Street, Tenth Floor~~
~~Philadelphia, PA 19103-3291~~
~~Telephone: (215) 299-2000~~

~~FOR DEFENDANT GPC INTERNATIONAL, INC~~

~~By:_____~~
~~ANDRE BOUCHARD, ESQUIRE (#2504)~~
John M. Seaman, Esquire (#3868)
~~Bouchard, Margules & Friedlander, PA~~
~~222 Delaware Avenue, Suite 1400~~
~~Wilmington, DE 19801~~
~~Telephone: (302) 573-3500~~

10

485458-5
508653-1

~~-and-~~

~~**HERBERT C. ROSS, JR.**~~
~~Olshan Grundmann Frome Rosenzweig &~~
~~Wolosky LLP~~
~~Park Avenue Tower~~
~~65 East 55th Street~~
~~New York, New York 1002~~
~~Telephone: (212) 451-2300~~

~~**FOR THIRD-PARTY DEFENDANT ZURICH-AMERICAN INSURANCE COMPANY**~~

~~By:_____~~
~~**SEAN J. BELLEW, ESQUIRE**~~
~~**(#4702)**~~
~~Cozen O'Connor~~
~~1201 North Market Street, Suite 1400~~
~~Wilmington, DE 19801~~
~~Telephone: (302) 295-2026~~

~~**CALIFORNIA INSURANCE GUARANTEE ASSOCIATION**~~

~~By:_____~~
~~Name:~~
~~Title:~~

~~IT IS SO ORDERED this ___ day of _____, 2006.~~

_____
United States District Judge

11

485458-5
508653-1

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION) : : : : : : Plaintiff, : : v. : : GPC INTERNATIONAL, INC. : : Defendant. : : : : GPC INTERNATIONAL, INC. : : Third-Party Plaintiff, : : v. : : ZURICH-AMERICAN INSURANCE : COMPANY : : Third-Party Defendant. | C.A. No. 05-223 SLR) |

### AGREEMENT TO PROTECT
### CONFIDENTIAL INFORMATION

STATEMENT OF _____

1. I have been requested by counsel for _____ to assist said counsel with certain documents and/or other things and materials which I have been informed have been designated as CONFIDENTIAL under the terms of the Protective Order issued by

12

485458-5
508653-1

the Court in the above-entitled action.

    2.    I have read the Protective Order dated _____ entered in this action and I agree (a) not to disclose any documents and/or other things and materials designated as CONFIDENTIAL, or the contents thereof, to any person not entitled under the Protective Order to have access to such and (b) not to use such other than in assisting counsel for _____.

    3.    I hereby agree to submit to the jurisdiction of the United States District Court for the District of Delaware for enforcement of the undertakings I have made here and I appoint _____ (i.e., the counsel for the party requesting my assistance in the above-entitled action) as my agent to receive the service of process in that connection.

Signed:_____

## EXHIBIT B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION) : : : : : : Plaintiff, : : v. : : GPC INTERNATIONAL, INC. : : Defendant. : : : : GPC INTERNATIONAL, INC. : : Third-Party Plaintiff, : : v. : : ZURICH-AMERICAN INSURANCE : COMPANY : : Third-Party Defendant. | C.A. No. 05-223 SLR) |

### AGREEMENT TO PROTECT
### CONFIDENTIAL INFORMATION

STATEMENT OF _____

1. I am a current employee of _____.

2. I have read the Protective Order dated _____ entered in this action and I agree (a) not to disclose any documents and/or other things and materials designated as

14

485458-5
508653-1

CONFIDENTIAL under the Protective Order, or the contents thereof, to any person not entitled under the Protective Order to have access to such and (b) not to use such other than in assisting counsel for _____.

    3.    I hereby agree to submit to the jurisdiction of the United States District Court for the District of Delaware for enforcement of the undertakings I have made here and I appoint _____ (counsel for the party requesting my assistance) as my agent to receive the service of process in that connection.

Signed: _____