IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION)<br><br>Plaintiff,<br><br>v.<br><br>GPC INTERNATIONAL, INC.<br><br>Defendant. | CIVIL ACTION<br><br><br><br><br>NO. 05-CV-223 (SLR) |
| GPC INTERNATIONAL, INC.<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ZURICH-AMERICAN INSURANCE COMPANY<br><br>Third-Party Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF ANY
EVIDENCE OF NEGLIGENT OR BAD FAITH CLAIMS HANDLING**

**INTRODUCTION**

Plaintiff M. Diane Koken, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator (the "Liquidator") of Reliance Insurance Company (in Liquidation) ("Reliance"), by and through her attorneys, Fox Rothschild LLP, hereby submits this memorandum of law in support of her Motion *in Limine* to preclude defendant GPC International, Inc. ("GPC") from introducing at trial any evidence of negligent or bad faith claims handling by Reliance, the Liquidator or the California Insurance Guaranty

Association ("CIGA") as a defense to the Liquidator's action for collection of retrospective premiums. For the reasons that follow, the Liquidator's Motion *in Limine* should be granted.

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

Reliance filed this action against GPC on April 15, 2005 for breach of contract and for declaratory relief. Reliance seeks to recover damages from GPC based on GPC's refusal to pay Reliance $505,096 in additional premium due Reliance under the retrospectively-rated workers' compensation and employer's liability insurance policies which GPC voluntarily elected.

On June 24, 2005, GPC filed an Answer and New Matter in which it asserted seven affirmative defenses, none of which relate to the handling of the workers' compensation claims of two of GPC's former employees, Frank Jamaica ("Jamaica") and Darrell Marshall ("Marshall"), which form the foundation for most of the retrospective premiums due under the policies at issue. GPC also filed a third-party Complaint against Zurich-American Insurance Company ("Zurich") on July 8, 2005 in which GPC alleges that a portion of the medical and indemnity payments made on the Jamaica claim should have been paid by Zurich. On April 13, 2006, GPC filed a Motion for Leave to File an Amended Answer to assert defenses related to the handling of the Jamaica and Marshall claims. Reliance opposed the motion, which this Court denied by Opinion and Order dated July 31, 2006, attached as Exhibit "A" hereto and incorporated by reference (the "Opinion and Order").

Trial in this matter is currently is scheduled for September 5, 2006.

II.  **SUMMARY OF ARGUMENT**

The Liquidator's Motion *in Limine* to preclude GPC from introducing any evidence of negligent or bad faith claims handling should be granted. As this Court has found, under controlling New York law, an insured may not assert bad faith or negligence as a defense to an

2

action by an insurer seeking payment of premiums on a retrospectively-rated policy. Accordingly, any evidence proferred by GPC to demonstrate bad faith or negligent claims handling by Reliance, the Liquidator or CIGA would be both irrelevant and unduly prejudicial to the Liquidator and should be precluded. Moreover, GPC should be precluded from introducing any evidence of negligent or bad faith claims handling as it failed to plead that defense, and GPC failed to retain an expert witness to testify regarding that defense.

### III. STATEMENT OF FACTS

The Liquidator incorporates by reference as if fully set forth at length herein, the statement of facts in her May 1, 2006 Memorandum of Law in Opposition to Defendant's Motion for Leave to File an Amended Answer (D.I. #45), which is based upon the Declaration of Edward Brace, filed as Exhibit "A" therewith.

### III. ARGUMENT

**A. The Liquidator's Motion Should Be Granted Because New York Does Not Allow Insureds to Assert Negligent or Bad Faith Claims Handling as a Defense to an Action for Payment of Premiums on Retrospectively-Rated Insurance Policies**

As this Court already has found, New York law applies to this dispute. See the Opinion and Order (citing Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487 (1941); Hill v. Equitable Trust Co., 562 F. Supp. 1324, 1334 (D. Del. 1983); Whiteside v. New Castle Mutual Ins. Co., 595 F. Supp. 1096, 1098 (D. Del. 1984)). It is well-established New York law that an insured may not assert bad faith or negligence as a defense to an action by an insurer seeking payment of premiums on a retrospectively-rated policy. See the Opinion and Order (citing Liberty Mutual Ins. Co. v. Precision Valve Corp., 402 F. Supp.2d 481 (S.D.N.Y. 2005); Transp. Ins. Co. v. Star Indus., Inc., No. CV 01-1341 (ARL), 2005 WL 1801671 (E.D.N.Y. July 28, 2005); Comm'r of the State Ins. Fund v. Photocircuits Corp., 20 A.D.3d 173, 182, 798 N.Y.S.2d

367, 373 (App. Div. 2005); Liberty Mutual Ins. Co. v. Thalle Constr. Co., 116 F. Supp.2d 495, 497 (S.D.N.Y. 2000).

Thus, under New York law, GPC is barred from asserting improper claims handling as a defense to Reliance's claims for retrospective premiums, and any evidence as to claims handling would be both irrelevant and unduly prejudicial. Accordingly, any such evidence should be barred from the trial of this matter.

**B.  Even if Negligent or Bad Faith Claims Handling Was a Viable Defense Under New York Law, GPC Should Be Precluded From Asserting Such Defense Because GPC Failed to Plead the Defense and Failed to Retain an Expert Witness to Testify Regarding the Defense**

Even if GPC had pleaded negligent or bad faith claims handling as a defense, which it did not, and even if that defense was viable under New York law, GPC should still be precluded from asserting such a defense because it failed to retain an expert witness to testify regarding that defense.

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise. See Fed. R.E. 702. The decision whether to admit expert testimony is committed to the discretion of the district court. Revlon Consumer Prod. Corp. v. Loreal S.A., (Civil Action No. 96-192 MMS) 1997 WL 158281 (D. Del. March 26, 1997); see also United States v. Downing, 753 F.2d 1224, 1229 (3d. Cir. 1985). Under Rule 702, a district court has broad discretion to admit expert testimony over the objection that it would improperly invade the province of the jury. Downing, 753 F.2d at 1229. Moreover, an expert may be employed if his testimony will be helpful to the trier of fact in understanding evidence that is simply difficult, though not beyond ordinary understanding. Id.

4

Testimony by an expert is almost always useful as to what facts are critical in the assessment of whether or not the insurer acted in bad faith. McCrink v. Peoples Benefit Life Ins. Co., (No. 2:04-CV-01068-LDD) 2005 WL 730688, *4 (E.D. Pa. March 29, 2005) (citing Couch on Ins. § 252.25 (3d Ed. 2004)). See also Talmage v. Harris, 354 F. Supp.2d 860, 865-67 (W.D. Wis. 2005) (permitting expert testimony on issue of whether insurance company acted in bad faith in handling insured's claim).

Knowledge of the standards for evaluating proper claims handling versus negligent or bad faith claims handling for an insurance carrier is specialized, and expert testimony would be required to assist the trier of fact to understand evidence regarding that defense. Accordingly, GPC must also be precluded from introducing any evidence of negligent or bad faith claims handling as a result of GPC's failure to retain an expert witness.

## IV.  CONCLUSION

For the foregoing reasons, the Liquidator respectfully submits that her Motion *in Limine* to preclude GPC from introducing any evidence of negligent or bad faith claims handling should be granted.

Respectfully submitted,

*/s/ Sheldon K. Rennie (#3772)*
Sheldon K. Rennie, Esquire
**FOX ROTHSCHILD LLP**
Citizens Bank Center
919 North Market Street
Suite 1300, 13th Floor
Wilmington, DE  19801-2323
(302) 654-7444

and

                                        Gerald E. Arth, Esquire
Cheryl A. Garber, Esquire
FOX ROTHSCHILD LLP
2000 Market Street – 10th Floor
Philadelphia, PA  19103
(215) 299-2000
*Attorneys for plaintiff*
*M. Diane Koken, in her official capacity*
*as Insurance Commissioner of the*
*Commonwealth of Pennsylvania,*
*as Liquidator of Reliance Insurance*
*Company (In Liquidation)*

Dated:  August 8, 2006