# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator OF RELIANCE INSURANCE COMPANY (IN LIQUIDATION) | : : : : : : : | CIVIL ACTION |
| Plaintiff, | : : : | |
| v. | : : | |
| GPC INTERNATIONAL, INC. | : : | NO. 05-223 |
| Defendant. | : : : | |

| | | |
|---|---|---|
| GPC INTERNATIONAL, INC. | : : | |
| Third-Party Plaintiff, | : : : | |
| v. | : : | |
| ZURICH-AMERICAN INSURANCE COMPANY | : | |
| Third-Party Defendant. | : : | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**DIRECTED TO DEFENDANT GPC INTERNATIONAL, INC.**

To:   Lori Marks-Esterman, Esquire
    Olshan Grundman Frome Rosenzweig & Wolosky LLP
    Park Avenue Tower
    65 East 55th Street
    New York, NY 10022
    *Attorneys for Defendant/Third-Party Plaintiff*
    *GPC International, Inc.*

Pursuant to Fed.R.C.P. 34, plaintiff M. Diane Koken, in her official capacity as Insurance

Commissioner of the Commonwealth of Pennsylvania, as Liquidator of Reliance Insurance

Company (in Liquidation), by her attorneys, Fox Rothschild LLP, hereby requests that defendant

GPC International, Inc. ("GPC"), produce the following documents for inspection and copying at the offices of Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 1300, 13th Floor, Wilmington, DE 19801-2323, within 30 days of service.

## DEFINITIONS

Plaintiff hereby incorporates by reference herein the Definitions set forth in plaintiff's first set of interrogatories directed to GPC.

## GENERAL PROVISIONS AND INSTRUCTIONS

In response to these requests, you shall produce any and all such documents available to you, not merely documents in your own personal possession, but also within the possession of any attorney or other agent who has acted on your behalf.

If you, or any agent, attorney, investigator, servant, employee, or other representative of GPC, does not have any documents responsive to a particular request, so state in the response to that request. If you, or any agent, attorney, investigator, servant, employee, or other representative of GPC, are aware of a responsive document but cannot produce it, specify the reason for the inability to produce the document requested.

All requests for production of documents contained herein are continuing requests. If, subsequent to answering any request, you, or any agent, attorney, investigator, servant, employee, or other representative of GPC, obtain or become aware of any further documents responsive to such request, you are required to supplement your earlier responses to each request.

Whenever a request for documents is framed in the conjunctive, it also shall be taken in the disjunctive and vice versa. Whenever a request for documents is framed in the singular, it also shall be taken in the plural, and vice versa. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

DT1 146038v2 10/07/05

All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner to preserve and identify the file from which such documents were taken. Documents that are stored electronically shall be produced by providing counsel access to the computer or other electronic storage facility wherein the document is stored.

For each document that is responsive to any request herein that you withhold under a claim of privilege, you shall produce a privilege log, within which log the following information shall be provided:

        i)      the place, date (or approximate date), and manner of recording or otherwise preparing or creating the document;

        ii)     the name and title of sender, and the name and title of all recipients of the document (including carbon and blind copies);

        iii)    a summary of the contents of the document;

## DOCUMENTS TO BE PRODUCED

1.     All documents GPC referred to in preparing responses to plaintiff's first set of interrogatories and first requests for admissions directed to GPC.

ANSWER:

2.     All documents which may or will be used by you as an exhibit at trial or any other evidentiary hearing in this matter.

ANSWER:

3.     All documents which you have provided to or received from any expert or lay witness who may or will be called to testify on behalf of GPC at trial or any other evidentiary hearing in this matter.

ANSWER:

4.     All documents pertaining to the matters alleged in plaintiff's Complaint, GPC's Answer or GPC's Third-Party Complaint against Zurich-American Insurance Company ("Zurich").

ANSWER:

5.     A copy of each and every version and/or draft of all reports prepared by each expert retained by you in anticipation of trial.

ANSWER:

6.     The entire contents of any investigation file or files and any other documentary material in GPC's possession relating to the allegations of plaintiff's Complaint, GPC's Answer or GPC's Third-Party Complaint against Zurich.

ANSWER:

7.     All documents relating to any and all individuals you have contacted as potential witnesses in connection with this action.

ANSWER:

5

8.    All documents referring to or reflecting communications between GPC and Reliance or between GPC and Zurich relating to the Reliance Policies or this action.

ANSWER:

9.    All documents relating to GPC's affirmative defenses to plaintiff's Complaint.

ANSWER:

10.    All documents relating to GPC's allegation in paragraph 14 of its Third-Party Complaint against Zurich that "Upon information and belief, Reliance paid sums to Frank Jamaica for injuries which, at least in part, are covered by the Zurich Policies."

ANSWER:

11.    All documents identified or requested to be identified by GPC in response to plaintiff's first set of interrogatories or first requests for admissions directed to GPC.

ANSWER:

12.     All documents relating to Frank Jamaica including, but not limited to, personnel files and worker's compensation files.

ANSWER:

13.     All documents relating to Darrell Marshall including, but not limited to, personnel files and worker's compensation files.

ANSWER:

14.     All documents identified by GPC in its initial disclosures.

ANSWER:

15.     All documents relating to any communications between GPC and Zurich regarding Frank Jamaica or Darrell Marshall.

ANSWER:

7

/s/ Sheldon K. Rennie (#3772)
Sheldon K. Rennie
FOX ROTHSCHILD LLP
Citizens Bank Center
919 North Market Street
Suite 1300, 13th Floor
Wilmington, DE  19801-2323
(302) 654-7444

and

Gerald E. Arth
Cheryl A. Garber
FOX ROTHSCHILD LLP
2000 Market Street – 10th Floor
Philadelphia, PA  19103
(215) 299-2000
*Attorneys for plaintiff*
*M. Diane Koken, in her official capacity*
*as Insurance Commissioner of the*
*Commonwealth of Pennsylvania,*
*as Liquidator of Reliance Insurance*
*Company (In Liquidation)*

Dated:  October 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of plaintiff's First Request for

Production of Documents Directed to Defendant, GPC International, Inc., was served *via* First

Class Mail, postage prepaid upon the following:

> Lori Marks-Esterman, Esquire
> Olshan Grundman Frome Rosenzweig & Wolosky LLP
> Park Avenue Tower
> 65 East 55th Street
> New York, NY 10022
> *Attorneys for Defendant/Third-Party Plaintiff*
> *GPC International, Inc.*
>
> Andre Bouchard, Esquire
> John M. Seaman, Esquire
> Bouchard Margules & Friedlander, P.A.
> 222 Delaware Avenue
> Suite 1400
> Wilmington, DE 19801
> *Attorneys for Defendant/Third-Party Plaintiff*
> *GPC International, Inc.*
>
> Sean J. Bellew, Esquire
> Cozen O'Conner
> 1201 North Market Street
> Suite 1400
> Wilmington, DE 19801
> *Attorneys for Third-Party Defendant*
> *Zurich-American Insurance Company*

> By: /s/ Sheldon K. Rennie (#3772)
>      Sheldon K. Rennie

Dated: October 7, 2005

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

M. DIANE KOKEN, in her official capacity as　　:
Insurance Commissioner of the Commonwealth of　:
Pennsylvania, as Liquidator of RELIANCE　　　:
INSURANCE COMPANY (IN LIQUIDATION)　　:
　　　　　　　　　　　　　　　　:
　　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
GPC INTERNATIONAL, INC.　　　　　:　　No. 05 CV 223 (SLR)
　　　　　　　　　　　　　　　　:
　　　　　Defendant.　　　　　　　:
　　　　　　　　　　　　　　　　:


GPC INTERNATIONAL, INC.　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　Third-Party Plaintiff,　　　:
　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
ZURICH-AMERICAN INSURANCE COMPANY　:
　　　　　　　　　　　　　　　　:
　　　　　Third-Party Defendant.　　　:

## DEFENDANT'S RESPONSE TO "PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT GPC INTERANTIONAL, INC. "

Defendant GPC International, Inc.("GPC") hereby objects and otherwise responds to

"Plaintiff's First Request for the Production of Documents Directed to Defendant GPC

International, Inc." (the "Requests") as follows:

## GENERAL OBJECTIONS

GPC asserts the following General Objections to the Requests (such objections

hereinafter referred to as the "General Objections"):

A.     The following responses are made without in any way waiving or intending to waive:

(1) Any and all objections based on, or questions as to, competency, relevancy, materiality, privilege and admissibility as evidence of the responses herein, their subject matter, or any documents produced pursuant to this Response, for any purpose, in this action or any other proceeding.

(2) The right to object to the use of any response herein, its subject matter, or any document produced pursuant to this Response in this action or any other proceeding.

(3) The right to object on any ground at any time to a demand for responses to any document request, interrogatories, request for admission, or other discovery procedure involving or relating to the subject matters of the Requests; and

(4) The right at any time to revise, correct, add to or clarify any of the responses herein.

B.     GPC objects to the Requests to the extent that the Requests seek the production of any documents protected from disclosure by reason of the attorney-client privilege, the attorney's work product doctrine, or any other doctrine or privilege protecting documents from disclosure (all such documents hereinafter referred to as "Privileged Documents"), and Privileged Documents will not be produced by GPC.  Counsel for GPC produces as Exhibit A hereto a list of documents being withheld from production on the basis of a claim of attorney-client privilege or attorney's work product. GPC objects to including in such list and does not include therein Privileged Documents generated after the date this action was commenced and generated in connection with the defense of GPC in this action or GPC's third-party claims against Zurich-American Insurance Company in this action as overly intrusive and beyond the scope of the intention of Rule 26 (b)(5), Fed.R.Civ.P.

C.     GPC objects to the production of any documents containing trade secrets or other confidential research, development, or commercial information of GPC in the absence of a

2

protective order satisfactorily protecting the confidentiality of such documents and the confidential information therein.

D.    GPC objects to the production of any document containing information of a person that is not party to this action, which GPC is bound by contract or court order not to disclose, and will not disclose any such document without the consent of the other party to the contract, without providing the other party the opportunity to exercise such rights to protect against disclosure as may be provided under the contract or court order, or without modification of such order to permit disclosure herein.

E.    GPC objects to the production of the personnel file of either Darrell Marshall or Frank Jamaica or documents containing personal information regarding either of them in the absence of a protective order satisfactorily protecting any confidentiality of such file and documents and the personal information therein, subject to applicable law on whether such file and documents may be produced, and prior to any steps that may be required by law to produce such file and documents.

F.    By agreeing to produce any documents hereinafter, GPC is not admitting that any such documents are within its possession, custody or control or otherwise exist or existed.

G.    Documents which are subject to any of the General Objections or any objection hereinafter made in this Response will not be produced.

H.    Those documents which GPC will produce pursuant to this response, without a protective order protecting confidentiality, will be made available for Plaintiff's inspection and designation for copying, at the expense of Plaintiff, at the offices of Bouchard, Margules & Friedlander, PA, attorneys for GPC, at 222 Delaware Avenue, Suite 1400, Wilmington, DE 19801, at a date and time mutually convenient to said attorneys and the attorneys for Plaintiff.

3

## RESPONSES TO REQUESTS FOR PRODUCTION

1.    All documents GPC referred to in preparing responses to plaintiff's first set of interrogatories and first requests for admissions directed to GPC.

RESPONSE TO REQUEST NO. 1:  GPC objects to this Request No. 1 as overly broad and unduly burdensome, and as requesting matter that is, in part, neither relevant nor likely to lead to the discovery of admissible evidence, including those documents referred to in answering Interrogatory No. 1 in Plaintiff's first set of interrogatories. Subject to, and without the foregoing objections and the General Objections, GPC will only produce non-privileged documents to which substantive reference was made to supply information for the answers to those of the interrogatories to which GPC furnished answers (except for the answer to Interrogatory No. 1) or for the admissions or denials to Plaintiff's first requests for admissions.

2.    All documents which may or will be used by you as an exhibit at trial or any other evidentiary hearing in this matter.

RESPONSE TO REQUEST NO. 2:  GPC objects to this Request No. 2 as premature because GPC has had little discovery in this action, and it is too early for GPC to decide what documents may or will be used by GPC at the trial of, or any evidentiary hearing in, this action.

3.    All documents which you have provided to or received from any expert or lay witness who may or will be called to testify on behalf of GPC at trial or any other evidentiary hearing in this matter.

4

RESPONSE TO REQUEST NO. 3:   GPC objects to this Request No. 3 as premature because GPC has not yet retained an expert who may or will be called to testify at the trial of this action, and it is too early for GPC to decide what lay witness may or will be called by GPC to testify on its behalf at the trial of, or any evidentiary hearing in, this action. GPC also objects to this Request No. 3 insofar as it seeks documents furnished or which may be furnished by GPC's attorneys to lay witnesses as an intrusion on the mental impressions, conclusions, opinions or legal theories of counsel for GPC, barred by Rule 26 (b)(3), Fed. R. Civ. P.

4.    All documents pertaining to the matters alleged in plaintiff's Complaint, GPC's Answer or GPC's Third-Party Complaint against Zurich-American Insurance Company ("Zurich").

RESPONSE TO REQUEST NO. 4: GPC objects to this Request No. 4 as overly broad and unduly burdensome. GPC also objects to this request this request because it fails, as required by Rule 34 (b),  Fed. R. Civ. P., to describe the documents sought for production "with reasonable particularity…." Subject to, and without waiving the foregoing objections and the general Objections, GPC will produce certain non-privileged documents that relate to Plaintiff's claims for retrospective premiums  purportedly due to it from GPC, GPC's defenses to such claims, and GPC's claim against Zurich-American Insurance Company in GPC's third-party complaint in this action.

5.    A copy of each and every version and/or draft of all reports prepared by each expert retained by you in anticipation of trial.

RESPONSE TO REQUEST NO. 5:  GPC objects to this Request No. 5 as premature because GPC has had not yet retained an expert who may or will be called to testify at the trial of this action. Additionally, GPC objects, pursuant to Rule 26 (b)(3), Fed. R. Civ. P., and the attorney's work product doctrine, to producing any report, or any version or draft thereof, prepared by any expert not contemplated to testify at the trial of this action.

6.    The entire contents of any investigation file or files and any other documentary material in GPC's possession relating to the allegations of plaintiffs Complaint, GPC's Answer or GPC's Third-Party Complaint against Zurich.

RESPONSE TO REQUEST NO. 6: GPC objects to this Request No. 6 as overly broad and unduly burdensome, and as requesting Privileged Documents. GPC also objects to this request because it fails, as required by Rule 34 (b),  Fed. R. Civ. P., to describe the documents sought for production "with reasonable particularity...." GPC objects to the production of  the documents containing personal information regarding Darrell Marshall or Frank Jamaica in the absence of a protective order satisfactorily protecting the personal information therein, and prior to any steps that may be required by law to produce such documents. Subject to, and without waiving the foregoing objections and the General Objections, GPC will produce certain non-privileged documents that relate to Plaintiff's claim for retrospective premiums purportedly due to it from GPC, GPC's defenses to such claim, and GPC's claim against Zurich-American Insurance Company in GPC's third-party complaint in this action.

7.    All documents relating to any and all individuals you have contacted as potential witnesses in connection with this action.

6

RESPONSE TO REQUEST NO. 7: GPC objects to this Request No. 7 because it constitutes an intrusion on the mental impressions, conclusions, opinions, legal theories, and legal strategy of counsel for GPC, barred by Rule 26 (b)(3), Fed. R. Civ. P.

8.    All documents referring to or reflecting communications between GPC and Reliance or between GPC and Zurich relating to the Reliance Policies or this action.

RESPONSE TO REQUEST NO. 8: GPC objects to this Request No. 8 as overly broad and unduly burdensome insofar as it requests "[a]ll documents referring to ... communications between GPC and Reliance or between GPC and Zurich relating to the Reliance Policies or this action." Subject to, and without waiving, the foregoing objections and the General Objections, GPC will produce written communications between GPC and Reliance or between GPC and Zurich responsive to the remainder of this Request No. 8.

9.    All documents relating to GPC's affirmative defenses to plaintiff's Complaint.

RESPONSE TO REQUEST NO. 9: GPC objects to this Request No. 9 as overly broad and unduly burdensome. GPC also objects to this request this request because it fails, as required by Rule 34 (b), Fed. R. Civ. P., to describe the documents sought for production "with reasonable particularity...." Subject to, and without waiving the foregoing objections and the general Objections, GPC will produce certain non-privileged documents that relate to GPC's affirmative defenses to Plaintiff's claim for retrospective premiums purportedly due to it from GPC.

7

10.    All documents relating to GPC's allegation in paragraph 14 of its Third-Party Complaint against Zurich that "Upon information and belief, Reliance paid sums to Frank Jamaica for injuries which, at least in part, are covered by the Zurich Policies."

RESPONSE TO REQUEST NO. 10: GPC objects to this Request No. 10 as, in part, requesting documents that are neither relevant not likely to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections and the General Objections, GPC will produce non-privileged documents responsive to this Request No. 10.

11.    All documents identified or requested to be identified by GPC in response to plaintiffs first set of interrogatories or first requests for admissions directed to GPC.

RESPONSE TO REQUEST NO. 11: GPC objects to this Request No. 11 on the same bases as it objects to any and all of the first set of interrogatories and first requests for admissions served by Plaintiff on GPC, and all of such objections are incorporated herein by reference. Subject to, and without waiving the foregoing objections and the General Objections, GPC will produce any non-privileged documents in its custody, possession, or control, which GPC identifies, if at all, in any answer by it to any of the interrogatories in said first set of interrogatories or in any admission by GPC to any of the aforesaid requests for admission.

12.    All documents relating to Frank Jamaica including, but not limited to, personnel files and worker's compensation files.

RESPONSE TO REQUEST NO. 12: GPC objects to this Request No. 12 to the extent that it requests the production of any Privileged Documents, and no such documents will be produced. GPC objects to the production of the personnel file of Frank Jamaica or documents

8

containing personal information regarding him in the absence of a protective order satisfactorily

protecting any confidentiality of such documents and the personal information therein, subject to

applicable law on whether such file and documents may be produced, and prior to any steps that

may be required by law to produce such file and documents. Subject to, and without waiving the

foregoing objections and the General Objections, GPC will produce non-privileged documents

responsive to this Request No. 12 that Plaintiff or Reliance already have.

13.    All documents relating to Darrell Marshall including, but not limited to, personnel

files and worker's compensation files.

RESPONSE TO REQUEST NO. 13: GPC objects to this Request No. 13 to the extent

that it requests the production of any Privileged Documents, and no such documents will be

produced. GPC objects to the production of the personnel file of Darrell Marshall or documents

containing personal information regarding him in the absence of a protective order satisfactorily

protecting any confidentiality of such file and documents and the personal information therein,

subject to applicable law on whether such file and documents may be produced, and prior to any

steps that may be required by law to produce such file and documents. Subject to, and without

waiving, the foregoing objections and the General Objections, GPC will produce non-privileged

documents responsive to this Request No. 13 that Plaintiff or Reliance already have.

14.    All documents identified by GPC in its initial disclosures.

RESPONSE TO REQUEST NO. 14: GPC objects to this Request No. 14 to the extent

that it requests the production of any Privileged Documents (including any written analysis by or

for any attorney for GPC). Additionally, the objections set forth in the responses herein to

Request Nos. 12 and 13 are incorporated herein by reference. Subject to and without waiving the

9

foregoing objections and the General Objections, GPC will produce non-privileged documents responsive to this Request No. 14.

    15.    All documents relating to any communications between GPC and Zurich regarding Frank Jamaica or Darrell Marshall.

    <u>RESPONSE TO REQUEST NO. 15</u>: Subject to, and without waiving the General Objections, GPC will produce non-privileged documents, if any, responsive to this Request No. 15.

Dated: December 7, 2005

           BOUCHARD MARGULES & FRIEDLANDER, P.A.

           By <u>/s/ John M. Seaman</u> _____
           Andre G. Bouchard (#2504)
           John M. Seaman (#3868)
           222 Delaware Ave, Suite 1400
           Wilmington, DE  19801
           Telephone: (302) 573-3500
           <u>abouchard@bmf-law.com</u>
           <u>jseaman@bmf-law.com</u>

           *Attorneys for Defendant and Third-Party Plaintiff*
           *GPC International, Inc.*

# EXHIBIT A

Exhibit A

<u>Log of Privileged Documents Being Withheld by GPC International, Inc. ("GPC")</u>

1. letter dated December 6, 2004 (updated May 18, 2005) from Don Fleischauer, GPC, to Arthur J. Levine, Esq., an attorney for GPC, re Frank Jamaica's worker's compensation claim – attorney-client privilege claimed with respect to this letter

2. letter dated February 10, 2005 from Arthur J. Levine, Esq., an attorney for GPC, Don Fleischauer, GPC, re Reliance Premium Dispute - attorney-client privilege and attorney's work product claimed with respect to this letter

3. letter dated February 16, 2005 from Arthur J. Levine, Esq., an attorney for GPC, Don Fleischauer, GPC, re Reliance Premium Dispute - attorney-client privilege and attorney's work product claimed with respect to this letter

4. email dated February 15, 2005 from Arthur J. Levine, Esq., an attorney for GPC, Don Fleischauer, GPC, re email from Reliance - attorney-client privilege and attorney's work product claimed with respect to the email from Mr. Levine