IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. DIANE KOKEN, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION)<br><br>Plaintiff,<br><br>v.<br><br>GPC INTERNATIONAL, INC.<br><br>Defendant. | CIVIL ACTION<br><br><br><br>NO. 05-CV-223 (SLR) |
| GPC INTERNATIONAL, INC.<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ZURICH-AMERICAN INSURANCE COMPANY<br><br>Third-Party Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF
DOCUMENTS PRODUCED TO DEFENDANT BY THE CALIFORNIA
INSURANCE GUARANTY ASSOCIATION PURSUANT TO SUBPOENA**

**INTRODUCTION**

Plaintiff M. Diane Koken, in her official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator (the "Liquidator") of Reliance Insurance Company (in Liquidation) ("Reliance"), by and through her attorneys, Fox Rothschild LLP, hereby submits this memorandum of law in support of her Motion *in Limine* to preclude defendant GPC International, Inc. ("GPC") from introducing at trial the documents produced to

GPC by the California Insurance Guaranty Association ("CIGA") pursuant to subpoena. For the reasons that follow, the Liquidator's Motion *in Limine* should be granted.

## I.     NATURE AND STAGE OF THE PROCEEDINGS

Reliance filed this action against GPC on April 15, 2005 for breach of contract and for declaratory relief. Reliance seeks to recover damages from GPC based on GPC's refusal to pay Reliance $505,096 in additional premium due Reliance under the retrospectively-rated workers' compensation and employer's liability insurance policies which GPC voluntarily elected.

On June 24, 2005 GPC filed an Answer and New Matter in which it asserted seven affirmative defenses, none of which relate to the handling of the workers' compensation claims of two of GPC's former employees, Frank Jamaica ("Jamaica") and Darrell Marshall ("Marshall"), under the policies at issue. GPC also filed a third-party Complaint against Zurich-American Insurance Company ("Zurich") on July 8, 2005 in which GPC alleges that a portion of the medical and indemnity payments made on the Jamaica claim should have been paid by Zurich. On April 13, 2006 GPC filed a Motion for Leave to File an Amended Answer to assert defenses related to the handling of the Jamaica and Marshall claims. Reliance opposed the motion, which this Court denied by Opinion and Order dated July 31, 2006.

Trial in this matter is currently scheduled for September 5, 2006.

## II.    SUMMARY OF ARGUMENT

The Liquidator's Motion *in Limine* to preclude introduction of documents produced to GPC by CIGA, an unrelated, non-party, pursuant to subpoena should be granted because GPC has refused to produce copies to the Liquidator in violation of Fed. R. Civ. P. 26(e) even though the documents are encompassed by the Liquidator's discovery demands to GPC. Furthermore, the CIGA documents are unauthenticated hearsay. Accordingly, GPC should be precluded from

2

introducing any of the documents it received from CIGA and wrongfully withheld in discovery from the Liquidator.

### III. STATEMENT OF FACTS

The Liquidator incorporates by reference as if set forth fully at length herein, the statement of facts in here May 1, 2006 Memorandum of Law in Opposition to Defendant's Motion for Leave to File an Amended Answer (D.I. #45) which is based upon the Declaration of Edward Brace, filed as Exhibit "A" therewith.

### IV. ARGUMENT

#### A. The Liquidator's Motion Should be Granted Because GPC Wrongfully Refused to Provide Copies to the Liquidator of the Documents GPC Received From CIGA Pursuant to Subpoena

This Court should grant the Liquidator's Motion *in Limine*. A party should not be permitted to utilize at trial any document in its possession that is has not produced to the other side. Gaeth v. Wagner, 159 F.R.D. 20, 22 (E.D. Pa. 1994). Allowing GPC to benefit from its wrongful withholding of documents would circumvent the discovery process and prejudice the Liquidator at trial. Despite repeated requests by the Liquidator, GPC has refused to produce copies of the documents GPC received from CIGA pursuant to subpoena[1] in violation of Fed. R. Civ. P. 26(e) even though the documents are encompassed by the Liquidator's previous discovery demands to GPC. See the Liquidator's First Request for Production of Documents Nos. 2-4, 7, 9 and 14.[2] Under Fed. R. Civ. P. 26(e), GPC is obligated to supplement and/or

---

[1] By way of example, in an e-mail dated June 30, 2006, GPC refused to produce the documents it received from CIGA to the Liquidator unless the Liquidator signed a confidentiality agreement with CIGA. A copy of this e-mail and other correspondence relating to GPC's refusal to produce the documents are available if required by the Court.
[2] On October 7, 2005, the Liquidator served GPC with Plaintiff's First Request for Production of Documents Directed to GPC (Plaintiff's Request) and on December 7, 2005, GPC provided responses to same (GPC's Response). Attached hereto and incorporated collectively herein as Exhibit "A" are true and correct copies of Plaintiff's Request and GPC's Response.

3

amend GPC's initial disclosures as well as its responses to discovery requests, which includes making available documents GPC receives in response to a subpoena. Moreover, on May 8, 2006, counsel for the Liquidator forwarded an e-mail to counsel for GPC reminding GPC of its obligation to supplement its discovery responses under 26(e).[3]

GPC's unilateral attempt to limit its production of documents to the Liquidator is improper. The Liquidator will be prejudiced if GPC uses CIGA documents at trial that it should have, but did not, produce in discovery. Accordingly, GPC must be precluded from introducing at trial any of the documents produced to GPC by CIGA in response to subpoena.

### B. The Liquidator's Motion Also Should be Granted Because the Documents GPC Received From CIGA Pursuant to Subpoena Are Unauthenticated Hearsay

GPC also must be precluded from introducing the documents produced to it by CIGA because the documents are unauthenticated hearsay.

Authentication or identification is required as a condition precedent to the admissibility of documents. Fed. R. E. 901. GPC has failed to identify the names of any witnesses that will testify regarding the documents GPC received from CIGA pursuant to subpoena. Therefore, GPC will be unable to authenticate those documents at trial.

Moreover, the documents GPC received from CIGA pursuant to subpoena are inadmissible hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. E. 801. Hearsay is not admissible except as provided by the Federal Rules of Evidence or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress, and the documents produced by CIGA do not fall within any of the exceptions to the hearsay rule. Therefore, they must be precluded from use as evidence. Fed. R. E. 801 - 804.

---

[3] Attached hereto and incorporated herein as Exhibit "B" is a true and correct copy of the May 8, 2006 e-mail.

## V.  CONCLUSION

For the foregoing reasons, the Liquidator respectfully submits that her Motion *in Limine* to preclude introduction of documents produced to GPC by CIGA in response to subpoena should be granted.

Respectfully submitted,

*/s/ Sheldon K. Rennie (#3772)*
Sheldon K. Rennie, Esquire
**FOX ROTHSCHILD LLP**
Citizens Bank Center
919 North Market Street
Suite 1300, 13th Floor
Wilmington, DE 19801-2323
(302) 654-7444

and

Gerald E. Arth, Esquire
Cheryl A. Garber, Esquire
FOX ROTHSCHILD LLP
2000 Market Street – 10th Floor
Philadelphia, PA 19103
(215) 299-2000
*Attorneys for plaintiff*
*M. Diane Koken, in her official capacity*
*as Insurance Commissioner of the*
*Commonwealth of Pennsylvania,*
*as Liquidator of Reliance Insurance*
*Company (In Liquidation)*

Dated: August 8, 2006